RECEIPT # 65315
AMOUNT $ 250
SUMMONS ISSUED 7-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. /a
DATE 7-28-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: _____

|  |  |
|---|---|
| JANICE STEVENSON,<br>    Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER,<br>SCHOOL,<br>    Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) **05-11584 DPW**<br>)<br>)<br>) |

### COMPLAINT

MAGISTRATE JUDGE Alexander

#### Parties

1. The Plaintiff, Janice Stevenson ("Stevenson"), is an individual residing at 55 Hancock Street, Apartment #2, Cambridge, Middlesex County, Massachusetts.

2. The Defendant, Neighborhood House Charter School ("Employer"), is a Massachusetts non-profit charter school with a principal place of business at 55 Hancock Street, Dorchester, Suffolk County, Massachusetts.

#### Facts

3. Between May 2004 and August 2004, Stevenson worked for Employer as a "temp" employee through a temporary placement agency. Stevenson performed administrative and clerical duties in the Development Office.

4. In or about August 2004, the Finance Department began looking to fill a full time position assisting the Dean of Administration, Jagdish Chokshi ("Chokshi").

5. Employer told Stevenson that it preferred to hire independent contractors. Accordingly, Stevenson started "TuckNT" so that Employer would consider her a more attractive job candidate.

6. Employer hired Stevenson doing business as TuckNT for the full-time position in the Finance Department in August 2004. Stevenson earned $25.00 per hour in her new position.

7. Employer told Stevenson that she was an independent contractor.

8. Stevenson performed administrative and clerical duties, including but not limited to drafting correspondence, filing documents and answering the telephone.

9. Stevenson did not have the right to control the way or manner in which she performed her job responsibilities.

10. Chokshi delegated assignments to Stevenson and reviewed her work product.

11. Stevenson's job responsibilities in assisting the Dean of Administration were within the usual course of business for the Employer.

12. In May 2005, Stevenson questioned Chokshi regarding the Employer's decision relative to method of payment of another worker, Lynn Clark. Stevenson feared that Employer's decision could subject Employer to liability.

13. On June 3, 2005, Chokshi terminated Stevenson.

14. Between August 2004 and her termination date, Stevenson worked approximately 676 hours of overtime.

15. Employer was obligated to pay Stevenson at the rate of 1.5 times her base rate for overtime hours. Employer failed to pay Stevenson for any hours she worked in excess of forty hours per week.

16. Employer withheld taxes on Stevenson's paycheck and did not pay her any overtime monies for hours worked in excess of forty hours per week.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – VIOLATION OF 29 U.S.C. §§ 210

17. This is a cause of action by the Plaintiff against the Employer for non-payment of overtime wages in violation of 29 U.S.C. §§ 210.

18. Employer misclassified Plaintiff as an independent contractor.

19. The Plaintiff was an employee of Employer.

20. The Plaintiff worked approximately 676 hours of overtime.

21. The Plaintiff is not exempt from the overtime provisions of the Fair Labor Standards Act.

22. Employer has willfully failed to pay Stevenson's overtime wages in the approximate amount of $25,350.00.

23. As a direct result, Stevenson has suffered monetary damages.

### SECOND CAUSE OF ACTION – VIOLATION OF MASS. GEN. LAWS, CHAPTER 149 § 148B

24. This is a cause of action by the Plaintiff against the Employer for violation of Mass. Gen. Laws, chapter 149, § 148B.

25. Employer misclassified Plaintiff as an independent contractor.

26. The Plaintiff was required, based upon the misclassification of her employment status, to pay taxes to state and/or federal government that Employer should have paid.

27. The Employer did not satisfy its obligations to make contributions to employee unemployment insurance or worker's compensation insurance.

28. The Employer deprived the Plaintiff of a proper Social Security contributions based upon the misclassification of Plaintiff's employment status.

29. Stevenson has exhausted her administrative remedies pursuant to the statute by obtaining permission from the Attorney General's office to pursue her statutory claim in court.

30. As a direct result, Stevenson has suffered monetary damages.

### THIRD CAUSE OF ACTION – VIOLATION OF MASS. GEN. LAWS, CHAPTER 149 § 52(C)

31. This is a cause of action by the Plaintiff against the Employer for violation of Mass. Gen. Laws, chapter 149, § 52C.

32. The Defendant has more than 20 employees.

33. The Plaintiff's attorney sent the Employer a properly executed Release for her personnel records.

34. The Employer has refused to comply with the statute by providing a copy of Plaintiff's personnel records.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff, Stevenson, prays that this Honorable Court:

I. Enter an award of double damages, reasonable attorney's fees, costs and interest against the Defendant, for their willful violation of 29 U.S.C. §§ 210.

II. Enter an award multiple damages, reasonable attorney's fees, costs and interest against the Defendant, for their willful violation of Mass. Gen. Laws, chapter 149, § 148B.

III. Grant such other relief as this Court deems just and proper.

>                   Respectfully submitted,
>                   Janice Stevenson,
>                   By her attorney,
>
>                   _____
>                   John W. Davis (BBO #648399)
>                   Davis & Davis, P.C.
>                   77 Franklin Street, 3rd floor
>                   Boston, Massachusetts 02110
>                   (617) 933-3838

4

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JANICE STEVENSON

**DEFENDANTS**
NEIGHBORHOOD HOUSE CHARTER SCHOOL

**(b)** County of Residence of First Listed Plaintiff  MIDDLESEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAVIS + DAVIS, P.C.   617.933.3838
77 FRANKLIN ST. 3RD FL. BOSTON MA 02110

Attorneys (If Known)
05-11584 DPW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 210
Brief description of cause:
EMPLOYER FAILED TO PAY OVERTIME WAGES

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $     CHECK YES only if demanded in complaint:    JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE 7/28/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _STEVENSON_ v. _NEIGHBORHOOD_ ~~CHA~~ _HOUSE CHARTER SCHOOL_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.                                      **05-11584 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                           YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                           YES ☐    NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                           YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                           YES ☐    NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                           YES ☐    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                           YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _JOHN W. DAVIS_
ADDRESS _77 FRANKLIN ST., 3RD FL., BOSTON 02110_
TELEPHONE NO. _617 - 933 - 3858_

(CategoryForm.wpd -5/2/05)