UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11584 DPW

JANICE STEVENSON, )
      Plaintiff, )
)
v. )
)
NEIGHBORHOOD HOUSE CHARTER, )
SCHOOL, )
      Defendant, )
)

**PLAINTIFF'S AMENDED COMPLAINT**

Parties

1. The Plaintiff, Janice Stevenson ("Stevenson"), is an individual residing at 55 Hancock Street, Apartment #2, Cambridge, Middlesex County, Massachusetts.

2. The Defendant, Neighborhood House Charter School ("Employer"), is a Massachusetts non-profit charter school with a principal place of business at 197A Centre Street, Suffolk County, Massachusetts.

Facts

3. Between May 2004 and August 2004, Stevenson worked for Employer as a "temp" employee through a temporary placement agency. Stevenson performed administrative and clerical duties in the Development Office.

4. In or about August 2004, the Finance Department began looking to fill a full time position assisting the Dean of Administration, Jagdish Chokshi ("Chokshi").

5. Employer told Stevenson that it preferred to hire independent contractors. Accordingly, Stevenson started "TuckNT" so that Employer would consider her a more attractive job candidate.

6. Employer hired Stevenson doing business as TuckNT for the full-time position in the Finance Department in August 2004. Stevenson earned $25.00 per hour in her new position.

7. Employer told Stevenson that she was an independent contractor.

8. Stevenson performed administrative and clerical duties, including but not limited to drafting correspondence, filing documents and answering the telephone.

9. Stevenson did not have the right to control the way or manner in which she performed her job responsibilities.

10. Chokshi delegated assignments to Stevenson and reviewed her work product.

11. Stevenson's job responsibilities in assisting the Dean of Administration were within the usual course of business for the Employer.

12. In May 2005, Stevenson questioned Chokshi regarding the Employer's decision relative to method of payment of another worker, Lynn Clark. Stevenson feared that Employer's decision could subject Employer to liability.

13. On June 3, 2005, Chokshi terminated Stevenson.

14. Between August 2004 and her termination date, Stevenson worked approximately 676 hours of overtime.

15. Employer was obligated to pay Stevenson at the rate of 1.5 times her base rate for overtime hours. Employer failed to pay Stevenson for any hours she worked in excess of forty hours per week.

16. Employer did not withhold taxes on Stevenson's paycheck and did not pay her any overtime monies for hours worked in excess of forty hours per week.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION – VIOLATION OF 29 U.S.C. §§ 210

17. This is a cause of action by the Plaintiff against the Employer for non-payment of overtime wages in violation of 29 U.S.C. §§ 210.

18. Employer misclassified Plaintiff as an independent contractor.

19. The Plaintiff was an employee of Employer.

20. The Plaintiff worked approximately 676 hours of overtime.

21. The Plaintiff is not exempt from the overtime provisions of the Fair Labor Standards Act.

2

22. Employer has willfully failed to pay Stevenson's overtime wages in the approximate amount of $25,350.00.

23. As a direct result, Stevenson has suffered monetary damages.

### SECOND CAUSE OF ACTION – VIOLATION OF MASS. GEN. LAWS, CHAPTER 149 § 148B

24. This is a cause of action by the Plaintiff against the Employer for violation of Mass. Gen. Laws, chapter 149, § 148B.

25. Employer misclassified Plaintiff as an independent contractor.

26. The Plaintiff was required, based upon the misclassification of her employment status, to pay taxes to state and/or federal government that Employer should have paid.

27. The Employer did not satisfy its obligations to make contributions to employee unemployment insurance or worker's compensation insurance.

28. The Employer deprived the Plaintiff of a proper Social Security contributions based upon the misclassification of Plaintiff's employment status.

29. Stevenson has exhausted her administrative remedies pursuant to the statute by obtaining permission from the Attorney General's office to pursue her statutory claim in court.

30. As a direct result, Stevenson has suffered monetary damages.

### THIRD CAUSE OF ACTION – VIOLATION OF MASS. GEN. LAWS, CHAPTER 149 § 52(C)

31. This is a cause of action by the Plaintiff against the Employer for violation of Mass. Gen. Laws, chapter 149, § 52C.

32. The Defendant has more than 20 employees.

33. The Plaintiff's attorney sent the Employer a properly executed Release for her personnel records.

34. The Employer has refused to comply with the statute by providing a copy of Plaintiff's personnel records.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff, Stevenson, prays that this Honorable Court:

I. Enter an award of double damages, reasonable attorney's fees, costs and interest against the Defendant, for their willful violation of 29 U.S.C. §§ 210.

II. Enter an award multiple damages, reasonable attorney's fees, costs and interest against the Defendant, for their willful violation of Mass. Gen. Laws, chapter 149, § 148B.

III. Grant such other relief as this Court deems just and proper.

Respectfully submitted,<br>
Janice Stevenson,<br>
By her attorney,<br>
<br>
_____<br>
John W. Davis (BBO #648399)<br>
Davis & Davis, P.C.<br>
77 Franklin Street, 3rd floor<br>
Boston, Massachusetts 02110<br>
(617) 933-3838