United States District Court
For the District of Massachusetts

| | |
|---|---|
| JANICE STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br><br>Defendant. | Civil Action No. 05-CV-11584-DPW |

Answer to Plaintiff's Amended Complaint

As and for its Answer to Plaintiff's Amended Complaint, Defendant Neighborhood House Charter School ("NHCS") states as follows:

Parties

1. Defendant states that it lacks sufficient knowledge and information to respond to the allegations in paragraph 1 of Plaintiff's Complaint and leaves Plaintiff to her proof.

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

Facts

3. Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint, except to admit that Stevenson was a temporary employee of Ace Employment agency and placed in a position at NHCS from May 11, 2004 until August 19, 2004, and the school paid Ace Employment agency for her services during this period.

4. Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint, except to admit that in August 2004 the NHCS Finance Department began considering the manner in which they would transition the School's Human Resources functions away from Federated and in-house.

5. Defendant denies the allegations in paragraph 5 of Plaintiff's Complaint and states that it lacks sufficient knowledge and information concerning when Plaintiff created her independent Contracting company TUCKNT.

6. Defendant denies the allegations in paragraph 6 of Plaintiff's Complaint, except to admit that NHCS hired TUCKNT on or about August 20, 2004.

7. Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint, except to admit that NHCS hired TUCKNT on or about August 20, 2004.

8. Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint, except to admit that Plaintiff and Chokshi collaborated on certain Human Resources tasks.

11. Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint, except to admit that Chokshi and Stevenson discussed the method by which they would compensate Ms. Clark.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint, except to admit that on June 3, 2005, Chokshi communicated NHCS's decision to terminate Ms. Stevenson to her.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies that NHCS was obligated to pay Stevenson overtime as alleged in paragraph 15 of her Complaint.

16. Defendant denies that NHCS was obligated to either withhold taxes from Stevenson's check or to pay Stevenson overtime as alleged in paragraph 16 of her Complaint.

## FIRST CAUSE OF ACTION

17. Paragraph 17 of Plaintiff's Complaint states a legal conclusion and Defendant need not respond.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

24. Paragraph 24 of Plaintiff's Complaint states a legal conclusion and Defendant need not respond.

1. BO1 15736324.1

25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant states that it lacks sufficient knowledge and information to respond to the allegations in paragraph 29 of Plaintiff's Complaint, and leaves Plaintiff to her proof.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

31. Paragraph 31 of Plaintiff's Complaint states a legal conclusion and Defendant need not respond.

32. Defendant admits the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint, except to admit that Plaintiff requested a copy of her personnel file from NHCS.

34. Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel and/or acquiescence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because at all times relevant to this action, Defendant has acted in good faith and not in a knowing or willfully unlawful manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's conduct was not the cause in fact or the proximate cause of damages alleged by Plaintiff.

3

1. BO1 15736324.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because she failed to mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has acquiesced or consented to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant and material to this matter, Plaintiff was exempt from the FLSA's minimum wage and overtime compensation requirements pursuant to 29 U.S.C. § 213(a).

## NINTH AFFIRMATIVE DEFENSE

Defendant states that part or all of any time Plaintiff alleges should be paid to her is properly preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a), and therefore not compensable.

## TENTH AFFIRMATIVE DEFENSE

Defendant states that if it in fact has failed to pay Stevenson for work in excess of 40 hours in a workweek, any uncompensated time was *de minimis*.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that even if Plaintiff was not paid for any activities performed while performing services for Defendant, such activities do not constitute compensable work under the Fair Labor Standards Act, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

1.  BO1 15736324.1

## TWELFTH AFFIRMATIVE DEFENSE

Defendant states that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant states that its actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with the Fair Labor Standards Act or interpretations of the Fair Labor Standards Act pursuant to 29 U.S.C. § 260.

## FOURTEENTH AFFIRMATIVE DEFENSE

The statute on which Plaintiff's third cause of action is based, Mass. Gen. Laws ch. 149, § 52C, creates no private right of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE, Defendant requests that this Court:

1. Dismiss this action in its entirety and render judgment in Defendant's favor on each and every count asserted in Plaintiff's Complaint;
2. Award Defendant its costs and reasonable attorneys' fees incurred in defending this action; and
3. Award Defendant such further and additional relief as the court deems just and appropriate.

1.  BO1 15736324.1

        Respectfully submitted,
        NEIGHBORHOOD HOUSE CHARTER SCHOOL
        By its attorneys,

*/s/ Lynn A. Kappelman*

Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Telecopier:  (617) 946-4801

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on John W. Davis, Davis & Davis, P.C., 77 Franklin Street, 3rd Floor, Boston, MA 02110, as counsel for the plaintiff by first class mail, postage prepaid, on September 13, 2005.

                                                                 */s/ Lynn A. Kappelman*
                                                                 Lynn A. Kappelman