UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br>              Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br>              Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME IN WHICH
TO RESPOND TO PLAINTIFF'S APRIL 6, 2006, FILING**

Defendant Neighborhood House Charter School ("NHCS" or the "School") hereby moves for an extension of time through May 15, 2006, to respond to the documents filed by Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") on April 6, 2006, as amended by the documents she filed on April 19, 2006.  As grounds for this motion, NHCS states as follows.

1. Shortly after the Scheduling Conference in this case in November 2005, NHCS served written discovery requests and a notice of Stevenson's deposition on her counsel.

2. Also shortly after the Scheduling Conference, NHCS's counsel and Plaintiff's counsel began negotiating a settlement of this matter.  Because the parties' settlement discussions appeared to be progressing well, they agreed to an extension of time for Stevenson's service of responses to NHCS's discovery requests and agreed to hold Stevenson's deposition in abeyance while negotiations continued.

3. The parties reached agreement on all material terms of a settlement of all of Stevenson's claims against NHCS prior to December 31, 2005.

4.      After the parties had reached agreement on all material terms of the settlement, Stevenson's counsel reported that she had expressed some unspecified concerns about non-material provisions of the document that the parties had drafted to memorialize their settlement agreement.

5.      NHCS's counsel worked with Stevenson's counsel and attempted to draft a document that would meet Stevenson's concerns regarding the non-material provisions of the parties' settlement agreement.

6.      NHCS understands that Stevenson's counsel presented the revised document to Stevenson, and she failed to sign the document for unspecified reasons.

7.      Thereafter, on April 6, 2006, Attorney John Davis ("Davis") requested NHCS's assent to his withdrawal of his appearance on behalf of Stevenson in this matter. The same day, Stevenson filed papers with the Court, apparently without Davis' participation, consisting of a letter addressed to the Honorable Judge Woodlock and several attachments. The Court docketed Stevenson's April 6 filing as a "Letter/request (non-motion) from Janice Stevenson."

8.      Davis filed a motion to withdraw as Stevenson's counsel on April 18, 2006, citing the deterioration of the attorney-client relationship. On April 19, 2006, the Court Clerk docketed another letter that Stevenson apparently also filed without Davis' involvement in which she makes representations regarding, among other things, her interest in retaining successor counsel. The status of Stevenson's representation in this matter is, therefore, uncertain.

9.     The papers that Stevenson filed on April 6, 2006, as amended by her April 19, 2006, filing are disorganized and confusing, and their intended legal significance is unclear.  NHCS, therefore, requires additional time in which to attempt to interpret and respond to that filing.

10.    In light of NHCS's counsel's vacation and litigation schedules, the School requests an extension of time through May 15, 2006, to respond to Stevenson's April 6, 2006, filing.

WHEREFORE, Defendant Neighborhood House Charter School requests that the Court allow it through and including May 15, 2006, to respond to Stevenson's April 6, 2006 filing, as amended by her April 19, 2006 filing.

Respectfully submitted,
NEIGHBORHOOD HOUSE CHARTER SCHOOL,

    /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED:  April 19, 2006

Certificate of Compliance with Local Rule 7.1

I hereby certify that I attempted in good faith to resolve or narrow the issues presented by this motion by conferring with John Davis, Esq. and with Janice Stevenson.  On April 11, 2006, Attorney Davis informed me that he no longer represents Ms. Stevenson and is not authorized to act on her behalf.  Ms. Stevenson declined to discuss this matter with me by phone and declined Defendant's request that she assent to the extension of time sought by this motion in a one-sentence e-mail that provided no grounds or justification for her refusal.

    /s/ Barry J. Miller
Barry J. Miller

-3-

-4-

> CERTIFICATE OF SERVICE
>
> I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on John W. Davis, Esq., by first class U.S. mail to Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110, and on Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on April 19, 2006.
>
>       /s/ Barry J. Miller
> Barry J. Miller