UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br>    Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br>    Defendant. | CIVIL ACTION NO. 05-CV-11584-DPW |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL COUNTS

Defendant Neighborhood House Charter School ("NHCS" or the "School") hereby moves for summary judgment on all claims asserted by Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") in this matter on the grounds that the parties have negotiated and agreed to a full and final settlement that includes a comprehensive release of all claims by Stevenson against NHCS. The School also opposes Stevenson's Motion for Partial Summary Judgment on Liability ("Plaintiff's Motion") on the grounds that her arguments are legally insufficient to entitle her to summary judgment.[1]

### FACTUAL BACKGROUND[2]

In or about August 2004, NHCS entered into a contract with TuckNT, a company that Stevenson had established, to perform certain administrative functions to support the School's educational mission. *See* Defendant's Concise Statement of Undisputed Material Facts In

---

[1] Plaintiff's Motion was filed as one of several attachments to a letter she addressed to the Court. The Court Clerk docketed Stevenson's letter and attachments as a "Letter/request (non-motion) from Janice Stevenson" on April 6, 2006. *See* docket entry no. 11. The Court Clerk docketed another letter with attachments from Stevenson on April 19, 2006. *See* docket entry no. 13. On April 24, 2006, the Court issued an Order stating that Defendant was not required to respond to Stevenson's *pro se* filings at that time. Defendant includes a response to Stevenson's putative motion for summary judgment only to provide the Court with a more complete view of the pending issues in the case.

[2] For purposes of NHCS's Motion for Summary Judgment only, the facts in the light most favorable to Stevenson are deemed to be true. NHCS reserves the right to contest these facts if any part of this case survives its motion for summary judgment.

Support of Its Motion for Summary Judgment ("Statement") ¶ 3. In or about June 2005, NHCS terminated its contract with TuckNT. Statement ¶ 4.

On or about August 2005, Stevenson filed this action against NHCS claiming, among other things, that she had been misclassified as an independent contractor, rather than an employee of the School, and that she was entitled to overtime compensation for hours she worked in excess of 40 per workweek Statement ¶ 5. In her Amended Complaint, Stevenson also asserted claims under Massachusetts statutes pertaining to the payment of wages (Count II) and access to personnel records (Count III).[3] *Id.* Attorney John W. Davis ("Davis") filed the Amended Complaint on Stevenson's behalf and thereafter continued to represent her for purposes of her claims against NHCS in this matter. Statement ¶ 7.

The Court held a Rule 26(f) Scheduling Conference in this matter on November 3, 2005. Shortly after the Scheduling Conference, the parties commenced negotiations in an attempt to settle Stevenson's claims against NHCS. *Id.* Though NHCS had served written discovery requests and a notice of Stevenson's deposition on her counsel, the parties agreed to an extension of time for Stevenson's written discovery responses and agreed to postpone her deposition, pending the outcome of the parties' settlement negotiations. Statement ¶ 8.

The parties' negotiations succeeded quickly. On or about November 10, 2005, the parties agreed to a complete settlement of Stevenson's claims in this matter in exchange for a gross payment of $10,000. Statement ¶ 10. Stevenson's counsel confirmed the parties' agreement in a November 16, 2005, e-mail to NHCS's counsel, stating "As you know, my representation of Ms. Stevenson was limited to the claims as set forth in C.A. 05-11584. We agreed to settle these

---

[3] In addition to her claims in this matter, Stevenson has also made a number of administrative filings against NHCS, including a complaint and a series of unsuccessful appeals before the U.S. Department of Labor's Occupational Safety and Health Administration; a filing with the U.S. Internal Revenue Service; and a filing with the Massachusetts Department of Workforce Development's Division of Unemployment Assistance.

-2-

claims for $10,000.00." Statement ¶ 12.  On or about November 22, 2005, the parties subsequently amended their oral agreement to include a general release by Stevenson and TuckNT of all claims asserted or unasserted against NHCS for an additional $1,000, entitling Stevenson/TuckNT to a total gross payment of $11,000.  Statement ¶ 15.  The parties' agreement also contained non-monetary terms, including confidentiality and non-disparagement provisions.  Statement ¶ 10.

