UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,                )<br>          Plaintiff,   )<br>                                )<br>v.                                )<br>                                )  CIVIL ACTION NO. 05-CV-11584-DPW<br>NEIGHBORHOOD HOUSE CHARTER  )<br>SCHOOL,                    )<br>          Defendant.  )<br>                                ) | |

**DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Neighborhood House Charter School ("NHCS" or "Defendant") hereby submits the following concise statement of material facts to which there is no genuine issue to be tried.

1. NHCS is a non-profit public charter school located in Dorchester, Massachusetts. Plaintiff's Amended Complaint ("Complaint"), ¶ 2.

2. Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") founded an entity known as TuckNT. Complaint, ¶ 5.

3. In or about August 2004, NHCS entered into a contract with TuckNT to perform certain administrative functions to support NHCS's educational mission. Complaint, ¶¶ 6, 8.

4. In or about June 2005, NHCS terminated its contract with TuckNT. Complaint, ¶ 13.

5. In or about August 2005, Stevenson filed this action against NHCS, claiming that she was misclassified as an independent contractor, rather than an employee, and that she was entitled under the Fair Labor Standards Act to overtime compensation for hours she worked in excess of 40 per workweek. Complaint, ¶¶ 17-23. Stevenson's Amended Complaint also

asserted claims under Massachusetts statutes pertaining to the payment of wages and access to personnel records. *See* Complaint, ¶¶ 24-34.

6. In addition to the claims she has asserted in this matter, Stevenson has also filed administrative charges, complaints and claims against NHCS with state and federal agencies. Affidavit of Barry J. Miller, Esq. ("Miller Aff."), ¶ 2. Stevenson's filings include a complaint with the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging violations of whistleblower protections of the Sarbanes-Oxley Act, a series of unsuccessful appeals of OSHA's dismissal of that complaint, a Form SS-8 that Stevenson filed with the U.S. Internal Revenue Service ("IRS") and a filing with Massachusetts Department of Workforce Development's Division of Unemployment Assistance. *Id.*

7. Counsel for the parties engaged in preliminary discussions regarding the settlement value of Stevenson's claims against the NHCS. Miller Aff., ¶ 3. Attorney John Davis ("Davis") participated in these negotiations on behalf of Stevenson, while Lynn A. Kappelman ("Kappelman") and Barry J. Miller ("Miller") participated on behalf of NHCS. *Id.*

8. NHCS served written discovery requests to Stevenson and a notice of Stevenson's deposition on Davis on or about November 7, 2005. Miller Aff., ¶ 4. The parties subsequently agreed to an extension of time for Stevenson's written discovery responses and agreed to postpone Stevenson's deposition pending the outcome of the parties' ongoing settlement negotiations. *Id.*

9. In early November 2005, after a series of telephone negotiations and e-mail exchanges, Davis, on behalf of Stevenson, orally offered to settle all claims in this action in exchange for a gross payment of $10,000. Miller Aff., ¶ 6.

10. On November 10, 2005, counsel for NHCS left a voicemail message for Davis accepting Stevenson's offer on behalf of NHCS. Miller Aff., ¶ 6. Around the same time, counsel for the parties also agreed to include confidentiality and non-disparagement provisions that would be discussed at a later date. *Id.*

11. Counsel for the parties began to draft a written document to memorialize the settlement and on November 14, 2005, counsel for NHCS sent Davis a draft of a written document. Miller Aff., ¶ 7, Ex. A.

12. On November 16, 2005, Davis sent to counsel for NHCS an e-mail message regarding the agreement the parties had reached, which stated in part "[a]s you know, my representation of Ms. Stevenson was limited to the claims as set forth in C.A. 05-11584. We agreed to settle these claims for $10,000.00." Miller Aff., ¶ 8, Ex. B.

13. The parties subsequently discussed the payment of additional compensation to Stevenson in exchange for a general release of all claims by Stevenson and TuckNT against NHCS. Miller Aff., ¶ 9.

14. Counsel for NHCS telephoned Davis and offered to pay Stevenson an additional $1,000 for a general release by Stevenson and TuckNT of all claims against NHCS on November 17, 2005. Miller Aff., ¶ 10.

