# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>NEIGHBORHOOD HOUSE CHARTER )<br>SCHOOL, )<br>         Defendant. )<br>) | CIVIL ACTION NO.  05-CV-11584-DPW |

## AFFIDAVIT OF BARRY J. MILLER, ESQ.

I, Barry J. Miller, under oath, depose and say as follows based on personal knowledge:

1.      I am an attorney admitted to practice law in the Commonwealth of Massachusetts and am employed by the firm of Seyfarth Shaw LLP.  Lynn A. Kappelman, Esq. ("Kappelman"), a partner in the firm of Seyfarth Shaw LLP, and I represent Defendant Neighborhood House Charter School ("NHCS") in the above-captioned matter.

2.      In addition to the claims she has asserted in this matter, Plaintiff Janice Stevenson ("Stevenson") has also filed administrative charges, complaints, or claims against NHCS with state and federal agencies.  Those filings include a complaint that Stevenson filed with the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging violations of whistleblower protection provisions of the Sarbanes-Oxley Act, a series of unsuccessful appeals of OSHA's dismissal of that complaint, and a Form SS-8 that Stevenson filed with the U.S. Internal Revenue Service ("IRS").  The Massachusetts Department of Workforce Development's Division of Unemployment Assistance has also sent correspondence to NHCS indicating that Stevenson may have filed a charge, complaint, or claim with that agency.

3.      In late October or early November 2005, counsel for the respective parties began preliminary discussions regarding the settlement value of the claims Stevenson has asserted in this matter.  Attorney John Davis ("Davis") participated in these negotiations on behalf of Stevenson, and Kappelman and I participated on behalf of NHCS.

4.      On or about November 7, 2005, NHCS served written discovery requests to Stevenson and a notice of Stevenson's deposition on her counsel, Davis.  On behalf of Stevenson, Davis requested an extension of time in which to serve Stevenson's responses  to NHCS's written discovery requests, and he requested that her deposition be postponed, pending the outcome of the parties' ongoing settlement negotiations.  NHCS agreed to both of Stevenson's requests.

5.      As of the date of this affidavit, Stevenson has not responded in substance to NHCS's written discovery requests, has produced no documents responsive to those requests, has not appeared for her deposition, and has not filed a protective order seeking relief from her discovery obligations.  As of the date of this affidavit, Stevenson also has not served initial disclosures or any discovery requests on NHCS in this matter.

6.      In early November 2005, after a series of telephone conversations and an exchange of messages, Davis orally offered on behalf of Stevenson to settle all claims asserted in this matter in exchange for a gross payment of $10,000.  On or about November 10, 2005, I left a voicemail message for Davis accepting Stevenson's proposal on behalf of NHCS.  At about the same time, the parties also agreed to confidentiality and non-disparagement provisions that they would discuss in further detail at a later time.

7.     Counsel for the respective parties subsequently began to draft a written document to memorialize the settlement.  On November 14, 2005, counsel for NHCS sent to Davis a draft of such a document.  A true and accurate copy of that document is attached as Exhibit A.

8.     On November 16, 2005, Kappelman and I received an e-mail message from Davis regarding the agreement that the parties had reached, in which he stated "[a]s you know, my representation of Ms. Stevenson was limited to the claims as set forth in C.A. 05-11584.  We agreed to settle these claims for $10,000.00."  A true and accurate copy of Davis' November 16 e-mail message is attached hereto as Exhibit B.

9.     The parties subsequently discussed payment of additional compensation to Stevenson in exchange for a general release of all claims by Stevenson or TuckNT, an entity that Stevenson had founded, against NHCS.

10.     On or about November 17, 2005, counsel for NHCS telephoned Davis and offered to pay Stevenson an additional $1,000 for a general release by Stevenson and TuckNT of all claims against NHCS.

11.     On or about November 22, 2005, Davis telephoned me and stated that Stevenson had agreed to a general release in exchange for a total gross payment of $11,000.00.

12.     Counsel for the respective parties then continued to work to draft a written agreement that would memorialize the settlement agreement.  On November 29, 2005, I sent by e-mail a draft of the document to Davis for Stevenson's signature.  A true and accurate copy of my November 29 e-mail message to Davis, along with the draft document, is attached as Exhibit C.

13.     On December 7, 2005, I received an e-mail from Davis stating that he had been distracted by trial preparations in another case and had not yet been unable to secure Stevenson's

3

signature on the document.  A true and accurate copy of Davis' December 7 e-mail message to me is attached as Exhibit D.

14.    On or about December 20, 2005, Davis and I spoke by telephone.  Davis stated that he believed the parties had an agreement and that he hoped to have a copy of the document memorializing the agreement signed by Stevenson and delivered to counsel for NHCS by the end of the year.

15.    On  January 11, 2006, I received an e-mail message from Davis stating that he had been distracted by arbitration proceedings in another matter.  Davis' January 11 e-mail message was in response to a voicemail message I had previously left for him inquiring as to whether Stevenson had signed the document that the parties had drafted to memorialize their agreement.  A true and accurate copy of Davis' January 11 e-mail message to me is attached as Exhibit E.

16.    On or about January 31, 2006, Davis telephoned me and stated that Stevenson had received correspondence from the IRS in response to the Form SS-8 that she had filed.  Davis told me that the correspondence from the IRS included some statement to the effect that, in the IRS's view, Stevenson had been an employee, rather than an independent contractor during the time period pertinent to her claims in this matter.  Davis stated that Stevenson remained willing to settle all claims against NHCS for the same gross payment of $11,000, but raised the issue of whether the parties should, in light of the position taken by the IRS in its correspondence, revise the section of the document memorializing their settlement pertaining to the tax withholdings and tax reporting of the payment to Stevenson.

17.    In response to the issue Davis raised on or about January 31, 2006, counsel for the respective parties' engaged in further discussions regarding the characterization of the tax

withholdings and tax treatment of the settlement proceeds in the document memorializing the parties' settlement agreement. In conjunction with these discussions, counsel for the respective parties also discussed the names to appear on the checks to made out in payment of the settlement proceeds called for by their agreement.

18.     In the course of the parties' discussions regarding the tax treatment of the settlement proceeds, Davis informed me that Stevenson would not accept payment of the settlement proceeds in the form of a check drawn out to TuckNT because the bank accounts that she had maintained on behalf of TuckNT had either been closed or had negative account balances.

19.     On or about March 6, 2006, I sent an e-mail message to Davis attaching a revised version of the document memorializing the parties' settlement agreement, which took into account the parties' discussions regarding the characterization of the payment to be made under the parties' settlement agreement for tax purposes. A true and accurate copy of my March 6 e-mail to Davis, along with the revised document, is attached as Exhibit F.

