UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY 26 P 2: 31

JANICE STEVENSON, Plaintiff,

v.   CIVIL ACTION NO. 05-CV-11584-DPW

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEIGHBORHOOD HOUSE CHARTER
SCHOOL, Defendant.

**PLAINTIFF'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT**

Janice W. Stevenson [Plaintiff] moves this Honorable Court for summary judgment against Neighborhood House Charter School [Defendant].

Massachusetts Division of Unemployment Assistance [MDUA] has determined that Plaintiff performed services as an employee and such services constitute employment. MGL 151A, S. 2. MDUA has required Defendant to report Plaintiff's wages and pay contributions thereon. [**Attachment I**] The MDUA action had a preclusive effect on whether Plaintiff was an employee under Massachusetts Unemployment Insurance laws, its inclusion is proper. The MDUA determination is entitled to preclusive effect on the issue of Plaintiff's employment status and it is proper for this Honorable Court to grant Plaintiff summary judgment.

The Massachusetts statute governing income tax withholding of tax on wages is found in G.L. c. 62B. Chapter 62B adopts the federal definitions of "employer" found in section 3401(d) of the Internal Revenue Code, as amended in effect for the applicable year, the definition of "employee" found in section 3401© of the Code...., and the definition of "wages" found in section 3401(a) of the Codes. See G.L. c62B, Section 1.

Since Plaintiff comes within the protection of the FLSA, the Settlement and Release Agreement that Defendant relies upon cannot be sustained under Massachusetts'

state law or enforced by this Honorable Court. It has long been established that courts will not enforce contracts that are contrary to public policy. That basic principle is not restricted to contracts that violate positive law, but has always extended—almost by definition—to agreements that "violate law or public policy." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 42 (1987) (emphasis added).[1] Defendant's agreement will preempt federal and state law.

The prerequisites for application of the issue preclusion doctrine are satisfied. See Allied, 562 N.W.2d at 164. Those prerequisites are as follows:

(1) the issue determined in the prior action is identical to the present issue;

(2) the issue was raised and litigated in the prior action;

(3) the issue is material and relevant to the disposition in the prior action; and

(4) the determination made of the issue in the prior action was necessary and is central to that resulting judgment.

The United States Supreme Court has "long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." Astoria Fed. Savings & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991).

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Constr. &Mining Co., 384 U.S. 394, 422 (1966). Acting in a judicial capacity includes utilizing "procedure that seems an adequate

---

[1] No. 99-1038, In The 01 2000, Supreme Court Of The United States ; Eastern Associated Coal Corporation, Petitioner, V. United Mine Workers Of America, District 17; Local 1503, United Mine Workers Of America, Respondents.

substitute for judicial procedure." 18 Wright, Miller & Cooper, Federal Practice and Procedure s 4475, at 764-65 (1981).

There is evidence that the issue of Plaintiff's employment status was "actually and necessarily litigated and decided in a prior final judgment." See Nasem v. Brown, 595 F.2d 801, 805 (D.C. Cir. 1979).[2]

This Honorable Court should grant Plaintiff's motion for Partial Summary Judgment on Liability because (1) Plaintiff has produced evidence that the MDUA investigated the matter beyond its initial determination; (2) the MDUA did act in a judicial capacity when it issued the determination letter; and (3) according to the definition of "employee" under MDUA regulations Plaintiff was entitled to "employee" rights under Massachusetts Unemployment Insurance Law.

Respectfully submitted:

*Janice W. Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – cell
201-622-4890 – fax

Certificate of Service

I hereby certify that a true copy of the above document was served on counsel for the Defendant on May 26, 2006 by first class mail on Lynn A. Kappelman and Barry J. Miller, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210-2028, Telphone: 617-946-4800, Telecopier: 617-946-4801.

*Janice W. Stevenson*

Janice W. Stevenson

---

[2] United States Court of Appeals, FOR THE DISTRICT OF COLUMBIA CIRCUIT, No. 00-7150, Cynthia Miranda Morrison, Appellant v. International Programs Consortium, Inc. and Kathleen M. Hanlon, Appellees

2006 WED 14:01 FAX                                                                                 ☒002/002



THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF WORKFORCE DEVELOPMENT
DIVISION OF UNEMPLOYMENT ASSISTANCE

MITT ROMNEY
GOVERNOR

KERRY HEALEY
LT. GOVERNOR

JANE C. EDMONDS
DIRECTOR, DEPARTMENT OF
WORKFORCE DEVELOPMENT

EDWARD T. MALMBORG
ACTING DIRECTOR

Neighborhood House Charter School
21 Queen Street
Dorchester, MA   02124

April 20, 2006
Status Determination Unit
Telephone: 617.626.5050
Employer #:78-506380

Dear Employer:

Based on information received by this Division, it has been determined that the services performed by:

**Name: Janice W. Stevenson**

And others similarly employed, **does** constitute "employment" within the meaning of Section 2 of the Massachusetts Unemployment Insurance Law. It appears that you retained sufficient right to direct and control the performance of services to make her your employee and not an independent contractor.

Therefore, you are required to report her wages and pay contributions thereon. Forms 0735 for this purpose are enclosed.

THIS DETERMINATION IS FINAL UNLESS, WITHIN TEN DAYS, AFTER DATE SHOWN ON THIS LETTER, YOU REQUEST IN WRITING THAT THE DIRECTOR GRANT A HEARING FOR THE PURPOSE OF RECONSIDERING THE FACTS SUBMITTED AND TO CONSIDER ANY ADDITIONAL INFORMATION.

You are further advised that this determination applies only to your liability under the Massachusetts Unemployment Insurance Law. It has no bearing on your obligation under any other law, federal or state.

Please feel free to call me if you require any additional information at (617) 626-5026.

Sincerely,

Stephen Chawner, Status Analyst
*Contributions Department*

Enc:0735 ( )
(1893)

CHARLES F. HURLEY BUILDING • 19 STANIFORD STREET • GOVERNMENT CENTER • BOSTON, MA 02114