UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 JUN 19 P 2:59

U.S. DISTRICT COURT
DISTRICT OF MASS.

JANICE STEVENSON,
Plaintiff,

v.

NEIGHBORHOOD HOUSE CHARTER
SCHOOL,
Defendant.

CIVIL ACTION NO. 05-CV-11584-DPW

**NOTICE OF PLAINTIFF'S ADMINISTRATIVE PROCEEDINGS
COMMENCED AGAINST DEFENDANT**

Now comes Plaintiff, Janice W. Stevenson, and files a listing of state and federal administrative proceedings commenced against Defendant, Neighborhood House Charter School.

## I. SARBANES-OXLEY [SOX] ACT

**BACKGROUND**

SOX Section 404 Management Assessment of the Adequacy of Internal Control Procedures requirement applies to pension and benefit expenses. SOX also applies to private companies since it adds new ERISA White Collar Criminal Penalty Provisions that impose sanctions on employer plan sponsors and plan fiduciaries for willful violations of ERISA's financial statement and other reporting and disclosure requirements.

1. This employer meets the criteria as its has a retirement plan having benefit plans which are subject to the Reporting and Disclosure requirements of the Employee Retirement Income Security Act of 1974 ("ERISA").

   The whistleblower provisions of the Act apply to any company which has issued a class of securities registered with the Securities and Exchange Commission (SEC) or which is required by the federal securities laws to file reports with the SEC. In addition, a civil action for violation of the whistleblower provisions of the Act may be filed against any officer, employee, contractor, subcontractor, or agent of any such company. The amended criminal statutory provisions of the Act are applicable to "anyone," including any employer or individual "who takes any

action harmful to any person," including any "interference with the lawful employment or livelihood of the person," for providing "truthful information" to a "law enforcement officer." The new restrictions on executive compensation plans and retirement plans apply to the issuers of equity and other securities under the federal securities laws and to employers having benefit plans which are subject to the Reporting and Disclosure requirements of the Employee Retirement Income Security Act of 1974 ("ERISA").

## ISSUE

Defendant is subject to SOX because of its pension and benefits.

## FINDING

Defendant is not subject to SOX

## II. IRS SS-8 – DETERMINATION OF WORKER STATUS FOR PURPOSES OF FEDERAL EMPLOYMENT TAXES AND INCOME TAX WITHHOLDING

### BACKGROUND AND ISSUE

The question of whether an individual is an independent contractor or an employee is one of fact to be determined upon consideration of the facts and the application of the law and regulations in a particular case.

### FINDING

"..held ..." Plaintiff is "an employee of the school."

## III. MASSACHUSETTS DEPARTMENT OF UNEMPLOYMENT ASSISTANCE ATTACHMENT 1

### BACKGROUND

The Massachusetts Legislature amended the Commonwealth's wage payment law by including a strong presumption that people rendering services are employees, rather than independent contractors. In order to rebut this presumption, an employer bears the burden of proving that the individual renders the same kind of services to others, that the

company does not supervise or manage the way in which the individual renders the service, AND that the service provided is outside the "usual course" of the company's business. The Attorney General's office has taken a broad view, interpreting this to mean that the individual has to do something that is different from what any other person in the company does. If someone who is treated as a contractor is later deemed to be an employee, companies can be exposed to claims of multiple damages, back overtime, unpaid benefits (the Microsoft case), payroll taxes and penalties, and expensive legal battles.

### ISSUE

Whether the claimant [Plaintiff] was paid sufficient wages in the base period to be eligible for benefits. Defendant's failure to report wages affected the amount of Plaintiff's unemployment benefits. Defendant failed to report wages as required under General Law.

### FINDING

There is a employer-employee relationship. Defendant wages were entered in to Massachusetts Department of Unemployment Assistance System for wage period October 2004 to June 2005.

## IV. UNPAID BENEFITS (THE MICROSOFT CASE)

### BACKGROUND

Defendant failed to provide medical and pension benefits to Plaintiff as had to other employees. Plaintiff filed a compliant with regional office of EBSA in 2005.

