**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS

Defendant Neighborhood House Charter School ("Defendant," "NHCS," or the "School"), hereby moves this Court to compel Plaintiff Janice Stevenson ("Plaintiff") to produce immediately all documents responsive to Defendant's First Set of Document Requests to Plaintiff ("RFPs"), preclude Plaintiff from offering as evidence at any later stage of these proceedings documents responsive to Defendant's RFPs that she has failed or refused to produce, and award sanctions against Plaintiff in the amount of the costs NHCS has incurred in bringing the instant motion.  As grounds for this motion, Defendant states that Plaintiff implausibly claims to have no documents that are responsive to requests that relate directly to the claims she has asserted in this matter, notwithstanding the fact that she has submitted such documents to a variety of governmental bodies.  Plaintiff also attempts to shirk her discovery obligations by asserting improper and ineffective objections in response to Defendant's requests.  As further grounds for its motion, Defendant states as follows:

1.      On November 5, 2005, Defendant served its RFPs on Plaintiff's then counsel, John Davis, Esq.  A true an accurate copy of Defendant's RFPs is attached as Exhibit 1.  In light

of settlement negotiations then in progress, Defendant agreed to an extension of time for Plaintiff to respond to the School's RFPs.

2.      Plaintiff subsequently declined to execute a document memorializing the settlement agreement that the parties had negotiated, and her counsel withdrew from representing her in this matter. At a hearing before the Court on June 22, Plaintiff stated that she was unwilling to engage in further settlement discussions with NHCS's counsel and requested that the case proceed to judgment quickly.

3.      On June 26, NHCS provided Plaintiff with another copy of its RFPs and requested that she produce responsive documents immediately. At the same time, NHCS noticed Plaintiff's deposition for August 23, 2006.

4.      More than one month later, on July 27, Plaintiff served Plaintiff's Response to Defendant's First Set [sic] Request for Production of Documents ("Plaintiff's Responses"). A copy of Plaintiff's Responses is attached hereto as Exhibit 2.

5.      In Plaintiff's Responses, she claims to have no documents responsive to requests that seek information that is of central relevance to her claims in this matter. For example, in response to requests seeking documents concerning her relationship with NHCS, Plaintiff states, "Plaintiff does not possess any such documents." *See* Plaintiff's Responses, p. 1. Plaintiff also claims to have no documents responsive to any of several requests seeking any documents relating to TuckNT, an enterprise she claims in her Complaint to have founded and operated in conjunction with the services she performed for NHCS. Plaintiff's Responses, p. 2; *see also* Amended Complaint, ¶¶ 5-6. In fact, Plaintiff claims to have no documents responsive to 24 of NHCS's 32 requests.

6.    Plaintiff's claims that she has no documents responsive to requests that go to the very heart of her claims in this matter is facially implausible.  Moreover, Plaintiff's claims are belied by the fact that she has attached numerous documents responsive to Defendant's RFPs to her submissions to this Court and a variety of other state and federal agencies.[1]  *See* Defendant's Memorandum Regarding Ancillary Administrative Proceedings, with Exhibits A-Q (Docket Entry No. 25) and Notice of Plaintiff's Administrative Proceedings Commenced Against Defendant (Docket Entry No. 26).

7.    Plaintiff responded to the remaining 8 requests in Defendant's RFPs in groups and produced a total of four (4) documents.  For example, she offers a single, four-word response to a group of 5 document requests seeking information on various subjects including the tasks, activities and services she claims to have performed for the School; dairies, notebooks, or calendars she maintained reflecting compensation she received; her tax returns and supporting documents; her claim that she was an "employee" of the School; and her claim that she was entitled to overtime compensation.  *See* Plaintiff's Responses, p. 3.  In response to these five requests, Plaintiff produced only a single document, a print out from a web page published the Massachusetts Department of Revenue regarding income tax withholding requirements under state law.

8.    Finally, Plaintiff has apparently declined to produce documents that she believes, for no stated reason, to be in NHCS's possession.  *See, e.g.*, Plaintiff's Responses, pp. 4, 5.

