UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-CV-11584-DPW |
| | ) |
| NEIGHBORHOOD HOUSE CHARTER SCHOOL, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO COMPEL PAYMENT OF VACATION WAGES

NOW comes Plaintiff to this Honorable Court to seek an order for payment of vacation wages that the Plaintiff was entitled to and Defendant has failed to pay to Plaintiff. In support thereof states:

1. Massachusetts General Law (MGL) has preclusively decided whether Plaintiff was an NHCS employee under Massachusetts labor law, chapter 149 (Labor and Industries) and 151 (Minimum Fair Wage Law).

2. Unused vacation time that is earned according to a written policy or oral agreement with the employer is considered wages due and payable to the employee at the time of termination.

3. Payment of Plaintiff vacation wages do not depend on Plaintiff's work status.

4. There is a presumption of employee status per Massachusetts law. Chapter 149, Section 148B as amended, creates a presumption that, for purposes of chapters 149 (Labor and Industries) and 151 (Minimum Fair Wage Law), an individual performing any services shall be considered an employee under those chapters.

5. Attachment 1 is a memo given to Plaintiff by the Defendant on June 3, 2005. The memo explicitly states that Plaintiff had "a balance of 15 vacation days".

6. However, the Defendant failed to provide termination pay in full on the day of discharge on June 3, 2005, per MGL Chapter 149, Section 148, to Plaintiff.

7. Plaintiff did not receive vacation wages as directed by Massachusetts General Law Chapter 149, section 148, paragraph 1: *"The word 'wages' shall include any holiday or vacation payments due an employee under an oral or written agreement"*.

8. **Plaintiff's vacation wages total $3,000. [15 days x 8 hours x $25], plus postjudgment interest.**

9. An employer is required, pursuant to 29 U.S.C. § 211(c), to make and keep records of employees' wages and hours, plus other employment conditions and practices. Regulations require payroll records to be kept for a period of three years, and time sheets for two years. *See* C.F.R. §§ 516.5(a), 516.6(a)(1).

## Conclusion

Under Massachusetts law, Plaintiff is entitled to vacation wages at termination of employment. By Defendants' admission, they agreed to give Plaintiff 10 sick days, 3 personal days, and 20 vacation days. Wages must be paid within the following time periods: An employee involuntarily terminated or laid off must be paid in full on the day of discharge.

Respectfully submitted,

*/s/ Janice W. Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
201-622-4890 – fax

Dated: April 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and that a true copy of the above document was served on Barry Miller, BMiller@seyfarth.com, and Lynn Kappelman, LKappelman@seyfarth.com, by electronic mail on August 15, 2006.

*/s/ Janice W. Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – phone/voice
201-622-4890 – fax
janicestevensonus@gmail.com

# ATTACHMENT 1



*The Neighborhood House*

CHARTER SCHOOL

**NHCS**

Date: June 3, 2005
To:   Janice Stevenson
From: Jug Chokshi
Re:   Termination of your contract

Effective June 3, 2005, I am terminating your company's (TUCKNT) contract for the roles and responsibilities of the Finance and Operations Manager at the Neighborhood House Charter School.

I am terminating the contract because this contractual relationship is not in the best interest of the school; additionally, over the last two months, I have observed your behavior to be insubordinate. Here, I will provide three examples:

- On May 22, 2005 Kevin Andrews and I instructed you to perform a salary analysis (which I had actually asked you to prepare the week prior) and you refused. We restated the urgency and importance of this task, asked you to "drop everything else and put it on the back burner" so that this task could be completed immediately, and again you refused.
- On May 23, I sent you an email instructing you to do several things in preparation for my return from my vacation on June 1 (such as prepare the payroll for my review, order food for the June 1 Finance Committee meeting, prepare an update of billing for FY05 public funding, etc.) and upon my return on June 1, I found that you had not done any of these things.
- On June 1, we had a conversation about that week's payroll. I had instructed you to pay all salaried employees regardless of whether we had received a time sheet from them and you refused.

We had verbally negotiated your contract, as an "at-will" contract. As of January 2005, I had agreed to pay you a rate of $52k per year. I also agreed to provide 10 sick days, 20 vacation days and 3 personal days.

Although you have taken many days off, or partial days off, over the course of your contract, I am not counting that against your balance. However, for the two weeks in early May for which you were absent from your daily responsibilities at the school, I am counting 3 personal days and 7 vacation days, leaving you with a balance of 15 vacation days. Since we have prepaid your contract for the entire month of June, I consider your compensation to be fully paid as of June 3, 2005. Please keep in mind that we don't pay out for unused personal or sick days. Also, even though we haven't yet completed a full year of this contract, I have accrued the time-off on a year-long basis.

I expect that any files or materials related to the school that you may have at your home or anywhere else will be returned to my attention no later than June 8, 2005.

*[signature]*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br><br>               Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br><br>               Defendant. | CIVIL ACTION NO. 05-CV-11584-DPW |

**PROPOSED ORDER ON
PLAINTIFF'S MOTION TO COMPEL PAYMENT OF VACATION WAGES**

Upon consideration of the Plaintiff's submissions, Plaintiff's Motion to Compel Payment of Vacation Wages is hereby GRANTED. The Court further orders as follows:

1. Within three (3) days of this Order, Defendant shall pay Plaintiff vacation wages of $3,000, plus postjudgment interest.

2. Defendant shall furnish a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours of vacation and hourly rate, and the amounts of deductions or increases made for the pay period.

SO ORDERED,


Dated: _____, 2006      By: _____
                                                                                                 Douglas P. Woodlock, USDJ