UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, <br><br> Plaintiff, <br><br> v. <br><br> NEIGHBORHOOD HOUSE CHARTER SCHOOL, <br><br> Defendant. | CIVIL ACTION NO. 05-CV-11584-DPW |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION AND MEMORANDUM TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**

Now comes, Plaintiff, Janice W. Stevenson, and responds to Defendants, Neighborhood House Charter School's Motion and Memorandum to Compel Production Of Documents and For Sanctions. This Honorable Court should deny the Defendant's Motion and Memorandum to Compel Production of Documents and for Sanctions and in support thereof states:

1. Plaintiff affirms that she is not attempting to skirt discovery obligations in this matter.

2. I do not know what the Defendant means by "inappropriate objections". I cannot produce what I do not have.

3. I feel that the Defendant employer is trying to shift its responsibility for timesheet and employment record keeping under state and federal law to employee Plaintiff. Therefore, sanctions are not appropriate.

4. An employer is required, pursuant to 29 U.S.C. § 211(c), to make and keep records of employees' wages and hours, plus other employment conditions and

practices. Regulations require payroll records to be kept for a period of three years, and time sheets for two years. *See* C.F.R. §§ 516.5(a), 516.6(a)(1).

5. This Plaintiff admitted to Laramie Bliven, #03-00292, of the IRS that the Defendant encouraged me to open a business that included a website for validity, as the services I was going to provide would be treated as contracted services. I concurred with the agreement by the Defendant. The creation of "TuckNT" was to avoid overtime, payroll taxes, etc. by the Defendant. See Attachment 1 and 2.

6. Defendant employed Plaintiff to primarily enrolled new employees in the School's Plan. Attachment 3

7. Defendant considered it Plaintiff's job to violate state and federal law to keep expenses, especially employment expenses to a minimum.

8. TuckNT did not involved incorporation papers and other detailed procedures.

9. I obtained documents from various state and federal administrative agencies, i.e. Massachusetts Department of Unemployment Assistance, Internal Revenue Service, Massachusetts Department of Revenue, Social Security Administration, US Department of Labor, Wage and Hour Division and Employee Benefit Security Administration that Defendant submitted documents to during our various administrative proceedings.

10. Plaintiff also has privileged documents.

## Conclusion

**WHEREFORE,** Plaintiff prays that this Honorable Court will deny Defendant's Motion and Memorandum to Compel Production Of Documents and For Sanctions.

Defendant employer's discovery cannot shift its timesheet and recordkeeping responsibilities to employee Plaintiff. Nor should discovery request go beyond the scope of its present claim: whether Plaintiff is covered by FLSA. In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) [2], the Supreme Court specified how the burden of proof should be allocated in FLSA cases:

[W]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Respectfully submitted,

*/s/ Janice W. Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
201-622-4890 – fax

Dated: April 15, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed and that a true copy of the above document was served on Barry Miller, BMiller@seyfarth.com, and Lynn Kappelman, LKappelman@seyfarth.com, by electronic mail on August 15, 2006.

*Janice W. Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – phone/voice
201-622-4890 – fax
janicestevensonus@gmail.com

# ATTACHMENT 1

**From:** Jagdish Chokshi
**Sent:** Wed 6/1/2005 7:41 PM
**To:** Janice Stevenson
**Subject:** RE: MFS Check and report

the DOL won't know if we're in compliance around some things and even if they do know, the penalties are not that bad; ie I'm risking the cost (penalties) for the benefit of saving time or money or frustration or whatever. there are asome things for which the letter of the law is inconsistent with it's intent and inconsistent with general practice used by most organizations of our size and complexity and that's where we have to mkae judgement calls.

Around the 401k stuff, since it's handled by a 3rd party and is extremely well-regulated, we need to be in compliance. it's just one of those items that requires it and doesn't allow for a whole lot of grey area. in addition, it's a service to the staff to make sure that their money gets into their funds accurately and on time, so i'm inclined to make it happen regardless of the law.

you've seen plenty of instances where I have erred on the side of the employee's benefit, rather than the law or our policies -- there's a balance here, and with training and with time, these things can be ironed out, but it's an inherent part of HR to have to follow-up on people who don't follow the guidelines. there is a way to train them and the right way probably falls somewhere in the middle, between your approach and my approach. the only reason that I rely on my approach is because I have used it in the past with favorable results. if you can show me how your approach will train people and at the same time provide the service that is our mandate, i'll support it, as I have in the past. but i just don't agree with some of your approaches.

jug

# ATTACHMENT 2

Stevenson, Janice W.

| | |
|---|---|
| From: | Janice W. Stevenson |
| Sent: | Monday, April 18, 2005 1:17 PM |
| To: | 'Jagdish Chokshi' |
| Subject: | RE: Emailing: Minimum Daily Hours.doc |
| Attachments: | |

Is NHCS an **tax-exempt** organization or charity?  The goal of any implementation is sustainability.  Yes, let's talk.

janice


-----Original Message-----
From: Jagdish Chokshi [mailto:jug@thenhcs.org]
Sent: Monday, April 18, 2005 1:09 PM
To: Janice W. Stevenson
Subject: RE: Emailing: Minimum Daily Hours.doc

thanks janice
it says that this doesn't apply to charitbale aorganizations: that's us.
so, i have two thoughts:
one is, what's the rule for charitable orgs?
two, i think that you're getting much too detailed about how to run this
school: let's accept the two facts: one is that it's your job to make me
(the org) aware of the regulations that effect us; two is that it is
impossible to run an org this size supported by an admin staff this
small, if we follow the letter of the law.

one thing to keep in mind is this: yes, it's your job to know the laws
and regulations, and it's also your job to help us run this org in a way
that allows us perform our mission: our mission is not to run an org
that is the center piece of for perefct administartion, the mission is
to edcuate kids and to that end, to support the staff in every way
paossible so that they can educate the kids. we should be making life
easier for them, within FEASONABLE compliance to the laws. so if a
particular law is getting in the way of something that is being done to
serve the mission, how do we get around it? this is what i need from
you. finding out what laws apply to us is step one. step two is how does
this law impact us, and what are the consequences if we don't change our
behavior? and setp three is, if we don't wnat to change our behavior,
then what are our options?

janice, if followed the ltter of the financial law, i would have to hire
a full-time book-keeper. given that i would rather use $$ for teacher
salaries, i HAVE to take short-cuts. i just happen to know where i can
take short-cuts and where i can't. so that's how you need to think about
approaching your job: where are the short-cust and how do we support the
staff.

we can discuss this in more dteail when i get back from vacation.

jug

# ATTACHMENT 3



**SULLIVAN & WORCESTER**

Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

August 1, 2005

Janice Stevenson
P.O. Box 400372
Cambridge, Massachusetts 02140

Re: Request for Documents

Dear Ms. Stevenson:

On behalf of the Plan Administrator of the Neighborhood House Charter School's various pension and welfare benefit plans subject to ERISA (the "Plans"), I am writing in response to your various requests for documents under Section 104(b)(4) of ERISA, copies of which are attached.

As the person who was primarily responsible for enrolling new employees in the School's Plans, you are doubtless aware of the fact that non-employee contractors are ineligible for benefits under those arrangements. Because you were a non-employee contractor of the School, and was therefore never eligible to participate in any of the Plans, the Plan Administrator is not required to provide the requested documents.

Sincerely,

David A. Guadagnoli

DAG:djb
Enclosures

cc: Kevin Andrews

BOSTON   NEW YORK   WASHINGTON, DC
{B0427447; 2}