UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON,<br><br>    Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS
AND CROSS-MOTION FOR SANCTIONS AGAINST PLAINTIFF**

Defendant Neighborhood House Charter School ("Defendant," "NHCS" or the "School") hereby opposes Plaintiff's Motion for Rule 11 Sanctions and Response to Defendant's Motion to Compel and for Sanctions ("Motion for Sanctions"). Plaintiff's Motion for Sanctions is premised on a tortured construction of the Rules of Civil Procedure and on outrageous allegations that Defendant's counsel has lied to the Court. Indeed, it is Plaintiff who has attempted to deceive the Court by submitting <u>altered documents</u> in support of her Motion for Sanctions. The Court should deny Plaintiff's Motion for Sanctions and award NHCS the expenses, including attorneys' fees, it has incurred in opposing the motion.

  **I. Plaintiff's Motion for Sanctions is Entirely Baseless**

    **A. Plaintiff Advances her Claim that NHCS Willfully Misclassified Her
    As An Independent Contractor in Bad Faith**

Stevenson has altered and manipulated the materials she submitted in support of her Motion for Sanctions in an attempt to deceive the Court as to the School's motives and intent. As Attachment 1 to her motion, Stevenson submitted an e-mail from the School's Dean of

Administration, to which she points as evidence that NHCS knowingly or intentionally misclassified her in some respect. Stevenson has redacted from her submission other messages in the string of e-mails between herself and NHCS's Dean of Administration that reveal the context of the messages had nothing to do with Stevenson's status as an independent contractor, rather than an employee. More blatantly, Stevenson redacted a line from the body of the message that she submitted in which the Dean of Administration acknowledged her concerns and stated that he disagreed with her assessment that the issues she raised amounted to a clear violation of the law. In response to the issues she had raised, the Dean stated, "That's true Janice, but there's a grey area here." A true and accurate copy of the e-mail string, including a complete version of the message that Stevenson redacted and submitted with her Motion for Sanctions, is attached as Exhibit A. For the convenience of the Court, Defendant has noted on Exhibit A the text that Stevenson redacted from the message that she submitted with her Motion for Sanctions.

  The second e-mail message that Stevenson submitted as Attachment 2 to her Motion for Sanctions is also entirely unrelated to her status as an independent contractor, rather than an employee of the School. That message was part of an exchange between Stevenson and the School's Dean of Administration pertaining to a Massachusetts reporting pay statute, which as the Dean pointed out to Stevenson, does not apply to the School because the statute specifically exempts registered charitable institutions such as NHCS. A copy of the e-mail exchange, along with the attachment that prompted the exchange, is attached as Exhibit B.

  None of the documents Stevenson has submitted to the Court even bear on her status as an independent contractor or, in the alternative, as an administrator exempt from the FLSA's overtime provisions. At this stage of the proceedings, Stevenson has done nothing to

substantiate her claim that she was misclassified or that the School's defenses to her claims are ineffective. Moreover, Stevenson's blatant manipulation of the evidence she has submitted reflects a bad faith intention to deceive the Court and is independent grounds for the Court to deny her motion and award sanctions against her.

### B.  Plaintiff's Motion for Sanctions Grossly Misconstrues the Law

In her Motion for Sanctions, Plaintiff argues that if NHCS's alleged misclassification of her as an independent contractor was "willful," any defenses the School asserts to her FLSA claims are violative of Rule 11. In making this argument, Plaintiff confuses a provision of the Fair Labor Standards Act with the requirements of the Federal Rules of Civil Procedure. On the one hand, Plaintiff quotes from cases involving the FLSA's statute of limitations, which may be extended from two years to three years, if a plaintiff shows that the defendant's putative violations were "willful" within the meaning of the statute. *See* 29 U.S.C. § 255(a). Stevenson then misconstrues a case that discusses the relationship between those statute of limitations provisions and another provision of the FLSA (29 U.S.C. § 260) that creates a defense to a claim for liquidated damages where the defendant's conduct toward the plaintiff in the employment relationship was undertaken in good faith. Motion for Sanctions, p. 2 (citing *EEOC v. Detroit Health Dep't*, 920 F.2d 355, 358 (6th Cir. 1990)). This case has nothing whatsoever to do with Rule 11, with alleged misconduct by counsel, or with defenses asserted in the context of litigation. There is no relationship between Rule 11 and the provisions of the FLSA regarding willful violations or employment actions undertaken in good faith. Even if she could substantiate her FLSA claims against the School and establish that NHCS's supposed violations of the statute were willful (and she cannot), that showing would not establish that the School's defenses in this matter were advanced in bad faith or otherwise in violation of Rule 11.

