UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE STEVENSON, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-CV-11584-DPW |
| v. | ) ) | |
| NEIGHBORHOOD HOUSE CHARTER SCHOOL, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF VACATION WAGES**

Defendant Neighborhood House Charter School ("Defendant," "NHCS" or the "School") hereby opposes Plaintiff's Motion to Compel Payment of Vacation Wages ("Motion to Compel") and requests that the Court award sanctions against Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") for her continuing pattern of frivolous filings in this matter, which have wasted judicial resources and caused undue expense and distraction to the School. Plaintiff's Motion to Compel is procedurally improper in that she apparently attempts to use a discovery device to secure substantive legal relief. Moreover, the document on which Plaintiff relies establishes that she is, in fact, not entitled to the additional payments she seeks. The Court should, therefore, deny Plaintiff's Motion to Compel and order her to pay Defendant's costs in opposing her baseless and improper filing.

### I. Plaintiff's Motion is Procedurally Improper

Plaintiff's Motion to Compel is improper because it seeks substantive legal relief through a discovery device. The rules governing motions to compel apply to a party's ostensible failure

to make disclosures in the discovery process. Fed.R.Civ.P. 37. The relief that Stevenson seeks in Plaintiff's Motion is unrelated to discovery; she appears to seek an adjudication that she is owed vacation pay based on her own *ipse dixit* that she was an employee of NHCS for purposes of Massachusetts wage and hour law and is owed vacation pay. The Rules of Civil Procedure provide no vehicle for the relief that Stevenson seeks through Plaintiff's Motion.[1]

### II.     Plaintiff is Not Entitled to Vacation Pay

Plaintiff's Motion to Compel depends on the false premise that she has been determined to have been an employee of the School. Plaintiff's argument that she is entitled to vacation pay is based on her claim that it has been "preclusively decided whether Plaintiff was an NHCS employee under Massachusetts labor law." Motion to Compel, ¶ 1. This is presumably a reference to the administrative determination by the Massachusetts Division of Unemployment Assistance ("DUA") regarding Stevenson's eligibility for unemployment benefits, on which she has repeatedly attempted to rely in this matter. As discussed at length in Defendant's Opposition to Plaintiff's Second Motion for Summary Judgment (docket no. 24), the DUA's administrative determination is wholly inapposite to the claims Plaintiff has asserted in this matter, and she cannot rely on that determination as evidence that she is entitled to any relief other than the unemployment benefits that DUA administers. The Court, in fact, recognized the flaw in Plaintiff's reasoning regarding the preclusive effect of the DUA's determination when it denied her second motion for summary judgment (*see* June 22, 2006 Order of the Court). Plaintiff's claim that she has been adjudged to have been an employee of the School for purposes of Massachusetts wage and hour law is false and has already been rejected by the Court. Her claim

---

[1] To the extent that the Court is inclined to treat Plaintiff's Motion to Compel as one for summary judgment, it has already ruled on the issues presented by such a motion, as discussed below.

that she is entitled to payment for claimed unpaid vacation at this stage of the proceedings must, therefore, fail.

The document on which Plaintiff's Motion to Compel is based in fact establishes that, even if Stevenson had been an employee of the School, she would be owed no vacation pay. Attached as an exhibit to her motion, Stevenson provides a June 3, 2005 memorandum by which the School terminated its contract with Stevenson's company, TuckNT. That memorandum outlines the payments due to TuckNT under the contract, including the putative vacation days Plaintiff seeks in her Motion to Compel. The memorandum reflects that the School, in fact, paid more to TuckNT than the company was owed for services provided by Stevenson. The School paid TuckNT for services to have been performed throughout the month of June 2005, despite terminating the parties' contract effective June 3. By so doing, NHCS paid TuckNT its standard rate for four weeks in which Stevenson provided no services to the School. The memorandum also reflects that the School had not deducted from Stevenson's claimed allotment of so-called vacation a number of days prior to June 2005 on which she had provided no services to NHCS on behalf of TuckNT. NHCS paid to TuckNT more than the company was owed for the services Stevenson provided, including an overpayment of her claimed "vacation" days. Her claim for unpaid vacation is, therefore, ultimately meritless.

## **REQUEST FOR SANCTIONS**

NHCS hereby requests that the Court order Plaintiff to pay sanctions to Defendant to compensate it for the expenses, including attorneys' fees that the School has incurred in responding to Plaintiff's Motion to Compel. That motion is only the latest step in her long pattern of vexatious litigation against the School. In addition to the multitude of meritless administrative filings described in Defendant's Memorandum Regarding Ancillary Administrative Proceedings (docket no. 25), she filed two baseless motions for summary

judgment (docket nos. 11, 21) in this matter before either party conducted any discovery. Contemporaneously with her Motion to Compel, Plaintiff also filed a frivolous motion for sanctions against the School's counsel (docket no. 37), essentially arguing that NHCS's attorneys should be punished for having the audacity to defend an entity that Stevenson has personally adjudged to have violated the law.  Through her continuing campaign of misguided harassment, Plaintiff has wasted the Court's time and caused NHCS needlessly to expend resources that would more properly be devoted to the School's charitable mission.  Plaintiff's status as a *pro se* litigant does not insulate her from the imposition of sanctions in circumstances such as these. *See, e.g., Azubuko v. MBNA Am. Bank*, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (repeated abusive filings grounds for sanctions against *pro se* plaintiff); *Lefebvre v. Comm'r Internal Revenue*, 830 F.2d 417, 420 (1st Cir. 1987) (*pro se* litigants susceptible to sanctions for frivolous filings).  The Court should not allow Plaintiff to continue to squander resources with her meritless filings, and it should require Plaintiff to pay the reasonable expenses, including attorneys' fees, that NHCS has incurred in responding to her baseless and procedurally improper attacks.

        Respectfully submitted,
        NEIGHBORHOOD HOUSE CHARTER SCHOOL,
        By its attorneys,

           /s/ Barry J. Miller
        Lynn A. Kappelman (BBO # 642017)
        Barry J. Miller (BBO # 661596)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800

DATED:  August 25, 2006        Telecopier:    (617) 946-4801

> CERTIFICATE OF SERVICE
>
> I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on August 25, 2006.
>
> /s/ Barry J. Miller
> Barry J. Miller

5

BO1 15796547.1