*0*

UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL, )<br><br>Defendant. ) | CIVIL ACTION NO. 05-CV-11584-DPW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TERMINATING SANCTIONS OR IN THE ALTERNATIVE TO COMPEL DISCOVERY

Now comes Janice Stevenson ("Plaintiff") and opposes Neighborhood House

Charter School's ("NHCS" or "Defendant") motion and states the following reasons:  at

different times in different forums, Defendant employer and their attorneys have

presented different versions of this Plaintiff's employment.(**Exhibit I and II**)  In one

instance, Defendant state my duties were primarily clerical; in another instance,

Defendant states I am an administrative employee. The variations are evident that the

Defendant employer and their attorneys will utilize unscrupulous and illegal means to

frustrate Plaintiff's attempt to collect unpaid overtime wages. The Defendant employer

utilizes two sets of attorneys. The present Attorneys of Seyfarth and Shaw claim they do

not communicate with the other Attorneys of Sullivan and Worcester; yet both work for

one purpose: to squash Plaintiff's unpaid overtime claim through intimidation, slander,

misinformation, etc.  (**Exhibit I**) Time and time again, the Defendant's attorneys have

denied that Plaintiff is an employee of the Defendant.  However, several different

agencies, federal and state, have determined that Plaintiff is an employee of the

Defendant: Judge Daniel F. Sutton, an administrative law judge of the US Department of Labor stated so[1] in his decision of September 7, 2005. The IRS states Plaintiff is a worker for federal income tax purposes in an SS-8 determination of December 29, 2005[2], and the Massachusetts Department of Unemployment Assistance (MDUA) stated so in various correspondences sent to the Defendant employer. (**Attachment III**)

## Discovery

The present Attorneys of Seyfarth and Shaw have requested that Plaintiff produce documents sent to her by Defendant's other attorneys, Sullivan and Worcester. The present Attorneys of Seyfarth and Shaw claim they do not communicate with the Defendant's other Attorneys at Sullivan and Worcester. The purpose of Defendant's motion is to frustrate Plaintiff's attempt to obtain rightful redress or repose. Attorney's justification is that similar conduct is often tolerated by the bench and bar.

The right of privacy extends only to information as to which an individual has a reasonable expectation of privacy as measured by societal expectations. *Pengra v. State,* 2000 MT 291, 302 Mont. 276, 14 P.3d 499; *Jefferson County v. Montana Standard,* 2003 MT 304, 318 Mont. 173, 79 P.3d 805. I feel some of the information sought by Defendant's attorney violate the right of privacy. Furthermore, Defendant's attorneys are prohibited from disseminating information regarding identities and claims to others. Yet they have disseminated information obtained in discovery to other courts and agencies.

---

[1] In addition, NHCS contends that the Complainant is not an employee for purposes of the Act, as she is an independent contractor working for NHCS through TuckNT. Respt. Mot. Sum. Dec. at 3 (Aug. 15, 2005). In view of my conclusion that NHCS is not a company covered by Sarbanes-Oxley's whistleblower anti-discrimination provisions, it is unnecessary to address this alternative defense. However, it is noted that the Act's implementing regulations define .employee. as .an individual presently or formerly working for a company or company representative, an individual applying to work for a company or company representative, or an individual whose employment could be affected by a company or company representative.. 29 C.F.R. § 1980.101 (2004). It appears that that the Complainant would likely be considered an employee under this definition, as her employment could be, and ultimately was affected by NHCS and its representa-tives. Further, the court has upheld that an employee of a private subsidiary company was within the definition of an employee of the public parent company because her employment could be affected by the officers of the parent company. See Collins v. Beazer Homes USA, Inc., 334 F. Supp.2d 1365, 1374 n.7 (N.D. Ga. 2004). CASE NO.: 2005-SOX-00087

[2] The SS-8 determination has been filed in previous motions/memorandums.

The Court will not compel answers to patently irrelevant, wholly improper, or patently burdensome and onerous discovery. [3]

## Violation Massachusetts Rules of Professional Conduct

The attorneys have counseled Defendant to engage in conduct that the Attorney knows is criminal or fraudulent; furthermore, the attorneys have not discussed the legal consequences of any proposed course of conduct of the Defendant and have not made a good faith effort to determine the validity, scope, meaning, or application of the state wage and federal FLSA law.

