## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**JANICE STEVENSON,**
**Plaintiff,**

2006 OCT -6  P 1: 22

DISTRICT COURT
DISTRICT OF MASS.

**v.**

**NEIGHBORHOOD HOUSE CHARTER**
**SCHOOL, Defendant**                    **CIVIL ACTION NO. 05-CV-11584-DPW**

### PLAINTIFF'S MOTION TO TERMINATE MEDIATION

NOW come Janice W. Stevenson ("Plaintiff") and prays that this Honorable Court

will suspend mediation with Neighborhood House Charter School ("Defendant").

Plaintiff sets forth the following reasons:

1. Plaintiff does not believe that this agreement is confidential and for the exclusive use

   of this overtime wage claim. The present agreement has become a legal tool for

   Defendant to perpetuate illegal and unfair business practices.

2. Plaintiff in good conscience cannot condone such behavior or become a party with

   Defendant in its future claims with the commonwealth or the federal government.

3. Plaintiff also believes that the agreement will be used beyond the present case and

   Plaintiff will unknowingly become a witness for the Defendant in subverting the

   Commonwealth of Massachusetts' constitution and general laws.

4. Plaintiff welcomes a settlement agreement for wages or personal injury that is

   confidential, limits the settlement agreement's admissibility as evidence and includes

   disclosure restrictions of the settlement agreement.

5. Plaintiff does not have an attorney in this matter and has to go with her gut feelings

   regarding the present settlement agreement.

6. Plaintiff appreciates the sincere efforts of this Honorable Court during the mediation process; even though this Honorable Court cannot and has not given this Plaintiff legal advice. Plaintiff had to rely on the totality of the courtroom proceedings which included Defendant's attorneys' mannerisms, phrasing of answers to the questions, and the use of the word "nuisance".

7. Plaintiff performed six different jobs for the Defendant: 1) human resources, 2) payroll, 3) account payable, 4) account receivables, 5) grant funds disbursement, 6) development office; I was never referred to as a "nuisance" when I arrived early, left late, and worked offsite to finish all tasks.

8. Defendant did not care where I lived, what my familial or marital status was, where I was from, whom I had worked for in the past, my character. The Defendant wanted daily results for all six jobs.

9. Plaintiff worked for this Defendant for a total of thirteen (13) months, performing work as directed, nevertheless, now I had become a "nuisance" for demanding payment of my earned but unpaid wages.

THEREFORE, Plaintiff prays that this Honorable Court will suspend mediation with Defendant.

Date: October 6, 2006

Respectfully submitted by,

*Janice Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 - fax

CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE
CHARTER SCHOOL by email to:

Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East,
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Telecopier: (617) 946-4801

David A. Guadagnoli
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
617-338-2880 – fax
dag@sandw.com

*Janice Stevenson*