UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 05-CV-11584-DPW |
| v. ) | |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Defendant Neighborhood House Charter School ("Defendant," "NHCS" or the "School") hereby moves the Court to amend the Scheduling Order in the above-captioned matter to allow the School a reasonable period of time in which to prepare a motion for summary judgment after the pending discovery disputes in the case have been resolved and discovery has been completed. As grounds for this motion, NHCS states as follows:

1.      The Court entered a Scheduling Order in this matter on June 22, 2006.  By the terms of that Order, discovery was to close on September 22, 2006, and dispositive motions were due by October 27, 2006.  In conjunction with the Scheduling Order, the Court also referred the case to court-sponsored mediation before Magistrate Judge Collings.  Given the Court's busy ADR schedule, mediation was not scheduled to begin until after discovery was to close.

2.      Defendant dutifully undertook to complete its discovery efforts during the period of time provided by the Court.  On June 26, 2006, Defendant served a comprehensive set of document requests on Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") that it had initially

served in November 2005, to which Plaintiff had not responded. Defendant commenced Plaintiff's deposition on September 7 and continued the deposition on September 14, 2006. Defendant also timely responded to all of Plaintiff's discovery requests.

3. Despite Defendant's efforts, Plaintiff refused to participate in discovery. Stevenson's written responses to NHCS's discovery requests were inadequate, and she made no substantial document production to the School. Meanwhile, she continued to submit to various state and federal agencies responsive documents that she had failed to produce to NHCS in this matter. Stevenson also refused to participate in her own deposition. With no cognizable basis, she refused to answer questions on subjects that go to the heart of her claims in this matter, persistently berated and argued with NHCS's counsel on the record, and she refused even to look at numerous documents marked as exhibits to her deposition.

4. In light of Stevenson's continuing refusal to participate in discovery, NHCS was forced to file motions to compel with the Court. On August 7, 2006, NHCS filed Defendant's Motion to Compel Production of Documents and For Sanctions (docket no. 32), seeking an Order requiring Stevenson to comply with the School's document requests. On September 22, 2006, after exhausting all reasonable efforts to convince Stevenson to cooperate at deposition, NHCS filed Defendant's Motion for Terminating Sanctions, or in the Alternative, to Compel Deposition Testimony (docket no. 41).[1]

---

[1] Stevenson also filed motions during the discovery period, including "Plaintiff's Motion to Compel Payment of Vacation Wages" (docket no. 35) and "Plaintiff's Motion for Rule 11 Sanctions" (docket no. 37). NHCS has filed oppositions to both of Stevenson's motions on their merits, and the School believes that the relief sought by Plaintiff's motions does not implicate further discovery efforts or any other issue that may impact the Scheduling Order.

5. The Court has referred all pending motions, including NHCS's discovery motions to Magistrate Judge Alexander. *See* electronic Orders dated 9/22/06 and 9/28/06. At approximately the same time that the Court referred the motions to Magistrate Judge Alexander, the Clerk informed counsel for NHCS that she would inform Magistrate Judge Alexander's session of the impending mediation of the case and that the Court would likely refrain from taking action on any of the pending motions until after the mediation had run its course.

6. The first mediation session before Magistrate Judge Collings commenced on September 27, 2006. Magistrate Judge Collings also held subsequent mediation sessions on October 4 and October 6, 2006. Magistrate Judge Collings then scheduled a fourth and final mediation session for October 23, 2006, in order to give Stevenson a period of two weeks to seek legal counsel regarding the proposed settlement of the case.

7. In conjunction with his scheduling of the final mediation session, Magistrate Judge Collings also entered an Order enlarging the time in which the parties could file dispositive motions to November 9, 2006, so that the time he had given Stevenson to seek the advice of counsel would not run against the parties' summary judgment deadlines. *See* Order dated October 6, 2006.

8. On October 23, 2006, at Stevenson's request, Magistrate Judge Collings terminated the mediation as futile.

9. As the Clerk had anticipated, the Court took no action on any pending motions, including NHCS's discovery motions, while the mediation was in progress.

3

10. Dispositive motions are currently due on November 9, 2006, but the factual record is not ripe for summary judgment briefings. In order to brief the legal issues presented by Stevenson's Complaint, NHCS requires additional documents relating to Stevenson's claims against the School (which Stevenson has admitted exist, but failed to produce) and deposition testimony that relates to her status as an independent contractor, rather than an employee of NHCS. This information is the subject of NHCS's two pending motions to compel.

11. NHCS will be substantially prejudiced if it is not allowed a reasonable period of time after discovery has been completed to prepare its motion for summary judgment. The original Scheduling Order in this case provided more than one month after discovery was to be completed for the parties to file dispositive motions. Defendant now seeks a lesser period of only three weeks after discovery is actually completed in which to file its dispositive motion.

12. Stevenson will not be materially prejudiced by the relief that NHCS now seeks. The Court has scheduled a hearing on all pending motions for the afternoon of November 6, 2006. The progress of the case, therefore, is unlikely to be materially slowed by the extension of time sought by this motion.

WHEREFORE, Defendant Neighborhood House Charter School requests that the Court amend the Scheduling Order in the above-captioned matter to allow the parties a period of three (3) weeks after the later of (1) the Court's ruling on NHCS's motions to compel, or (2) Stevenson's compliance with any Order compelling her to provide further information in the discovery process.

Respectfully submitted,

NEIGHBORHOOD HOUSE CHARTER SCHOOL,
By its attorneys,

    /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

DATED:  October 26, 2006    Telecopier:    (617) 946-4801

Certificate of Compliance with Local Rule 7.1
I hereby certify that I attempted in good faith to resolve or narrow the issues presented by this motion by conferring with Plaintiff Janice Stevenson by electronic mail on October 24, 2006. Stevenson responded to the effect that she will not assent to the relief sought by this motion. A copy of this e-mail correspondence is attached hereto as Exhibit A.

    /s/ Barry J. Miller
Barry J. Miller

CERTIFICATE OF SERVICE
I hereby certify that this document was filed through the Court's ECF system
and that a true copy of the above document was served
on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372,
Cambridge, MA 02140 on October 26, 2006.

    /s/ Barry J. Miller
Barry J. Miller

## Miller, Barry

| | |
|---|---|
| **From:** | Stevenson, Janice W.  [janicestevensonus@gmail.com] |
| **Sent:** | Tuesday, October 24, 2006 5:37 PM |
| **To:** | Miller, Barry |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | RE: Stevenson v. NHCS |

Mr. Miller,

I believe that now that we are out of mediation the Court will rule on all pending motions.  The intent of the Court was a speedy discovery process and further enlargement of the deadline will neither move the case more in NHCS favor nor mine.  I believe that proceeding will help to define this FLSA claim case; since it appears to me to have spiraled away from the core intent of the FLSA Act.

There are too many issues of fact that only a jury can determine.  I want to move forward with the case.


-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, October 24, 2006 4:16 PM
To: Stevenson Janice
Cc: Kappelman, Lynn
Subject: Stevenson v. NHCS

Ms. Stevenson,

As you are aware, there are several motions pending in the above-referenced matter that the Court has not yet addressed, including NHCS's motions to compel documents and deposition testimony and two motions that you filed.  Because we believe that the Court's rulings on NHCS's motions may substantially affect the discovery record in the case, we intend to ask to Court to further enlarge the deadline for summary judgment motions until a reasonable period of time after the Court has acted on NHCS's discovery motions.  Please let us know if you will assent to such a request, or if you would like to discuss the matter further.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

_____
Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.