UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11584-DPW

JANICE STEVENSON

Plaintiff

v.

NEIGHBORHOOD HOUSE CHARTER SCHOOL

Defendant

**ORDER ON**

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AND FOR SANCTIONS**
*(Docket # 32)*

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF VACATION
WAGES - INCLUDING DEFENDANT'S CROSS-MOTION FOR
SANCTIONS**
*(Docket ## 35 and 39)*

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS - INCLUDING
DEFENDANT'S CROSS-MOTION FOR SANCTIONS**
*(Docket ## 37 and 38)*

**DEFENDANT'S MOTION FOR TERMINATING SANCTIONS, OR IN
THE ALTERNATIVE, TO COMPEL DEPOSITION TESTIMONY**
*(Docket # 41)*

**and**

**DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**
*(Docket # 44)*

ALEXANDER, M.J.

The Court is presented with a variety of motions, none of which may adequately be described as routine. A hearing was held on November 6, 2006 where the parties presented additional argument on each motion, the Court providing every opportunity for the parties to be heard. During the hearing, the Court issued the following orders:

1) Defendant's Motion to Compel Production of Documents is ALLOWED. Plaintiff is directed to answer each interrogatory and provide all documents requested by Defendant, to the extent they are within her possession, custody, or control, and specifically including, but not limited to, her requested personal tax returns, journals evidencing time worked with regard to her business relationship with Defendant, and any documents regarding the entity TuckNT. These documents and answers to interrogatories must be provided by Plaintiff to Defendant on or before November 20, 2006. Further, Plaintiff is hereby PRECLUDED from affirmatively using any documents or information in the prosecution of this action which she had in her possession, custody, or control on or before November 20, 2006 and did not provide to Defendant by that date.

2) Plaintiff's Motion to Compel Payment of Vacation Wages will not be heard by this Court as it is not a discovery motion but one that is dispositive in nature.

3)  Plaintiff's Motion for Rule 11 Sanctions is DENIED.

4)  Defendant's Motion for Terminating Sanctions is DENIED, however, the Court hereby GRANTS Defendant leave to resurrect this motion after December 8, 2006 should the Plaintiff engage in further frivolous and dilatory tactics in direct disregard of this Court's instant order. Additionally, combined in this motion is Defendant's Motion in the Alternative to Compel Deposition Testimony, which is ALLOWED. Plaintiff's deposition will continue on December 20, 2006 at a time and place to be agreed to by the parties. Plaintiff may assert any appropriate objection she wishes during the deposition, and the Court will liberally interpret the validity of any objection or lack-there-of based on her *pro se* status, but is hereby ORDERED to answer every question posed by Defendant in an honest, clear, concise, and coherent manner. Plaintiff is free to bring any objections to the Court's attention at trial.

5)  Defendant's Motion to Amend Scheduling Order is ALLOWED. Defendant is directed to submit to the Court a proposed Amended Scheduling Order with dates certain.

In addition to the above rulings made by the Court during the hearing, the Court took Defendant's motions for sanctions under advisement. One of the reasons that the Court seriously entertains Defendant's motions for sanctions is Plaintiff's

apparently deliberate failure to respond to legitimate discovery requests, whether by way of document production or deposition. Such obstinance was evidenced by Plaintiff's retort to the Court regarding the ordered continuation of her deposition when she asked whether Defendant's could "simply put any questions they had for her in writing so that she could fill in the blanks," avoiding a deposition altogether. Further, Plaintiff's unfathomable questioning of the Court, i.e. asking the Court to read and explain Rule 11, when Plaintiff was the party who filed the motion for Rule 11 sanctions, highlights Defendant's assertion that Plaintiff is acting in a frivolous and dilatory manner. While the Court recognizes that a *pro se* litigant is to be given room, this Plaintiff attempts to take an entire house.

Accordingly, with regard to Defendant's multiple motions for sanctions, the Court issues the following Orders:

1) Should Plaintiff wish to submit further discovery motions, Plaintiff must first discuss the merits and necessity of such motion with defense counsel and attempt to come to a resolution before filing said motion.

2) Should Plaintiff file a discovery motion after consultation with defense counsel, Defendant will not be required to respond either orally or in writing unless and until the Court so advises.

3) Should Plaintiff either file a discovery motion without first consulting with

4

defense counsel or file a motion such that the Court deems frivolous, Plaintiff will be subjected to monetary sanctions and the possibility of terminating sanctions, dismissing her case with prejudice.

SO ORDERED.

11/7/06
Date



United States Magistrate Judge

5