UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 NOV -9 P 1: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JANICE STEVENSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 05-CV-11584-DPW |
| NEIGHBORHOOD HOUSE CHARTER SCHOOL, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION OF OBJECTIONS TO
THE MAJISTRATE'S PROPOSED ORDER AND FINDINGS**

Plaintiff Janice Stevenson is filing written objections to the magistrate's proposed findings pursuant to Rule 72, F.R.Civ.P., requiring the court to give the matter de novo consideration. The Court erred in entering issue-preclusion sanctions that are overly broad since Plaintiff had not failed to produce information relevant to Defendant's two (2) FLSA counterclaims. Plaintiff is seeking a review to give the matter de novo consideration or in the alternative amend the order to certify for interlocutory appeal under 28 U.S.C. Section 1292(b). The issue sanction as worded exceeds the bounds of the Court's discretion. In support thereof Plaintiff states the following:

**OBJECTIONS TO
Defendant's Motion To Compel Production of Documents and For Sanctions
(Docket #32) and Defendant's Motion for Terminating Sanctions, or in the
Alternative, to Compel Deposition Testimony (Docket #41)**

1. Defendant's discovery does not comply with the FLSA burden of proof requirements for employers as required by *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

2. The Court has imposed conditions and different standard of discovery on Plaintiff, which could affect the outcome of her trial or depositive motions.

3. Plaintiff is entitled to conduct pretrial discovery into all matters that are discoverable.

4. The Court has given Defendant Neighborhood House Charter School unlimited discovery.

5. The Court has relieved Plaintiff of the burden of establishing other elements of Plaintiff's case.

6. Defendant's motions (Docket ## 32 and 41) for sanctions were not procedurally proper. Before filing a motion for sanctions, Federal Rule of Civil Procedure 37 requires that parties confer in good faith to come to agreement over discovery disputes and then, if necessary, a party may file a motion to compel.

7. The Court has abused its discretion in entered issue-establishment sanctions without use of a three-step analysis. There must be (1) a finding of willfulness; (2) a record that indicates a reasonable exploration of possible and meaningful alternatives; and (3) a sufficient relationship between the discovery materials and the case.

8. The Court's order for production of Plaintiff's tax returns is abuse of discretion since it is based on the mere belief by Defendant that they may contain impeachment material; the protections afforded such returns would now not exist.

9. The Court made no effort for Defendant to meet the two-prong test of showing that (1) the tax returns are relevant to the subject matter of the case, and (2) the defendant has a compelling need to review them because the information they contain is not available anywhere else.

## OBJECTIONS TO:
### Defendant's Motion to Amend Scheduling Order (Docket #44)

1. The Court has allowed the Defendant an open-ended discovery that is unlimited.

2. Defendant stated to the Court Plaintiff is an independent contractor or if Plaintiff is found to be an employee, Plaintiff is an administrative employee, so their discovery is unfocused.

3. In either case Defendant maintains it has no personnel records. However, Defendant's own correspondence states Plaintiff was given Vacation, Personal Days, and Sick days, which implies there are attendance records and records of wages paid against them. [Attachment I]

4. The Court has precluded Defendant from discovery of such personnel documents from its ruling regarding Item 1 and 3.

5. Amendment of the scheduling order is legal minutia by the Defendant. The Defendant is attempting to circumvent getting this case to trial or at least get it dismissed by repeatedly compelling discovery, scheduling depositions, as far apart as possible. When more time is desired, Defendant's repeat the process.

6. Defendant is not truly sincere about discovery and is only interested in obtaining sanctions, since Defendant's move for terminating sanctions is inconsistent with any assertion that Defendant needs additional documents in order to prepare for trial.

### OBJECTIONS TO
### Plaintiff's Motion to Compel Payment of Vacation Wages- Including Defendant's Cross-Motion for Sanctions (Docket # 35 and 39)

Plaintiff request to withdraw Docket #35, Plaintiff's Motion to Compel Payment of Vacation Wages or in the alternative to remove Docket # 35 to state district court.

THEREFORE, Plaintiff is seeking a review to give the matter de novo consideration or in the alternative amend the order to certify for interlocutory appeal under 28 U. S .C. Section 1292(b).

Date: November 9, 2006

Submitted by:

*[signature: Janice W. Stevenson]*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – cell
janicestevensonus@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 9, 2006, a copy of the Plaintiff's Motion Of Objections To The Magistrate's Order And Findings was served via first class mail postage prepaid, or by electronic notice, upon the Attorney of Record at the address set forth below.

Barry Miller
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110-2028
617-946-4800 – phone

*Janice W. Stevenson*

# ATTACHMENT I

Case 1:05-cv-11584-DPW     Document 50-2     Filed 11/09/2006     Page 1 of 2



*The Neighborhood House*

CHARTER SCHOOL

**NHCS**

Date: June 3, 2005
To: Janice Stevenson
From: Jug Chokshi
Re: Termination of your contract

Effective June 3, 2005, I am terminating your company's (TUCKNT) contract for the roles and responsibilities of the Finance and Operations Manager at the Neighborhood House Charter School.

I am terminating the contract because this contractual relationship is not in the best interest of the school; additionally, over the last two months, I have observed your behavior to be insubordinate. Here, I will provide three examples:

- On May 22, 2005 Kevin Andrews and I instructed you to perform a salary analysis (which I had actually asked you to prepare the week prior) and you refused. We restated the urgency and importance of this task, asked you to "drop everything else and put it on the back burner" so that this task could be completed immediately, and again you refused.
- On May 23, I sent you an email instructing you to do several things in preparation for my return from my vacation on June 1 (such as prepare the payroll for my review, order food for the June 1 Finance Committee meeting, prepare an update of billing for FY05 public funding, etc.) and upon my return on June 1, I found that you had not done any of these things.
- On June 1, we had a conversation about that week's payroll. I had instructed you to pay all salaried employees regardless of whether we had received a time sheet from them and you refused.

We had verbally negotiated your contract, as an "at-will" contract. As of January 2005, I had agreed to pay you a rate of $52k per year. I also agreed to provide 10 sick days, 20 vacation days and 3 personal days.

Although you have taken many days off, or partial days off, over the course of your contract, I am not counting that against your balance. However, for the two weeks in early May for which you were absent from your daily responsibilities at the school, I am counting 3 personal days and 7 vacation days, leaving you with a balance of 15 vacation days. Since we have prepaid your contract for the entire month of June, I consider your compensation to be fully paid as of June 3, 2005. Please keep in mind that we don't pay out for unused personal or sick days. Also, even though we haven't yet completed a full year of this contract, I have accrued the time-off on a year-long basis.

I expect that any files or materials related to the school that you may have at your home or anywhere else will be returned to my attention no later than June 8, 2005.

*[signature]*

197A Centre Street, Dorchester, MA 02124 p: 617-825-0703 f: 617-825-1829 website: www.NHCSonline.org