UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON,                       )<br>                                                      )<br>            Plaintiff,                         )<br>                                                      ) CIVIL ACTION NO.  05-CV-11584-DPW<br>v.                                                   )<br>                                                      )<br>NEIGHBORHOOD HOUSE CHARTER  )<br>SCHOOL,                                       )<br>                                                      )<br>            Defendant.                     )<br>                                                      ) | |

**DEFENDANT'S  MOTION FOR ORDER TO SHOW CAUSE
WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT**

Defendant Neighborhood House Charter School ("Defendant," "NHCS" or the "School") hereby moves the Court to issue an Order to Show Cause why Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") should not be held in contempt of court for her failure and refusal to comply with Magistrate Judge Alexander's Order of November 7, 2006 (docket no. 48).  Should Plaintiff fail to show such cause, Defendant further requests that the Court dismiss Plaintiff's claims in this matter with prejudice and order her to pay Defendant's costs and attorneys' fees in this matter.  As grounds for this motion, NHCS states as follows:

1.  Since Stevenson's former counsel withdrew his appearance in this matter, she has willfully refused to participate in the discovery process and engaged in an unconscionable pattern of obstruction and abuse.  After Stevenson failed to produce documents responsive to NHCS's requests for production of documents in this matter, the School filed its Motion to Compel Production of Documents (docket no. 32).  After Stevenson refused to respond to probative questions at deposition and persisted in a pattern of filing frivolous and vexatious motions in this Court and nine (9) other courts and administrative fora, the School filed its

BO1 15816856.1

Motion for Terminating Sanctions or in the Alternative to Compel Deposition Testimony (docket no. 41). The Court referred these motions, along with others, to Magistrate Judge Joyce London Alexander.

2. On November 6, 2006, Magistrate Judge Alexander held a hearing on all then-pending motions, and she subsequently issued an Order resolving those motions (docket no. 48). Among other relief, Magistrate Judge Alexander ordered Stevenson to produce documents responsive to NHCS's requests on or before November 20, 2006, and ordered her to appear for and cooperate in a continued deposition on December 20, 2006. Magistrate Judge Alexander also found that Plaintiff had engaged in an "apparently deliberate failure to respond to legitimate discovery requests" and that her inability to defend the motions she had filed substantiated Defendant's contention that Stevenson has acted in "frivolous and dilatory manner." Order, p. 4.

3. Though Magistrate Judge Alexander declined to dismiss Stevenson's claims as a sanction for her misconduct, she granted relief to the School by prohibiting Stevenson from making further frivolous filings. Order, pp. 4-5. The Magistrate Judge's Order also expressly granted Defendant "leave to resurrect [its] motion [to terminate Stevenson's claims] after December 8, 2006, should the Plaintiff engage in further frivolous and dilatory tactics in direct disregard of the Court's instant order." Order, p. 3.

4. Stevenson has flouted Magistrate Judge Alexander's Order in every respect. Specifically, she has produced no documents responsive to NHCS's requests. Further, Stevenson has attempted to subvert the Magistrate Judge's order that she appear for further deposition by claiming that she is unable to appear at the Boston office of NHCS's counsel, where she has appeared for deposition twice before by taking public transportation. A copy of

Stevenson's e-mail correspondence in this regard is attached as Exhibit A. Finally, Stevenson flouted the Magistrate Judge's order that she not make further frivolous filings by submitting motions relating to discovery in this matter to the U.S. Bankruptcy Court for the District of Massachusetts and purporting to appeal adverse determinations regarding those filings. *See* Bankruptcy Court docket no. 03-12304-jf, docket entries 214-235. Stevenson has also continued to serve dilatory and abusive discovery requests in this matter, after being repeatedly apprised by NHCS's counsel that she has exceeded the number of requests she is permitted to serve. *See* Exhibit A.

5. Stevenson filed objections to the Magistrate Judge's order on November 9, 2006 (docket entry no. 50). As discussed in NHCS's response to Stevenson's objections (docket entry no. 51), Plaintiff's submission is based on misrepresentations of fact and tortured constructions of law, and her objections provide no cognizable grounds for the District Court to alter or amend the Magistrate Judge's Order in any respect.

6. Stevenson's objections do not operate as a stay of the Magistrate Judge's Order of November 7, 2006. Magistrate Judge Local Rule 2(c). Stevenson also has not applied to the Magistrate Judge for a stay of that Order, as she would be required to do before seeking a stay from the District Court. *See id*. Stevenson is, therefore, in contempt of the Magistrate Judge's Order in several respects, including her continuing failure to produce documents, her refusal to cooperate in her deposition, and her continued pattern of frivolous filings.

