**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANICE STEVENSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>NEIGHBORHOOD HOUSE CHARTER<br>SCHOOL, )<br><br>Defendant. ) | CIVIL ACTION NO. 05-CV-11584-DPW |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE**

Defendant Neighborhood House Charter School ("Defendant" or "NHCS") hereby moves

for leave to file a supplemental brief in support of Defendant's Motion for Order to Show Cause

Why Plaintiff Should Not Be Held in Contempt (docket entry no. 52).  As grounds for this

motion, Defendant states as follows:

1.      On November 7, 2006, Magistrate Judge Joyce London Alexander entered an

Order awarding NHCS certain relief against Plaintiff Janice Stevenson ("Plaintiff").  Among

other things, the Magistrate Judge ordered Plaintiff to produce designated documents by

November 20, 2006 and to appear for her continued deposition on December 20, 2006. *See*

docket entry no. 48.

2.      Plaintiff filed insubstantial objections to the Magistrate Judge's Order (docket

entry no. 50), but she did not seek a stay of the Order from the Magistrate Judge or from the

District Judge assigned to this matter.

3.    Plaintiff subsequently defied the Court's November 7 Order by, among other things, failing to produce documents and attempting to obstruct the scheduling of her deposition. As a result, Defendant filed its Motion for Order to Show Cause on December 11, 2006.

4.    On December 20, 2006, despite the Court's clear order that she appear for deposition on that date, and despite receiving repeated reminders from NHCS's counsel about the continued deposition, Plaintiff failed to appear.

5.    NHCS believes that its proposed Supplemental Brief in Support of Defendant's Motion for Order to Show Cause will aid the Court in deciding the issues presented by Defendant's Motion for Order to Show Cause and Plaintiff's objections to the Magistrate Judge's Order of November 7.

6.    A copy of Defendant's proposed Supplemental Brief is attached as Exhibit 1.

WHEREFORE,  Defendant Neighborhood House Charter School requests leave to file its

Supplemental Brief in Support of Defendant's Motion for Order to Show Cause.

<div style="margin-left:50%;">

Respectfully submitted,
NEIGHBORHOOD HOUSE
CHARTER SCHOOL,
By its attorneys,


        /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:     (617) 946-4801
</div>

DATED:  December 21, 2006

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system
and that a true copy of the above document was served
on Plaintiff *pro se* Janice Stevenson by e-mail to janicestevensonus@gmail.com
and by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on
December 21, 2006.


        /s/ Barry J. Miller
Barry J. Miller

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| JANICE STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| v. | ) | |
| | ) | |
| NEIGHBORHOOD HOUSE | ) | |
| CHARTER SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED**
**SUPPLEMENTAL BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

Defendant Neighborhood House Charter School ("Defendant" or "NHCS") submits this

Supplemental Brief in further support of Defendant's Motion for Order to Show Cause Why

Plaintiff Should Not Be Held in Contempt (docket entry no. 52) in order to provide the Court

with an account of facts that have developed since NHCS filed its motion.  In further support of

its Motion for Order to Show Cause, Defendant states as follows:

1.      As a result of Plaintiff Janice Stevenson's ("Plaintiff" or "Stevenson") failure to

comply with her discovery obligations in this matter and her enduring pattern of frivolous filings,

Defendant filed several motions seeking relief from the Court, as detailed more fully in

Defendant's Motion for Order to Show Cause.

2.      On November 7, 2006, Magistrate Judge Joyce London Alexander entered an

Order awarding NHCS certain relief against Plaintiff.  Among other things, the Magistrate Judge

ordered Plaintiff to produce designated documents and appear for her deposition on December

20, 2006.  *See* docket entry no. 48.  The basis for the Court's order that Plaintiff appear for

continued deposition was Plaintiff's willful refusal to participate in good faith the first two sessions of her deposition. *Id.*

3.      Also on November 7, NHCS's counsel served on Plaintiff by e-mail and First Class U.S. Mail a notice of her deposition for the date specified by the Court's Order. A copy of NHCS's counsel's e-mail to Plaintiff, along with the notice of deposition is attached as Exhibit A.

4.      On November 8, 2006, in response to NHCS's notice of her deposition, Stevenson sent an e-mail to Defendant's counsel implausibly claiming that her limited financial resources made it impossible for her to appear at NHCS's counsel's Boston offices and suggesting that the deposition be held in various other nearby Boston neighborhoods. A copy of Stevenson's November 8 e-mail message is attached as Exhibit B.

