FILED
**UNITED STATES DISTRICT COURT** CLERKS OFFICE
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| JANICE STEVENSON, | ) |
| | ) 2006 DEC 20  P 3: 28 |
| Plaintiff, | ) |
| | ) U.S. DISTRICT COURT |
| | ) DISTRICT OF MASS. |
| v. | ) CIVIL ACTION NO. 05-CV-11584-DPW |
| | ) |
| NEIGHBORHOOD HOUSE CHARTER | ) |
| SCHOOL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT

Plaintiff requests that the Court deny Defendant's motion to show cause and not hold Plaintiff in contempt; in support thereof Plaintiff states:

1. I cannot produce documents that are not in my possession or that I had not obtained until after November 20, 2006 [**Attachment I**].

2. Since I was terminated by the Defendant, my monthly income dropped from $1,000 weekly to $453 of unemployment insurance. I am in danger of depriving myself and those who are dependent on me of the necessities of life, including food, shelter and clothing.

3. I did not have steady employment until I started working at Neighborhood House Charter School in May 2004. I lived in shelters in Massachusetts from April 2003 to April 2005. I worked at the School from May 2004 to June 2005. For the twenty-four (24) months I lived in shelters in Massachusetts, eleven (11) of those months were worked at the School [see affidavit].

3

4. I gave the Defendant plenty of notice of my financial hardship, yet this Defendant refuses to compromise.

5. The Defendant, Neighborhood House Charter School, submits confusing motions. The Defendant claims it wants discovery, yet in the same motion wants the case dismissed without obtaining the discovery and order her to pay the School's costs and attorney fees.

6. The Defendant wants Plaintiff's lawsuit for overtime wages dismissed by the Court.

7. Defendants attempt for discovery is just a ruse since they can not substantiate it owns allegation that Plaintiff is an independent contractor.

8. The Defendant's strategy is to get the Court to dismiss Plaintiff's claims on procedural issues.

9. The Defendant has refused to produce any payroll records or other employment documents to substantiate its allegation, even though these documents are referenced in Defendant's own correspondence.

10. The Defendant sought discovery of Plaintiff's financial records from 2000; however, the Defendant cannot show to this Court that Plaintiff was an independent contractor from August 2004 to June 2005.

11. Plaintiff has produced time records, budgets, pay records notating Plaintiff's wages were charged to salaries and fringe by the Defendant, and showed that Plaintiff was economically dependent upon the Defendant during her ten (10) months of employment.

CONCLUSION

Therefore, the Plaintiff prays that the Court will deny the Defendant's Motion For

Order To Show Cause Why Plaintiff Should Not Be Held In Contempt

Date: December 20, 2006

Respectfully submitted by,

*Janice Wilson Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 - fax

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE
CHARTER SCHOOL  to:

> Lynn A. Kappelman (BBO # 642017)
> Barry J. Miller (BBO # 661596)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone: (617) 946-4800
> Telecopier: (617) 946-4801

*Janice Wilson Stevenson*