UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br><br>             Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE CHARTER SCHOOL,<br><br>             Defendant. | CIVIL ACTION NO. 05-CV-11584-DPW |

## MOTION FOR SUMMARY JUDGMENT

NOW comes Janice Stevenson ("Plaintiff") and petitions this Honorable Court for Summary Judgment. The undisputed facts support the conclusion that the Neighborhood House Charter School ("Defendant") is the Employer and that the Plaintiff is the Employee under the FLSA.

As far as the present record shows, Plaintiff is, as a matter of economic reality, dependent on, Neighborhood house Charter School, the business she served.

*[handwritten note: "Do not scan Exhibits Thanks – M."]*

### UNDISPUTED FACTS

1. Plaintiff work was performed primarily at the Employer's place of business.

2. Plaintiff reported to the Dean of Administration, Jagdish Chokshi. **[Attachment A]**

3. Plaintiff had a private office at Neighborhood House Charter School's place of business.

4. Plaintiff had an exclusive desk at Neighborhood House Charter School's place of business.

5. Plaintiff's supplies were provided by Neighborhood House Charter School, including business cards, employee handbook. **[Attachment B]**

6. Plaintiff was included on Neighborhood House Charter School fiscal budget. **[Attachment C]**

7. Plaintiff was paid $25 per hour, as well as paid vacation and sick days. **[Attachment D]**

8. The wages paid to Plaintiff were charged to the salaries and fringe benefits account, per the Dean of Administration, Jagdish Chokshi's, instructions. **[Attachment E]**

9. Plaintiff duties consisted of eighty percent data entry in account payable database, payroll database, employee benefit databases, and distributing mail and checks. **[Attachment F]**

10. Plaintiff's work was an integral part of the Employer's business. **[Attachment G]**

11. Plaintiff was economically dependent upon the Employer. **[Attachment H, affidavit]**

## I. WHETHER PLAINTIFF WAS, AS A MATTER OF ECONOMIC REALITY, DEPENDENT ON THE BUSINESS SHE SERVED, OR, CONVERSELY, WHETHER SHE WAS IN BUSINESS FOR HERSELF

The focal point is whether Plaintiff "is economically dependent on the business to which she renders service or is, as a matter of economic [reality], in business for herself." *Id.* (internal quotation marks and alteration omitted); *see also Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988); *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976).

### A SIX (6)-FACTOR TEST TO DETERMINE WHETHER A WORKER IS AN EMPLOYEE OR AN INDEPENDENT CONTRACTOR[1]

(1)

---

[1] *Herman v. Mid-Atlantic Installation Servs., Inc.*, 164 F. Supp. 2d 667, 671 (D. Md. 2000); *see also Henderson*, 41 F.3d at 570. (These factors are often called the "*Silk* factors" in reference to *United States v. Silk*, 331 U.S. 704 (1947), the Supreme Court case from which they derive.) No single factor is dispositive; again, the test is designed to capture the economic realities of the relationship between the worker and the putative employer. *Henderson*, 41 F.3d at 570.

The degree of control that the putative employer has over the manner in which the work is performed:

When this Honorable Court weighs the Plaintiff's control against the total control exercised by Neighborhood House Charter School, this Honorable Court will note that employers exercised nearly complete control over how the Plaintiff did her job. Neighborhood House Charter School strictly dictated the manner in which Plaintiff was to carry out her primary duties of **"enrolling new employees in the School's Plans..."** [**Attachment C**]. Plaintiff was subject to her Employer's control. There is ample documentary evidence from the Employer:

a.   The Dean of Administration, Jagdish Chokshi and Kevin Andrews, approved an email listing Plaintiff's scheduled hours, who to advise of absences, and a list of tasks [**Attachment A**].

b.   A memo dated June 3, 2005, [**Attachment D**], demonstrates the Employer's degree of control over the Plaintiff. The memo cites the Employer's dissatisfaction over absences of the Plaintiff so much so that Plaintiff's absences from work are listed as a reason for termination.

c.   Plaintiff performed services which benefited Neighborhood House Charter School.

d.   Neighborhood House Charter School maintained the authority to discipline Plaintiff and change the terms of her employment.

e.   While there were, no doubt, occasions when Plaintiff was required to exercise independent judgment, as a general rule Plaintiff did not control the manner in which she performed her tasks in the School's Plans.

