# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEIGHBORHOOD HOUSE CHARTER )<br>SCHOOL, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-CV-11584-DPW |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME IN WHICH TO RESPOND TO PLAINTIFF'S FILINGS OF DECEMBER 20, 2006**

Defendant Neighborhood House Charter School ("Defendant" or "NHCS") hereby moves for an extension of time in which to respond to Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held In Contempt (docket entry no. 56) and Plaintiff's Motion for Summary Judgment (docket entry no. 57), collectively ("Plaintiff's Motions"). NHCS requests an extension of time of fourteen (14) days after its receipt of the papers Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") filed in support of her motions and advice from the Court as to whether NHCS is required to respond to Plaintiff's Motions. In support of this motion, Defendant states as follows:

1. According to the docket in this matter, Stevenson filed Plaintiff's Motions with the Court in hard copy on December 20, 2006.

2. Contrary to the representations in the certificates of service in Plaintiff's Motions, Stevenson did not serve Plaintiff's Motions on NHCS's counsel in any form until the afternoon of December 22, 2006, when she e-mailed certain documents to NHCS's counsel.

3.   The documents that Stevenson e-mailed to NHCS's counsel are different than the documents she filed with the Court in support of Plaintiff's Motions. Most critically, several of the attachments that Plaintiff submitted to the Court in support of Plaintiff's Motions were not included in the documents that she e-mailed to NHCS's counsel.

4.   For procedural reasons, the Court has not scanned and docketed the attachments to Plaintiff's Motions.

5.   As of the date of this motion, Defendant's counsel does not have access to a copy of either Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt (docket entry no. 56) or Plaintiff's Motion for Summary Judgment (docket entry no. 57) as those documents were filed with the Court. NHCS cannot adequately respond to motions that are not available for Defendant's counsel's review.

6.   Both of Plaintiff's Motions are violative of the Court's Order of November 7 (docket entry no. 48). Plaintiff was specifically directed in that Order to make no further frivolous filings in this matter. Plaintiff's Motion for Order to Show Cause is entirely frivolous, as Stevenson has not (and cannot) identify any misconduct in which NHCS or its counsel has engaged.

7.   Plaintiff's Motion for Summary Judgment also violates the Court's November 7 Order. The motion is frivolous in that Stevenson moves for summary adjudication of this case in her favor on the grounds that NHCS has allegedly failed to marshal evidence in support of its defenses in this matter, when Stevenson has flouted her discovery obligations and intentionally obstructed NHCS's access to such evidence.

8.      The Court's November 7 Order also directs Stevenson to consult with NHCS's counsel prior to filing additional motions and states that NHCS shall not be required to respond to motions Stevenson files in derogation of that Order. Stevenson did not consult with NHCS's counsel regarding the filing of Plaintiff's Motions. NHCS has inquired as to whether the Court intends to treat Plaintiff's Motions as falling within the directives in the Court's November 7 Order, but Defendant has not yet been advised on that issue.

WHEREFORE, Defendant Neighborhood House Charter School requests an extension of time until fourteen (14) days after it has received copies of Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held In Contempt (docket entry no. 56) and Plaintiff's Motion for Summary Judgment (docket entry no. 57) and the Court has advised Defendant of whether it is required to respond to those motions.

Respectfully submitted,
NEIGHBORHOOD HOUSE
CHARTER SCHOOL,
By its attorneys,

   /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED: January 3, 2007

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by e-mail to janicestevensonus@gmail.com and by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on January 3, 2007.

   /s/ Barry J. Miller
Barry J. Miller

3