UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE STEVENSON,                    )<br>                                                       )<br>                         Plaintiff,         )<br>                                                       )     CIVIL ACTION NO. 05-CV-11584-DPW<br>v.                                                    )<br>                                                       )<br>NEIGHBORHOOD HOUSE CHARTER  )<br>SCHOOL,                                       )<br>                                                       )<br>                         Defendant.      )<br>                                                       ) |  |

**DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE
WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT**

Defendant Neighborhood House Charter School ("NHCS" or the "School") hereby renews its motion for an Order to Show Cause why Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") should not be held in contempt for her continued disregard for the orders of the Court. Plaintiff has engaged in a serious and continuing pattern of intransigence, and NHCS requests that the Court hold Plaintiff in contempt, dismiss her claims in this matter with prejudice, and order her to pay Defendant's costs and attorneys' fees in seeking redress for her misconduct. As grounds for this motion, NHCS states as follows:

1.      The Court held a hearing in this matter on January 23, 2007, at which the Court heard argument on several motions, including Defendant's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt (docket no. 53) (the "Motion"). One issue presented by the Motion was Stevenson's disregard of Magistrate Judge Alexander's Order of November 7, 2006, in which the Magistrate Judge very clearly directed Stevenson to produce certain documents to NHCS's counsel on or before November 20, 2006, including her individual

tax returns and journals that she alleged to have kept reflecting hours she claimed to have worked in performing services for NHCS. *See* November 7, 2006 Order (docket no. 48), p. 2.

2. At the January 23 hearing, counsel for NHCS informed the Court that, not only had Stevenson failed to produce documents as Ordered, she had flouted the Magistrate Judge's Order by submitting such documents to this Court and other governmental bodies without providing copies of the documents to NHCS. Specifically, NHCS's counsel stated the School's understanding (based on telephone conversations with the Clerk) that Stevenson had filed documents in support of the various pleadings that she filed in this matter on December 20, 2006, and that she had failed to produce at least some of those documents to NHCS.

3. In addressing the Motion, the Court clearly and directly asked Stevenson whether she had produced to NHCS all documents that she submitted in support of the motions that she filed in this matter on December 20, 2006. The Court cautioned Stevenson to be very careful in her response, and the Court emphasized that it would hold Stevenson in contempt if a review of the Court's file revealed that she had submitted documents to the Court that she had not produced to NHCS.

4. In response to the Court's questions, Stevenson repeatedly stated that she was certain that she had produced to NHCS's counsel all documents that she had filed with the Court. Stevenson further stated that she had produced to NHCS's counsel all documents in her possession that were the subject of Magistrate Judge Alexander's November 7 Order. The Court then repeated its warnings to Stevenson and gave her every opportunity to withdraw or qualify her representations about the documents she had produced to NHCS. Stevenson affirmed her

2

representation that she had produced to NHCS's counsel all documents that she had filed with the Court.

5. In fact, at the time of the January 23 hearing, Stevenson had produced to NHCS's counsel a few of the documents that she had attached to her December 20 filings, including portions of her individual tax returns.[1]  *See* Affidavit of Barry J. Miller, Esq., in Support of Defendant's Renewed Motion for Order to Show Cause, attached hereto as Exhibit A ("Miller Aff."), ¶¶ 3, 4.

6. Contrary to Stevenson's representations to the Court at the January 23, 2007 hearing, she had not produced to NHCS many of the documents that she attached to her pleadings in this matter. In total, Stevenson's filings of December 20, 2006 included more than fifty (50) pages of documents that she has never produced to NHCS. Miller Aff. ¶¶ 6, 7.

7. The documents that Stevenson filed with the Court but did not produce to NHCS are responsive to NHCS's document requests (which the School first served on Stevenson in November 2005) and go directly to the core of Stevenson's claims in this matter. Those materials include documents apparently constituting records of hours that Stevenson claims to have worked in providing services to NHCS and documents apparently pertaining to the tools and resources that Stevenson used in providing services to NHCS. Miller Aff. ¶¶ 6, 7.

8. The documents that Stevenson filed with the Court but failed to serve on NHCS include materials that the Magistrate Judge clearly and specifically ordered Stevenson to produce to NHCS on or before November 20, including journals reflecting the hours Stevenson claimed

---

[1] Stevenson produced many of these documents, including portions of her individual tax returns, more than seven (7) weeks after the due date established by Magistrate Judge Alexander's Order, and then only in response to Defendant's Motion for Order to Show Cause.

3

to have worked in providing services to NHCS. Miller Aff., ¶ 6. Given that Stevenson filed these documents with her pleadings, it is clear that Stevenson was in possession of them and simply chose not to comply with the Magistrate Judge's directive that she produce them to NHCS.

9. Stevenson's intransigence in this matter is shocking and unconscionable. Her misdeeds described in this Motion are only the latest in a long and consistent pattern of serious misconduct in this case and several related proceedings in other fora. Among other misconduct, Stevenson deliberately and willfully defied the Magistrate Judge's Order that she appear for deposition on December 20, and she conceded at the January 23 hearing in this matter that she had no justification or excuse for her failure to appear – she simply chose not to comply. She has filed motions pertaining to this matter in the Bankruptcy Court that were so frivolous that the Bankruptcy Court twice levied monetary sanctions against her.[2] She has even submitted falsified documents to this Court in support of her multitude of frivolous filings. *See* Defendant's Opposition to Plaintiff's Motion for Rule 11 Sanctions (docket no. 38), pp. 1-2.

