FILED
IN CLERKS OFFICE
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

2007 FEB -2 A 8: 46

JANICE STEVENSON,

U.S. DISTRICT COURT
DISTRICT OF MASS.    Plaintiff,

v.                                                    CIVIL ACTION NO. 05-CV-11584-DPW

NEIGHBORHOOD HOUSE CHARTER
SCHOOL,

                    Defendant.

### PLAINTIFF'S MOTION TO COMPEL
### EMPLOYMENT, WAGE AND OTHER RECORDS FROM DEFENDANT

Now comes, Janice Stevenson ("Plaintiff"), to move this Court to compel production of employment and wage records from Neighborhood House Charter School ("Defendant"). As grounds for this motion, Plaintiff states as follows:

1.    Defendant has received approximately three requests for employment records from (1) Plaintiff's previous counsel, (2) Plaintiff, and (3) the Massachusetts Attorney General's office.

2.    The Defendant refuses to produce these statutorily required documents. Attachment I

3.    Defendant exclusion of evidence may be dispositive of merits of case.

4.    Plaintiff, with counsel, commenced the present action approximately July 28, 2005; and Plaintiff's counsel sent a letter demanding records.

5.    During the course of discovery, the defendants were unable to provide the plaintiff's employment records to her. These paper records may be lost or destroyed after the defendants were on notice that plaintiff had a potential claim against them.

6.    Employers are required to keep, for three years, records concerning their employees' working hours and payment of wages, and the Attorney General is entitled to access to these records.

7.    These requirements create a presumption that the records are relevant to disputes over wages brought by private parties.

# ATTACHMENT I

**REQUEST NO. 7**

Any and all documents reflecting tasks, activities or services in which the School alleges Plaintiff engaged while employed as an "administrative" employee, including but not limited to justification for administrative employee exemption, job descriptions, employee handbook, personnel records, evaluations, time worked records, wages paid records, all time books showing the names and addresses of all employees and the hours worked by each of them in each day, pursuant to **Chapter 149: Section 52 of the Massachusetts General Laws.** Personnel records, pursuant to **Chapter 149: Section 52 of the Massachusetts General Laws,** shall include without limiting the applicability or generality of the foregoing, all of the following written information or documents to the extent prepared by an employer of twenty or more employees regarding an employee shall be included in the personnel record for that employee: the name, address, date of birth, job title and description; rate of pay and any other compensation paid to the employee; starting date of employment; the job application of the employee; resumes or other forms of employment inquiry submitted to the employer in response to his advertisement by the employee; all employee performance evaluations, including but not limited to, employee evaluation documents; written warnings of substandard performance; lists of probationary periods; waivers signed by the employee; copies of dated termination notices; any other documents relating to disciplinary action regarding the employee.

**RESPONSE TO REQUEST NO. 7**

      Defendant objects to this request as unintelligible, compound, vague and ambiguous.

NHCS further objects to this request to the extent that it seeks irrelevant, confidential, and

privileged information. Defendant also objects to this request as propounded in excess of the

discovery limitations imposed by Local Rule 26.1(C).

**REQUEST NO. 8**

Any and all documents reflecting tasks, activities or services in which the School alleges Plaintiff engages while employed as an "independent contractor" by the School.

**RESPONSE TO REQUEST NO. 8**

      Defendant objects to this request as unintelligible, vague, and ambiguous.  Defendant

further objects to this request to the extent that it seeks privileged information.  Defendant also

objects to this request as propounded in excess of the discovery limitations imposed by Local

Rule 26.1(C).

BO1 15816250.1

# ATTACHMENT II

The Neighborhood House
CHARTER SCHOOL

## NHCS

**Date: June 3, 2005**
**To: Janice Stevenson**
**From: Jug Cholekli**
**Re: Termination of your contract**

Effective June 3, 2005, I am terminating your company's (TUCKNT) contract for the roles and responsibilities of the Finance and Operations Manager at the Neighborhood House Charter School.

I am terminating the contract because this contractual relationship is not in the best interest of the school; additionally, over the last two months, I have observed your behavior to be insubordinate. Here, I will provide three examples:

- On May 22, 2005 Kevin Andrews and I instructed you to perform a salary analysis (which I had actually asked you to prepare the week prior) and you refused. We restated the urgency and importance of this task, asked you to "drop everything else and put it on the back burner" so that this task could be completed immediately, and again you refused.
- On May 23, I sent you an email instructing you to do several things in preparation for my return from my vacation on June 1 (such as prepare the payroll for my review, order food for the June 3 Finance Committee meeting, prepare an update of billing for FY05 public funding, etc.) and upon my return on June 1, I found that you had not done any of these things.
- On June 1, we had a conversation about this week's payroll. I had instructed you to pay all salaried employees regardless of whether we had received a time sheet from them and you refused.

We had verbally negotiated your contract, as an "at-will" contract. As of January 2005, I had agreed to pay you a rate of $52k per year. I also agreed to provide 10 sick days, 20 vacation days and 3 personal days.

Although you have taken many days off, or partial days off, over the course of your contract, I am not counting that against your balance. However, for the two weeks in early May for which you were absent from your daily responsibilities at the school, I am counting 3 personal days and 7 vacation days, leaving you with a balance of 13 vacation days. Since we have prepaid your contract for the entire month of June, I consider your compensation to be fully paid as of June 3, 2005. Please keep in mind that we don't pay out for unused personal or sick days. Also, even though we haven't yet completed a full year of this contract, I have accrued the time-off on a year-long basis.

I expect that any files or materials related to the school that you may have at your home or anywhere else will be returned to my attention no later than June 8, 2005.

[signature]