FILED
IN CLERKS OFFICE

2007 FEB -2  A 8:46

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JANICE STEVENSON,        )
                         )
            Plaintiff,   )
                         )
v.                       )   CIVIL ACTION NO. 05-CV-11584-DPW
                         )
NEIGHBORHOOD HOUSE CHARTER )
SCHOOL,                  )
                         )
            Defendant.   )
                         )

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST ATTORNEYS
UNDER 28 U.S.C. §1927**

Now comes, Janice Stevenson ("Plaintiff"), to move this Court for sanctions against Neighborhood House Charter School ("Defendant") attorneys under 28 U.S.C. §1927. As grounds for this motion, Plaintiff states as follows:

The attorneys have acted unreasonably or vexatiously in withholding the documents pertaining to Complainant's motions to compel under a claim of privilege or that it was acting with "due diligence" when it claimed attorney-client privilege as to the documents that are the subject of these motions.

The attorneys' assertion of the privilege is particularly frivolous. With respect to most of the documents requested, no competent counsel could conclude that these documents could be withheld pursuant to a claim of attorney-client privilege. Defendant and its counsel have behaved egregiously and in bad faith.

The Defendant and its counsel have obstructed discovery by the Plaintiff from obtaining employment records and other documents. Section 1927 provides any attorney or other person admitted to conduct cases in any court of the United States or any

Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expense, and attorneys' fees reasonably incurred because of such conduct.

The Defendant and its counsel have knowingly or recklessly pursued a frivolous claim of exemption under the FLSA.[1] The Defendant and its counsel have either carelessly or deliberately covered up evidence. This Court will note that the Defendant's refusal to produce employment records (Attachment I) supporting its calculation of Plaintiff vacation and sick time or its assertion that Plaintiff was "prepaid for the entire month" is either carelessly or deliberately covering up evidence[2] The 11th Circuit, in Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993), found that an attorney's conduct was "tantamount to bad faith" when he "either carelessly or deliberately" covered up evidence.

The Court's order and the defendant refusal to production employment records and other documents have unfairly prejudiced the Plaintiff with the burden of production. The Defendant and its counsel have a statutory duty to maintain records relevant to the payment of wages.[3]

Therefore, for reasons more specifically set out in this Motion, this Court has a reasonable inquiry to determine whether Defendants various motions are (1) ...well grounded in fact, (2) ...warranted by existing law or a good faith argument... or (3) interposed for any improper purpose..." Westmoreland v. CBS, 770 F.2d 1168, 1174 and if appropriate impose disciplinary action as the Court may deem necessary to impress

---

[1] Schwartz v. Millon Air, Inc. 341 F.3d 1225
[2] Id at 1544.16
[3] Wiedman v. The Bradford Group, Inc. 444 Mass. 698 (2005)

upon the Defendant and its counsel that careless misrepresentations have no place in a civilized fact-finding process.

Date: February 2, 2007

Respectfully submitted by,

*[signature: Janice W. Stevenson]*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 – fax

CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE CHARTER SCHOOL by electronic mail or facsimile to:

> Lynn A. Kappelman (BBO # 642017)
> Barry J. Miller (BBO # 661596)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone: (617) 946-4800
> Telecopier: (617) 946-4801

*[signature: Janice W. Stevenson]*

# ATTACHMENT I



*The Neighborhood House*

CHARTER SCHOOL

**NHCS**

Date: June 3, 2005
To: Janice Stevenson
From: Jag Chokshi
Re: Termination of your contract

Effective June 3, 2005, I am terminating your company's (TUCKNJ) contract for the roles and responsibilities of the Finance and Operations Manager at the Neighborhood House Charter School.

I am terminating the contract because this contractual relationship is not in the best interest of the school; additionally, over the last two months, I have observed your behavior to be insubordinate. Here, I will provide three examples:

- On May 22, 2005 Kevin Andrews and I instructed you to perform a salary analysis (which I had actually asked you to prepare the week prior) and you refused. We restated the urgency and importance of this task, asked you to "drop everything else and put it on the back burner" so that this task could be completed immediately, and again you refused.
- On May 23, I sent you an email instructing you to do several things in preparation for my return from my vacation on June 1 (such as prepare the payroll for my review, order food for the June 1 Finance Committee meeting, prepare an update of billing for FY05 public funding, etc.) and upon my return on June 1, I found that you had not done any of these things.
- On June 1, we had a conversation about this week's payroll. I had instructed you to pay all salaried employees regardless of whether we had received a time sheet from them and you refused.

We had verbally negotiated your contract, as an "at-will" contract. As of January 2005, I had agreed to pay you a rate of $52K per year. I also agreed to provide 10 sick days, 20 vacation days and 3 personal days.

Although you have taken many days off, or partial days off, over the course of your contract, I am not counting that against your balance. However, for the two weeks in early May for which you were absent from your daily responsibilities at the school, I am counting 3 personal days and 7 vacation days, leaving you with a balance of 13 vacation days. Since we have prepaid your contract for the entire month of June, I consider your compensation to be fully paid as of June 3, 2005. Please keep in mind that we don't pay out for unused personal or sick days. Also, even though we haven't yet completed a full year of this contract, I have accrued the time-off on a year-long basis.

I expect that any files or materials related to the school that you may have at your home or anywhere else will be returned to my attention no later than June 8, 2005.

*Chokshi*

NHCS Address, Box 1, Dorchester, MA 02124 · 617-825-0703 · 617-825-1870 · www.nhcs.edu.org