UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 05-CV-11584-DPW |
| v. ) | |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFFS RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT

Plaintiff, Janice Stevenson ("Plaintiff") objects to Defendant Neighborhood House Charter School ("Defendant", "NHCS") Motion for Order to Show Cause. As grounds for this objection, Plaintiff states as follows:

## FACTS AND PROCEDURAL BACKGROUND:

Plaintiff worked for the defendant from May 2004 to June 2005, when she was involuntarily terminated for reporting suspected accounting fraud by the Dean of Administration, Jagdish Chokshi, to Robert Melzer, Vice President of the defendant's Board of Trustees. In August 2004, the Plaintiff was given a hourly position in the Finance Office under the Dean of Administration, Jagdish Chokshi.

The terms of Plaintiff's employment contract were oral and the yearly salary was $52,000. Plaintiff's primary duty was entering employees into the school's various databases.

As required, the Plaintiff contacted the Attorney General's office and was given permission to pursue the present case as a civil matter.

Plaintiff, with counsel, commenced the present action approximately July 28, 2005; and Plaintiff's counsel sent a letter demanding employment records. The defendant did not provide the Plaintiff's employment records to her. These paper records may be lost or destroyed after the Defendant was on notice that Plaintiff had a potential claim against them.

Employers are required to keep, for three years, records concerning their employees' working hours and payment of wages, and the Attorney General is entitled to access to these records. These requirements create a presumption that the records are relevant to disputes over wages brought by private parties. Without records, the Defendant is precluded from challenging the Plaintiff's calculations without supporting documentation.

The Defendants now wish to shift production of their records to the Plaintiff. Thus far, the Defendant has substantiated their case on "conclusory allegations, improbable inferences, and unsupported speculation."[1]

1. The Court held a hearing on January 23, 2007, at which the Court heard argument on several motions.

2. Plaintiff informed the Court that all documents submitted to the Court on December 20, 2007 was also sent to the Defendant.

3. Defendant email of December 22, 2007 admits such. Exhibit I

4. Plaintiff was unaware of any deficiencies until Defendant submitted a motion to the court alleging missing documents.

5. Defendant could not identify specific alleged missing documents at the hearing.

---

[1] Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F. 2d 5, 8 (1st Cir. 1990)

6. After receiving notice of the "alleged" deficiencies via Defendant's motions to the Court, Plaintiff resent the documents via six emails.

7. Plaintiff offered proof of these emails at the January 23, 2007 hearing; however, the defendant was not interested in remedying their allegations.

8. The Defendant continually submits motions for order to show cause against the Plaintiff.  However, this Court is aware of the employers records required to substantiate an exemption from the FLSA.

9. This employer has never introduced evidence warranting a finding that Plaintiff was an independent contractor.

10. The Defendant's budget, job posting, and emails existed at the time the Plaintiff's attorney letter was sent in 2005.

11. Barry Miller has known of his client's budget, job posting, and emails from the start of this lawsuit.  Why does this attorney want the Plaintiff's lawsuit dismissed because of exculpatory evidence, which negates Neighborhood House Charter School FLSA exemption claim?

12. Defendant's exclusion of evidence may be dispositive of merits of case.


Date:  February 2, 2007

Respectfully submitted by,

*Janice W. Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 – fax

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE
CHARTER SCHOOL by electronic mail or facsimile to:

> Lynn A. Kappelman (BBO # 642017)
> Barry J. Miller (BBO # 661596)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone: (617) 946-4800
> Telecopier: (617) 946-4801

# Exhibit I

**Stevenson, Janice W.**

| | |
|---|---|
| **From:** | Miller, Barry [BMiller@seyfarth.com] |
| **Sent:** | Friday, December 22, 2006 3:08 PM |
| **To:** | Stevenson, Janice W. |
| **Cc:** | Kappelman, Lynn |
| **Subject:** | RE: Stevenson v. NHCS |

Ms. Stevenson,

We write to address the papers that you sent to me by e-mail this afternoon.  We believe that it would be highly inappropriate for you to file these documents with the District Court, and NBCS will seek all available legal relief against you if you do so.