After reaching an oral agreement, the parties undertook to memorialize their agreement in a written document. Statement ¶¶ 10, 16.  NHCS's counsel forwarded a draft of such a document to Stevenson's counsel, and the parties discussed various revisions to the document to appropriately capture their oral agreement.  Statement ¶ 16.  On November 29, 2005, counsel for NHCS sent the revised document to Stevenson's counsel for her signature.[4]  *Id.*  Stevenson's counsel was delayed by other trial-related obligations during the month of December 2005 and communicated to NHCS's counsel that he had been unable focus his attention on the execution of the written document.  Statement ¶ 17.  In a telephone conversation with NHCS's counsel on or about December 20, 2005, Stevenson's counsel reaffirmed the parties' agreement and stated that he expected to have an executed copy of the written document to NHCS's counsel by the end of the year.  Statement ¶ 18.

On or about January 31, 2006, Davis informed counsel for NHCS that Stevenson had received a letter from the U.S. Internal Revenue Service in response to a Form SS-8 that she had filed with the IRS seeking an advisory determination of her employee or independent contractor

---

[4] NHCS's counsel forwarded another version of the document to Stevenson's counsel on December 5, 2005, with only one substantive revision, an inserted sentence that Stevenson had requested regarding NHCS's responses to third parties' inquiries about the relationship between TuckNT and NHCS.  For reasons unknown to NHCS, Stevenson later requested that this sentence be stricken from the document (*i.e.*, that the November 29, 2005 draft be restored).

status for federal income tax purposes.[5]  Statement ¶ 20.  Davis further informed NHCS's counsel that, in its correspondence, the IRS stated its view that, based on the information it had reviewed, Stevenson was an employee for federal income tax purposes, rather than an independent contactor, during the period of time that TuckNT provided services to NHCS under contract.[6]  Davis then asked for NHCS's view as to whether the written document memorializing the parties' settlement agreement should be revised, in light of the IRS's correspondence.  *Id.*

The parties' counsel entered into further discussions about the written document, including the name to appear on the face of the check to be issued in payment of the settlement proceeds and the characterization of the tax treatment and reporting of that payment in the document.  Statement ¶ 21.  In the course of those discussions, Davis informed counsel for NHCS that Stevenson would not accept a check drawn out to TuckNT in payment of the settlement proceeds because any open accounts that she maintained on behalf of that entity had negative balances.  Statement ¶ 22.

On or about March 6, 2006, after the parties' counsel exchanged ideas about the appropriate characterization of the settlement proceeds, NHCS's counsel sent to Stevenson's counsel another draft of the document memorializing the parties' settlement agreement.  Statement ¶ 23.  The March 6 draft was quite similar to the December 5 draft of the document,

---

[5] The IRS applies a twenty-factor test in determining employee status.  *See* IRS Revenue Ruling 87-41.  The IRS's determination, therefore, has no necessary impact on a worker's status for purposes of the FLSA, which is determined by a different economic realities test.  *Donovan v. Maxim Indus., Inc.*, 552 F.Supp. 1024, 1025 (D. Mass. 1982) citing *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 (1961); *Wirtz v. Soft Drinks of Shreveport*, 336 F.Supp. 950 (1971).

[6] NHCS contests the IRS's statements and conclusions in its December 29, 2005, correspondence regarding Stevenson's relationship with the School.  However, NHCS understands that the IRS's response to the Form SS-8 that Stevenson filed is non-binding and is not subject to administrative review or appeal.

-4-

with minor revisions pertaining primarily to the name to appear on the face of the check in payment of the settlement proceeds.[7] *Id.*

NHCS did not hear a substantive response from Stevenson's counsel for several weeks after sending the March 6 draft of the document memorializing the parties' settlement agreement. In a telephone conversation on or about March 29, 2006, Davis stated to NHCS's counsel that Stevenson had not yet signed the document. Statement ¶ 25. Davis further stated that he would likely seek leave to withdraw as Stevenson's counsel, if she did not sign the document in the following few days. *Id.* On or about April 6, 2006, Davis called NHCS's counsel to request to the School's assent to his withdrawal. Statement ¶ 26. On the same day, the Court Clerk docketed papers that Stevenson filed by herself, apparently without Davis' participation, including a document captioned Plaintiff's Motion for Partial Summary Judgment on Liability ("Plaintiff's Motion").[8] Statement ¶ 28. Davis subsequently filed a motion seeking leave to withdraw as Stevenson's counsel in this matter on or about April 18, 2006. Statement ¶ 29.

## ARGUMENT

Summary judgment is appropriate when the factual record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law," *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine issue is one supported by such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." *Triangle*

---

[7] The only other change was the removal, at Stevenson's request, of certain non-disparagement language favorable to Stevenson. Stevenson requested that this language be deleted in the course of the parties' drafting of the December 5 version of the document. *See* note 5, above.