15. On or about November 22, 2005, Davis telephoned Miller and stated Stevenson had agreed to the general release in exchange for a gross total payment of $11,000. Miller Aff., ¶ 11.

16. On November 29, 2005, Miller sent Davis an e-mail message, attaching for Stevenson's signature a revised version of the written document that would memorialize the parties' settlement agreement. Miller Aff., ¶ 12, Ex. C.

BO1 15775533.1

17. On December 7, 2005, Davis sent an e-mail message to Miller, stating Davis was delayed by trial preparations in another case and had not yet secured Stevenson's signature on the document. Miller Aff., ¶ 13, Ex. D.

18. In a telephone conference on December 20, 2005, Davis told Miller that, in his view, the parties had an agreement and he hoped to have an executed copy of the document memorializing the agreement delivered to counsel for NHCS by the end of the year. Miller Aff., ¶ 14.

19. On January 11, 2006, in response to a voicemail message from Miller inquiring whether Stevenson had signed the document Miller had forwarded to Davis, Davis sent Miller an e-mail message stating he was busy with arbitration proceedings in another matter and had not yet secured Stevenson's signature on the document. Miller Aff., ¶ 15, Ex. E.

20. On January 31, 2006, Davis telephoned Miller to inform him that Stevenson had received a correspondence from the IRS in response to a Form SS-8 that she had filed. Miller Aff., ¶ 16. Davis stated that Stevenson remained willing to settle all claims against NHCS for the same gross payment of $11,000, but raised the issue whether, in light of the IRS correspondence, the tax withholding and tax reporting sections of the document memorializing the settlement should be revised. *Id.*

21. In response to the issue Davis raised on January 31, 2006, counsel for the respective parties engaged in further discussions regarding the characterization in the written document of the tax treatment and tax reporting of the settlement proceeds and the names to appear on the checks to be issued in payment of the settlement proceeds. Miller Aff., ¶ 17.

22. In the course of the parties' discussions regarding the tax treatment and tax reporting of the settlement proceeds, Davis informed Miller that Stevenson would not accept a

BO1 15775533.1

settlement check made payable to TuckNT because the remaining bank accounts that she maintained on behalf of TuckNT had negative account balances. Miller Aff., ¶ 18.

23. On March 6, 2006, Miller sent an e-mail to Davis, attaching a revised version of the document memorializing the parties' settlement agreement. Miller Aff., ¶19, Ex. F. The revisions to the document took into account the parties discussions regarding the tax characterization of the settlement proceeds. *Id.*

24. On March 17, 2006, Davis sent an e-mail message to Miller, stating that he had attempted to contact Stevenson and that he would contact counsel for NHCS the following week, if he heard a response from his client. Miller Aff., ¶ 20, Ex. G.

25. In a telephone conference between Davis and Miller on or about March 29, 2006, Davis stated that Stevenson had not signed the document. Miller Aff., ¶ 21. Davis also stated that if Stevenson did not sign the document within the next few days, he would likely seek to withdraw as her counsel. *Id.*

26. When Davis and Miller spoke again on April 6, 2006, Davis requested NHCS's asset to his withdrawal as Stevenson's counsel in this matter. Miller Aff., ¶ 22.

27. On April 6, 2006, Stevenson filed papers with the Court on her own behalf, without Davis' participation. *See* docket no. 11; *see also* docket no. 12 (in motion to withdraw as Stevenson's counsel, Davis stated that he was not involved in her April 6 filing). The documents that Stevenson filed included a document captioned Plaintiff's Motion for Partial Summary Judgment on Liability. *See* docket no. 11.

28. On April 17, 2006, Stevenson again filed documents with the Court without Davis' participation. *See* docket no. 13.

29.     On April 18, 2006, Davis filed a motion to seek leave to withdraw as Stevenson's counsel citing grounds including a breakdown of the attorney-client relationship.  *See* docket no. 12.

          Respectfully submitted,
NEIGHBORHOOD HOUSE CHARTER SCHOOL,

      /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  April 27, 2006

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on John W. Davis, Esq., by first class U.S. mail to Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110, and on Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on April 27, 2006.

      /s/ Barry J. Miller
Barry J. Miller