20.     On March 17, 2006, I received an e-mail message from Davis stating that he had attempted to contact Stevenson and that he would contact counsel for NHCS the following week, if he heard a response from his client. A true and accurate copy of Davis' March 17 e-mail to me is attached as Exhibit G.

21.     Davis and I spoke by telephone on or about March 29, 2006. In that conversation, Davis stated that Stevenson had not yet signed the document that the parties' respective counsel had drafted. Davis further stated that he would likely seek to withdraw as Stevenson's counsel, if she did not sign the document within the next few days.

22.     On or about April 6, 2006, Davis and I spoke by telephone again.  In that conversation, Davis requested NHCS's asset to his withdrawal as Stevenson's counsel in this matter.


Signed under the penalties of perjury this 27th day of April, 2006.


     /s/ Barry J. Miller

Barry J. Miller

6

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT is made and entered into this __ day of November 2005, by and between the following parties: Janice Stevenson and TuckNT (collectively, "Stevenson" or "Plaintiff") on the one hand; and Neighborhood House Charter School ("NHCS" or "Defendant") on the other hand.

WHEREAS, Janice Stevenson filed a complaint in the United States District Court for the District of Massachusetts entitled Janice Stevenson v. Neighborhood House Charter School, No. 05-11584, alleging, inter alia, violation of (i) the federal Fair Labor Standards Act, 29 U.S.C. § [__] et seq.; (ii) Massachusetts' Wage and Hour Laws, G.L. ch. 149 § 148; and (iii) Massachusetts' Personnel Records Statute, G.L. c. 149 § 52C (the "Action"); and

WHEREAS, NHCS denies that it has violated any of Stevenson's rights or that it owes her any monies for any of her claims; and

WHEREAS, the parties wish to avoid the expense and burden of further litigation and resolve any and all other issues and disputes between them, whether or not asserted in the Action or in any other proceeding, arising with respect to any relationship between Plaintiff and Defendant;

IT IS, THEREFORE, agreed that in consideration of the mutual promises and covenants herein set forth, the parties covenant and agree as follows.

1.     NHCS agrees to pay Stevenson the gross sum of Ten Thousand Dollars ($10,000.00) (the "Settlement Proceeds") and other valuable consideration as set forth below. NHCS shall disburse the Settlement Proceeds as follows. Within thirty (30) days after the Effective Date (as defined in Section 3(f) below) and delivery by Plaintiff of the executed Agreement and a signed Stipulation of Dismissal (as required by Section 3) to NHCS's attorney, Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, MA 02210, NHCS shall:

(a)     Deliver to Janice Stevenson's attorney a check payable to "TuckNT" in the amount of ? Thousand Dollars ($?,000.00). NHCS shall report this payment to state and federal tax authorities on IRS Form 1099-MISC.

(b)     Make and deliver, on the third month anniversary of the Effective Date and provided there has been no breach of this Agreement by Plaintiff, to Janice Stevenson's attorney a check payable to "TuckNT" in the amount of ? Thousand Dollars ($?,000.00). NHCS shall report this payment to state and federal tax authorities on IRS Form 1099-MISC.

(c)     Make and deliver a check payable to "Attorney John Davis" as compensation for Stevenson's attorneys' fees, in the amount of ?_ ($_?). NHCS will report this payment to state and federal tax authorities as income to John Davis.

2.     (a) Each of Janice Stevenson, TuckNT and her or its heirs, successors, executors, beneficiaries, legal representatives, and assigns (collectively referred to as the "Releasors"), hereby unconditionally and irrevocably release, remise, and forever discharge NHCS, its predecessors, successors, and related entities (including, without limitation, Neighborhood House Charter School Foundation (the "Foundation")), and all of their respective past, present, and future officers, directors, board members, trustees, stockholders, employees, representatives, attorneys, agents, and insurers (collectively referred to as the "Releasees") or any of them, of and from any and all suits, claims, demands, interest, costs (including attorneys' fees and costs actually incurred), expenses, actions and causes of action, rights, liabilities, obligations, promises, agreements, controversies, losses and debts, of any nature whatsoever, which the Releasors now have, own or hold, or at any time heretofore ever had, owned or held, or could have owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date, including, without limiting the generality of the foregoing: any claims in law or equity, in a court or administrative or arbitration tribunal, arising out of or in connection with Stevenson's alleged employment by and TuckNT's contractual relationship with NHCS or its predecessors, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act, as amended; the Older Workers' Benefit Protection Act; the Employee Retirement Income Security Act, as amended; the Americans with Disabilities Act, as amended; the Family and Medical Leave Act; the National Labor Relations Act; the Fair Labor Standards Act, as amended; the Sarbanes-Oxley Act; the Massachusetts Fair Employment Practices Act; the Massachusetts Wage and Hour Laws; the Massachusetts Personnel Records Statute; and any other statutory, common law or other claims of any nature whatsoever including but not limited to retaliation, breach of implied or express contract, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other employment-related

2

tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other federal, state, or local law against any of the Releasees. Releasors, their heirs, executors, beneficiaries, legal representatives, and assigns, individually and/or in their beneficial capacity, further agree never to institute against any of the Releasees any lawsuit with respect to any claim or cause of action of any type arising or which may have existed at any time prior to the date of the execution of this Agreement. Releasors further waive their rights to any monetary recovery or other relief should any federal, state, or local administrative agency pursue any claim or cause of action of any type on its behalf arising at any time prior to the present date. This Agreement is intended to comply with the Older Workers Benefit Protection Act of 1990 ("OWBPA") with regard to Janice Stevenson's waiver of rights under the ADEA.

Each of Janice Stevenson and TuckNT expressly agree and understand that the release of claims contained in this Agreement is a **GENERAL RELEASE**, and that any reference to specific claims arising out of or in connection with Janice Stevenson's alleged employment and TuckNT's contractual relationship is not intended to limit the release of claims. Each of Janice Stevenson and TuckNT also expressly agree and understand that this **GENERAL RELEASE** means that the Releasors irrevocably are releasing, remising, and discharging the Releasees from and with respect to all claims, whether known or unknown, asserted or unasserted, and whether or not the claims arise out of or in connection with Janice Stevenson's employment, TuckNT's contractual relationship and/or the termination of either, or otherwise, arising up to the date of the signing of this Agreement.

{B0461821; 4}

   (b) Janice Stevenson is specifically waiving rights and claims under the ADEA.

   (c) The waiver of rights and claims under the ADEA does not extend to any rights or claims arising after the date Janice Stevenson executes this Agreement.

   (d) Plaintiff acknowledges being advised by NHCS in writing to consult with an attorney of her or its choice prior to signing this Agreement. Plaintiff further acknowledges that she and it has had the opportunity to consult with an attorney of their choice with respect to all terms and conditions set forth in this Agreement and to have the advice of counsel with respect to the decision to sign and enter into this Agreement.