### ISSUE

Whether Defendant violated ERISA when they failed to provide employer sponored benefits to Plaintiff?

### FINDING

Still pending.

### V. APPELLATE TAX BOARD

**BACKGOUND**

Defendant's failed to withhold federal and state payroll taxes negatively affected Plaintiff federal and state taxes liability.

**ISSUE**

Whether the Defendant is the controlling party for state withholding taxes and should be held liable for such liabilities?

**FINDING**

Hearing pending


Respectfully submitted,

*Janice Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – cell
201-622-4890 – fax

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and that a true copy of the above document was served on Barry Miller, BMiller@seyfarth.com, and Lynn Kappelman, LKappelman@seyfarth.com, by first class mail on June 19, 2006.

*Janice Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – phone/voice
201-622-4890 – fax
janicestevensonus@gmail.com

# ATTACHMENT 1

**DUA** MASSACHUSETTS
DIVISION OF
UNEMPLOYMENT
ASSISTANCE

HEARINGS DEPARTMENT
GREATER BOSTON REGION
CHARLES F. HURLEY BUILDING
19 STANIFORD STREET
BOSTON, MA 02114-0000

JANICE W STEVENSON
PO BOX 400372
CAMBRIDGE, MA 02140-0000

Phone:  (617) 626-6561
Fax:    (617) 727-9329
TDD:    (800) 438-0471

## APPEAL RESULTS

Docket: 439920                                Mail Date:       June 06, 2006

Appellant: CLAIMANT                           Local Office:    27-0



| Claimant | |
|---|---|
| JANICE W STEVENSON PO BOX 400372 CAMBRIDGE, MA 02140-0000 | Date of Determination: 03/07/06 |
| | Hearing Request Filed: 03/20/06 |
| | Hearing Date: 05/30/06 |
| SSN: 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 | Location of Hearing: BOSTON |

| Employer: | Original Determination: |
|---|---|
| | AFFIRMED       [ ] |
| | OVERTURNED     [ ] |
| | OTHER          [X] |
| EMP# : | |

Appearance:

| Claimant: | [X] | Employer: | [ ] | | |
|---|---|---|---|---|---|
| Claimant's Rep/Attorney: | [ ] | Employer's Rep/Attorney: | [ ] | Interpreter: | [ ] |

*******************************************************************************
**You may Appeal this Decision to the Board of Review.
The last date to file an Appeal is 7/6/2006**
*******************************************************************************

Commonwealth of Massachusetts
Mitt Romney, Governor
Kerry Healey, Lt. Governor
Jane C. Edmonds, Director, Department of Workforce Development
John P. O'Leary, Director, Division of Unemployment Assistance

**MASSACHUSETTS
DIVISION OF
UNEMPLOYMENT
ASSISTANCE**

Hearings Department
Greater Boston Regional Office
19 Staniford St., 1st Floor
Boston, MA 02114
Phone: 617-626-6561
Fax: 617-727-9329
TDD: 1-800-438-0471

# DECISION

DOCKET NUMBER: 439920

### I.   STATUTORY PROVISION(S) AND ISSUE(S) OF LAW:

MGL Chapter 151A, §§24(a) & 1(a) & 1(s) - Whether the claimant was paid sufficient wages in the base period to be eligible for benefits.

### II.   FINDINGS OF FACT:

1. The claimant filed a claim for benefits on October 20, 2005. The effective date of the claim is October 16, 2005.

2. The Primary Base Period of the claimant's claim is October 1, 2004 through September 30, 2005.

3. The Alternate Base Period of the claim is January 1, 2005 through October 15, 2005.

4. During the base period of her claim, the claimant worked for three employers: a professional staffing organization, an employment services agency, and a school.

5. For the calendar quarter beginning October 1, 2004 and ending December 31, 2004 the claimant was paid wages from the school in the amount of $13,410.73. The claimant was not paid wages by any other employer during the fourth quarter of 2004.

6. Under the claimant's employment agreement with the employing school for 2005, the claimant was to be compensated by annual salary of $52,000.00, paid bi-weekly.

7. For the calendar quarter beginning January 1, 2005 and ending March 31, 2005, the claimant was paid wages from the school in the amount of $12,000.00. The claimant was not paid wages by any other employer during the first quarter of 2005.