9.    Plaintiff's Responses also interpose inappropriate objections to Defendant's proper discovery requests.  For example, Plaintiff asserts a general objection that "most of the

---

[1] Plaintiff has not provided NHCS with copies of all of her administrative filings.  In fact, at the June 22 hearing in this matter, Plaintiff claimed to have commenced some proceedings against NHCS of which the School had no prior knowledge.  Defendant, therefore, cannot rely on the few documents it has received in the course of the ancillary administrative proceedings Plaintiff has commenced as even approximating a complete document production.

documents requested are custodial documents for employers.  The Defendant is attempting to

shift production of employer custodial documents onto the employee." Plaintiff's Responses, p.

1.  Similarly, in response to requests relating to her company, TuckNT, Plaintiff states:

> "Plaintiff also objects to this request as seeking information that is irrelevant and
> bears no relations [sic] to the claims before the court. The Plaintiff is non-exempt
> employee of Defendant, **covered** by the minimum wage and overtime provisions
> of the Act.  Plaintiff and [sic] does not meets the executive, administrative, or
> professional criteria, or a combination of those criteria, as defined in 5 CFR
> 551.205-207 based on actual duties performed for Defendant."  Plaintiff's
> Responses, p. 2.

These inappropriate objections are apparently premised on Plaintiff's assumption that she will

ultimately prevail on the central disputed issues in the case (*i.e.*, that she was an employee of the

School and not subject to the Fair Labor Standards Act's white collar exemptions.).  Such

objections have no basis in law and undermine the purpose of discovery in a civil action.

10.     Plaintiff has stated no valid basis for withholding documents responsive to

Defendant's Requests.  Moreover, Plaintiff has waived any valid objections she may have had to

Defendant's RFPs by failing timely to assert them.  *Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3, 4-

5 (D. Mass. 1996) (party waived any objections to interrogatories and document requests by not

timely serving objections); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)

(objections waived where service of objections was made six weeks after due date); *Slauenwhite*

*v. Bekum Maschinenfabriken, GMBH*, 35 Fed. R. Serv. 2d 975 (D. Mass. 1983) (failure to make

timely objections to document request constitutes waiver of any objections which a party may

have had).

11.     On July 28, 2006, Defendant's counsel wrote to Plaintiff regarding the

inadequacy of her responses to the School's discovery requests.  A copy of that correspondence

is attached as Exhibit 3.  In that letter, Defendant's counsel pointed out the above-described

deficiencies in Plaintiff's Responses and requested that Plaintiff immediately supplement her document production.  In the same correspondence, citing Local Rule 37.1, Defendant's counsel apprised Plaintiff that the School would file the instant motion, if she did not promptly produce additional documents.  As of the date of this motion, Plaintiff has not responded in any fashion to Defendant's counsel's July 28 correspondence.

12.     Defendant has incurred significant expenses as a result of Plaintiff's failure to meet her discovery obligations, and the School is presumptively entitled to an award of sanctions in the amount of its costs and expenses, including attorneys' fees, incurred in bringing this motion.  Fed.R.Civ.P. 37(a)(4)(A).  Defendant is prepared to submit affidavits and other evidence documenting said costs and expenses.

WHEREFORE, Defendant respectfully requests that the Court enter an Order requiring Plaintiff immediately to produce all documents in her possession responsive to Defendant's First Set of Document Requests to Plaintiff; precluding Plaintiff from offering as evidence at any later stage of these proceedings documents responsive to Defendant's RFPs that she fails or refuses to produce within five (5) days of such Order; and awarding sanctions against Plaintiff in the amount of the costs NHCS has incurred in bringing the instant motion.  A proposed Order is attached as Exhibit 4.

## REQUEST FOR ORAL ARGUMENT

In accordance with Local Rule 7.1(D), NHCS hereby requests oral argument on this motion.  The School believes that a hearing in this matter will assist the Court in resolving the issues presented by the motion.

Respectfully submitted,

NEIGHBORHOOD HOUSE CHARTER SCHOOL,
By its attorneys,

 /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
DATED:  August 7, 2006                    Telecopier:    (617) 946-4801


### Certificate of Compliance with Local Rules 7.1 and 37.1

I hereby certify that I attempted in good faith to resolve or narrow the issues presented by this motion by conferring with Plaintiff Janice Stevenson.  On July 28, I sent a letter to Plaintiff by e-mail and by U.S. Mail regarding the subject matter of this motion.  As of the date of this motion, Plaintiff has not responded to that correspondence.  At Ms. Stevenson's request, the Court has imposed restrictions on Defendant's counsel's communications to her.  Defendant's counsel has, therefore, refrained from contacting Ms. Stevenson in person or by telephone regarding this matter.