3

Plaintiff's Motion for Sanctions has no basis in law, and the Court should deny the motion in its entirety.

Though the arguments in her Motion to Compel are unclear, Plaintiff apparently contends that NHCS's attorneys have violated Rule 11 by asserting defenses to Stevenson's FLSA claim, including a defense based on the statute's white collar exemptions. *See* Motion for Sanctions, p. 2 ("The attorneys have lied to this Honorable Court in their assertion Plaintiff is exempt from FLSA."). This essentially amounts to a claim that NHCS's counsel has engaged in sanctionable conduct by affording zealous representation to their client, instead of capitulating to her claims without a defense. Such a theory provides no basis for sanctions is so obvious as to require no serious consideration by this Court. *See, e.g., Baker v. Urban Outfitters, Inc*., 254 F. Supp. 2d. 346, 361 (S.D.N.Y. 2003) (Rule 11 motion denied and sanctions ordered against moving party where "the primary motivation [for the plaintiff's motion] . . . appears to be that [defendant] has not rolled over and played dead, withdrawing all opposition to [plaintiff's] complaint."). NHCS disputes Plaintiff's summary conclusion that she was an employee of the School, rather than an independent contractor. Further, NHCS continues to believe that, had she been an employee, Plaintiff was exempt from the statute's overtime provisions as an administrative worker. Plaintiff's request that NHCS or its counsel be sanctioned for presenting these defenses to her claims undermines the very purpose of the litigation process and of the attorney-client relationship. The Court should, therefore, deny her Motion for Sanctions.

## II.     Plaintiff's Motion for Sanctions is Procedurally Improper

Even if there were any merit to the substantive claims in Plaintiff's Motion for Sanctions (and there is none), she has failed to comply with the Rule on which her motion is based. Plaintiff has disregarded Rule 11's "safe harbor" provision, Fed.R.Civ.P. 11(c)(1)(A), which requires a party seeking sanctions under the Rule to serve such a motion on the party against

which sanctions are sought not less than 21 days before filing it with the Court.[1]  In fact, contrary to the representation in her certificate of service, Plaintiff did not serve her motion papers on August 15, 2006, contemporaneously with her filing.  Instead, she served them by e-mail on August 18, 2006, only after the Court had docketed her filing.  Plaintiff's failure to comply with the safe harbor provision is fatal to her request for sanctions under Rule 11.  *See, e.g., Monahan Corp. v. Whitty*, 319 F. Supp. 2d 227, 232-34 (D.Mass. 2004); *Bennett v. Prime TV LLC*, 2003 WL 21077130 (M.D.N.C. 2003) (ordering plaintiff to pay counsel fees for frivolous Rule 11 motion for reasons including disregard of safe harbor provision).  The Court should, therefore, deny Plaintiff's Motion for Sanctions for failure to comply with the procedural requirements of Rule 11.