1. The attorneys in the present case drafted an illegal agreement whose essential goal was to stifle enforcement of the FLSA and nonpayment of mandatory overtime wages. The illegal agreement was contrary to Internal Revenue Code; *Employers attempting to incorporate a waiver of minimum wage and overtime claims as part of a settlement agreement must be mindful of a legal principle established by the U. S. Supreme Court in 1945. In Brooklyn Savings Bank v. O'Neill, 324 U.S. 697 (1945), the Court made clear that an employee cannot waive a minimum wage or overtime pay claim under the Fair Labor Standards Act unless the release is supervised by a court or by the U. S. Department of Labor.*[4]

2. Both sets of Defendant's attorneys utilized their efforts to get an agency of the Commonwealth of Massachusetts to deny Plaintiff unemployment benefits and get this Honorable Court to enforce the illegal agreement. **Attachment I**

3. Attorneys are aware of their client's, the Defendant's, willful violation of the state wage and federal FLSA law. **Attachment II**

4. Attorneys falsely advised this Honorable Court that a Massachusetts Department of Unemployment Assistance determination was not final since NHCS would appeal. The attorney knew no appeal would occur as they had stated. Plaintiff learned on September 25, 2006 that the Defendant never appealed. The MDUA determination that Plaintiff was an employee for state unemployment law is final. **Attachment III**

5. Attorneys are aware of the Defendant's tax and unemployment insurance evasion since NHCS has not paid applicable payroll taxes, FICA, Medicare, etc required by employers on its employees.

---

[3] Fisch v. State Fund [9/13/00] 2000 MTWCC 55

[4] http://www.jacksonlewis.com/legalupdates/article.cfm?aid=695

6. Attorneys have deliberately prejudiced, slandered and defamed Plaintiff before this Honorable Court and to other administrative agencies. **Attachment IV**

7. Attorneys have characterized Plaintiff utilization of administrative agencies as incendiary and harassment. **Attachment V**

8. These attorneys threatened my former legal counsel with extended discovery.

9. These attorneys contributed to my attorney leaving this present case.

10. Attorneys have misused the discovery process and directly caused Plaintiff to lose employment.

11. Defendant's discovery discriminated against my familial, gender and racial status.

12. The Defendant never consulted with their attorneys for advice to legally employ independent contractors, destroying personnel file of employees who complain (**Attachment VI**), destroying medical records of employee drug offenders, and referred employees with known drug habit to positions at other schools. The attorneys are aware of these willful, illegal conducts by the Defendant.

## Hidden Evidence

The Defendant's attorneys have hidden Defendant employer's noncompliance of state and federal laws, Defendant employer's willful violation of the FLSA, unemployment insurance fraud, federal income tax evasion, misclassification of its employees to avoid state and federal tax liabilities.

The attorneys have deliberately hidden the conduct of the Dean of Administration, Jagdish Chokshi, of the Neighborhood House Charter School. This manager is a central figure in this case. This manager signed ninety-nine percent (99%) of my checks. (**Exhibit III**) Jagdish Chokshi dictated my daily duties. He determined what accounting codes expenses were charged to. He removed Mr. Ware's, a minority employee, complaint from Dean Sean Shirley-Davidson's, a non-minority manager, file and then misplaced Mr. Ware's personnel file to delay Mr. Ware's grievance process. This manager took it upon himself to suspend NHCS' current grievance procedure, thus

delaying Mr. Ware's complaint, and declared he was instituting a new grievance procedure. Dean Chokshi was the financial brains for the Defendant employer, yet Defendant Attorneys correspondence (**Exhibit II**) would lead this Honorable Court to believe I worked independently as an exempt employee. These Attorneys are attempting to dissuade this Honorable Court from Plaintiff's original complaint through procedural maneuvering and prejudicing Plaintiff in the eyes of this Honorable Court. Dean Chokshi's email (**Attachment II**) demonstration the Defendant employer's willingness to knowingly violate state and federal law. Yet the Defendant attorneys will have this Honorable Court believe that Plaintiff does not deserve a trial or a reasonable legal settlement. Defendant attorneys' want the Plaintiff to accept an illegal settlement.

## Conclusion

Therefore, Plaintiff prays that this Honorable Court will deny Defendant's Motion Terminating Sanctions and or compelling discovery.

Dated: September 26, 2006

Respectfully submitted:

*Janice W. Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – ph
866-838-4286 – fax

Certificate of Service

I certify that a copy of the attached has been sent to the attorney of records for Defendant via hand delivery on September 27, 2006.

*Janice W. Stevenson*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S NOTICE

The image of this document is not viewable because it is either SEALED or filed EX PARTE.