WHEREFORE, Defendant Neighborhood House Charter School requests that this Court Order Plaintiff Janice Stevenson to show cause why she should not be held in contempt of Court. Should Plaintiff fail to show such cause, Defendant requests that the Court dismiss Plaintiff's

claims in this matter with prejudice and Order her to pay the School's costs and attorneys' fees in this matter.  A proposed Order is attached as Exhibit B.

|  |  |
|---|---|
|  | Respectfully submitted,<br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br>By its attorneys,<br><br>   /s/ Barry J. Miller   <br>Lynn A. Kappelman (BBO # 642017)<br>Barry J. Miller (BBO # 661596)<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:    (617) 946-4800 |
| DATED:  December 11, 2006 | Telecopier:    (617) 946-4801 |

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on December 11, 2006.

   /s/ Barry J. Miller   
Barry J. Miller

---

4

## Miller, Barry

**From:** Stevenson, Janice W. [janicestevensonus@gmail.com]
**Sent:** Wednesday, November 08, 2006 1:16 PM
**To:** Miller, Barry
**Subject:** RE: Stevenson v. NHCS

```
Mr. Miller:

The order states:
```

## Plaintiff's deposition will continue on

### December 20, 2006 at a time and place to be agreed to by the parties.

```
Because of my limited financial resources, we need to agree to a location that is more
accessible by me or I can walk to.  A possible location could be near Dudley station
(Roxbury), China Town, or downtown crossing.


In addition,
```

1)  Should Plaintiff wish to submit further discovery motions, Plaintiff must first discuss the merits and necessity of such motion with defense counsel and attempt to come to a resolution before filing said motion.

As you are aware, the School, my previous employer, has a statutory duty to maintain time records and employee records.

Since these records are mandatory under FLSA and essential to my claim, I am submitting further request for production of the School's documents.  In addition the School received a request for document production from John Davis, my previous attorney over a year ago on or around August 2005.  Please forward me my personnel records ASAP.

There are Recordkeeping Requirements Under the Fair Labor Standards Act (FLSA).  The FLSA's recordkeeping Regulations are in 29 CFR Part 516.

What About Timekeeping?: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

12/11/2006

| DAY | DATE | IN | OUT | TOTAL HOURS |
|---|---|---|---|---|
| | Employee Name: | | | |
| Sunday | 5/2/93 | -------- | | |
| Monday | 5/3/93 | 8:00 | 12:02 | |
| | | 1:00 | 5:03 | 8 |
| Tuesday | 5/4/93 | 7:57 | 11:58 | |
| | | 1:00 | 5:00 | 8 |
| Wednesday | 5/5/93 | 8:02 | 12:10 | |
| | | 1:06 | 5:05 | 8 |
| Thursday | 5/6/93 | -------- | | |
| Friday | 5/7/93 | -------- | | |
| Saturday | 5/8/93 | -------- | | |
| | Total Workweek Hours | | | 24 |

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

```
-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, November 07, 2006 4:12 PM
To: Stevenson, Janice W.
Subject: Stevenson v. NHCS

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is
a notice of your deposition for December 20 at our offices.  You may
disregard the notice issued for December 8.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753
```

```
<<Dec20depo.pdf>>
```
_____
Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br><br>    Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE<br>CHARTER SCHOOL,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED**
**ORDER TO SHOW CAUSE**

  Magistrate Judge Joyce London Alexander held a hearing in this matter on November 6, 2006 and entered an Order on November 7, 2006 granting Defendant's motion to compel production of documents, ordering Plaintiff to appear for and cooperate in further deposition, and prohibiting Plaintiff from making further frivolous filings in this matter. Plaintiff has failed and refused to comply with the November 7, 2006 Order without seeking a stay of that Order.

  Accordingly, Plaintiff Janice Stevenson is hereby ORDERED TO SHOW CAUSE why she should not be held in contempt for her willful refusal to comply with the Court's Order of November 7, 2006. Plaintiff Janice Stevenson is ORDERED to file a written response to this ORDER TO SHOW CAUSE with the Court, and serve a copy on counsel for Defendant Neighborhood House Charter School, within 10 days. Should Plaintiff fail to show such cause, the Court will impose further sanctions for her contempt.

Dated: _____    _____
                   Hon. Douglas P. Woodlock, United States District Judge