5.      Defendant's counsel responded to Stevenson's November 8 e-mail by noting that Stevenson had twice previously appeared at Defendant's counsel's offices by taking public transportation without any apparent undue burden, and that she would be expected to appear for her continued deposition at the same location. A copy of Defendant's counsel's response to Stevenson's November 8 e-mail message is attached as Exhibit C.

6.      Stevenson replied to Defendant's counsel's response by claiming that she did not understand the message. A copy of Stevenson's reply is attached as Exhibit D. On November 9, Defendant's counsel offered in writing to explain further any specific point in its previous message that Stevenson did not understand. A copy of Defendant's counsel's message in that regard is attached as Exhibit E. Stevenson did not identify any issue in Defendant's counsel's

correspondence for which she desired a further explanation, and she engaged in no further communications to Defendant's counsel regarding her continued deposition.

7.    On December 11, 2006, NHCS filed its Motion for Order to Show Cause seeking relief relating to Plaintiff's refusal to comply with the Court's Order, primarily including her continued failure to produce documents as directed.

8.    On December 18, Defendant's counsel sent an e-mail message to Plaintiff reminding her that her continued deposition was scheduled for December 20 at Defendant's counsel's offices.  A copy of this message is attached hereto as Exhibit F.  Stevenson did not respond to Defendant's counsel's message of December 18 or otherwise contact Defendant's counsel regarding her continued deposition.

9.    On December 20, 2006, Defendant's counsel convened for Plaintiff's deposition at 10:00 am, as scheduled.  Plaintiff did not appear for her deposition, and she did not telephone or otherwise contact Defendant's counsel to explain her absence.

10.    Plaintiff's refusal to attend her properly noticed deposition is an independent ground for sanctions, including the dismissal of her claims in this matter with prejudice. Fed.R.Civ.P. 37(d).   Moreover, Plaintiff's refusal to appear for her deposition in violation of the Magistrate Judge's Order of November 7, 2006, constitutes contempt of court, also warranting the dismissal of Stevenson's claims with prejudice.  Fed.R.Civ.P. 37(b)(2)(C).

11.    In light of Stevenson's extensive pattern of misconduct in this matter, an order sanctioning Plaintiff in the amount of the attorneys' fees she caused NHCS to expend is unquestionably appropriate.  Fed.R.Civ.P. 37(b)(2) (". . .the court shall require the party failing

3

to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.")

WHEREFORE, Defendant Neighborhood House Charter School requests that the Court Order Plaintiff Janice Stevenson to show cause why she should not be held in contempt of Court. Should Plaintiff fail to show such cause, Defendant requests that the Court dismiss Plaintiff's claims in this matter with prejudice and Order her to pay the School's costs and attorneys' fees in this matter.  A proposed Order is attached to Defendant's Motion for Order to Show Cause as Exhibit B.

Respectfully submitted,
NEIGHBORHOOD HOUSE
CHARTER SCHOOL,
By its attorneys,


____/s/ Barry J. Miller_____
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
DATED:  December 21, 2006           Telecopier:    (617) 946-4801

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by e-mail to janicestevensonus@gmail.com and by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on December 21, 2006.

_____/s/ Barry J. Miller_____
Barry J. Miller

---

4

**Miller, Barry**

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Tuesday, November 07, 2006 4:12 PM |
| **To:** | 'Stevenson, Janice W. ' |
| **Subject:** | Stevenson v. NHCS |

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is a notice of your deposition for December 20 at our offices. You may disregard the notice issued for December 8.

Regards,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753



Dec20depo.pdf (48
KB)

1

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

JANICE STEVENSON,

          Plaintiff,

v.

NEIGHBORHOOD HOUSE CHARTER
SCHOOL,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 05-CV-11584-DPW

### NOTICE OF CONTINUED DEPOSITION

PLEASE TAKE NOTICE that at 10:00 a.m. on Friday, December 20, 2006, at the offices

of Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston,

Massachusetts, Defendant Neighborhood House Charter School, pursuant to Fed.R.Civ.P. 30,

will take the continued deposition upon oral examination of Janice Stevenson. The examination

shall be taken before an officer authorized by law to administer oaths, and will continue from

day-to-day until completed.