(2)

Plaintiff's opportunities for profit or loss dependent on her managerial skill;

f.      Plaintiff did not receive any cash bonuses, gifts, or days off with pay. There were no perquisites dependent on managerial skills. Plaintiff could not exercise or hone her managerial skill to increase her pay. Neighborhood House Charter School paid Plaintiff a set rate: $25 per hour. Neighborhood House Charter School needs dictated the hours worked. There was no way Plaintiff could finish her shift more efficiently or quickly in order to perform additional paid work. *Cf. Herman*, 164 F. Supp. 2d at 674 (noting that cable installers can control their own profits and losses "by improving their technique so that they can service more customers faster"). Plaintiffs' work was, by its very nature, time oriented, not project oriented. The second *Silk* factor weighs in favor of employee status for Plaintiff.

(3)

Plaintiff's investment in equipment or material, or her employment of other workers;

g.      This factor weighs heavily against a conclusion that Plaintiff was an independent contractor. Neighborhood House Charter School supplied almost every piece of equipment Plaintiff used: desktop computers, payroll training, human resource training, business cards, telephone, and office supplies. Plaintiff was not required to invest in any equipment or materials. In addition, Plaintiff could not hire other workers to help her do her work.

[Attachment G]

Plaintiff was never compelled to obtain credentials while she worked at the School; nor did the School seek references as to Plaintiff's "expert status". Plaintiff continued to operate under the authority of Neighborhood House Charter School's license and the protection of the School's liability insurance.

(4)

The degree of skill required for the work;

h.      Plaintiff's tasks were, for the most part, carefully scripted by Neighborhood House Charter School. Moreover, many of her tasks required little skill, for example, sorting the

mail, distributing mail and checks, data entry enrolling new employees in the School's Plans, payroll, account payable, account receivable, cash receipts and disbursements.

(5)

The permanence of the working relationship; and

i.     Plaintiff was an at will employee. I began working at Neighborhood House Charter School in May 2004. The School needed someone in the Development Office, who was proficient with Microsoft Word, Microsoft Excel, and Microsoft Access. ACE Employment Services, a temporary employment agency, was Plaintiff's employer. Neighborhood House Charter School terminated Plaintiff's contract with ACE Employment Services. Neighborhood House Charter School hired Plaintiff because she was already working at the School and was proficient with Microsoft Word, Microsoft Excel, and Microsoft Access.

(6)

The degree to which the services rendered are an integral part of the putative employer's business.

j.     The scope of responsibilities was Finance, Financial Reporting, Payroll, Benefits Administration, Special projects, data entry enrolling new employees and vendors in the School's Plans: in payroll, account payable, human resources. These were Plaintiff's tasks during the period relevant to this case. Plaintiff's tasks were thus an integral part of Neighborhood House Charter School Neighborhood House Charter School's business.

**The burden of proving independent contractor exemption is upon the Defendant employer, and if the record is unclear as to some exemption requirement, the Defendant employer will be held not to have satisfied its burden. Idaho Sheet Metal Works, Inc. v. Wirtz (1966), 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694, 703.**

## CONCLUSION

Therefore, Plaintiff states the undisputed facts compel the legal conclusion that the Neighborhood House Charter School ("Employer", "School" or "Defendant") is the Employer and that the Plaintiff is their employee for purposes of the FLSA.

Dated: December 20, 2006

Respectfully submitted by

*/s/ Janice W. Stevenson/*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 – fax

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE CHARTER SCHOOL to:

>Lynn A. Kappelman (BBO # 642017)
>Barry J. Miller (BBO # 661596)
>SEYFARTH SHAW LLP
>World Trade Center East
>Two Seaport Lane, Suite 300
>Boston, MA 02210-2028
>Telephone: (617) 946-4800
>Telecopier: (617) 946-4801

*/s/ Janice W. Stevenson/*