10. Stevenson has already been given two last and final warnings, and she has defiantly ignored them both. Magistrate Judge Alexander made it unmistakably clear to Stevenson in her Order of November 7, 2006 that she would face serious sanctions for any further misconduct in this matter. As described in Defendant's Motion for Order to Show Cause, Stevenson flouted the Magistrate Judge's Order in every respect. Nonetheless, at the January 23 hearing in this matter, the Court extended lenience to Stevenson and afforded her a final

---

[2] *See* U.S. Bankruptcy Court for the District of Massachusetts docket no. 03-12304, docket entry no. 225 (sanctioning Stevenson $1,200 for filing of frivolous motion and submission of irrelevant and confidential documents) (Nov. 21, 2006) and docket entry no. 239 (sanctioning Stevenson $500 for filing of frivolous motion) (Dec. 15, 2006).

4

opportunity to redeem herself and put this matter on a path that would allow the Court to resolve the case on the merits of her claims.  Stevenson spurned that final opportunity and made demonstrably false representations of the fact to the Court regarding her attempts to comply with her discovery obligations in this matter.  Even a *pro se* plaintiff should not be permitted to show unabashed disrespect for the Court and its Orders.

    WHEREFORE, Defendant Neighborhood House Charter School requests that this Court hold Plaintiff Janice Stevenson in contempt, dismiss her claims in this matter with prejudice, and order her to pay NHCS's attorneys' fees and costs incurred in seeking redress for her misconduct.

                                            Respectfully submitted,
                                            NEIGHBORHOOD HOUSE
                                            CHARTER SCHOOL,
                                            By its attorneys,

                                             /s/ Barry J. Miller
                                            Lynn A. Kappelman (BBO # 642017)
                                            Barry J. Miller (BBO # 661596)
                                            SEYFARTH SHAW LLP
                                            World Trade Center East
                                            Two Seaport Lane, Suite 300
                                            Boston, MA 02210-2028
                                            Telephone:    (617) 946-4800
DATED:  January 24, 2007                 Telecopier:    (617) 946-4801

---

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on January 24, 2007.

                        /s/ Barry J. Miller
                        Barry J. Miller

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,<br>                Plaintiff,<br><br>v.<br><br>NEIGHBORHOOD HOUSE<br>CHARTER SCHOOL,<br>                Defendant. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-CV-11584-DPW<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF BARRY J. MILLER, ESQ. IN SUPPORT OF**
**DEFENDANT'S RENEWED MOTION FOR ORDER TO SHOW CAUSE**

I, Barry J. Miller, under oath, depose and say as follows based on personal knowledge:

      1.      I am an attorney admitted to practice law in the Commonwealth of Massachusetts and am associated with the firm of Seyfarth Shaw LLP. Along with Lynn A. Kappelman, Esq., I represent the defendant, Neighborhood House Charter School ("NHCS"), in connection with the above-captioned matter.

      2.      At a hearing in this matter on January 23, 2007, the plaintiff, Janice Stevenson ("Plaintiff" or "Stevenson") stated that she had produced to counsel for NHCS all documents that she submitted to the Court in conjunction with the pleadings that she filed on December 20, 2006: Plaintiff's Response to Defendant's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt (docket no. 55), Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt (docket no. 56), and Plaintiff's Motion for Summary Judgment (docket no. 57) (collectively, "Plaintiff's Motions").

      3.      Stevenson did serve certain documents pertaining to Plaintiff's Motions on counsel for NHCS by e-mail on the afternoon of December 22, 2006. The materials Plaintiff served by e-mail on December 22 did not include documents pertaining to her individual tax

returns, records of hours she claimed to have worked in performing services for NHCS, or documents pertaining to the tools and resources she employed in providing services to NHCS.

    4.    On January 9 and 10, 2007, Stevenson sent a number of e-mail messages to counsel for NHCS attaching approximately twelve (12) pages of documents that appear to constitute selected portions of her tax returns for tax years 2004 and 2005, sixteen (16) pages of documents pertaining to her receipt of public assistance and shelter services, two (2) pages of documents apparently pertaining to a Chapter 13 Bankruptcy Plan that she filed in June 2003, and two (2) pages of documents apparently pertaining to her receipt of benefits from the New Hampshire Department Employment Security in 2003. Stevenson had not previously produced to NHCS the documents attached to her January 9 and 10 e-mails to NHCS's counsel.

    5.    A review of the Court's file in this matter on January 23, 2007, revealed that Stevenson attached a number of documents to Plaintiff's Motions that she never served on NHCS in any form.

    6.    Stevenson attached documents to Plaintiff's Response to Defendant's Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt (docket no. 55) that she never produced to NHCS's counsel, including approximately thirty-five (35) pages of documents apparently constituting records of hours that Stevenson claims to have worked in providing services to NHCS and three (3) pages of documents pertaining to her claim for unemployment benefits in relation to the services that she provided to NHCS.

7.      Stevenson also attached documents to Plaintiffs' Motion for Summary Judgment (docket no. 57) that she never produced to NHCS's counsel, including approximately thirteen (13) pages of documents apparently pertaining to the tools and resources she employed in providing services to NHCS and one (1) page apparently constituting a job description relating to a position at NHCS.

Signed under the penalties of perjury this 24th day of January, 2007.

    /s/ Barry J. Miller

    Barry J. Miller

BO1 15824885.1