First, you have attached a highly confidential and sensitive document listing projected FY05 salaries for NBCS's staff to both your "Motion for Summary Judgment" and your "Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt."  The Bankruptcy Court has already found that your filing of this very document was improper, and that court has entered substantial monetary sanctions against you for your misconduct in that regard.

Second, your filing of the documents that you e-mailed to me this afternoon would violate Magistrate Judge Alexander's Order of November 7, 2006.  By the terms of that Order, you are required to consult with NBCS's counsel before filing motions such as the Motion for Order to Show Cause attached to your e-mail.  You have not consulted us in any manner, and it is our position that your motion is entirely devoid of any legal basis and is frivolous.  To illustrate but one of the obvious failings of your motion, you have not (and cannot) identify any court order with which NBCS has failed to comply, and there is therefore absolutely no basis for any finding that NBCS is in contempt of court.

As noted above, if you file the documents that you e-mailed to me this afternoon, NHCS reserves the right to seek all legal recourse against you, including the imposition of additional sanctions.  If you have already presented these documents to the Court for filing, we demand that you withdraw them immediately and contact us to discuss whether such documents may be filed.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

-----Original Message-----
From: Stevenson, Janice W. [mailto:janicestevensonus@gmail.com]
Sent: Friday, December 22, 2006 2:01 PM
To: Miller, Barry
Subject: RE: Stevenson v. NBCS

-----Original Message-----
From: Miller, Barry [mailto:BMiller@seyfarth.com]

1

Sent: Thursday, December 21, 2006 9:24 AM
To: Stevenson Janice
Subject: Stevenson v. NBCS

Ms. Stevenson,

We filed the attached documents with the District Court this morning.
Hard copies of these documents are also being mailed to your post office
box.

Regards,

Barry J. Miller
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
office phone: (617) 946-4800
direct phone: (617) 946-4806
office fax: (617) 946-4801
direct fax: (617) 790-6753

  <<Motion for Leave to File.pdf>>  <<Proposed Supp Brief.pdf>>
  <<A.pdf>>  <<B.pdf>>  <<C.pdf>>  <<D.pdf>>  <<E.pdf>>  <<F.pdf>>

Any tax information or written tax advice contained herein (including
any
attachments) is not intended to be and cannot be used by any taxpayer
for
the purpose of avoiding tax penalties that may be imposed on the
taxpayer.
(The foregoing legend has been affixed pursuant to U.S. Treasury
Regulations
governing tax practice.)

This email may contain privileged or confidential information and is for
the
sole use of the intended recipient(s). If you are not the intended
recipient, any disclosure, copying, distribution, or use of the contents
of
this information is prohibited and may be unlawful. If you have received
this electronic transmission in error, please reply immediately to the
sender that you have received the message in error, and delete it. Thank
you.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JANICE STEVENSON, )
)
Plaintiff, )
)
) CIVIL ACTION NO. 05-CV-11584-DPW
)
NEIGHBORHOOD HOUSE CHARTER )
SCHOOL, )
)
Defendant. )
)

## AFFIDAVIT OF JANICE STEVENSON IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S RENEWED MOTION FOR ORDER TO SHOW CAUSE

I, Janice Stevenson, under oath, depose and say as follows based on personal knowledge:

1. I have produced to counsel for NHCS all documents that I submitted to the Court in conjunction with the pleadings that I filed with the Court on December 20, 2006, Docket Number 55, 56, and 57.

2. I sent these documents to NHCS Counsel on December 22, 2006.

3. Documents submitted to the Court and to Defendant are complete to the best of my personal knowledge and all the requested documents I had in my possession.

4. I have served copies of legal documents in this case exclusively by electronic mail to Defendant's attorney, Mr. Barry Miller.

5. Mr. Miller made no mention of incomplete submissions to me until Plaintiff's Motion for Summary Judgment produced documentary facts that compelled the legal conclusion that the Neighborhood House Charter School ("Employer", "School" or "Defendant") is the Employer and that the Plaintiff is their employee for purposes of the FLSA.

6. The Defendant has not been able to convince any state or federal administrative agency that Plaintiff was an independent contractor during her employment at Neighborhood House Charter School from August 2004 through June 2005.

Signed under penalties of perjury this 25th day of January, 2007.

_____

Janice Stevenson