[8] On April 19, 2006, Stevenson made another filing without Davis' participation. That filing does not appear to affect the claims Stevenson makes in support of Plaintiff's Motion.

*Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (internal quotation omitted).

In this case, NHCS is entitled to summary judgment on each of Stevenson's claims in this matter because the undisputed facts show that she released those claims in a valid settlement agreement. That she failed or declined to sign the written document prepared to memorialize the parties' agreement is of no relevance.

Even if NHCS were not entitled to judgment on Plaintiff's claims, Stevenson's putative motion for partial summary judgment would fail. She can offer no factual support for the allegations on which her claims are based because the parties have exchanged no information, having held discovery in abeyance while negotiating and formalizing their settlement agreement. Moreover, the legal theories that Stevenson advances are insufficient to entitle her to judgment as a matter of law because they fail to take account of several complete defenses that NHCS has asserted.

**I.      NHCS is Entitled to Judgment on All Counts Because Stevenson Released Her Claims Against the School**

In determining whether an oral settlement agreement is enforceable under Massachusetts law, the Court must consider whether the parties have agreed on all material terms. *See Thomas v. Mass. Bay Transp. Auth.*, 39 Mass.App.Ct. 537, 537-38 (1996). If the parties have orally agreed to all material terms, it can be inferred that the execution of a future written document would merely serve to memorialize an already binding contract. *Goren v. Royal Inv. Inc.,* 25 Mass.App.Ct. 137, 141 (1987), citing *Rosenfield v. United States Trust Co.,* 290 Mass. 210, 216 (1935).

In this case, Stevenson and NHCS, through their respective counsel, orally agreed upon all material terms of a settlement of Stevenson's claims against the School. Those material terms

included the scope of the claims to be settled, the amount of the payment to be made, and limitations on the parties' ability to disclose information about their prior relationship or about the settlement. On or about November 10, 2005, the parties orally agreed to settle all claims that Stevenson asserted in this matter for $10,000. The parties also agreed to non-disparagement and confidentiality provisions to be worked out in finer detail at a later point. Counsel for the parties then began to work together to draft a document memorializing their agreement. The following week, Stevenson's counsel confirmed the parties' agreement on the material terms of a settlement of Stevenson's claims in this matter in an e-mail.

In late November, the parties, through their counsel, agreed to an amendment to their November 10 agreement, by which NHCS agreed to pay Stevenson an additional $1,000 (for a total gross payment of $11,000) in exchange for a global release of all claims. Counsel for the parties thereafter continued to work together to draft a document to memorialize the amended agreement. They exchanged drafts and negotiated language to capture a number of immaterial details of the agreement, including what representations (if any) to include in the document regarding the tax treatment of the settlement proceeds. On November 29, 2005, NHCS's counsel forwarded to Stevenson's counsel a revised version of the document memorializing the parties' amended agreement to settle any and all claims Stevenson might have against NHCS for $11,000. Stevenson's counsel reaffirmed the agreement in a December 20, 2005, telephone conversation and stated that he intended to deliver a copy of the document signed by Stevenson to NHCS's counsel by year-end.

From these undisputed facts, it is clear that the parties reached an oral agreement on all material provisions of a settlement of Stevenson's claims against NHCS, including the claims she has asserted in this matter. The First Circuit upheld the enforcement of an oral settlement

agreement under circumstances remarkably similar to those presented here. In *Quint v. A.E. Staley Manufacturing Co.,* attorneys for the parties reached agreement on a number of terms of a settlement by phone, including the scope of the plaintiff's release and the sum that the defendant was to pay, but they did not negotiate the tax treatment of the settlement proceeds. 246 F.3d 11, 13 (2001). The plaintiff subsequently attempted to back out of the settlement, fired her attorney, and refused to sign a document memorializing the agreement. *Id*. at 13. The Court concluded that under these circumstances, the parties had reached agreement on the material terms of their settlement, and the plaintiff could not "escape the consequences of her agreement because she spoke but did not write." *Id*. at 15. Because Stevenson also orally agreed through her counsel to the material terms of a settlement of her claims, she is similarly bound.