   (e) Janice Stevenson acknowledges that NHCS has offered twenty-one (21) days to consider the terms and conditions of this Agreement, to consult with counsel of her choice, and to decide whether to sign and enter into this Agreement.

   (f) Janice Stevenson has seven (7) days after her execution of this Agreement to revoke her acceptance of it. Any such revocation must be received in writing within the 7-day revocation period by Lynn Kappelman, counsel for NHCS. The parties acknowledge and agree that this Agreement is neither effective nor enforceable and neither party is obligated to perform the promises contained herein in the event that the Agreement is revoked or until expiration of the 7-day revocation period (the "Effective Date").

  3. Contemporaneously with the execution of this Agreement, Janice Stevenson shall execute a Stipulation of Dismissal of the Complaint in the form attached hereto as Exhibit A. and a [Request for Dismissal] of any action currently pending before any Department Labor Administrative Judge, in the form attached hereto as Exhibit B. Stevenson also hereby agrees to file any other such withdrawals, stipulations, affidavits, and other documents as may be required to accomplish each such dismissal, and to withdraw, with prejudice and without attorneys' fees or costs, any other action or legal proceeding, administrative or judicial, now pending concerning any claim any the Releasors may have made against any of the Releasees.

  4. Plaintiff agrees and acknowledges that the terms of this Agreement are confidential. Plaintiff warrants that she or it will not further individually, jointly, or through her or its attorneys or other representatives, or those acting on her or its behalf in any manner publish, publicize, or otherwise make known to any person the underlying facts of the matters covered by this Agreement, the allegations set forth in her Complaint, the fact of this Agreement and/or the terms and conditions of this Agreement, and the settlement discussions that led up to it, except to state that all such issues have been "resolved to the satisfaction of all parties" or as may be required by law, or to her or its financial or tax advisors; and then only after said advisor(s) have agreed to be bound by the provisions of this paragraph to make no further disclosure.

  5. Plaintiff agrees that she/it will not take any action or make any statement that disparages NHCS, the Foundation, any member of the Board of Trustees of either, any employee of either, including without limitation Kevin Andrews and Jagdish Chokshi, and/or any of the

<div align="center">4</div>

other Releasees, or that has the intended or foreseeable effect of harming the business and/or personal reputation of any such person or entity or of disrupting NHCS' usual business operations. Plaintiff further agrees to refrain from disclosing any information about any employee of NHCS or the Foundation acquired in connection with the performance of services for NHCS or the Foundation and with respect to which such employee has a reasonable expectation of privacy.

6.      Plaintiff does hereby knowingly covenant and agree that neither she nor it will knowingly seek or accept employment or any other remunerative relationship with, or undertake to provide services to, either directly or indirectly, NHCS, the Foundation or any of either NHCS's or the Foundation's affiliated or related entities. Plaintiff also further agrees that the execution of this Agreement is good and sufficient cause for NHCS, the Foundation and any affiliate of either to reject any application by the Janice Stevenson for employment.

7.      Plaintiff agrees that in the event the Internal Revenue Service and/or the Massachusetts Department of Revenue should determine that Janice Stevenson should have been treated as an employee of NHCS and/or the Foundation, Janice Stevenson will promptly remit her share of FICA taxes that should have been, but were not, withheld to NHCS, together with any penalty assessed resulting from a failure to withhold, together with any interest or penalties assessed and not abated arising from a timely failure to withhold and report income to Janice Stevenson and/or TuckNT.

8.      Nothing contained in this Agreement shall be construed as an admission of any liability by NHCS, and it is agreed that Plaintiff will not offer this Agreement as evidence in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

9.      This Agreement contains the entire agreement and understanding by and between the parties with respect to the matters herein referred to, and no representations, promises, agreements, or understandings, written or oral, not herein contained shall be valid or binding unless the same is in writing and signed by the parties. No waiver of any provision of this Agreement at any time shall be deemed a waiver of any other provision of this Agreement.

10.     This Agreement may be executed in two counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.

11.     This Agreement shall be construed in accordance with, and governed by, the laws of the Commonwealth of Massachusetts.

12.     Other than as stated herein, the undersigned parties warrant that no representation, promise, or inducement has been offered or made to induce any party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement is intended as a final expression of the parties' Agreement and as a complete and exclusive statement of the terms thereof. This Agreement shall supersede all prior understandings, oral and written, between the parties concerning the matters referred to herein. Any amendments to this agreement shall be in writing and signed by all parties.

5

13.     The parties further represent that they are able to read the language and understand the meaning and effect of this Agreement, that they have read and understand this Agreement and the effect thereof, and that their attorneys have explained the same to them.

IN WITNESS WHEREOF, the parties voluntarily and without coercion set forth their hands on this _____ of November, 2005, as their free acts and deeds.

Date: _____          By: _____
                                              Janice Stevenson

Date: _____          By: _____
                                              Janice Stevenson on behalf of TuckNT

Date: _____          By: _____
                                              Neighborhood House Charter School

{B0461821; 4}

## Miller, Barry

| | |
|---|---|
| **From:** | John Davis [jdavis@davisanddavispc.com] |
| **Sent:** | Wednesday, November 16, 2005 12:01 PM |
| **To:** | Kappelman, Lynn |
| **Cc:** | Miller, Barry |
| **Subject:** | RE: Stevenson v. NHCS |

Dear Lynn and Barry:

As you know, my representation of Ms. Stevenson was limited to the claims as set forth in C.A. 05-11584.  We agreed to settle these claims for $10,000.00.

If you are looking for a global settlement, you must consider increasing the offer, though I am confident that a nominal amount would suffice, i.e., $2,500.00 - $3,000.00.

Please understand that my client, for better or worse, has an emotional investment in this matter.  She told me that she was happy to pursue the OSHA matter independently.  In other words, she needs to feel that she 'won. If your client has a counter-offer, you may want to consider offering the low end of the scale so that Ms. Stevenson can counter and feel that she has won if your client accepts her counter-offer (though it would be much easier if they agreed to $3k right of the bat.

If your client is unwilling to renegotiate the amount, then I would require language that provides she is waiving any and all claims except the claims that she has already initiated.

Further, paragraph 5 should have mutuality language so that Ms. Stevenson is not disparaged. I also want language regarding third party inquiries so that if a prospective employer calls for a reference check, Ms. Stevenson is not subjected to negative reviews.  If your client has a policy of only providing basic information, i.e., dates of employment, title held, etc., then please indicate this in the agreement.

Finally, why the exceptionally long time to make payment?  Isn't 10 business days is standard for OWBPA situations?  I see no justification for withholding payment for 3 months.  If your concern is that she will breach the agreement, then we can discuss a mutual liquidated damages provision, otherwise, if my client is releasing her claims as consideration, then your client should provide its consideration soon thereafter.