8. For the calendar quarter beginning April 1, 2005 and ending June 30, 2005, the claimant was paid wages from the employment services agency in the amount of $519.75. During that same quarter, the claimant was also paid wages from the school in the amount of $14,000.04.

**DUA** MASSACHUSETTS DIVISION OF UNEMPLOYMENT ASSISTANCE

DOCKET NUMBER: 439920

The claimant provided direct testimony, supported by documentary evidence and accepted by this review examiner, that she had an annual salary of $52,000 paid bi-weekly from the employing school. Considering the school wages in addition to those of the professional staffing organization and the employment services agency, the claimant was paid wages of $45,103.77 in the Primary Base Period, within which for the two highest quarters she received wages of $13,410.73 in fourth quarter 2004 and of $14,519.79 in second quarter 2005.

As such, the determination of monetary eligibility with a weekly benefit rate of $110.00 must be modified in this case.

## IV. DECISION:

The determination is modified.

The claimant is monetarily eligible for benefits as sufficient wages were paid to her during the base period, and the claimant's wages shall be updated.

**N.B. to Local Office: Please update the claimant's wages, as noted in findings of fact five (5), seven (7) and nine (9). Please recompute the claimant's weekly benefit rate and take necessary action to pay her any benefits owed.**

HEARINGS DEPARTMENT

BY:   Cheryl Lynch

REVIEW EXAMINER

COPIES TO:

Claimant
Local Office
File
amc

Commonwealth of Massachusetts
Mitt Romney, Governor
Kerry Healey, Lt. Governor
Jane C. Edmonds, Director, Department of Workforce Development
John P. O'Leary, Director, Division of Unemployment Assistance

**MASSACHUSETTS DIVISION OF UNEMPLOYMENT ASSISTANCE**

**DOCKET NUMBER: 439920**

9. The claimant's total wages paid in the second quarter of 2005 was $14,519.79.

10. The school cancelled the claimant's employment contract on June 3, 2005, after having paid her in full for the month of June 2005.

11. For the calendar quarter beginning July 1, 2005 and ending September 30, 2005, the claimant was paid wages from the employment services agency in the amount of $3,473.25 and from the professional staffing organization in the amount of $1,700.00.

12. The claimant's total wages paid in the third quarter of 2005 was $5,173.25.

13. For the period beginning October 1, 2005 and ending October 15, 2005, the claimant was paid wages from the professional staffing organization in the amount of $544.00.

14. The total amount of the claimant's Primary Base Period wages is $45,103.77. The total amount of the claimant's Alternate Base Period wages is $32,237.04.

15. On March 7, 2006, the Division of Unemployment Assistance issued the claimant a benefit determination on the claimant's claim indicating that the claimant's weekly benefit rate had been determined to be $110.00, using the Alternate Base Period.

### III.  CONCLUSIONS & REASONING:

The claimant, the appellant, attended the hearing.

To be monetarily eligible for benefits, Section 24(a) of the Law requires that a claimant be **paid** gross wages of at least $3000 in the base period, and that such base period wages must amount to at least thirty times the weekly benefits rate of the claimant.

In order to be eligible to collect benefits based on the Alternate Base Period wages, there must be a benefit credit increase of ten percent or more from the benefit credit of the Primary Base Period.

In this case, the claimant was paid gross wages of more than $3,000 in the Primary Base Period of her claim. Further, it was established that the claimant's base period wages were more than thirty times her weekly benefit rate. Therefore, the claimant is monetarily eligible for benefits based on the wages in the base period of her claim.