 /s/ Barry J. Miller
Barry J. Miller

---

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on August 7, 2006.

 /s/ Barry J. Miller
Barry J. Miller

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE STEVENSON,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER<br>SCHOOL,<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO.  05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 34, Defendant Neighborhood House Charter School

("Defendant" or the "School"), hereby request that Plaintiff Janice Stevenson ("Plaintiff" or

"Stevenson") produce the following documents for inspection and copying at the offices of

Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Boston, Massachusetts 02210, within 30 days

after service.  The instructions and definitions to be used in complying with this request are:

**I.**　　**Instructions & Definitions**

As used herein, the following terms shall have the meaning indicated below.

　　A.　　**Uniform Definitions.**  Defendants incorporate by reference the uniform
　　　　　　definitions set forth in Rule 26.5 of the Local Rules of the United States District
　　　　　　Court for the District of Massachusetts, the following definitions are
　　　　　　automatically incorporated into these discovery requests.

　　　　　　1.　　**Communication.**  The term "communication" means the transmittal of
　　　　　　　　　information (in the form of facts, ideas, inquiries, or otherwise).

　　　　　　2.　　**Document.**  The term "document" is defined to be synonymous in
　　　　　　　　　meaning and equal in scope to the usage of this term in Fed.R.Civ.P.
　　　　　　　　　34(a).  A draft or non-identical copy is a separate document within the
　　　　　　　　　meaning of this term.

　　　　　　3.　　**Identify (With Respect to Persons).**  When referring to a person, "to
　　　　　　　　　identify" means to give, to the extent known, the person's full name,
　　　　　　　　　present or last known address, and, when referring to a natural person, the
　　　　　　　　　present or last known place of employment.  Once a person has been

BO1 15741847.1

identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify (With Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the

    a.    type of document;

    b.    general subject matter;

    c.    date of the document; and

    d.    author(s), addressee(s), and recipient(s).

5. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name, or pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7. **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

8. **State the basis.** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

    a.    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    b.    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

    c.    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

    d.    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

B.    **Additional Definitions**

1.    The term "Complaint" refers to Plaintiff's Amended Complaint filed in the U.S. District Court for the District of Massachusetts on or about August 8, 2005, in the pending action *Stevenson v. Neighborhood House Charter School*, Civil Action No. 05-11584-DPW.

2.    The term "relating to" shall include, but shall not be limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connecting with the matter set forth.

3.    "Plaintiff," "you," or "your" as used herein refers to Plaintiff Janice Stevenson, any consultants, experts, investigators, agents or other persons acting on Plaintiff's behalf and, unless privileged, Plaintiff's attorneys.

4.    The "School" as used herein refers to Defendant Neighborhood House Charter School and any of its consultants, employees, agents, subsidiaries, parent corporations, predecessors, successors, or affiliates.

5.    The term "date" means the exact day, month and year if ascertainable or, if not, the best approximation (including relationship to other events).

6.    Except where the context does not permit, the word "and" and the word "or" shall be construed to mean "and/or," and except where the context does not permit, words used in the singular shall be deemed to include the plural.  Words used in the plural shall, except where the context does not permit, be deemed to include the singular.  The masculine gender shall, except where the context does not permit, be deemed to include the feminine and neuter genders.

7.    All other terms and definitions are to be interpreted in their common, ordinary sense.

C.    **Instructions**

1.    **Claims of Privilege.**  As to each document requested herein which is withheld by the Plaintiff under a claim of privilege or other rule protecting against disclosure, the Plaintiff is directed to identify the document as follows:

a.    State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

b.    Set forth the date of the document;

c.    State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

d.    Describe the type of document (*e.g.*, memo, letter);

-3-

> e.     Describe the general subject matter of the document;
>
> f.     State the name and address of each present custodian of the document;
>
> g.     State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

2.     If Plaintiff knows of no documents which are responsive to a particular request, so state and identify such request.