## REQUEST FOR SANCTIONS

NHCS hereby requests that the Court order Plaintiff to pay sanctions to Defendant in the amount of the expenses, including attorneys' fees that the School has incurred in responding to her Motion for Sanctions.  As with her Motion to Compel Payment of Vacation Wages, her repeated motions for summary judgment, and her numerous administrative filings against the School, the Motion for Sanctions is a transparent attempt to cause undue distraction, expense and annoyance to NHCS.  Moreover, Stevenson has engaged in fundamentally dishonest conduct by manipulating the purported evidence she submitted to the Court.  Rule 11 expressly authorizes the Court to award to NHCS the reasonable expenses and attorneys' fees it has incurred in opposing Plaintiff's Motion for Sanctions, especially in circumstances such as these.  Fed.R.Civ.P. 11(c)(1)(A); *see also Baker*, 254 F. Supp. 2d. at 361.  As discussed more fully in

---

[1] This provision does not apply to the sanctions NHCS has requested against Plaintiff; the Rule allows the Court to award reasonable expenses and attorneys' fees to a party that prevails in opposing a motion for sanctions under the Rule.  Fed.R.Civ.P. 11(c)(1)(A).

Defendant's Opposition to Plaintiff's Motion to Compel Payment of Vacation Wages, the Court should not continue to indulge Plaintiff's harassment of the School and its constituents.  In order to limit her future filings to those having some reasonable basis in fact and law, the Court should Order Plaintiff to pay NHCS's costs in responding to her frivolous filings, including her Motion for Sanctions.

Respectfully submitted,<br>
NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br>
By its attorneys,<br><br>
    /s/ Barry J. Miller<br>
Lynn A. Kappelman (BBO # 642017)<br>
Barry J. Miller (BBO # 661596)<br>
SEYFARTH SHAW LLP<br>
World Trade Center East<br>
Two Seaport Lane, Suite 300<br>
Boston, MA 02210-2028<br>
Telephone:    (617) 946-4800<br>
Telecopier:   (617) 946-4801

DATED:  August 25, 2006

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on August 25, 2006.

    /s/ Barry J. Miller
    Barry J. Miller

---

BO1 15796668.1

# ATT 3

Message                                                                 Page 1 of 3

**Stevenson, Janice W.**

From: Janice Stevenson [jstevenson@thenhcs.org]
Sent: Thursday, June 02, 2005 12:23 AM
To: Jagdish Chokshi
Subject: RE: MFS Check and report

Your argument is flawed. The recent changes to the 401K plans is because business managers, such as yourself, reasoned that authorities "won't know if we're in compliance around some things and even if they do know, the penalties are not that bad"

No employee benefits when an organization ignores and/or violates the laws that are designed to protect them. For example, you purposed to allow employees to use their sick days before they were earned (which is expressly not according to NHCS policy), if they quit before they "earned" those sick days, you wanted to take it out of their final pay check. According to your rationale, you "erred on the side of the employee's benefit and it's a service to the staff". However, Massachusett law and DOL forbids final paycheck deductions without employee authorization.

In your viewpoint, just because some one is not calling you regarding compliance with Massachusetts and federal wage law, they "won't know if we're in compliance ... even if they do know, the penalties are not that bad; ie you're risking the cost (penalties) for the benefit of saving time or money or frustration or whatever. there are some things for which the letter of the law is inconsistent with it's intent and inconsistent with general practice used by most organizations of our size and complexity and that's where we have to mkae judgement calls."

Dean Chokshi, this is a bad call.

I just don't agree with your approach to berate me for insisting on COMPLIANCE with local, state, and/or federal law.

Since some of the Trustees' are business owners, I wonder how many would appreciate a business manager, such as yourself, that handles their affairs according to your viewpoint.

I will arrange a meeting with several Trustees regarding the compliance issue; I will make the arrangements.

From: Jagdish Chokshi
Sent: Wed 6/1/2005 7:41 PM
To: Janice Stevenson
Subject: RE: MFS Check and report

> That's true Janice, but there's a grey area here; **[This text deleted from message submitted as Attachment 1 to Plaintiff's Motion for Sanctions]**

the DOL won't know if we're in compliance around some things and even if they do know, the penalties are not that bad; ie I'm risking the cost (penalties) for the benefit of saving time or money or frustration or whatever. there are asome things for which the letter of the law is inconsistent with it's intent and inconsistent with general practice used by most organizations of our size and complexity and that's where we have to mkae judgement calls.