NEIGHBORHOOD HOUSE CHARTER
SCHOOL,
By its attorneys,

Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

DATED: November 7, 2006

### CERTIFICATE OF SERVICE

I, Barry J. Miller, hereby certify that on this 7th day of November, 2006, a true copy of the
foregoing document was sent by electronic mail to Janice Stevenson at
janicestevensonus@gmail.com and by First Class Mail to P.O. Box 400372. Cambridge, MA,
02140.

Barry J. Miller

BO1 15811055.1

**Miller, Barry**

| | |
|---|---|
| **From:** | Stevenson, Janice W. [janicestevensonus@gmail.com] |
| **Sent:** | Wednesday, November 08, 2006 1:16 PM |
| **To:** | Miller, Barry |
| **Subject:** | RE: Stevenson v. NHCS |

Mr. Miller:

The order states:

# Plaintiff's deposition will continue on

## December 20, 2006 at a time and place to be agreed to by the parties.

Because of my limited financial resources, we need to agree to a location that is more accessible by me or I can walk to.  A possible location could be near Dudley station (Roxbury), China Town, or downtown crossing.

In addition,

1) Should Plaintiff wish to submit further discovery motions, Plaintiff must first discuss the merits and necessity of such motion with defense counsel and attempt to come to a resolution before filing said motion.

As you are aware, the School, my previous employer, has a statutory duty to maintain time records and employee records.

Since these records are mandatory under FLSA and essential to my claim, I am submitting further request for production of the School's documents.  In addition the School received a request for document production from John Davis, my previous attorney over a year ago on or around August 2005.  Please forward me my personnel records ASAP.

There are Recordkeeping Requirements Under the Fair Labor Standards Act (FLSA).  The FLSA's recordkeeping Regulations are in 29 CFR Part 516.

What About Timekeeping?: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

12/20/2006

| DAY | DATE | IN | OUT | TOTAL HOURS |
|-----|------|----|----|-------------|
| | Employee Name: | | | |
| Sunday | 5/2/93 | -------- | | |
| Monday | 5/3/93 | 8:00 12:02 | | |
| | | 1:00 5:03 | 8 | |
| Tuesday | 5/4/93 | 7:57 11:58 | | |
| | | 1:00 5:00 | 8 | |
| Wednesday | 5/5/93 | 8:02 12:10 | | |
| | | 1:06 5:05 | 8 | |
| Thursday | 5/6/93 | -------- | | |
| Friday | 5/7/93 | -------- | | |
| Saturday | 5/8/93 | -------- | | |
| | Total Workweek Hours | | 24 | |

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.


-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, November 07, 2006 4:12 PM
To: Stevenson, Janice W.
Subject: Stevenson v. NHCS

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is
a notice of your deposition for December 20 at our offices.  You may
disregard the notice issued for December 8.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

<<Dec20depo.pdf>>

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

## Miller, Barry

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Wednesday, November 08, 2006 3:13 PM |
| **To:** | 'Stevenson Janice' |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | RE: Stevenson v. NHCS |

Ms. Stevenson,

Your suggestion that you cannot appear at our Boston offices for your deposition is implausible. As an initial matter, you have twice appeared at our offices for previous sessions of your deposition, and you testified that you took public transportation to the World Trade Center T station that is directly across the street from our offices to do so. We also refer you to Local Rule 30.1, which states that any location in the City of Boston is deemed as a matter of law to be a convenient place for the taking of a deposition for any person who resides in the counties of Suffolk, Bristol, Essex, Middlesex, Norfolk, Plymouth or Worcester. Though you have improperly refused in prior sessions of your deposition to tell us where you reside, it is clear from your testimony and from the many judicial and administrative proceedings that we have known you to attend that you spend a significant amount of time in Cambridge and Boston, both of which are well within the territory described by the applicable Rule. We will not incur the expense or inconvenience of securing an alternative space within the City of Boston in which to take your deposition, and we will expect you to appear at our offices at or before 10:00 am on December 20, 2006.