Stevenson cannot avoid her obligations under the parties oral settlement agreement by pointing to the issues she raised in January 2005 regarding the tax treatment and tax reporting of the settlement proceeds. The parties respective tax obligations resulting from the settlement agreement are governed by law and cannot be adjusted by contract. Any tax-related provisions of the settlement agreement (and the written document memorializing that agreement) are, therefore, largely precatory and cannot serve as a bar to the enforcement of Stevenson's release of claims against NHCS. *See Quint*, 246 F.3d at 15 (holding that the tax treatment of settlement proceeds was not material term of agreement and parties' failure to reach agreement on such terms did not undermine validity of agreement).

The fact that the Stevenson never signed the document prepared to memorialize the parties' oral agreement also does not affect the validity of her release of claims. *See Goren*, 25 Mass.App.Ct. at 141 (where preliminary agreement covers all material points, execution of a more formal instrument is not required) (collecting authorities); *Hubbard v. C.A. Peairs*, 24

Mass.App.Ct. 372, 378 (1987) (written agreement not required where binding oral agreement arose in telephone negotiation between attorneys for the parties); *Thomas*, 39 Mass.App.Ct. at 545 (party's signature to a written agreement not necessary where he had previously agreed to terms of settlement). Stevenson, through her counsel, orally agreed to all terms of the parties' settlement and she cannot now avoid the binding effect of her agreement. She has released her claims against the School and the Court should, therefore, enter summary judgment in favor of NHCS on all counts.

### II.   Even if Stevenson Had Not Released Her Claims, She Would Not Be Entitled to Summary Judgment on Liability.

Even if the Court were to find the that the oral settlement agreement did not bar Stevenson's claims in this matter, Plaintiff's Motion lacks any basis in fact or law and must be denied. In Plaintiff's Motion, Stevenson appears to argue that she was an employee, rather than an independent contractor to NHCS, as a matter of law. This argument is wholly without factual support and, in any event, insufficient to entitle Stevenson to judgment.

There is no factual record that could substantiate Stevenson's claim that she was an employee. Because the parties successfully negotiated a settlement of this matter shortly after discovery commenced, the parties have taken no discovery on the merits of Stevenson's claim under the Fair Labor Standards Act.[9] The arguments Stevenson makes are based on nothing more than the allegations in her Amended Complaint and her own unsworn representations in Plaintiff's Motion. These bases are insufficient as a matter of law to entitle Stevenson to summary judgment. *Garcia v. De Batista*, 642 F.2d 11, 14 (1st Cir. 1981) (unsworn letters submitted with motion papers insufficient to meet moving party's burden to show absence of

---

[9] The discovery deadline in this matter passed on April 7, 2006. If any part of this case survives Defendant's motion for summary judgment, NHCS intends to seek an amendment to the Scheduling Order allowing it to depose Stevenson and to seek to compel responses to the discovery requests it served on Stevenson in November 2005.

-9-

dispute of fact); Fed.R.Civ.P. 56(e) (testimony submitted in support of motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").

Even if she could support her claim that she was an employee of NHCS, Stevenson would not be entitled to judgment on the issue of FLSA liability. Her arguments do not even address several defenses that the School has asserted that would serve as a complete bar to her recovery of overtime under the FLSA. Most poignantly, Stevenson offers no response to NHCS's defense that, if she had been an employee, she would have been subject to the statute's white collar exemptions from overtime pay requirements. *See* NHCS's Answer to Amended Complaint, p. 4 (Eighth Affirmative Defense). She, therefore, cannot establish FLSA liability as a matter of law.[10]

---

[10] In Plaintiff's Motion, Stevenson also appears to argue that she is entitled to liquidated damages on her FLSA claim pursuant to 29 U.S.C. § 216(b) and a finding of willfulness pursuant to 29 U.S.C. § 255(a). As with her claim that she was an employee of NHCS, these arguments are entirely devoid of factual support because the parties have taken no discovery on the issues presented by Stevenson's FLSA claims. Moreover, Stevenson cannot establish her entitlement to enhanced penalties such as liquidated damages and an extended statue of limitations period because she cannot establish that any violation of the statute occurred on the current record.

WHEREFORE, Defendant Neighborhood House Charter School requests that the Court enter summary judgment in Defendant's favor on all counts of Plaintiff Janice Stevenson's Amended Complaint and deny Plaintiff's Motion for Partial Summary Judgment on Liability in its entirety.

Respectfully submitted,
NEIGHBORHOOD HOUSE CHARTER SCHOOL,

/s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

DATED:  April 27, 2006

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on John W. Davis, Esq., by first class U.S. mail to Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110, and on Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on April 27, 2006.

/s/ Barry J. Miller
Barry J. Miller