Please do not hesitate to contact to discuss these issues.  My jury trial settled as the jury was getting empanelled (again) - another wasted weekend.


Very truly yours,


John W. Davis
Davis & Davis, PC
77 Franklin Street
3rd Floor
Boston, MA 02110
617-933-3838


--------------------------------------------------------------------------
-----------------------------------
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of

1

this transmittal is strictly prohibited. If you suspect that you have
received this communication in error, please notify us immediately by
telephone at 1-617-933-3838, or e-mail at jdavis@davisanddavispc.com and
immediately delete this message and all its attachments.
--------------------------------------------------------------------------
----------------------------------


-----Original Message-----
From: Kappelman, Lynn [mailto:LKappelman@seyfarth.com]
Sent: Monday, November 14, 2005 11:35 AM
To: jdavis@davisanddavispc.com
Cc: Miller, Barry
Subject: FW: Stevenson v. NHCS


another try....

Lynn A. Kappelman
Seyfarth Shaw LLP
Two Seaport Lane
Boston, MA 02210
(617) 946-4888

> -----Original Message-----
> From:      Kappelman, Lynn
> Sent:      Monday, November 14, 2005 11:23 AM
> To: 'j.davis@davisanddavispc.com'
> Cc: Miller, Barry
> Subject:  Stevenson v. NHCS
>
>  <<20051114110255920.pdf>>
> John - here is a draft of the Settlement Agreement in the Stevenson
> matter for your review and comment--I was trying to fax it but your
> fax machine is broken.  Please feel free to call Barry or me to
> discuss.
>
> Lynn A. Kappelman
> Seyfarth Shaw LLP
> Two Seaport Lane
> Boston, MA 02210
> (617) 946-4888
>

Any tax information or written tax advice contained herein (including any
attachments) is not intended to be and cannot be used by any taxpayer for
the purpose of avoiding tax penalties that may be imposed on the taxpayer.
(The foregoing legend has been affixed pursuant to U.S. Treasury Regulations
governing tax practice.)

The information contained in this transmission is attorney privileged and/or
confidential information intended for the use of the individual or entity
named above.  If the reader of this message is not the intended recipient,
you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited.

**Miller, Barry**

---

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Tuesday, November 29, 2005 11:29 AM |
| **To:** | 'jdavis@davisanddavispc.com' |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | Stevenson v. NHCS |

John,

A revised draft of the settlement agreement in the Stevenson matter is attached.  We believe it takes into account all of the parties' negotiations up to this point.

Please contact us to discuss any changes to the agreement at your earliest convenience.  If you have no changes, please have Ms. Stevenson execute the agreement on behalf of herself and TuckNT and forward two fully executed copies of the document to us.

Thank you,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753



Stevenson v. NHCS
  - Settlement...

1

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT is made and entered into this __ day of November 2005, by and between the following parties: Janice Stevenson and TuckNT (collectively, "Stevenson" or "Plaintiff") on the one hand; and Neighborhood House Charter School ("NHCS" or "Defendant") on the other hand.

WHEREAS, Janice Stevenson filed a complaint in the United States District Court for the District of Massachusetts entitled <u>Janice Stevenson v. Neighborhood House Charter School</u>, No. 05-11584, alleging, inter alia, violation of (i) the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (ii) Massachusetts' Wage and Hour Laws, G.L. ch. 149 § 148; and (iii) Massachusetts' Personnel Records Statute, G.L. c. 149 § 52C (the "Action"); and

WHEREAS, NHCS denies that it has violated any of Stevenson's rights or that it owes her any monies for any of her claims; and

WHEREAS, the parties wish to avoid the expense and burden of further litigation and resolve any and all other issues and disputes between them, whether or not asserted in the Action or in any other proceeding, arising with respect to any relationship between Plaintiff and Defendant;

IT IS, THEREFORE, agreed that in consideration of the mutual promises and covenants herein set forth, the parties covenant and agree as follows.

1.      NHCS agrees to pay Stevenson the gross sum of Eleven Thousand Dollars ($11,000.00) (the "Settlement Proceeds") and other valuable consideration as set forth below. NHCS shall disburse the Settlement Proceeds as follows. Within thirty (30) days after the Effective Date (as defined in Section 3(f) below) and delivery by Plaintiff of the executed Agreement and a signed Stipulation of Dismissal (as required by Section 3) to NHCS's attorney, Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, MA 02210, NHCS shall:

  (a)     Deliver to Janice Stevenson's attorney a check payable to "TuckNT" in the amount of Eight Thousand Two Hundred Fifty and 00/100 Dollars ($8,250.00). NHCS shall report this payment to state and federal tax authorities on IRS Form 1099-MISC.

  (b)     Make and deliver a check payable to "Attorney John Davis" as compensation for Stevenson's attorneys' fees, in the amount of Two Thousand Seven Hundred Fifty and 00/100 Dollars ($2,750.00). NHCS will report this payment to state and federal tax authorities as income to John Davis and to TuckNT on separate forms.

2.      (a) Each of Janice Stevenson, TuckNT and her or its heirs, successors, executors, beneficiaries, legal representatives, and assigns (collectively referred to as the "Releasors"), hereby unconditionally and irrevocably release, remise, and forever discharge NHCS, its predecessors, successors, and related entities (including, without limitation, Neighborhood House Charter School Foundation (the "Foundation")), and all of their respective past, present,

1

and future officers, directors, board members, trustees, stockholders, employees, representatives, attorneys, agents, and insurers (collectively referred to as the "Releasees") or any of them, of and from any and all suits, claims, demands, interest, costs (including attorneys' fees and costs actually incurred), expenses, actions and causes of action, rights, liabilities, obligations, promises, agreements, controversies, losses and debts, of any nature whatsoever, which the Releasors now have, own or hold, or at any time heretofore ever had, owned or held, or could have owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date, including, without limiting the generality of the foregoing: any claims in law or equity, in a court or administrative or arbitration tribunal, arising out of or in connection with Stevenson's alleged employment by and TuckNT's contractual relationship with NHCS or its predecessors, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act, as amended; the Older Workers' Benefit Protection Act; the Employee Retirement Income Security Act, as amended; the Americans with Disabilities Act, as amended; the Family and Medical Leave Act; the National Labor Relations Act; the Fair Labor Standards Act, as amended; the Sarbanes-Oxley Act; the Massachusetts Fair Employment Practices Act; the Massachusetts Wage and Hour Laws; the Massachusetts Personnel Records Statute; and any other statutory, common law or other claims of any nature whatsoever including but not limited to retaliation, breach of implied or express contract, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other employment-related tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other federal, state, or local law against any of the Releasees.  Releasors, their heirs, executors, beneficiaries, legal representatives, and assigns, individually and/or in their beneficial capacity, further agree never to institute against any of the Releasees any lawsuit with respect to any claim or cause of action of any type arising or which may have existed at any time prior to the date of the execution of this Agreement.  Releasors further waive their rights to any monetary recovery or other relief should any federal, state, or local administrative agency pursue any claim or cause of action of any type on its behalf arising at any time prior to the present date.  This Agreement is intended to comply with the Older Workers Benefit Protection Act of 1990 ("OWBPA") with regard to Janice Stevenson's waiver of rights under the ADEA.