Mitt Romney, Governor
Kerry Healey, Lt. Governor

Commonwealth of Massachusetts
Jane C. Edmonds, Director, Department of Workforce Development
John P. O'Leary, Director, Division of Unemployment Assistance

| 1. | Mass. Division of Unemployment Assistance | 2. BENEFIT DETERMINATION (PRI) REVISED | 3. Page: 1 OF 1 | Massachusetts Department of Workforce Development Division of Unemployment Assistance |
|---|---|---|---|---|
| | TEL CLAIMS CTR  P.O. BOX 9694 BOSTON  MA 02114 Tel.: *877-626-6800  Fax: 617-727-7837 | | | |

*IN AREA CODES 617, 781, 857 AND 339 CALL 617-626-6800.
REFER TO THE INSERT "HOW TO READ YOUR BENEFIT DETERMINATION" FOR AN EXPLANATION OF HOW YOUR BENEFITS ARE CALCULATED. CALL THE NUMBER ABOVE WITH QUESTIONS. THIS IS A DETERMINATION OF MONETARY ELIGIBILITY ONLY. IT DOES NOT NECESSARILY ENTITLE YOU TO BENEFITS. YOU HAVE THE RIGHT TO APPEAL THIS DETERMINATION.

| 4. SSA No.: XXX-XX-7512 | 7. Name and Address: | FOR D.U.A. USE ONLY |
|---|---|---|
| 5. Date Mailed: 06-09-06 | JANICE  W STEVENSON PO BOX 400372 CAMBRIDGE  MA 02140 | 00676 |
| 6. Effective Date: 10-16-05 | | |

| 8. Employer Name | 9. Employer Identification Number | 10. Wg. Cd. | 11. Af. Cd. | 12. Sp. Cd. | 13. Latest Separation Date | 14. BASE PERIOD WAGES PAID BY EACH EMPLOYER | | | | | TOTAL BASE PERIOD WAGES PAID BY EMPLOYER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 10-01-04 TO 12-31-04 | 01-01-05 TO 03-31-05 | 04-01-05 TO 06-30-05 | 07-01-05 TO 09-30-05 | | |
| AJILON P | 83-659300 | S | Y | U | 09-30-05 | 0.00 | 0.00 | 0.00 | 1700.00 | 0.00 | 1700.0 |
| ACE EMPL | 82-342390 | S | N | Q | 09-02-05 | 0.00 | 0.00 | 519.75 | 3473.25 | 0.00 | 3993.0 |
| NEIGHBOR | 78-506380 | S | Y | U | 06-25-05 | 13410.73 | 12000.00 | 14519.79 | 0.00 | 0.00 | 39930. |
| ACE EMPL | 81-021780 | B | N | L | 04-30-04 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.0 |
| 15. TOTAL ELIGIBLE WAGES BY QUARTER ➡ | | | | | | 13410.73 | 12000.00 | 15039.54 | 5173.25 | 0.00 | 16. TOTAL WAGES 45623.5 |

* State Law limits potential duration to 26 weeks beginning 03-10-02

| 17. BENEFIT RATE 547.00 | + | 18. DEPENDENCY ALLOWANCE 0.00 | − | 19. WEEKLY PENSION DEDUCTION 0.00 | = | 20. PAY RATE 547.00 |
|---|---|---|---|---|---|---|

| 21.* BENEFIT CREDIT 16410 | 22.* POTENTIAL DURATION 30.0 | 23. EARNINGS EXCLUSION 182.33 | 24. TYPE COMP. FORMULA X | 25. AVERAGE WEEKLY WAGE 1095.00 |
|---|---|---|---|---|

YOU ARE MONETARILY ELIGIBLE FOR BENEFITS USING YOUR PRIMARY BASE PERIOD. THE BASE PERIOD ELECTION DOES NOT APPLY TO YOUR CLAIM.

| D.U.A. USE ONLY | | | |
|---|---|---|---|
| Office #: 27 | Claimant Name, Social Security Number: JANICE  W STEVENSON  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 | | Determination Mail Date: 06-09-06 |

Commonwealth of Massachusetts
Form 1075-8 Rev. 02-22-06

**IMPORTANT**
This notice contains information about your rights or obligations, and should be translated immediately. If you need a translator, ask for a listing of translation services at your DUA office.

**ВАЖНОЕ СООБЩЕНИЕ**
В этом сообщении содержится информация о Ваших правах и обязанностях, и оно должно быть срочно переведено Вам. Если Вам нужен переводчик, попросите список переводческих компаний в своем DUA офисе.