3.     If any documents responsive to any request have been lost, mutilated, rendered illegible or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

4.     Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

5.     Plaintiff is under the continuing duty and obligation to supplement his responses to these documents requests.

## II.  Documents Requested

1.     Any and all documents concerning or relating to your relationship with and/or the initiation, formation, or establishment of your relationship with the School.

2.     Any and all documents concerning or relating to your relationship with and/or the initiation, formation, or establishment of a business, employment, or work relationship with any company, other than the School, since January 1, 2000.

3.     Any and all documents concerning or relating to the initiation, formation, or establishment of TuckNT.

4.     Any and all documents concerning or relating to your relationship with TuckNT.

5.     Any and all documents concerning or relating to the relationship between TuckNT and the School.

6.    Any and all documents concerning the advertising or business development activities of TuckNT, including but not limited to copy for ads placed by or on behalf of TuckNT, web sites maintained by or on behalf of TuckNT, and any other solicitations made by or on behalf of TuckNT.

7.    Any and all documents that relate or refer to any activities or services performed by you for the School, or performed by any individuals who assisted you in any manner or capacity with your performance of activities or services for the School, including but not limited to, any and all documents concerning or relating to the means and methods by which you or your assistants performed such activities or services.

8.    Any and all documents concerning or relating to any expenses you incurred relative to any activity in which you engaged concerning or relating to the services performed by you or TuckNT for the School, irrespective of whether you or TuckNT were reimbursed by the School for those expenses.

9.    All documents in any way concerning or relating to any investment or expenditure made by you in relation to any business for which you performed services at any time from January 1, 2000, to the present.

10.    Any and all documents that contain any information concerning or relating to hours allegedly worked by you for the School, including but not limited to any documents concerning or relating to your allegations in paragraph 14 of the Complaint that you "worked approximately 676 hours of overtime" between August 2004 and June 2005.

11.    Any and all documents reflecting tasks, activities or services in which you engaged while providing services to the School.

12.    Any and all diaries, calendars, notebooks or other documents containing information about activities you engaged in to earn wages, profits or other earnings from January 1, 2000, through the present.

13.    To the extent permitted by law, federal and state tax returns and documents prepared and/or filed with any state or federal tax collection or assessment agency by you or on your behalf since January 1, 2000, including but not limited to all W-2 and 1099 forms received by you since January 1, 2000.

14.    Any and all documents concerning or relating to your claim that you now are or at any time since January 1, 2000, were an employee of the School.

15.    Any and all documents concerning or relating to your claims against the School under the overtime compensation provisions of the Fair Labor Standards Act and/or Massachusetts law.

16.    Any and all documents concerning or relating to your relationship with Ace Employment Agency.

17.    Any and all documents concerning or relating to the services you provided to the School while you were affiliated with Ace Employment Agency or as a result of being placed at the School by Ace Employment Agency.

BOI 15741847.1

18.    Any and all documents concerning or relating to your relationship with any other temporary agency, employment agency, "head hunter," or any other person or entity in the business of finding employment for individuals and/or finding employees for businesses between January 1, 2000, and the present.

19.    Any and all documents concerning or relating to Lynn Clark, including but not limited to documents concerning or relating to your allegations about the employment of Ms. Clark in paragraph 12 of the Complaint.

20.    Any and all documents concerning or relating to your claim that the School violated Mass. Gen. Laws ch. 149, § 52C.

21.    Any and all documents that you have provided to and/or received from any federal, state, and/or local entity or agency that relate in any manner to your relationship with the School and/or the services that you have performed for the School from January 1, 2000, to the present.

22.    All statements and/or documents prepared by persons other than yourself that relate to the facts and claims alleged in your Complaint.

23.    Any and all documents concerning or relating to your claims for damages including, but not limited to, your claims for alleged unpaid wages, alleged unpaid overtime compensation, alleged unpaid or denied benefits, other compensatory damages, attorneys' fees and liquidated or punitive damages.

BOI 15741847.1

24.    Any and all documents concerning or relating to your claim in paragraph 22 of the Complaint that the School failed to pay you wages owed pursuant to the Fair Labor Standards Act "willfully."