Around the 401k stuff, since it's handled by a 3rd party and is extremely well-regulated, we need to be in compliance. it's just one of those items that requires it and doesn't allow for a whole lot of grey area. in addition, it's a service to the staff to make sure that their money gets into their funds accurately and on time, so I'm inclined to make it happen regardless of the law.

you've seen plenty of instances where I have erred on the side of the employee's benefit, rather than the law or our policies — there's a balance here, and with training and with time, these things can be ironed out, but it's an

8/29/2005

NHCS 0079

To: Ilene R. Sunshine    Case 1:05-cv-11584-DPW    Document 38-2 (GMT) Filed 08/25/2006   Page 2 of 3   From: Janice Stevenson

# ATT 3

inherent part of HR to have to follow-up on people who don't follow the guidelines. there is a way to train them and the right way probably falls somewhere in the middle, between your approach and my approach. the only reason that I rely on my approach is because I have used it in the past with favorable results. if you can show me how your approach will train people and at the same time provide the service that is our mandate, I'll support it, as I have in the past. but i just don't agree with some of your approaches.

jug

-----Original Message-----
From: Janice Stevenson
Sent: Wednesday, June 01, 2005 6:36 PM
To: Jagdish Chokshi
Subject: RE: MFS Check and report

Dean Chokshi,

There are several areas NHCS is not in compliance in HR, Payroll, and Finance.

NHCS personnel and payroll are out of compliance in several areas. I have spoken to you several times regarding NHCS' lack of compliance. The last communication I received from you indicated that you were not concerned with keeping with "the letter of the law".

Example:

1. PAYING ANYONE WITHOUT A TIME CARD IS NOT IN COMPLIANCE WITH DOL; FURTHERMORE, IT IS ILLEGAL IN MASSACHUSETTS AND ILLEGAL PER DOL.
2. REPRIMANDING EMPLOYEE(S) OR CONTRACTOR(S) BECAUSE THAT PERSON REFUSES TO DISOBEY STATE AND/OR FEDERAL LAW IS NOT IN COMPLIANCE AND ILLEGAL.
3. MISCLASSIFYING EMPLOYEES AS EXEMPT WHEN THEY ARE IN FACT NONEXEMPT, IN ORDER TO SKIRT NOT PAYING OVERTIME IS NOT IN COMPLIANCE WITH DOL AND IS ILLEGAL PER DOL (FEDERAL LAW).
4. NHCS' PAYROLL'S MASTER FILE IN NOT IN COMPLIANCE WITH DOL.
5. NHCS' PERSONNEL RECORDS ARE MISSING ESSENTIAL COMPLIANCE DOCUMENTS AND ARE NOT IN COMPLIANCE WITH DOL.

Also, you misled the staff when you indicated you did not know if I would be in during your VACATION. This was wrong and I feel it was willful.

I do not care what you say about me personally, Dean Chokshi. However, your perpetual lack of preparedness shall not taint my reputation at NHCS. I will address this matter with the appropriate authorities that supervise you up to and including the Trustees.

The second part of my medical treatment is on Thursday, June 2, 2005.

Janice
p - 617-826-0703, X-272
f - 617-474-1103
-----Original Message-----
From: Jagdish Chokshi

8/29/2005

NHCS 0080

# ATT 3

Message                                                                 Page 3 of 3

Sent: Wednesday, June 01, 2005 12:14 PM
To: Janice Stevenson
Subject: MFS Check and report

Hi Janice

I just got a call from MFS -- they got a $4k check from us but they don't have the breakdown, so pls email it to them ASAP.

Also, I believe that the person that that this check is for the May 13th payroll. Two questions:
1. It seems a little late for them to get a check today -- if that's the case we are out of compliance with the DOL; we have to deposit the $$ into the employees' funds within 15 days (this means that not only does MFS have to receive the funds within 15 days but it also means that they have to be able to figure out how much goes to each employee (the report) with 15 days of the payroll).
2. Is there a reason that they don't have the reprot already....? It's a simple print-out from the payroll system, no?