Your most recent set of document requests is also wholly inappropriate. Despite your captioning it as your second set of document requests, it is in fact the fourth set of requests you have served on the School. You served three (3) separate sets of requests on NHCS by e-mail on June 22, 2006, to which we responded on July 24, 2006. We notified you both by correspondence dated June 26, 2006 and in our substantive responses to your first three sets of requests that you had exceeded the number of document requests allowed by Local Rule 26.1(C). Your continuing to serve discovery requests without leave of court is in further derogation of that Rule. We, therefore, request that you withdraw your most recent set of document requests immediately, and we reserve the right to seek a protective order and sanctions from the Court if you have not done so prior to the close of business on Wednesday, November 15.

The representations in your message below about documents to which you claim to be entitled by statute are also entirely specious. As you know, it is (and consistently has been) NHCS's position that you were never an employee of the School for purposes of state or federal wage and hour law. The record keeping provisions of the Fair Labor Standards Act and the provisions of Mass. Gen. Laws ch. 149, § 52C have no application to independent contractors. The gravamen of the case you have initiated against the School is a dispute regarding your status as a putative employee, rather than an independent contractor. As we have informed you many times, you cannot rely on your assumption that you may ultimately prevail on the merits of this case to impute additional statutory obligations to NHCS.

In light of the foregoing considerations, we are concerned that you have missed the central point of Magistrate Judge Alexander's Order of November 8. Your message below constitutes exactly the sort of behavior that the Court has clearly stated it will no longer tolerate. If you persist with these tactics, we will be forced to file a motion for further relief with the Court.

Regards,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

-----Original Message-----
**From:** Stevenson, Janice W. [mailto:janicestevensonus@gmail.com]
**Sent:** Wednesday, November 08, 2006 1:16 PM
**To:** Miller, Barry
**Subject:** RE: Stevenson v. NHCS

```
Mr. Miller:

The order states:
```

# Plaintiff's deposition will continue on



```
Because of my limited financial resources, we need to agree to a location that is
more accessible by me or I can walk to.  A possible location could be near Dudley
station (Roxbury), China Town, or downtown crossing.

In addition,
```

1) Should Plaintiff wish to submit further discovery motions, Plaintiff must first

discuss the merits and necessity of such motion with defense counsel and

attempt to come to a resolution before filing said motion.

As you are aware, the School, my previous employer, has a statutory duty to maintain time records and employee records.

Since these records are mandatory under FLSA and essential to my claim, I am submitting further request for production of the School's documents.  In addition the School received a request for document production from John Davis, my previous attorney over a year ago on or around August 2005.  Please forward me my personnel records ASAP.

There are Recordkeeping Requirements Under the Fair Labor Standards Act (FLSA). The FLSA's recordkeeping Regulations are in 29 CFR Part 516.

What About Timekeeping?: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

| DAY | DATE | IN | OUT | TOTAL HOURS |
|-----|------|----|----|-------------|

| Employee Name: | | | | |
|---|---|---|---|---|
| Sunday | 5/2/93 | | -------- | |
| Monday | 5/3/93 | 8:00 | 12:02 | |
| | | 1:00 | 5:03 | 8 |
| Tuesday | 5/4/93 | 7:57 | 11:58 | |
| | | 1:00 | 5:00 | 8 |
| Wednesday | 5/5/93 | 8:02 | 12:10 | |
| | | 1:06 | 5:05 | 8 |
| Thursday | 5/6/93 | | -------- | |
| Friday | 5/7/93 | | -------- | |
| Saturday | 5/8/93 | | -------- | |
| | | | | |
| Total Workweek Hours | | | | 24 |

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

```
-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, November 07, 2006 4:12 PM
To: Stevenson, Janice W.
Subject: Stevenson v. NHCS

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is
a notice of your deposition for December 20 at our offices.  You may
disregard the notice issued for December 8.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753
```

<<Dec20depo.pdf>>

---

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

## Miller, Barry

**From:** Stevenson, Janice W. [janicestevensonus@gmail.com]
**Sent:** Wednesday, November 08, 2006 10:56 PM
**To:** Miller, Barry
**Subject:** RE: Stevenson v. NHCS

I don't understand your email.  Can you rephrase your statement?  Did you get my email?