Each of Janice Stevenson and TuckNT expressly agree and understand that the release of claims contained in this Agreement is a **GENERAL RELEASE**, and that any reference to specific claims arising out of or in connection with Janice Stevenson's alleged employment and TuckNT's contractual relationship is not intended to limit the release of claims.  Each of Janice Stevenson and TuckNT also expressly agree and understand that this **GENERAL RELEASE** means that the Releasors irrevocably are releasing, remising, and discharging the Releasees from and with respect to all claims, whether known or unknown, asserted or unasserted, and whether or not the claims arise out of or in connection with Janice Stevenson's employment, TuckNT's contractual relationship and/or the termination of either, or otherwise, arising up to the date of the signing of this Agreement.

2

(b)     Janice Stevenson is specifically waiving rights and claims under the ADEA.

(c)     The waiver of rights and claims under the ADEA does not extend to any rights or claims arising after the date Janice Stevenson executes this Agreement.

(d)     Plaintiff acknowledges being advised by NHCS in writing to consult with an attorney of her or its choice prior to signing this Agreement. Plaintiff further acknowledges that she and it has had the opportunity to consult with an attorney of their choice with respect to all terms and conditions set forth in this Agreement and to have the advice of counsel with respect to the decision to sign and enter into this Agreement.

(e)     Janice Stevenson acknowledges that NHCS has offered twenty-one (21) days to consider the terms and conditions of this Agreement, to consult with counsel of her choice, and to decide whether to sign and enter into this Agreement.

(f)     Janice Stevenson has seven (7) days after her execution of this Agreement to revoke her acceptance of it. Any such revocation must be received in writing within the 7-day revocation period by Lynn Kappelman, counsel for NHCS. The parties acknowledge and agree that this Agreement is neither effective nor enforceable and neither party is obligated to perform the promises contained herein in the event that the Agreement is revoked or until expiration of the 7-day revocation period (the "Effective Date").

3.     Contemporaneously with the execution of this Agreement, Janice Stevenson shall execute a Stipulation of Dismissal of the Complaint in the form attached hereto as Exhibit A and a Request for Dismissal of any action currently pending before any Department Labor Administrative Judge, in the form attached hereto as Exhibit B. Stevenson also hereby agrees to file any other such withdrawals, stipulations, affidavits, and other documents as may be required to accomplish each such dismissal, and to withdraw, with prejudice and without attorneys' fees or costs, any other action or legal proceeding, administrative or judicial, now pending concerning any claim any the Releasors may have made against any of the Releasees.

4.     Plaintiff agrees and acknowledges that the terms of this Agreement are confidential. Plaintiff warrants that she or it will not further individually, jointly, or through her or its attorneys or other representatives, or those acting on her or its behalf in any manner publish, publicize, or otherwise make known to any person the underlying facts of the matters covered by this Agreement, the allegations set forth in her Complaint, the fact of this Agreement and/or the terms and conditions of this Agreement, and the settlement discussions that led up to it, except to state that all such issues have been "resolved to the satisfaction of all parties" or as may be required by law, or to her or its financial or tax advisors; and then only after said advisor(s) have agreed to be bound by the provisions of this paragraph to make no further disclosure.

5.     Plaintiff agrees that she/it will not take any action or make any statement that disparages NHCS, the Foundation, any member of the Board of Trustees of either, any employee of either, including without limitation Kevin Andrews and Jagdish Chokshi, and/or any of the

other Releasees, or that has the intended or foreseeable effect of harming the business and/or personal reputation of any such person or entity or of disrupting NHCS' usual business operations. Plaintiff further agrees to refrain from disclosing any information about any employee of NHCS or the Foundation acquired in connection with the performance of services for NHCS or the Foundation and with respect to which such employee has a reasonable expectation of privacy.

6.      Plaintiff does hereby knowingly covenant and agree that neither she nor it will knowingly seek or accept employment or any other remunerative relationship with, or undertake to provide services to, either directly or indirectly, NHCS, the Foundation or any of either NHCS's or the Foundation's affiliated or related entities. Plaintiff also further agrees that the execution of this Agreement is good and sufficient cause for NHCS, the Foundation and any affiliate of either to reject any application by the Janice Stevenson for employment.

7.      Nothing contained in this Agreement shall be construed as an admission of any liability by NHCS, and it is agreed that Plaintiff will not offer this Agreement as evidence in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

8.      This Agreement contains the entire agreement and understanding by and between the parties with respect to the matters herein referred to, and no representations, promises, agreements, or understandings, written or oral, not herein contained shall be valid or binding unless the same is in writing and signed by the parties. No waiver of any provision of this Agreement at any time shall be deemed a waiver of any other provision of this Agreement.

9.      This Agreement may be executed in two counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.

10.     This Agreement shall be construed in accordance with, and governed by, the laws of the Commonwealth of Massachusetts.

11.     Other than as stated herein, the undersigned parties warrant that no representation, promise, or inducement has been offered or made to induce any party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement is intended as a final expression of the parties' Agreement and as a complete and exclusive statement of the terms thereof. This Agreement shall supersede all prior understandings, oral and written, between the parties concerning the matters referred to herein. Any amendments to this agreement shall be in writing and signed by all parties.

12.     The parties further represent that they are able to read the language and understand the meaning and effect of this Agreement, that they have read and understand this Agreement and the effect thereof, and that their attorneys have explained the same to them.

IN WITNESS WHEREOF, the parties voluntarily and without coercion set forth their hands on this _____ of November, 2005, as their free acts and deeds.

Date: _____    By: _____
                                 Janice Stevenson

Date: _____    By: _____
                                 Janice Stevenson on behalf of TuckNT

Date: _____    By: _____
                                 Neighborhood House Charter School

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE STEVENSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| | ) | |
| NEIGHBORHOOD HOUSE CHARTER | ) | |
| SCHOOL, | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiff Janice

Stevenson and Defendant Neighborhood House Charter School hereby stipulate to the voluntary

dismissal of all of Plaintiff's claims against Defendant in this action with prejudice and without

costs or attorneys' fees to any party.  The Plaintiff and Defendant hereby waive all rights of

appeal from the entry of such dismissal.