**IMPORTANTE**
Este aviso incluye información sobre sus derechos y obligaciones, y debe traducirse de inmediato. Si necesita un traductor, solicite el listado de servicios de traducción en la oficina de la DUA correspondiente.

**IMPORTANTE**
Questo avviso contiene informazioni sui Suoi diritti od obblighi e deve essere tradotto immediatamente. Se ha bisogno di un traduttore, chieda l'elenco dei servizi di traduzione presso la DUA.

**IMPORTANTE**
Este comunicado contém informações sobre os seus direitos ou obrigações. Ele deve ser traduzido prontamente. Se precisar de um tradutor, solicite no escritório DUA mais próximo uma lista dos serviços de tradução.

[Lao text]

[Khmer text]

**ENPÒTAN**
Nòt sa a genyen enfòmasyon sou dwa w oubyen obligasyon ke ou genyen, epi ou fèt pou ou l tradwi l konyè a. Si ou bezwen on moun ki pou tradwi pou ou, mande on lis ki genyen sèvis ke yo ofri pou tradiksyon nan biwo DUA ke ou konn ale a.

**QUAN TRỌNG**
Thông báo này bao gồm thông tin về quyền hạn hoặc trách nhiệm của quý vị và phải được thông dịch ngay. Nếu cần một thông dịch viên, hãy yêu cầu một danh sách dịch vụ thông dịch tại văn phòng DUA của quý vị.

**重要**
本通知包含有關閣下權利或義務的資訊，應即翻譯。如果閣下需要翻譯人員，請到閣下的DUA辦事處要求一份翻譯社的名單。

**HOW TO REQUEST A HEARING ON THIS DETERMINATION**

This determination will become final unless:
(1) you request a hearing **WITHIN TEN CALENDAR DAYS** after the date of mailing or delivery in hand, or (2) you request a hearing within eleven to thirty 30 calendar days after the date of mailing or delivery in hand and it is established that such delay was for good cause.

You may file a request for a hearing by mail using a signed letter, or by completing the "REQUEST FOR HEARING" blank provided below. You may also request a hearing in person at any office of this Division. The hearing will be conducted in accordance with the Standard Rules of Practice and Procedure, 801 CMR 1.02 and 1.03 (Informal/Fair Hearing Rules).

If you request a hearing on this determination, you must continue to complete your weekly Benefit Claims Certification forms as instructed by your local office staff in order to protect your rights to benefits.

Although such representation is not required, any party may be represented at the hearing by counsel or agent. If you desire counsel and are unable to engage one in private practice, you may meet the criteria for obtaining assistance from the local Legal Assistance Service, Legal Aid Society or Bar Association. Fees payable by claimant to his/her counsel or agent for representation at a hearing shall be subject to the approval of the Deputy Director.

**FORMER FEDERAL CIVILIAN EMPLOYEES**

If you have had employment with a federal agency, you are advised that findings with respect to whether you performed federal service, the amount of your federal wages, and the period of your federal service are made by the federal agency.

If you wish further information regarding any of these findings, please contact your local unemployment insurance office for assistance within five calendar days of receipt of this notice.

**FORMER MILITARY PERSONNEL**

If you believe any military service information on which this determination is based is incorrect or substantially incomplete, please contact your branch of service and/or the Veteran's Administration and notify your local unemployment insurance office.

TO REQUEST A HEARING CUT ALONG THE DOTTED LINE BELOW AND MAIL TO THE OFFICE LISTED IN BLOCK #1 ON THE FRONT SIDE.

-----

**REQUEST FOR HEARING**

| Name: (Last) | (First) | (MI) | Social Security Account Number: |
|---|---|---|---|

| Mailing Address: (P.O. Box; Number and Street) | (City or Town) | (State) | (Zip Code) |
|---|---|---|---|

Please complete the following information. Be as specific as possible.

I REQUEST A HEARING ON THE MONETARY DETERMINATION OF MY CLAIM FOR THE FOLLOWING REASON(S):

Please sign and mail to the office listed in block #1 on front side.

| Signature: | Date: | Telephone Number: |
|---|---|---|

1075-8 Rev. 02-22-06