25.    Any and all documents in any way concerning or relating to any communication between any person and you concerning or relating to any allegation in your Complaint and/or any incidents, events, facts, or occurrences that support or relate to said allegations and/or your alleged damages.

26.    Any and all documents, including any transcripts of testimony, concerning or relating to any other charges, lawsuits or grievances to which you were or are a party.

27.    Any and all documents provided to or received from an expert witness in connection with your Complaint and any report and all other documents prepared, edited, authored or drafted by such expert witness.

28.    All documents concerning or relating to any relationship that you had with any other entity, whether as an independent contractor or as an employee, to provide financial, administrative, or human resources services to other than the School, including but not limited to any documents concerning your pay and disbursements made to you by that entity.

29.    Any other documents, not previously requested, relating to your claims against the School, including those relating to or identified in or that you relied upon in preparing your answers to Defendant's First Set of Document Requests to Plaintiff.

30.    All documents that relate to other employment or business activities you may have had during any and all time periods that you provided services to the School, including but

not limited to contracts you entered into in connection with providing services to other entities; checks for payment of services rendered; agreements; correspondence; brochures; letters; other documents that evidence your business, employment, or work relationship with any entity; bank records, balance sheets or other financial records that would evidence self-employment; and business records of any kind relating to your provision of services to any entity.

31.     All documents not already produced in response to the above requests that relate to, bear upon, or provide evidence concerning the matters and allegations set forth in the Complaint.

32.     Any and all documents concerning or relating to the School.

Respectfully submitted,
NEIGHBORHOOD HOUSE CHARTER
SCHOOL,

Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801

DATED:  November 7, 2005

### CERTIFICATE OF SERVICE

I, Barry J. Miller, hereby certify that on this 7th day of November, 2005, a true copy of the foregoing document was mailed, postage prepaid, to John W. Davis, Esq., counsel for Plaintiff, at Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110.

Barry J. Miller

BOI 15741847.1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |
| ) | |


**PLAINTIFF''S RESPONSE TO DEFENDANT'S FIRST SET**
**REQUEST FOR PRODUCTION OF DOCUMENTS**


Pursuant to Rule 34 of the Federal Rules of Civil Procedure and subject to the following objections, Plaintiff Janice W. Stevenson ("Plaintiff") hereby submits the following Responses to Defendant Neighborhood House Charter School Requests for Production. Plaintiffs response that it will produce a particular category of documents requested does not constitute a representation that any such documents exist and indicates only that Plaintiff will produce if there are any such documents with Plaintiff's possession, custody, or control.

Furthermore, most of the documents requested are custodial documents for employers. The Defendant is attempting to shift production of employer custodial documents onto the employee.


REQUEST 1 and 2

       1.    Any and all documents concerning or relating to your relationship with and/or the initiation, formation, or establishment of your relationship with the School.

       2.    Any and all documents concerning or relating to your relationship with and/or the initiation, formation, or establishment of a business, employment, or work relationship with any company, other than the School, since January 1, 2000.


Plaintiff does not possess any such documents.

## REQUESTS 3 THROUGH 6

    3.    Any and all documents concerning or relating to the initiation, formation, or establishment of TuckNT.

    4.    Any and all documents concerning or relating to your relationship with TuckNT.

    5.    Any and all documents concerning or relating to the relationship between TuckNT and the School.

    6.    Any and all documents concerning the advertising or business development activities of TuckNT, including but not limited to copy for ads placed by or on behalf of TuckNT, web sites maintained by or on behalf of TuckNT, and any other solicitations made by or on behalf of TuckNT.

Plaintiff does not possess any such documents. Plaintiff also objects to this request as seeking information that is irrelevant and bears no relations to the claims before the court. The Plaintiff is non-exempt employee of Defendant, **covered** by the minimum wage and overtime provisions of the Act.  Plaintiff and does not meets the executive, administrative, or professional criteria, or a combination of those criteria, as defined in 5 CFR 551.205-207 based on actual duties performed for Defendant

## REQUESTS 7 THROUGH 9

    7.    Any and all documents that relate or refer to any activities or services performed by you for the School, or performed by any individuals who assisted you in any manner or capacity with your performance of activities or services for the School, including but not limited to, any and all documents concerning or relating to the means and methods by which you or your assistants performed such activities or services.