Thanks
Jug

*Jug Chokshi*
*Dean of Administration*
*Neighborhood House Charter School*
*197A Centre Street*
*Dorchester, MA 02124*
*t. 617.825.0703 x271*
*f. 617.474.1103*
*www.theNHCS.org*

8/29/2005

NHCS 0081

**Jagdish Chokshi**

| | |
|---|---|
| From: | Jagdish Chokshi |
| Sent: | Monday, April 18, 2005 1:09 PM |
| To: | 'Janice W. Stevenson' |
| Subject: | RE: Emailing: Minimum Daily Hours.doc |

thanks janice
it says that this doesn't apply to charitbale aorganizations: that's us. so, i have two thoughts:
one is, what's the rule for charitable orgs?
two, i think that you're getting much too detailed about how to run this school: let's accept the two facts: one is that it's your job to make me (the org) aware of the regulations that effect us; two is that it is impossible to run an org this size supported by an admin staff this small, if we follow the letter of the law.

one thing to keep in mind is this: yes, it's your job to know the laws and regulations, and it's also your job to help us run this org in a way that allows us perform our mission: our mission is not to run an org that is the center piece of for perefct administartion. the mission is to edcuate kids and to that end, to support the staff in every way paossible so that they can educate the kids. we should be making life easier for them, within REASONABLE compliance to the laws. so if a particular law is getting in the way of something that is being done to serve the mission, how do we get around it? this is what i need from you. finding out what laws apply to us is step one. step two is how does this law impact us, and what are the consequences if we don't change our behavior? and setp three is, if we don't wnat to change our behavior, then what are our options?

janice, if followed the ltter of the financial law, i would have to hire a full-time book-keeper. given that i would rather use $$ for teacher salaries, i HAVE to take short-cuts. just happen to know where i can take short-cuts and where i can't. so that's how you need to think about approaching your job: where are the short-cust and how do we support the staff.

e can discuss this in more dteail when i get back from vacation.

jg


-----Original Message-----
om: Janice W. Stevenson [mailto:jstevenson@tucknt.com]
nt: Monday, April 18, 2005 11:06 AM
: Jagdish Chokshi
oject: Emailing: Minimum Daily Hours.doc



 message is ready to be sent with the following file or link attachments:

imum Daily Hours.doc


e: To protect against computer viruses, e-mail programs may prevent ling or receiving certain types of file attachments. Check your e-mail rity settings to determine how attachments are handled.

### Minimum Daily Hours

When an employee is scheduled to work three or more hours reports for duty at the time set by the employer, and that employee is not provided with the expected hours of work, the employee shall be paid for at least three hours on such day at no less than the basic minimum wage. This provision shall not apply to organizations granted status as charitable organizations under the Internal Revenue Code. [455 CMR 2.03(1)]

### Deductions

M.G.L. Chapter 149, Section 150A

Unless otherwise authorized by the employee, an employer may deduct from the wages of the employee only federal and state taxes, social security and any other deductions required by law.

FLSA guidelines require that the timesheet specify the beginning and ending dates of the workweek, the total hours worked each day and workweek, and the total straight time and overtime hours worked.

Teachers are identified as exempt employees with regard to the FLSA. There are no FLSA compensatory time provisions for exempt employees. Exempt employees must work as many hours per week as are required to complete their duties.

### Payment of Wages

M.G.L. Chapter 149, Section 148

**Wages must be paid within the following time periods:**

- **If employed for five or six days in a calendar week:** within six days of the end of the pay period.
- **If employed seven days or fewer than five days in a calendar week:** within seven days of the end of the pay period.

## VI. RECORDKEEPING[1]

Section 11(c) of the Act requires employers to keep records for both covered and exempt employees.

---

[1] 455 CMR 2.03 (9) states: Records: Every employer shall keep a true and accurate record of the name, address, social security number and occupation of each employee as herein defined, together with the amount paid each pay period to each employee, and of the hours worked each day and each week by each employee.