**From:** Miller, Barry [mailto:BMiller@seyfarth.com]
**Sent:** Wednesday, November 08, 2006 3:13 PM
**To:** Stevenson Janice
**Cc:** Kappelman, Lynn
**Subject:** RE: Stevenson v. NHCS

Ms. Stevenson,

Your suggestion that you cannot appear at our Boston offices for your deposition is implausible.  As an initial matter, you have twice appeared at our offices for previous sessions of your deposition, and you testified that you took public transportation to the World Trade Center T station that is directly across the street from our offices to do so.  We also refer you to Local Rule 30.1, which states that any location in the City of Boston is deemed as a matter of law to be a convenient place for the taking of a deposition for any person who resides in the counties of Suffolk, Bristol, Essex, Middlesex, Norfolk, Plymouth or Worcester.  Though you have improperly refused in prior sessions of your deposition to tell us where you reside, it is clear from your testimony and from the many judicial and administrative proceedings that we have known you to attend that you spend a significant amount of time in Cambridge and Boston, both of which are well within the territory described by the applicable Rule.  We will not incur the expense or inconvenience of securing an alternative space within the City of Boston in which to take your deposition, and we will expect you to appear at our offices at or before 10:00 am on December 20, 2006.

Your most recent set of document requests is also wholly inappropriate.  Despite your captioning it as your second set of document requests, it is in fact the fourth set of requests you have served on the School.  You served three (3) separate sets of requests on NHCS by e-mail on June 22, 2006, to which we responded on July 24, 2006.  We notified you both by correspondence dated June 26, 2006 and in our substantive responses to your first three sets of requests that you had exceeded the number of document requests allowed by Local Rule 26.1 (C).  Your continuing to serve discovery requests without leave of court is in further derogation of that Rule.  We, therefore, request that you withdraw your most recent set of document requests immediately, and we reserve the right to seek a protective order and sanctions from the Court if you have not done so prior to the close of business on Wednesday, November 15.

The representations in your message below about documents to which you claim to be entitled by statute are also entirely specious.  As you know, it is (and consistently has been) NHCS's position that you were never an employee of the School for purposes of state or federal wage and hour law.  The record keeping provisions of the Fair Labor Standards Act and the provisions of Mass. Gen. Laws ch. 149, § 52C have no application to independent contractors.  The gravamen of the case you have initiated against the School is a dispute regarding your status as a putative employee, rather than an independent contractor.  As we have informed you many times to impute additional statutory obligations to NHCS.
, you cannot rely on your assumption that you may ultimately prevail on the merits of this case
In light of the foregoing considerations, we are concerned that you have missed the central point of Magistrate Judge Alexander's Order of November 8.  Your message below constitutes exactly the sort of behavior that the Court has clearly stated it will no longer tolerate.  If you persist with these tactics, we will be forced to file a motion for further relief with the Court.

Regards,

Barry J. Miller

*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

-----Original Message-----
**From:** Stevenson, Janice W. [mailto:janicestevensonus@gmail.com]
**Sent:** Wednesday, November 08, 2006 1:16 PM
**To:** Miller, Barry
**Subject:** RE: Stevenson v. NHCS

Mr. Miller:

The order states:

# Plaintiff's deposition will continue on



Because of my limited financial resources, we need to agree to a location that
is more accessible by me or I can walk to.  A possible location could be near
Dudley station (Roxbury), China Town, or downtown crossing.

In addition,

1)    Should Plaintiff wish to submit further discovery motions, Plaintiff must first

discuss the merits and necessity of such motion with defense counsel and

attempt to come to a resolution before filing said motion.

As you are aware, the School, my previous employer, has a statutory duty to maintain time records and employee records.

Since these records are mandatory under FLSA and essential to my claim, I am submitting further request for production of the School's documents.  In addition the School received a request for document production from John Davis, my previous attorney over a year ago on or around August 2005.  Please forward me my personnel records ASAP.

There are Recordkeeping Requirements Under the Fair Labor Standards Act (FLSA).  The FLSA's recordkeeping Regulations are in 29 CFR Part 516.