Respectfully submitted,
JANICE STEVENSON,
By her attorney,


   /s/ John W. Davis            
John W. Davis (BBO# 648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor
Boston, MA 02110
Telephone:    (617) 933-3838
Telecopier:   (617) 933-3839

DATED: November __, 2005

NEIGHBORHOOD HOUSE CHARTER
SCHOOL
By its attorneys,


     /s/ Lynn A. Kappelman     
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

1

UNITED STATES OF AMERICA
DEPARTMENT OF LABOR

| | | |
|---|---|---|
| JANICE WILSON STEVENSON | ) | |
| | ) | |
| Complainant, | ) | |
| | ) | ARB Case No. 05-156 |
| V. | ) | |
| | ) | ALJ Case No. 2005-SOX-00087 |
| NEIGHBORHOOD HOUSE CHARTER SCHOOL, | ) | |
| | ) | |
| Respondent. | ) | |

## REQUEST FOR DISMISSAL

Plaintiff, Janice Wilson Stevenson, hereby requests that the Department of Labor and all of its divisions, including without limitation the Occupational Safety and Health Administration and the Administrative Review Board, dismiss all charges she has brought against Neighborhood House Charter School ("NHCS"). This request includes without limitation all charges Plaintiff has brought against NHCS alleging violations of Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, *et seq.*

Plaintiff further requests that all appeals and petitions for review she has filed regarding the Department of Labor's dismissals of her claims against NHCS be withdrawn or dismissed.

Respectfully submitted,

_____
JANICE WILSON STEVENSON
P.O. Box 400372
Cambridge, MA 02140

DATED: November __, 2005

1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Request for Dismissal was sent via facsimile, electronic, or regular mail to all parties listed below on November __, 2005.

_____

Janice W. Stevenson

Administrative Review Board
Room S-4309
200 Constitution Avenue, N.W.
Washington, D.C. 21210
Telephone: (202) 693-6200
Fax: (202) 693-6220

Chief ALJ, OALJ
USDOL, Suite 400 North
800 K Street, NW
Washington, DC 20001-8002
(202) 693-7542
(202) 693-7365 (FAX)

Assistant Secretary
OSHA, Div FLSA
USDOL, Room S-2002
200 Constitution Avenue, N.W.
Washington, DC 20210
(202) 693-2000-p
(202) 693-1340-f

Howard M. Radzely
Associate Solicitor
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716, FPB
200 Constitution Avenue, N.W.
Washington, DC 20210
202-693-5260-p
202-693-5538-f

Mr. Richard E. Fairfax
U.S. DOL/OSHA Room: N-3119
200 Constitution Avenue, N.W.
Washington, D.C. 20210
(202) 693-2100 Phone
(202) 693-1681 Fax

Honorable Daniel F. Sutton
District Chief ALJ, OALJ
O'Neill Federal Building – Room 411
10 Causeway Street
Boston, MA 02222
(617) 223-9335-phone
(617) 223-4254-fax

Lynn A. Kappelman
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110-2028
617-946-4800-phone
617-946-4801-fax

Ilene Sunshine
Sullivan & Worcester, LLP
One Post Office Square
Boston, MA 02109
617-338-2880-p
617-338-2883-f

2

BO1 15749388.1

## Miller, Barry

| | |
|---|---|
| **From:** | John Davis [jdavis@davisanddavispc.com] |
| **Sent:** | Wednesday, December 07, 2005 3:25 PM |
| **To:** | Miller, Barry |
| **Subject:** | RE: NHCS/Stevenson |

Barry:

I am trying to schedule a time for Ms. Stevenson to come into the office. I have a trial starting Monday, so please be patient. Thanks.


John W.Davis
Davis & Davis, PC
77 Franklin Street
3rd Floor
Boston, MA 02110
617-933-3838


------------------------------------------------------------------------
------------------------------------
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-617-933-3838, or e-mail at jdavis@davisanddavispc.com and immediately delete this message and all its attachments.
------------------------------------------------------------------------
------------------------------------


-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Wednesday, December 07, 2005 2:41 PM
To: jdavis@davisanddavispc.com
Cc: Kappelman, Lynn
Subject: NHCS/Stevenson

John,

Have you had a chance to review the revised version of the Stevenson settlement agreement that we sent over on Monday? If so, please let us know if the revised version is acceptable to you and Ms. Stevenson, or if we need to talk about the agreement further.

Thanks,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or
confidential information intended for the use of the individual or entity
named above.  If the reader of this message is not the intended recipient,
you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited.

## Miller, Barry

**From:**    John Davis [jdavis@davisanddavispc.com]
**Sent:**    Wednesday, January 11, 2006 5:27 PM
**To:**       Miller, Barry
**Subject:** Stevenson

Barry:

3rd day of a 2 week arbitration.  Please bear with me.


John W.Davis

Davis & Davis, PC
77 Franklin Street

3rd Floor

Boston, MA 02110

617-933-3838


-------------------------------------------------------------------------------------------------------
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or
confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have
received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is
strictly prohibited. If you suspect that you have received this communication in error, please notify us
immediately by telephone at 1-617-933-3838, or e-mail at jdavis@davisanddavispc.com and
immediately delete this message and all its attachments.
-------------------------------------------------------------------------------------------------------

**Miller, Barry**

---

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Monday, March 06, 2006 9:18 AM |
| **To:** | 'jdavis@davisanddavispc.com' |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | Stevenson v. NHCS |

John,

As we discussed, a revised version of the settlement agreement in the Stevenson matter is attached.  There are only two differences between this version and the last.  First, we have eliminated the second paragraph of section 5, at your request.  Second, we changed section 1(a) to require a check made payable to "Attorney John Davis," which will be reported as income to TuckNT on Form 1099.

Please let us know as soon as possible if Ms. Stevenson will sign the agreement in this form.

Thanks,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753



Stevenson
ttlement agreement

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT is made and entered into this __ day of November 2005, by and between the following parties: Janice Stevenson and TuckNT (collectively, "Stevenson" or "Plaintiff") on the one hand; and Neighborhood House Charter School ("NHCS" or "Defendant") on the other hand.

WHEREAS, Janice Stevenson filed a complaint in the United States District Court for the District of Massachusetts entitled <u>Janice Stevenson v. Neighborhood House Charter School</u>, No. 05-11584, alleging, inter alia, violation of (i) the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (ii) Massachusetts' Wage and Hour Laws, G.L. ch. 149 § 148; and (iii) Massachusetts' Personnel Records Statute, G.L. c. 149 § 52C (the "Action"); and

WHEREAS, NHCS denies that it has violated any of Stevenson's rights or that it owes her any monies for any of her claims; and

WHEREAS, the parties wish to avoid the expense and burden of further litigation and resolve any and all other issues and disputes between them, whether or not asserted in the Action or in any other proceeding, arising with respect to any relationship between Plaintiff and Defendant;

IT IS, THEREFORE, agreed that in consideration of the mutual promises and covenants herein set forth, the parties covenant and agree as follows.