    8.    Any and all documents concerning or relating to any expenses you incurred relative to any activity in which you engaged concerning or relating to the services performed by you or TuckNT for the School, irrespective of whether you or TuckNT were reimbursed by the School for those expenses.

    9.    All documents in any way concerning or relating to any investment or expenditure made by you in relation to any business for which you performed services at any time from January 1, 2000, to the present.

See document 1 attached.

REQUEST 10

10.    Any and all documents that contain any information concerning or relating to hours allegedly worked by you for the School, including but not limited to any documents concerning or relating to your allegations in paragraph 14 of the Complaint that you "worked approximately 676 hours of overtime" between August 2004 and June 2005.

Plaintiff does not possess any such documents.  This information is in the possession of the US DOL-Boston Office.

See document 2 attached.

REQUESTS 11 THROUGH 15

11.    Any and all documents reflecting tasks, activities or services in which you engaged while providing services to the School.

12.    Any and all diaries, calendars, notebooks or other documents containing information about activities you engaged in to earn wages, profits or other earnings from January 1, 2000, through the present.

13.    To the extent permitted by law, federal and state tax returns and documents prepared and/or filed with any state or federal tax collection or assessment agency by you or on your behalf since January 1, 2000, including but not limited to all W-2 and 1099 forms received by you since January 1, 2000.

14.    Any and all documents concerning or relating to your claim that you now are or at any time since January 1, 2000, were an employee of the School.

15.    Any and all documents concerning or relating to your claims against the School under the overtime compensation provisions of the Fair Labor Standards Act and/or Massachusetts law.

See document 3 attached

REQUEST 16 and 17

16.    Any and all documents concerning or relating to your relationship with Ace Employment Agency.

17.    Any and all documents concerning or relating to the services you provided to the School while you were affiliated with Ace Employment Agency or as a result of being placed at the School by Ace Employment Agency.

These documents are in the Defendant's HR and Account Payable files. Plaintiff does not possess any such documents.

REQUESTS 18 THROUGH 20

18.    Any and all documents concerning or relating to your relationship with any other temporary agency, employment agency, "head hunter," or any other person or entity in the business of finding employment for individuals and/or finding employees for businesses between January 1, 2000, and the present.

19.    Any and all documents concerning or relating to Lynn Clark, including but not limited to documents concerning or relating to your allegations about the employment of Ms. Clark in paragraph 12 of the Complaint.

20.    Any and all documents concerning or relating to your claim that the School violated Mass. Gen. Laws ch. 149, § 52C.

Plaintiff does not possess any such documents.

REQUEST 21

21.    Any and all documents that you have provided to and/or received from any federal, state, and/or local entity or agency that relate in any manner to your relationship with the School and/or the services that you have performed for the School from January 1, 2000, to the present.

These documents are in the Defendant's HR and Account Payable files.  Plaintiff does not possess any such documents.

REQUEST 22 and 23

22. All statements and/or documents prepared by persons other than yourself that relate to the facts and claims alleged in your Complaint.

23. Any and all documents concerning or relating to your claims for damages including, but not limited to, your claims for alleged unpaid wages, alleged unpaid overtime compensation, alleged unpaid or denied benefits, other compensatory damages, attorneys' fees and liquidated or punitive damages.

These documents are in the Defendant's HR and Account Payable files. Plaintiff does not possess any such documents.

REQUEST 24 THROUGH 27

24. Any and all documents concerning or relating to your claim in paragraph 22 of the Complaint that the School failed to pay you wages owed pursuant to the Fair Labor Standards Act "willfully."

25. Any and all documents in any way concerning or relating to any communication between any person and you concerning or relating to any allegation in your Complaint and/or any incidents, events, facts, or occurrences that support or relate to said allegations and/or your alleged damages.

26. Any and all documents, including any transcripts of testimony, concerning or relating to any other charges, lawsuits or grievances to which you were or are a party.

27. Any and all documents provided to or received from an expert witness in connection with your Complaint and any report and all other documents prepared, edited, authored or drafted by such expert witness.

See Document 4 attached.