What About Timekeeping?: Employers may use any timekeeping method they choose. For

example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

| DAY | DATE | IN | OUT | TOTAL HOURS |
|---|---|---|---|---|
| Employee Name: | | | | |
| Sunday | 5/2/93 | | -------- | |
| Monday | 5/3/93 | 8:00 | 12:02 | |
| | | 1:00 | 5:03 | 8 |
| Tuesday | 5/4/93 | 7:57 | 11:58 | |
| | | 1:00 | 5:00 | 8 |
| Wednesday | 5/5/93 | 8:02 | 12:10 | |
| | | 1:06 | 5:05 | 8 |
| Thursday | 5/6/93 | | -------- | |
| Friday | 5/7/93 | | -------- | |
| Saturday | 5/8/93 | | -------- | |
| Total Workweek Hours | | | | 24 |

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

```
-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, November 07, 2006 4:12 PM
To: Stevenson, Janice W.
Subject: Stevenson v. NHCS

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is
a notice of your deposition for December 20 at our offices.  You may
disregard the notice issued for December 8.
```

```
Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753


  <<Dec20depo.pdf>>
```

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

## Miller, Barry

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Thursday, November 09, 2006 9:43 AM |
| **To:** | 'Stevenson Janice' |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | RE: Stevenson v. NHCS |

Ms. Stevenson,

There are many statements in my e-mail to you of November 8, and it is not feasible to rephrase the entire communication. In sum, we believe that you are required to appear at our offices for your deposition and that the various requests for documents in your message are improper. If there is a particular issue or phrase in my message that you are having difficulty understanding, please identify your question more precisely, and we will endeavor to explain our position further. I note that my message as you have quoted it below has one garbled sentence, and if that is the source of your confusion, it may help you to review a copy of the message in the form that I sent it to you.

I have received only 2 e-mails from you since the hearing on Monday, November 6. One of them is quoted below. The other, dated November 7, related to a scheduling conflict with your deposition on December 8, and that issue has been resolved by rescheduling your deposition for December 20. If you have attempted to send me any other messages since November 6, I have not received them.

Regards,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

-----Original Message-----
**From:** Stevenson, Janice W. [mailto:janicestevensonus@gmail.com]
**Sent:** Wednesday, November 08, 2006 10:56 PM
**To:** Miller, Barry
**Subject:** RE: Stevenson v. NHCS

I don't understand your email. Can you rephrase your statement? Did you get my email?

**From:** Miller, Barry [mailto:BMiller@seyfarth.com]
**Sent:** Wednesday, November 08, 2006 3:13 PM
**To:** Stevenson Janice
**Cc:** Kappelman, Lynn
**Subject:** RE: Stevenson v. NHCS

Ms. Stevenson,

Your suggestion that you cannot appear at our Boston offices for your deposition is implausible. As an initial matter, you have twice appeared at our offices for previous sessions of your deposition, and you testified that you took public transportation to the World Trade Center T station that is directly across the street from our offices to do so. We also refer you to Local Rule 30.1, which states that any location in the City of Boston is deemed as a matter of law to be a convenient place for the taking of a deposition for any

person who resides in the counties of Suffolk, Bristol, Essex, Middlesex, Norfolk, Plymouth or Worcester. Though you have improperly refused in prior sessions of your deposition to tell us where you reside, it is clear from your testimony and from the many judicial and administrative proceedings that we have known you to attend that you spend a significant amount of time in Cambridge and Boston, both of which are well within the territory described by the applicable Rule. We will not incur the expense or inconvenience of securing an alternative space within the City of Boston in which to take your deposition, and we will expect you to appear at our offices at or before 10:00 am on December 20, 2006.

Your most recent set of document requests is also wholly inappropriate. Despite your captioning it as your second set of document requests, it is in fact the fourth set of requests you have served on the School. You served three (3) separate sets of requests on NHCS by e-mail on June 22, 2006, to which we responded on July 24, 2006. We notified you both by correspondence dated June 26, 2006 and in our substantive responses to your first three sets of requests that you had exceeded the number of document requests allowed by Local Rule 26.1(C). Your continuing to serve discovery requests without leave of court is in further derogation of that Rule. We, therefore, request that you withdraw your most recent set of document requests immediately, and we reserve the right to seek a protective order and sanctions from the Court if you have not done so prior to the close of business on Wednesday, November 15.

The representations in your message below about documents to which you claim to be entitled by statute are also entirely specious. As you know, it is (and consistently has been) NHCS's position that you were never an employee of the School for purposes of state or federal wage and hour law. The record keeping provisions of the Fair Labor Standards Act and the provisions of Mass. Gen. Laws ch. 149, § 52C have no application to independent contractors. The gravamen of the case you have initiated against the School is a dispute regarding your status as a putative employee, rather than an independent contractor. As we have informed you many times to impute additional statutory obligations to NHCS.
   , you cannot rely on your assumption that you may ultimately prevail on the merits of this case
In light of the foregoing considerations, we are concerned that you have missed the central point of Magistrate Judge Alexander's Order of November 8. Your message below constitutes exactly the sort of behavior that the Court has clearly stated it will no longer tolerate. If you persist with these tactics, we will be forced to file a motion for further relief with the Court.