1.      NHCS agrees to pay Stevenson the gross sum of Eleven Thousand Dollars ($11,000.00) (the "Settlement Proceeds") and other valuable consideration as set forth below. NHCS shall disburse the Settlement Proceeds as follows. Within thirty (30) days after the Effective Date (as defined in Section 3(f) below) and delivery by Plaintiff of the executed Agreement and a signed Stipulation of Dismissal (as required by Section 3) to NHCS's attorney, Lynn A. Kappelman, Esq., Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, MA 02210, NHCS shall:

      (a)      Deliver to Janice Stevenson's attorney a check payable to "Attorney John Davis" in the amount of Eight Thousand Two Hundred Fifty and 00/100 Dollars ($8,250.00). NHCS shall report this payment to state and federal tax authorities as income to TuckNT on IRS Form 1099-MISC.

      (b)      Make and deliver a check payable to "Attorney John Davis" as compensation for Stevenson's attorneys' fees, in the amount of Two Thousand Seven Hundred Fifty and 00/100 Dollars ($2,750.00). NHCS will report this payment to state and federal tax authorities as income to John Davis and to TuckNT on separate forms.

2.      (a) Each of Janice Stevenson, TuckNT and her or its heirs, successors, executors, beneficiaries, legal representatives, and assigns (collectively referred to as the "Releasors"), hereby unconditionally and irrevocably release, remise, and forever discharge NHCS, its predecessors, successors, and related entities (including, without limitation, Neighborhood House Charter School Foundation (the "Foundation")), and all of their respective past, present,

1

and future officers, directors, board members, trustees, stockholders, employees, representatives, attorneys, agents, and insurers (collectively referred to as the "Releasees") or any of them, of and from any and all suits, claims, demands, interest, costs (including attorneys' fees and costs actually incurred), expenses, actions and causes of action, rights, liabilities, obligations, promises, agreements, controversies, losses and debts, of any nature whatsoever, which the Releasors now have, own or hold, or at any time heretofore ever had, owned or held, or could have owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date, including, without limiting the generality of the foregoing: any claims in law or equity, in a court or administrative or arbitration tribunal, arising out of or in connection with Stevenson's alleged employment by and TuckNT's contractual relationship with NHCS or its predecessors, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act, as amended; the Older Workers' Benefit Protection Act; the Employee Retirement Income Security Act, as amended; the Americans with Disabilities Act, as amended; the Family and Medical Leave Act; the National Labor Relations Act; the Fair Labor Standards Act, as amended; the Sarbanes-Oxley Act; the Massachusetts Fair Employment Practices Act; the Massachusetts Wage and Hour Laws; the Massachusetts Personnel Records Statute; and any other statutory, common law or other claims of any nature whatsoever including but not limited to retaliation, breach of implied or express contract, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other employment-related tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other federal, state, or local law against any of the Releasees. Releasors, their heirs, executors, beneficiaries, legal representatives, and assigns, individually and/or in their beneficial capacity, further agree never to institute against any of the Releasees any lawsuit with respect to any claim or cause of action of any type arising or which may have existed at any time prior to the date of the execution of this Agreement. Releasors further waive their rights to any monetary recovery or other relief should any federal, state, or local administrative agency pursue any claim or cause of action of any type on its behalf arising at any time prior to the present date. This Agreement is intended to comply with the Older Workers Benefit Protection Act of 1990 ("OWBPA") with regard to Janice Stevenson's waiver of rights under the ADEA.

Each of Janice Stevenson and TuckNT expressly agree and understand that the release of claims contained in this Agreement is a **GENERAL RELEASE**, and that any reference to specific claims arising out of or in connection with Janice Stevenson's alleged employment and TuckNT's contractual relationship is not intended to limit the release of claims. Each of Janice Stevenson and TuckNT also expressly agree and understand that this **GENERAL RELEASE** means that the Releasors irrevocably are releasing, remising, and discharging the Releasees from and with respect to all claims, whether known or unknown, asserted or unasserted, and whether or not the claims arise out of or in connection with Janice Stevenson's employment, TuckNT's contractual relationship and/or the termination of either, or otherwise, arising up to the date of the signing of this Agreement.

2

(b)    Janice Stevenson is specifically waiving rights and claims under the ADEA.

(c)    The waiver of rights and claims under the ADEA does not extend to any rights or claims arising after the date Janice Stevenson executes this Agreement.

(d)    Plaintiff acknowledges being advised by NHCS in writing to consult with an attorney of her or its choice prior to signing this Agreement. Plaintiff further acknowledges that she and it has had the opportunity to consult with an attorney of their choice with respect to all terms and conditions set forth in this Agreement and to have the advice of counsel with respect to the decision to sign and enter into this Agreement.

(e)    Janice Stevenson acknowledges that NHCS has offered twenty-one (21) days to consider the terms and conditions of this Agreement, to consult with counsel of her choice, and to decide whether to sign and enter into this Agreement.

(f)    Janice Stevenson has seven (7) days after her execution of this Agreement to revoke her acceptance of it. Any such revocation must be received in writing within the 7-day revocation period by Lynn Kappelman, counsel for NHCS. The parties acknowledge and agree that this Agreement is neither effective nor enforceable and neither party is obligated to perform the promises contained herein in the event that the Agreement is revoked or until expiration of the 7-day revocation period (the "Effective Date").

3.    Contemporaneously with the execution of this Agreement, Janice Stevenson shall execute a Stipulation of Dismissal of the Complaint in the form attached hereto as Exhibit A and a Request for Dismissal of any action currently pending before any Department Labor Administrative Judge, in the form attached hereto as Exhibit B. Stevenson also hereby agrees to file any other such withdrawals, stipulations, affidavits, and other documents as may be required to accomplish each such dismissal, and to withdraw, with prejudice and without attorneys' fees or costs, any other action or legal proceeding, administrative or judicial, now pending concerning any claim any the Releasors may have made against any of the Releasees.

4.    Plaintiff agrees and acknowledges that the terms of this Agreement are confidential. Plaintiff warrants that she or it will not further individually, jointly, or through her or its attorneys or other representatives, or those acting on her or its behalf in any manner publish, publicize, or otherwise make known to any person the underlying facts of the matters covered by this Agreement, the allegations set forth in her Complaint, the fact of this Agreement and/or the terms and conditions of this Agreement, and the settlement discussions that led up to it, except to state that all such issues have been "resolved to the satisfaction of all parties" or as may be required by law, or to her or its financial or tax advisors; and then only after said advisor(s) have agreed to be bound by the provisions of this paragraph to make no further disclosure.