## REQUESTS 24 THROUGH 28

24.    Any and all documents concerning or relating to your claim in paragraph 22 of the Complaint that the School failed to pay you wages owed pursuant to the Fair Labor Standards Act "willfully."

25.    Any and all documents in any way concerning or relating to any communication between any person and you concerning or relating to any allegation in your Complaint and/or any incidents, events, facts, or occurrences that support or relate to said allegations and/or your alleged damages.

26.    Any and all documents, including any transcripts of testimony, concerning or relating to any other charges, lawsuits or grievances to which you were or are a party.

27.    Any and all documents provided to or received from an expert witness in connection with your Complaint and any report and all other documents prepared, edited, authored or drafted by such expert witness.

28.    All documents concerning or relating to any relationship that you had with any other entity, whether as an independent contractor or as an employee, to provide financial, administrative, or human resources services to other than the School, including but not limited to any documents concerning your pay and disbursements made to you by that entity.

29.    Any other documents, not previously requested, relating to your claims against the School, including those relating to or identified in or that you relied upon in preparing your answers to Defendant's First Set of Document Requests to Plaintiff.

Plaintiff does not possess any such documents.

## REQUEST 30

30.    All documents that relate to other employment or business activities you may have had during any and all time periods that you provided services to the School, including but

not limited to contracts you entered into in connection with providing services to other entities; checks for payment of services rendered; agreements; correspondence; brochures; letters; other documents that evidence your business, employment, or work relationship with any entity; bank records, balance sheets or other financial records that would evidence self-employment; and business records of any kind relating to your provision of services to any entity.

Plaintiff does not possess any such documents.

31.  All documents not already produced in response to the above requests that relate to, bear upon, or provide evidence concerning the matters and allegations set forth in the Complaint.

32.  Any and all documents concerning or relating to the School.

Plaintiff does not possess any such documents.

DATE:  July 27, 2006

Respectfully submitted,

*Janice W. Stevenson*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Defendant by electronic mail to BMiller@seyfarth.com and LKappelman@seyfarth.com on July 27, 2006 and first class postage to Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210-2028.

*Janice W. Stevenson*

# SEYFARTH
### ATTORNEYS SHAW LLP

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA 02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone
617-946-4806

Writer's e-mail
bmiller@seyfarth.com

July 28, 2006

**BY E-MAIL (janicestevensonus@gmail.com)**
**AND FIRST CLASS MAIL**

Janice Stevenson
P.O. Box 400372
Cambridge, MA 02140

  Re: *Stevenson v. Neighborhood House Charter School*,
    USDC MA Civil Action No. 05-11584 DPW

Dear Ms. Stevenson:

  We write to you again on the subject of your responses to NHCS's document requests in the above-referenced matter, which we received by e-mail on the evening of July 27, 2006. We believe that your responses are inadequate in several respects and, pursuant to Local Rule 37.1, we ask that you produce documents responsive to NHCS's document requests before the close of business on August 4, 2006.

  As an initial matter, your responses reference documents 1-4; however, no such documents were included in or attached to your e-mail. We are hopeful that the documents to which you refer are enclosed with the hard copy of your responses and that they are en route to us. If you have not yet forwarded the documents referenced in your responses, we ask that you do so immediately.

  More importantly, the substance of your responses suggests that you have not met your discovery obligations in this matter. You state that you do not possess documents responsive to the majority of NHCS's requests. In many cases, that claim is highly suspect. For example, you claim to have no documents responsive to NHCS's request for any and all documents concerning your relationship with the School. *See* Request No. 1 and your response to same. Similarly, you claim to have no documents responsive to NHCS's request for all documents pertaining to TuckNT, a company that – according to the allegations in your own Complaint - you formed and operated as a sole proprietorship during the period of time relevant to this lawsuit. *See* Request Nos. 3-6 and your responses to same. Your claim not to have such documents is facially implausible because the subject matter of these broad requests goes to the heart of your claims in this lawsuit. Moreover, your claim to have no such responsive documents is belied by the fact that you have attached numerous such documents to your submissions to the Court and to various state and federal administrative agencies. Your claim not to have any documents relating to your claimed damages

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA



in this matter also exceeds the bounds of credibility. *See* Request No. 23 and your response to same. You have an obligation to conduct a diligent search for all documents that may be responsive to NHCS's requests. We ask that you review your files again and take all other steps within your power to secure and produce responsive documents. We further remind you that the law provides harsh penalties for the spoliation or destruction of evidence, including documents or other tangible things that are relevant to the claim or defense at issue in this litigation, and that you are under a continuing an obligation to keep all such evidence in good order.