Regards,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753


     -----Original Message-----
     **From:** Stevenson, Janice W. [mailto:janicestevensonus@gmail.com]
     **Sent:** Wednesday, November 08, 2006 1:16 PM
     **To:** Miller, Barry
     **Subject:** RE: Stevenson v. NHCS

     Mr. Miller:

     The order states:

# Plaintiff's deposition will continue on

## December 20, 2006 at a time and place to be agreed to by the parties

```
Because of my limited financial resources, we need to agree to a location
that is more accessible by me or I can walk to.  A possible location
could be near Dudley station (Roxbury), China Town, or downtown crossing.


In addition,
```



As you are aware, the School, my previous employer, has a statutory duty to maintain time records and employee records.

Since these records are mandatory under FLSA and essential to my claim, I am submitting further request for production of the School's documents.  In addition the School received a request for document production from John Davis, my previous attorney over a year ago on or around August 2005. Please forward me my personnel records ASAP.

There are Recordkeeping Requirements Under the Fair Labor Standards Act (FLSA).  The FLSA's recordkeeping Regulations are in 29 CFR Part 516.

What About Timekeeping?: Employers may use any timekeeping method they choose. For example, they may use a time clock, have a timekeeper keep track of employee's work hours, or tell their workers to write their own times on the records. Any timekeeping plan is acceptable as long as it is complete and accurate.

The following is a sample timekeeping format employers may follow but are not required to do so:

| DAY | DATE | IN | OUT | | TOTAL HOURS |
|-----|------|----|----|----|-------------|
| Employee Name: | | | | | |
| Sunday | 5/2/93 | | -------- | | |
| Monday | 5/3/93 | 8:00 | 12:02 | | |
| | | 1:00 | 5:03 | 8 | |
| Tuesday | 5/4/93 | 7:57 | 11:58 | | |
| | | 1:00 | 5:00 | 8 | |
| Wednesday | 5/5/93 | 8:02 | 12:10 | | |
| | | 1:06 | 5:05 | 8 | |
| Thursday | 5/6/93 | | -------- | | |

| | | |
|---|---|---|
| Friday | 5/7/93 | -------- |
| Saturday | 5/8/93 | -------- |

Total Workweek Hours          24

How Long Should Records Be Retained: Each employer shall preserve for at least three years payroll records, collective bargaining agreements, sales and purchase records. Records on which wage computations are based should be retained for two years, i.e., time cards and piece work tickets, wage rate tables, work and time schedules, and records of additions to or deductions from wages. These records must be open for inspection by the Division's representatives, who may ask the employer to make extensions, computations, or transcriptions. The records may be kept at the place of employment or in a central records office.

```
-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]
Sent: Tuesday, November 07, 2006 4:12 PM
To: Stevenson, Janice W.
Subject: Stevenson v. NHCS
```

Ms. Stevenson,

As discussed in my e-mail to you of earlier this afternoon, attached is a notice of your deposition for December 20 at our offices.  You may disregard the notice issued for December 8.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

  <<Dec20depo.pdf>>

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately

```
to the sender that you have received the message in error, and delete it.
Thank you.
```

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this information is prohibited and may be unlawful. If you have received this electronic transmission in error, please reply immediately to the sender that you have received the message in error, and delete it. Thank you.

**Miller, Barry**

| | |
|---|---|
| **From:** | Miller, Barry |
| **Sent:** | Monday, December 18, 2006 11:54 AM |
| **To:** | 'Stevenson Janice' |
| **Subject:** | Stevenson v. NHCS |

Ms. Stevenson,

This is a reminder that the District Court has ordered you to appear for deposition in the above-referenced matter on Wednesday, December 20, 2006.  Please arrive at our offices by 10:00 am and plan to be here for the day.  Please also remember to bring your glasses to facilitate your review of documents and other exhibits.

Regards,

Barry J. Miller
*Seyfarth Shaw LLP*
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753