5.    Plaintiff agrees that she/it will not take any action or make any statement that disparages NHCS, the Foundation, any member of the Board of Trustees of either, any employee of either, including without limitation Kevin Andrews and Jagdish Chokshi, and/or any of the

3

other Releasees, or that has the intended or foreseeable effect of harming the business and/or personal reputation of any such person or entity or of disrupting NHCS' usual business operations. Plaintiff further agrees to refrain from disclosing any information about any employee of NHCS or the Foundation acquired in connection with the performance of services for NHCS or the Foundation and with respect to which such employee has a reasonable expectation of privacy.

6.    Plaintiff does hereby knowingly covenant and agree that neither she nor it will knowingly seek or accept employment or any other remunerative relationship with, or undertake to provide services to, either directly or indirectly, NHCS, the Foundation or any of either NHCS's or the Foundation's affiliated or related entities. Plaintiff also further agrees that the execution of this Agreement is good and sufficient cause for NHCS, the Foundation and any affiliate of either to reject any application by the Janice Stevenson for employment.

7.    Nothing contained in this Agreement shall be construed as an admission of any liability by NHCS, and it is agreed that Plaintiff will not offer this Agreement as evidence in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

8.    This Agreement contains the entire agreement and understanding by and between the parties with respect to the matters herein referred to, and no representations, promises, agreements, or understandings, written or oral, not herein contained shall be valid or binding unless the same is in writing and signed by the parties. No waiver of any provision of this Agreement at any time shall be deemed a waiver of any other provision of this Agreement.

9.    This Agreement may be executed in two counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument.

10.    This Agreement shall be construed in accordance with, and governed by, the laws of the Commonwealth of Massachusetts.

11.    Other than as stated herein, the undersigned parties warrant that no representation, promise, or inducement has been offered or made to induce any party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement is intended as a final expression of the parties' Agreement and as a complete and exclusive statement of the terms thereof. This Agreement shall supersede all prior understandings, oral and written, between the parties concerning the matters referred to herein. Any amendments to this agreement shall be in writing and signed by all parties.

4

12.    The parties further represent that they are able to read the language and understand the meaning and effect of this Agreement, that they have read and understand this Agreement and the effect thereof, and that their attorneys have explained the same to them.

IN WITNESS WHEREOF, the parties voluntarily and without coercion set forth their hands on this _____ of November, 2005, as their free acts and deeds.


Date: _____        By: _____
                                     Janice Stevenson


Date: _____        By: _____
                                     Janice Stevenson on behalf of TuckNT


Date: _____        By: _____
                                     Neighborhood House Charter School

5

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON,<br><br><div align="right">Plaintiff,</div><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER<br>SCHOOL,<br><div align="right">Defendant.</div> | )<br>)<br>)<br>)<br>)    CIVIL ACTION NO.  05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, Plaintiff Janice

Stevenson and Defendant Neighborhood House Charter School hereby stipulate to the voluntary

dismissal of all of Plaintiff's claims against Defendant in this action with prejudice and without

costs or attorneys' fees to any party.  The Plaintiff and Defendant hereby waive all rights of

appeal from the entry of such dismissal.


Respectfully submitted,
JANICE STEVENSON,
By her attorney,


____/s/ John W. Davis_____
John W. Davis (BBO# 648399)
Davis & Davis, P.C.
77 Franklin Street, 3rd Floor
Boston, MA 02110
Telephone:    (617) 933-3838
Telecopier:   (617) 933-3839

DATED:  November __, 2005

NEIGHBORHOOD HOUSE CHARTER
SCHOOL
By its attorneys,


_____/s/ Lynn A. Kappelman_____
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801


<div align="center">1</div>

## UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR

| | |
|---|---|
| JANICE WILSON STEVENSON )<br><br>Complainant, )<br><br>V. )<br><br>NEIGHBORHOOD HOUSE CHARTER )<br>SCHOOL, )<br><br>Respondent. ) . | ARB Case No. 05-156<br><br>ALJ Case No. 2005-SOX-00087 |

## REQUEST FOR DISMISSAL

Plaintiff, Janice Wilson Stevenson, hereby requests that the Department of Labor and all of its divisions, including without limitation the Occupational Safety and Health Administration and the Administrative Review Board, dismiss all charges she has brought against Neighborhood House Charter School ("NHCS").  This request includes without limitation all charges Plaintiff has brought against NHCS alleging violations of Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, *et seq*.

Plaintiff further requests that all appeals and petitions for review she has filed regarding the Department of Labor's dismissals of her claims against NHCS be withdrawn or dismissed.

Respectfully submitted,

_____
JANICE WILSON STEVENSON
P.O. Box 400372
DATED: November __, 2005    Cambridge, MA 02140

1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Request for Dismissal was sent via facsimile, electronic, or regular mail to all parties listed below on November __, 2005.

_____

Janice W. Stevenson

Administrative Review Board
Room S-4309
200 Constitution Avenue, N.W.
Washington, D.C. 21210
Telephone: (202) 693-6200
Fax: (202) 693-6220

Chief ALJ, OALJ
USDOL, Suite 400 North
800 K Street, NW
Washington, DC 20001-8002
(202) 693-7542
(202) 693-7365 (FAX)

Assistant Secretary
OSHA, Div FLSA
USDOL, Room S-2002
200 Constitution Avenue, N.W.
Washington, DC 20210
(202) 693-2000-p
(202) 693-1340-f

Howard M. Radzely
Associate Solicitor
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716, FPB
200 Constitution Avenue, N.W.
Washington, DC 20210
202-693-5260-p
202-693-5538-f

Mr. Richard E. Fairfax
U.S. DOL/OSHA Room: N-3119
200 Constitution Avenue, N.W.
Washington, D.C. 20210
(202) 693-2100 Phone
(202) 693-1681 Fax

Honorable Daniel F. Sutton
District Chief ALJ, OALJ
O'Neill Federal Building – Room 411
10 Causeway Street
Boston, MA 02222
(617) 223-9335-phone
(617) 223-4254-fax

Lynn A. Kappelman
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110-2028
617-946-4800-phone
617-946-4801-fax

Ilene Sunshine
Sullivan & Worcester, LLP
One Post Office Square
Boston, MA 02109
617-338-2880-p
617-338-2883-f

2

BOI 15749388.1

## Miller, Barry

| | |
|---|---|
| **From:** | John Davis [jdavis@davisanddavispc.com] |
| **Sent:** | Friday, March 17, 2006 10:33 AM |
| **To:** | Miller, Barry |
| **Subject:** | Stevenson |

Barry:

I just wanted to inform you that I emailed my client and I will contact you next week, assuming that I get a response back.  Thanks and have a good weekend.


John W. Davis

Davis & Davis, PC
77 Franklin Street

3rd Floor

Boston, MA 02110

617-933-3838


-----------------------------------------------------------------------------------------------------
This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-617-933-3838, or e-mail at jdavis@davisanddavispc.com and immediately delete this message and all its attachments.
-----------------------------------------------------------------------------------------------------