Your objections also reflect a misunderstanding regarding your obligation to produce documents that may be available to NHCS in other forms or by other means. For example, you state that some of the documents sought by NHCS's requests are "in the possession of the US DOL-Boston Office" or in "Defendant's HR and Account Payable files." *See* Request Nos. 10, 16-17, 21-23. The fact that the School may already have a copy of or access to a document does not alleviate your burden to produce all documents in your possession, custody, or control. Moreover, your obligation to produce documents is not limited to those that are currently in your possession, but also includes documents that third parties would make available to you upon request, including any documents maintained by your former counsel or any other individual or entity who may be in possession of responsive documents.

Similarly, some of your objections are inadequate because they are premised on an assumption that your claims in this lawsuit are ultimately meritorious. For example, in response to Request Nos. 3-6, you state "The Plaintiff is [sic] non-exempt employee of Defendant, covered by the minimum wage and overtime provisions of the Act. Plaintiff and [sic] does not meets [sic] the executive, administrative or professional criteria, or a combination of those criteria, as defined in 5 CFR 551.205-207 based on actual duties performed for Defendant." This objection is wholly inappropriate. As you know, NHCS disputes this claim and contends that, if you had been an employee of the School, you would have been subject to the Fair Labor Standards Act's white collar exemptions. You may not use your own legal conclusion that you consider yourself to have been a non-exempt employee of the School as a bulwark against NHCS's proper discovery requests.

Finally, by failing to timely respond to NHCS's document requests, and by failing to assert any privileges or protections from discovery in your written responses, you have waived any and all such privileges. You must, therefore, produce all responsive documents in your possession, custody, or control without regard to any such protections.



Janice Stevenson
July 28, 2006
Page 3

If you do not make a complete production of documents on or before Friday, August 4, we will have no choice but to file a motion to compel with the Court. You should be aware that the Court's procedural rules presumptively entitle a party that prevails on such a motion to an award of costs incurred in bringing the motion, including attorneys' fees. *See* Fed. R. Civ. P. 34(b), 37(a)(2)(B)(4). If forced to seek relief from the Court, we will also ask for an Order precluding you from presenting evidence at trial relating to the subject matter of any requests to which you have claimed to have no responsive documents.

Very truly yours,

SEYFARTH SHAW LLP

Barry J. Miller

cc:    Lynn A. Kappelman, Esq.

BO1 15792832.2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE STEVENSON,              ) | |
|          ) | |
|        Plaintiff,    ) | |
|          ) | |
| v.           ) | CIVIL ACTION NO.  05-CV-11584-DPW |
|          ) | |
| NEIGHBORHOOD HOUSE CHARTER    ) | |
| SCHOOL,        ) | |
|          ) | |
|        Defendant.    ) | |
|          ) | |

**PROPOSED ORDER ON
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND FOR SANCTIONS**

Upon consideration of the parties' respective submissions, Defendant's Motion to

Compel Production of Documents and for Sanctions is hereby ALLOWED.  The Court further

Orders as follows:

(1)    Within five (5) days of this Order, Plaintiff shall produce to counsel for Defendant all documents within her possession, custody or control that are responsive to Defendant's First Request For Production Of Documents;

(2)    Plaintiff shall not offer as evidence at any stage of this proceeding any document responsive to Defendant's First Request For Production Of Documents that she has not produced to Defendant's counsel within five (5) days of this Order, unless Plaintiff shows good cause for her failure timely to produce such documents; and

(3)    Plaintiff shall pay to Defendant the costs it has incurred in bringing Defendant's Motion to Compel Production of Documents and for Sanctions, including Defendant's reasonable attorneys' fees.

SO ORDERED,

Dated: _____, 2006               By: _____
                                             Douglas P. Woodlock, USDJ