## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANICE STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| v. | ) | |
| | ) | |
| NEIGHBORHOOD HOUSE | ) | |
| CHARTER SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
## FOR SANCTIONS AGAINST ATTORNEYS UNDER 28 U.S.C. § 1927

Defendant Neighborhood House Charter School ("NHCS" or the "School") submits this memorandum in opposition to Plaintiff's Motion for Sanctions Against Attorneys Under 28 U.S.C. § 1927 (docket no. 64).  In her Motion for Sanctions, Plaintiff Janice Stevenson ("Plaintiff" or "Stevenson") appears to argue that NHCS and its counsel should be sanctioned because they have (1) improperly withheld the documents sought in her Motion to Compel on claims of privilege, and (2) asserted defenses to her overtime claims in this matter that Stevenson has concluded are not meritorious.  Both of these arguments are facially flawed.  NHCS has not withheld the documents sought in Stevenson's Motion to Compel because – as Stevenson certainly knows – those documents never existed.  The Court has already rejected Stevenson's second argument, that NHCS should be sanctioned for asserting defenses to her overtime claims, noting that her unilateral conclusion regarding the viability of NHCS's defenses cannot serve as a basis for sanctions.  The Court should, therefore, deny Plaintiff's Motion for Sanctions and require Stevenson to pay the costs and attorneys' fees NHCS has incurred in responding to her frivolous filing.

### I.    NHCS Has Made No Improper Claims of Privilege

Stevenson's claim that NHCS has withheld the documents sought by her Motion to Compel (docket no. 63) under improper claims of privilege is simply false.  In her Motion to Compel, Stevenson seeks an Order requiring NHCS to produce a personnel file and records of hours she worked in providing services to the School.  She further claims that the School was obligated to maintain these documents pursuant to state and federal statutes governing employment-related record keeping requirements.  As explained in NHCS's Opposition to Plaintiff's Motion to Compel (filed contemporaneously herewith), the documents Stevenson seeks never existed because, as an independent contractor providing administrative services through her own Company, she was never treated as an employee of the School.

Moreover, Stevenson is unquestionably aware that NHCS never had the documents she claims it has improperly withheld.  Stevenson testified under oath that she assumed responsibility for creating personnel files for NHCS's employees, and she never created a personnel file for herself because she understood she was not an employee of the School.  *See* NHCS's Opposition to Plaintiff's Motion to Compel, p. 3-4.  Stevenson also knows that the School has no records of the hours worked in performing services for the School.  She testified that she never provided the School with any documents reflecting the hours she worked.  *Id*.  Stevenson now seek sanctions based on her knowingly false claim that NHCS has improperly withheld documents that never existed.  This argument is not only specious, it is advanced in the utmost bad faith.

### II.    NHCS Should Not Be Sanctioned Merely for Mounting A Defense to Plaintiff's Claims

As a second argument in support of her Motion for Sanctions, Stevenson appears to argue that NHCS and its counsel should be sanctioned for mounting a defense to her claims.  She claims that "Defendant and its counsel have knowingly or recklessly pursued a frivolous claim of

exemption under the FLSA." This argument is indefensible for two reasons. First, Stevenson

has so obstructed the progress of discovery in this matter as to preclude any determination

regarding the viability of the School's defenses at this juncture. Second, the Court has already

rejected Stevenson's argument that NHCS acted improperly by asserting defenses to her claims

in this matter.

### A.    Stevenson Has Willfully Obstructed NHCS's Efforts to Substantiate Its Defenses

Stevenson has taken every step within her power to obstruct NHCS's discovery efforts in

this matter. She has failed to produce responsive and relevant documents in her possession,[1] she

has refused to cooperate in her deposition by asserting inapposite constitutional privileges and

childishly ignoring questions from NHCS's counsel,[2] she has filed motions in another court

improperly seeking to block NHCS's access to information pertaining to her claims in this

matter,[3] and she has even willfully refused to appear for her deposition as Ordered by the Court.[4]

Having gone to such extreme measures to prevent NHCS from marshaling evidence in this

matter, Stevenson's argument that the School should be sanctioned for failing to substantiate its

defenses is absurd.

### B.    The Court Has Previously Rejected Stevenson's Argument That NHCS Should Be Sanctioned for Defending Against Her Claims

In addition to being facially implausible, this argument has already been unambiguously

rejected by the Court. Plaintiff's Motion for Sanctions represents the third time Stevenson has

---

[1] *See* Excerpted transcript of November 6, 2006 hearing (copy attached as Exhibit A), p. 13:22 - 15:11; Order dated November 7, 2006, p. 2 (docket no. 48).

[2] *See* Nov. 6 Trans., p. 25:21 - 27:21; November 7 Order, p. 3.

[3] Stevenson filed motions in the U.S. Bankruptcy Court for the District of Massachusetts seeking to quash a subpoena for her company's banking records and seeking sanctions against NHCS's counsel. *See In re: Stevenson,* docket no. 03-12304, docket entry nos. 202, 214. The Bankruptcy Court denied her motions and sanctioned her in the amount of $1,700 for her frivolous filings. *Id.,* docket entry nos. 225, 237, 239.

[4] *See* Transcript of January 23, 2007 hearing (copy attached as Exhibit B), p. 12-14.

made the same baseless argument that NHCS should be sanctioned for mounting a defense in this matter. Stevenson first presented this argument in her Motion for Rule 11 Sanctions (docket no. 37), in which she levied the allegation that "[NHCS's] attorneys have lied to this Honorable Court in their assertion Plaintiff is exempt from FLSA." Magistrate Judge Alexander summarily disposed of this argument at a hearing in this matter on November 6, 2006, when she told Stevenson that her Rule 11 Motion was "totally, totally misplaced." *See* Excerpted transcript of November 6, 2006 hearing, Exhibit A, p. 20:7-17. In her written Order denying Stevenson's Rule 11 Motion, the Magistrate Judge cited that filing as an example of Stevenson "acting in a frivolous and dilatory manner." Order (docket entry no. 48), p. 4.

Stevenson again asked the Court to sanction NHCS and its counsel for mounting a defense to her claims in her Motion for Order to Show Cause (docket no. 56). In that motion, Stevenson argued, "[i]t has become evident that the School cannot substantiate it [sic] allegation that Plaintiff is an independent contractor . . . or an administrative employee. . ." Apparently realizing that her motion was without support, Stevenson withdrew her Motion for Order to Show Cause by filing dated January 10, 2007 (docket no. 59).

Less than one month after withdrawing her Motion for Order to Show Cause, Stevenson now presents the same ludicrous argument for a third time, and it enjoys no more support at this juncture that it did when Magistrate Judge Alexander rejected it in November 2006. The Court should, therefore, deny Plaintiff's Motion for Sanctions in its entirety.

## REQUEST FOR SANCTIONS

Stevenson's suggestion that NHCS or its counsel has "unreasonably or vexatiously" multiplied the proceedings in this matter is not only baseless, it is bitterly ironic. In fact, as this Court has twice expressly found, it is *Stevenson* who has needlessly protracted the proceedings in this case by refusing to participate in discovery and by filing a multitude of baseless motions.

4

*See, e.g.,* November 6 Trans, Exhibit A, p. 26:21 – 27:4 ("Ms. Stevenson, . . . from what this Court has seen, you have used dilatory tactics, you have refused to give information, you have clearly submitted frivolous motions, and your behavior, while the Court always should give a *pro se* plaintiff some leeway and some room, you've had a house."); January 23 Trans., Exhibit B, p. 21:21-23 (". . . the short of it is that you have so managed to interfere with the discovery process in this case that it's necessary now for two Judges of this Court to make extraordinary rulings . . .").

Through her latest Motion for Sanctions, Stevenson has again squandered the resources of this Court and caused an undue burden to NHCS. She has made the baseless claim that NHCS has withheld documents that she knows never existed, and she has submitted – for the third time – the ludicrous argument that NHCS should be sanctioned for defending against her claims. Moreover, Stevenson's intransigence in this regard cannot be attributed to ignorance or her *pro se* status. The Court has clearly and repeatedly instructed Stevenson that NHCS is entitled to mount defenses to her claims in this matter, and that the Court will not entertain her frivolous and dilatory motions for sanctions. Stevenson's pattern of behavior in this case makes it clear that she will not cease her dilatory tactics unless the Court imposes serious consequences for her misconduct. NHCS, therefore, requests that the Court impose harsh sanctions against Stevenson for her continued pattern of frivolous filings.

BO1 15828064.1

WHEREFORE, Defendant Neighborhood House Charter School requests that the Court deny Plaintiff's Motion for Sanctions Against Attorneys Under 28 U.S.C. § 1927 (docket no. 64) in its entirety and enter sanctions against Plaintiff Janice Stevenson in the amount of the attorneys' fees and costs NHCS has incurred in responding to her frivolous motion.

Respectfully submitted,
NEIGHBORHOOD HOUSE
CHARTER SCHOOL,
By its attorneys,


    /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801

DATED:  February 16, 2007

---

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF system and that a true copy of the above document was served on Plaintiff *pro se* Janice Stevenson by first class U.S. mail to P.O. Box 400372, Cambridge, MA 02140 on February 16, 2007.

    /s/ Barry J. Miller
Barry J. Miller

---

BO1 15828064.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JANICE STEVENSON                         .CIVIL ACTION NO. 05-11584-DPW
      Plaintiff                     .
                                    .
      V.                            .BOSTON, MASSACHUSETTS
NEIGHBORHOOD HOUSE CHARTER SCHOOL .NOVEMBER 6, 2006
      Defendant                     .

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .


TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the plaintiff:          Janice Stevenson, pro se
                            P.O. Box 400372
                            Cambridge, MA 02140
                            617-721-2638


For the defendant:          Barry J. Miller, Esquire
                            Seyfarth Shaw, LLP
                            Two Seaport Lane
                            Suite 300
                            Boston, MA 02210
                            617-946-4800

Court Reporter:




Proceedings recorded by digital sound recording, transcript
produced by transcription service.

*MARYANN V. YOUNG*
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

1    she has no documents.

2           MR. MILLER:  She also said at deposition, Your Honor,

3    that she maintained business banking accounts.

4           THE COURT:  But she's now saying to the Court I have

5    no documents.  Do you understand what that means?

6           MR. MILLER:  Yes, Your Honor.

7           THE COURT:  And do you understand what that means?

8    That means, that means that if you say as you have just said

9    you have no documents, then as of this date, you cannot use any

10   documents related to that company on your behalf in the future

11   if they emerge because you have just said I don't have them.

12   So you understand that?

13          MS. STEVENSON:  Okay.  In terms of incorporation

14   papers?

15          THE COURT:  Right.

16          MS. STEVENSON:  And that's what you wanted,

17   incorporation--

18          THE COURT:  Anything, anything related to that,

19   anything that he has requested, that you've seen requested as

20   the defendnat did--

21          MS. STEVENSON:  Yeah.  Because I think he--

22          THE COURT:  You've got to provide those documents.

23   If you don't provide those documents, let this Court state for

24   you now, you can't use them against them later.  You will not.

25   You have to provide every document they have asked for in the

I - 14

1   request for production of documents period.

2          MS. STEVENSON:  Okay.  From my understanding from

3   their request in regard to Tuck NT, when I told them I did not

4   have those documents, that's my understanding from what he

5   asked and from what I understand he's asking for, I don't have

6   them.  There was nothing elaborate about--

7          THE COURT:  You can't, don't come back later and say

8   you've got them because you can't use them.

9          MS. STEVENSON:  Well, I don't have them.

10         THE COURT:  Okay, fine.

11         MS. STEVENSON:  Okay.

12         THE COURT:  Did you hear her, did you hear her say

13  it?

14         MR. MILLER:  I did, Your Honor.

15         THE COURT:  Okay.

16         MS. STEVENSON:  Okay.  Because all we have her is

17  what he's--

18         THE COURT:  Tax returns?

19         MS. STEVENSON:  No, these aren't, these aren't tax

20  returns.

21         THE COURT:  No, tax returns.  Your personal tax

22  returns?

23         MS. STEVENSON:  Yeah.

24         THE COURT:  They can get them.

25         MS. STEVENSON:  No, no, no, no.  I said the only

1  thing he has in regard to, is, is, that company is invoices

2  or time sheets.  Is that what you talking about because he has

3  those.

4          THE COURT:  You can read what he wants.  You know

5  what he wants.

6          MS. STEVENSON:  But I told him I don't have them.

7          THE COURT:  You're a very intelligent person.  You

8  can see what he wants by what he asks for, and you give him

9  every document that he has asked for, every document that he

10  has asked for, period.  There's no issue here.  There's no

11  issue in this case.

12          MS. STEVENSON:  I just want to make sure you're not

13  wiping out documents they already have.

14          THE COURT:  Oh, documents they already have they

15  don't need to have again.  Any other documents--

16          MS. STEVENSON:  I don't have anything what--

17          THE COURT:  You don't have anything else, that's

18  fine.

19          MS. STEVENSON:  I don't have any tax returns that say

20  Tuck NT on them.

21          THE COURT:  If you have personal tax returns--

22          MS. STEVENSON:  I have personal?

23          THE COURT:  --you produce them, period.

24          Now, let's move on to the next issue.  You have no

25  documents with Tuck NT but you have personal tax returns,

 1    produce them.

 2              MS. STEVENSON:  But they had no--

 3              THE COURT:  They're correct.

 4              MS. STEVENSON:  --they don't show Tuck NT.

 5              THE COURT:  It doesn't matter.  Those personal tax

 6    returns will show your income in other matters that are

 7    discoverable, that the defendnat is entitled to.  So that is

 8    this Court's rule.

 9              Now, let's go onto the next motion.  The next motion

10    is your motion for Rule 11 sanctions.  You may be heard on

11    that.  You may be heard on that motion.

12              MS. STEVENSON:  Okay, my Rule 11 sanctions.  Oh, I

13    don't have it in front of me here, but basically what my

14    concern is that the defendant - Rule 11.

15              THE COURT:  Argue it.  That's why you're here for a

16    hearing on all of these motions.

17              MS. STEVENSON:  Can we skip that and go to the - I'm

18    trying to recall what Rule 11 is.  Would you read it to me?

19              THE COURT:  Do you want me to tell you what your

20    motion said?  Okay.

21              MS. STEVENSON:  No, no, no.  What does Rule 11--

22              THE COURT:  No, here is what your motion says.  Your

23    motion is against the defendant claiming that the defense

24    counsel knowingly lied to the Court in defending their client,

25    and basically you should know this because you filed it.  It

1   says that they lied to the Court in defending their client

2   because they knew their client willfully violated the law.

3            MS. STEVENSON:  Oh, yes.  Yes, and I filed some

4   attachments there with it--

5            THE COURT:  Uh-huh.

6            MS. STEVENSON:  --because, the attachment will show

7   that the defendant, my ex-employer had, willingly knew or did

8   not care and stated openly that they did not care about any

9   federal laws or state regulations in regard to employees or

10  compliance, and--

11           THE COURT:  Okay.  Go on.

12           MS. STEVENSON:  --and in that also there are

13  documents that shows that, and I have some of them here from

14  the defendant's own files and they're the same files I

15  received, is that when I was paid, even though they paid me

16  under the name of Tuck NT, my wages were charged just as other

17  employees' wages were, and my vacation was accrued just like

18  other employees' vacation was accrued, and sick time was

19  allotted and personal days were allotted, and my, my contention

20  is, you know, they may say independent contractor, but they

21  treated me and I was an employee.  There are two documents I

22  have here that is a final letter that I got from the dean and

23  that was the first time I ever knew of any issues in terms of

24  performance over the last day of my employment, but the day

25  after that he sent out a letter to the staff.  He never

I-18

1  mentioned that Janice was an independent contractor and that

2  her company is no longer with the school.  So, you know, the

3  attorneys say one thing, but they also know from their client's

4  actions that it could not be true.

5        THE COURT:  Thank you.  I'll hear from the - you can

6  be seated.  Let me hear from the defendant.

7        MR. MILLER:  Your Honor, as reflected in our papers,

8  we believe that the Rule 11 motion Ms. Stevenson has filed is

9  utterly without merit and she does, in fact, essentailly seek

10  sanctions against us for defending our client.  It is our

11  contention that she was an independent contractor of the

12  school.  We believe that's supported by the documentary record.

13  It's also our contention that had she been an employee of the

14  school, she would have been exempt under the white color

15  exemptions to the statute.  There's nothing asserted in bad

16  faith.  And in fact, it's Ms. Stevenson's motion that's

17  asserted in the utmost bad faith.  The documents that she

18  referred to that she attached to her motion, she

19  surreptitiously altered.  In submitting to this Court, she

20  redacted a line from the email that she attached as Exhibit 1,

21  and the full copy is attached as an exhibit to our oppposition

22  to her motion, in attempts to deceive this Corut about the

23  nature of the conversations that she just referred to, and we

24  believe that this motion was filed essentially in retaliation

25  for our efforts to secure discovery from Ms. Stevenson and that

I-19

1   it is a plain waste of this Court's time and it's abusive to

2   the school and it's caused us to expend additional completely

3   unnecesary resources and deprived the school of funds that

4   should be devoted to its charitable mission.

5           MS. STEVENSON:  Your Honor, may I respond?

6           THE COURT:  You may.

7           MS. STEVENSON:  Your Honor, there is no one person

8   who's on the payroll in error and that's what he's saying, and

9   that email I say was my employer's attitude.  You know, we,

10  this employer routinely classified employees where they would

11  not receive overtime, just like they did me, but every

12  mechanism they use in order to scurt the law as the dean said

13  or to make, or to make it easier for the school to operate with

14  less money, that's what they did.  That email was not redacted.

15  That is the codified policy of that school.  The penalties

16  aren't that great.  The penalties aren't that bad because they

17  had lawyers.  They had Sullivan Worcester who sits on their

18  board or make them hire a number of lawyers who can defend them

19  because they know with these lawyers there's not going to be a

20  lot of penalties that they're going to have to pay or be

21  assessed against.  And, you know, this is, that's common

22  knowledge to me.  So when I have an attorney who can look at

23  the record, and they're not unexperienced attorneys, but when

24  you have attorneys who can look at the paperwork under a

25  federal law such as the FLSA, and then say they did no wrong, I

I-20

1  know better than that.  I know I personaly, I know I

2  personally sat in the dean's office and we did not, the people

3  would bring the time sheets up that had overtime on it.  He

4  would send it back to them and say fill out a new one.

5          THE COURT:  Ms. Stevenson?

6          MS. STEVENSON:  Yes, ma'am.

7          THE COURT:  I understand that you're pro se, but

8  you're motion is totally, totally misplaced.  It is not only

9  misplaced, as counsel says, you're bringing a Rule 11 motion,

10  and from what the Court gleans from reading what you said, you

11  clearly must not understand Rule 11 because your motion is not

12  only misplaced, it is prodedurally defective.  You didn't give

13  counsel 21 days notice, which you were supposed to do under

14  Rule 11, but more than that, you bring this motion because

15  counsel is representing one thing and you're representing

16  another.  You can't do that.  This motion, I mean, you brought

17  this action against them.

18          MS. STEVENSON:  Yes.

19          THE COURT:  Rule 11 says, talks about the

20  frivolousness of an action.  You brought the action against –

21  their defense isn't, if you wanted to say their defense is not

22  frivolous, but you didn't give them, first and foremost, it was

23  procedurally defected.  Secondly – because you didn't give them

24  21 days.  Do you understand that?  You didn't give them 21

25  days.

1          MS. STEVENSON:  But, Your Honor--

2          THE COURT:  No, you didn't give them 21 days.  You

3    didn't.

4          MS. STEVENSON:  But, Your Honor, when they--

5          THE COURT:  If you wanted to bring a Rule 11, you had

6    to do that and you didn't do it.

7          MS. STEVENSON:  But, Your--

8          THE COURT:  But number two, number two, it's totally

9    misplaced.

10          MS. STEVENSON;  But, Your Honor, I think Rule 11 says

11    if there's, like they're making a false statement.

12          THE COURT:  Wrong, denied.

13          Motion for terminating sanctions or in the

14    alternative to compel deposition testimony.  Let me hear from

15    defendant.

16          MR. MILLER:  Your Honor, that motion, as I mentioned

17    earlier, relates to Ms. Stevenson's utter and stubborn refusal

18    to participate in her depsotion which we believe is her

19    culmination of her refusal to participate in this case and

20    warrants the dismissal of this action along with her other

21    frivolous filings.  In addition to flatly refusing to answer

22    simply background questions, icnluding questinos about her

23    residential address, she, for example, told me she didn't know

24    whether she had a home.  She didn't know where she had slept

25    the night before.  She didn't know how she had gotten to my

I-22

1    office.  She refused to tell me where she went to high

2    school because she said she didn't want me investigating her

3    background.  That's the beginning of it, and I thinkt he first

4    25--

5            THE COURT:  Well, where she went to high school, what

6    does that have to do with it?

7            MR. MILLER:  Well, her education is relevant to her--

8            THE COURT:  I mean, that's one question.  If you're

9    going to talk about some depsotion questions, let's talk about

10   some serious deposition quesitons.

11           MR. MILLER:  You're right, Your Honor.  That's just

12   one example.  The ones that are the most serious for purposes

13   of this case relate to the services that she performed for the

14   school and where and how she performed them.  She refused to

15   tell me whether or not she owned a computer during the period

16   of time her company was engaged by Neighborhood House Charter

17   School.  She refused to tell me whether or not she had internet

18   access in her residence at that time.  She refuses to tell me

19   whether she had performed work for the school from her home,

20   all of which is relevant to her indpendent contractor status

21   and to the hours she claims to have worked for the school.

22           In addition, she completley refused to look at

23   documents that I placed before her as exhiibts to her

24   depsotion.  She refused even to set eyes on them and cut off

25   entire lines of questionning that related to, among other

I-23

1 | things, her attendance at law school, which is centrally

2 | relevant to this case because she was providing legal

3 | compliance advice to the school among other things, and she

4 | simply refused to participate.  She asserted completely

5 | inapplicable constitutional priviledges, which I explained the

6 | school's position that those had no bearing.  She claimed that

7 | the information that we were seeking was irrelevant.  I went so

8 | far because of her pro se status as to mark a copy of Rule 30

9 | and talk her through the appropriate scope of an objection and

10 | the fact that testimony is taken at deposition subject to the

11 | objections and she could not refuse to testify based on

12 | relevance.  And she persisted and she cut off entire areas of

13 | discovery that are centrally relevant to this case, again,

14 | causing the school to expend thousands and thousands of dollars

15 | in resources and utterly blocking us from mounting an effective

16 | defnese in this matter.  It's not even such that we can ask the

17 | Court to give us the inference that might be had based on her

18 | assertion of inapplicable priviledges because we can't even get

19 | at the underlying basic information about for example her

20 | educationsal history, the tools she used to do the services

21 | that she performed for the school and such.  The cases that are

22 | cited in our motion establish that it is well within #3:43:05

23 | of the Court to dismiss the plaintiff's claim for misconduct

24 | that is much less serious, and to dismiss the claim of a pro se

25 | plaintiff in similar circumstances.  And we would certianly ask

1  that if the Court is disinclined, notwithstanding the

2  Stevenson's long pattern of misconduct in this case, the Court

3  is disinclined to dismiss the claim that she be ordered to pay

4  substantial monetary sanctions to the school because as I've

5  mentioned a couple of times, she's caused unbelievable

6  distraction and expense to a public resource, and the only way

7  that she will be deterred from continuing this patern, which

8  has gone on not only in this court but in the bankruptcy court

9  and in seven adminsitrative agencies, is if she is forced to be

10  accountable for her actions and the expense that she's causing

11  the school.

12        THE COURT:  Questions on the deposition,

13  Ms. Stevenson, you know you are to answer questions on a

14  deposition.  You may make an objection but you answer the

15  question, you make an objection and then you bring those

16  objections to the Court at the appropriate time, but not, you

17  can't refuse to answer question at a deposition.

18        MS. STEVENSON:  Well, Your Honor, the case in - well,

19  this is an overtime payment case, and my, when I went to the

20  deposition, I thought they wanted to get to the heart of the

21  deposition, and as I told him, when I went to work for my

22  ex-employer, you know, there was no background check.  There

23  was no, or address verification check, but they didn't care

24  where, they didn't ask well, where do you live?  Do you have

25  the necessary tools to do overtime?  And that is what I told

1  him.   I says, if I went up to Lasser University and used

2  their computer room to finish my work, or I went over to the

3  women's center in Cambridge, or I used another public access

4  computer, Neighborhouse didn't care.  They didn't question it.

5  I did it when it was, if I had some work to do and I took it

6  home--

7          THE COURT:  But those questions, those kinds of

8  questions merit and warrant an answer.  Well, I went to such

9  and such and I used their, this is where I got--

10         MS. STEVENSON:  I told him that, but when he, when he

11 wanted to know - I told him this, wherever, if I worked off

12 site or I worked over, if I worked off site or after hours, I

13 was saying that when I came back Monday the work was done and

14 no one--

15         THE COURT:  But if he said, well, what did you do,

16 you can answer that question.

17         MS. STEVENSON:  I did.  I told him if I did payroll

18 because I was--

19         THE COURT:  give me an example of what she didn't

20 answer?

21         MR. MILLER: Your Honor, in that vain, she refused to

22 tell me whether she had access for example to payroll

23 information from her residence.  Essentially questions that are

24 targeted at the resources she aintained at her home to provide

25 sservices like the services shed provide ffor the school, and

I-26

1    that is directly relevant--

2              THE COURT:  You're supposed to answer that question.

3              MS. STEVENSON:  No, ma'am.  It's broad based--

4              THE COURT:  Did you just tell me no?

5              MS. STEVENSON:  Yes, ma'am.  Yes, ma'am.  I told him,

6    he says did you acess from home?  It's a web based program.

7    You can access it from anywhere in the world.  I can go up to,

8    if I had access right now, we could access--

9              THE COURT:  Did you tell him what the web based

10   system was?

11             MS. STEVENSON:  I assume he knew?

12             THE COURT:  No, don't assume anything.  Don't assume

13   anything.  When, from now on, you go back to that deposition

14   and when the defendnat asks you the question, you answer it.

15   You don't assume anything.  You answer, you answer the

16   question.

17             MS. STEVENSON:  Well, let me ask you this, Your

18   Honor—

19             THE COURT:  No, we don't need to, we don't need to be

20   asking the court question.  You need to – let me tell you,

21   Ms. Stevenson, in reading this and in reading the papers in

22   this case, the district judge didn't dismiss this case at this

23   point, and there will be a point when you can file, I

24   understand you tried to mediate it and didn't, that's too bad,

25   because this, from what this Court has seen, you have used

1   dilatory tactics, you have refused to give information, you

2   have clearly submitted frivolous motions, and your behavior,

3   while the Court always should give a pro se plaintiff some

4   leeway and some room, you've had a house.  You had a house.

5   You have tried in every instance that the defendant has asked

6   for information, you haven't given it to them because you, as

7   you said, I assume they knew.  I don't like this question.  I

8   don't think they ought to have this.  Yes, they should. Once yu

9   have decided this case is going forward, as you have, then you

10  object, you can sit at the depsotion, you can say, I don't like

11  this question, high school, I don't like this questin, I

12  object, but I'll answer it.  I object.  You can object as much

13  as you please, but you must answer the question.  That's the

14  rule.  You must answer the question, and if you do that, this

15  case will move faster.  If you provide the infromation that you

16  haven't provided, it will move faster, because you must

17  understand that if you refuse to give information that the

18  plaintiff (sic) asks for, then you can't later on come back and

19  say, well I have this document, which is the document they

20  requested.  You can't use it because you didn't give it to them

21  when they asked for it.

22          So I will issue and order and I will write everything

23  out so you'll understand, and you need to within 14 days of

24  today, so that we won't have any question about when you need

25  to give information, testimony or documents, you have 14 days

## STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JANICE STEVENSON

Plaintiff

VERSUS                          CA-05-11584-DPW

NEIGHBORHOOD HOUSE CHARTER
  SCHOOL

Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT COURT JUDGE

STATUS CONFERENCE

JANUARY 23, 2007

APPEARANCES:

JANICE STEVENSON, Post Office Box 400372, Cambridge,
Massachusetts  02140, in proper person

BARRY J. MILLER, ESQ., Seyfarth, Shaw, LLP, Two Seaport
Lane, Suite 300, Boston, Massachusetts  02210, on
behalf of the Defendant

> Courtroom No. 1 - 3rd Floor
> 1 Courthouse Way
> Boston, Massachusetts  02210
> 10:15 A.M. - 10:45 A.M.

Pamela R. Owens - Official Court Reporter
John Joseph Moakley District Courthouse
1 Courthouse Way - Suite 3200
Boston, Massachusetts  02210

1224d3e8-d8aa-4fee-aa71-63e20aa285df

## STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

Page 2

1    THE COURT: Well, I have a series of motions here.
2    But I want to step back a bit first and understand from both
3    parties' perspectives what's going to be necessary to get this
4    to judgment here. Mr. Davis, is it?
5        MR. MILLER: Mr. Davis has withdrawn, Your Honor.
6    He was Ms. Stevenson's former counsel.
7        THE COURT: I'm sorry.
8        MR. MILLER: I'm Barry Miller here for Neighborhood
9    House Charter School.
10       It is our position, Your Honor, that this case has
11   become an intractable mess because of Ms. Stevenson's pattern
12   of misconduct in this matter and in several related matters.
13   And we believe that Magistrate Judge Alexander's order of
14   November 7th served as last and final warning to Ms. Stevenson
15   that her conduct up to that point had been inexcusable and
16   would not be tolerated further. And starting days after
17   Magistrate Judge Alexander entered that order, Ms. Stevenson
18   not only continued her pattern of behavior, but actually
19   escalated her antics. She continued to file frivolous motions
20   against the school in this forum and in the Bankruptcy Court
21   because she knew she had worn out her welcome here. She
22   disregarded Magistrate Judge Alexander's clear instruction that
23   she produce specifically designated documents and she willfully
24   failed to appear for her deposition.
25       THE COURT: I understand that larger position. But

Page 3

1    assume that this is going to be resolved on the merits. What
2    needs to be done?
3        MR. MILLER: Your Honor, in order for us to respond
4    to the substance of the claims that Ms. Stevenson has asserted,
5    we have to be able to take discovery. We have to get a
6    meaningful document production from her. She's in control of
7    most of the documents relating to the case. Because one of the
8    central issues here is whether her company through which she
9    provided services to Neighborhood House Charter School was an
10   independent contractor or whether she was, in fact, an employee
11   directly of the school.
12       THE COURT: But is it simply discovery from her and
13   the associated document requests -- that is, document requests
14   from her? Is there anything else? Is it all focused on
15   Ms. Stevenson?
16       MR. MILLER: It's almost entirely focused on
17   Ms. Stevenson, including deposition testimony which she has
18   refused to give up to this point.
19       THE COURT: All right. Ms. Stevenson?
20       MS. STEVENSON: Before I address that, I've been
21   trying to obtain the transcript from the hearing the Magistrate
22   had. And on the docket, it referred to a phone number and
23   person. And I've been trying to contact that person to get a
24   copy of the transcript. And I believe they're within this
25   court. Can you tell me how I can get a transcript of that

Page 4

1    hearing? I sent the E-mail to Ms. Rowland. So, I wanted to
2    bring that up. But in regards to --
3        THE COURT: Magistrate Judge Alexander was pretty
4    clear on what she ordered.
5        MS. STEVENSON: Well, no. I want the transcript of
6    the --
7        THE COURT: Well, that's fine. You can go get the
8    transcript. And Ms. Rynne will help you, although I think it's
9    pretty clear how one goes about ordering a transcript. But
10   that's immaterial at this point.
11       MS. STEVENSON: Yeah. But --
12       THE COURT: The question is whether or not you're
13   going to comply with Judge Alexander's orders.
14       MS. STEVENSON: Your Honor, I have submitted
15   documents and I have tried to bring to this Court's attention
16   and the Bankruptcy Court's attention that the documents they
17   request I don't have. And the ones I have, I have given to
18   them.
19       THE COURT: So let me be clear about this. Your
20   position is that there are no other documents?
21       MS. STEVENSON: The ones she ordered, I have
22   submitted to this Court and to them.
23       THE COURT: All right. So that's her position.
24   What do you say? Is there anything else?
25       MR. MILLER: Your Honor, she made that same

Page 5

1    representation to Magistrate Judge Alexander. And she has
2    since attached documents to her filings in this matter and in
3    other matters that are directly responsive to our request that
4    she had not prior produced. She attached documents to her
5    motion for summary judgment that she filed in this Court on the
6    day that she was supposed to be sitting for her deposition.
7    And attached to that pleading were documents that were
8    responsive --
9        THE COURT: Okay. Well, let's just pause for a
10   moment. Are there any other documents -- any other documents?
11   Because if there is another document and it's produced late or
12   I'm shown that there is another document, I'm going to hold you
13   in contempt. So, think long and hard. Are there any other
14   documents responsive to Judge Alexander's order that you have
15   not yet produced?
16       MS. STEVENSON: I think -- I feel like I have
17   produced everything she's --
18       THE COURT: I'm taking that as your representation,
19   there are no other documents.
20       MS. STEVENSON: Yeah, because she only wanted three
21   documents -- tax forms, the calendar, and I forgot what the
22   other one is. But I produced three.
23       THE COURT: I don't really care what --
24       MS. STEVENSON: But the point is this.
25       THE COURT: -- you've produced in the past. Let me

2  (Pages 2 to 5)

1224d3e8-d8aa-4fee-aa71-63e20aa285df

**Page 6**

1  be clear about this, Ms. Stevenson. Now the time has come. If
2  you tell me that you have complied fully with Magistrate Judge
3  Alexander's orders, that all the documents have been produced,
4  then I'll accept that representation. If I find that that
5  representation is wrong and the defendants can show to me
6  either that there are documents that you didn't produce or you
7  continue to produce in some other forum or even in this forum
8  documents that were responsive, I'm going to hold you in
9  contempt.
10      MS. STEVENSON: Okay.
11      THE COURT: Do you understand?
12      MS. STEVENSON: I understand.
13      THE COURT: Okay. So --
14      MS. STEVENSON: But I --
15      THE COURT: Just a moment. Now, no extra
16  discussion about it.
17      MS. STEVENSON: It's not a discussion. I want to
18  know why on the documents I produced that has determined
19  that -- I really feel there is no other issue involved if --
20      THE COURT: We're going to get to that, but we're
21  going step by step. And the first step is the documents. You
22  tell me and you've represented to me on pains that I will hold
23  you in contempt and I should add enforce as sanction the
24  dismissal of the case if new documents appear.
25      MS. STEVENSON: Well, Your Honor, if you're going

**Page 7**

1  to dismiss the case on documents that show that the defendant
2  had never ascertained their claim that I was an independent
3  contractor, doesn't that go against what the overtime wage law
4  stands for?
5      THE COURT: You're talking about something entirely
6  different.
7      MS. STEVENSON: I am? I think we're talking about
8  the same thing. Because in my mind --
9      THE COURT: Ms. Stevenson --
10      MS. STEVENSON: -- to me --
11      THE COURT: Ms. Stevenson, let me be clear. I'm
12  going to go step by step.
13      The first step is the documents, whether or not you
14  have produced all of the documents. That's all we're talking
15  about right now. I'm going to go to the next step.
16      MS. STEVENSON: Okay. Well, why -- may I --
17      THE COURT: Are you going to listen to me or not?
18      MS. STEVENSON: Well, I --
19      THE COURT: Are you going to listen to me or not?
20  No. Please step back. Are you going to listen to me or not?
21      MS. STEVENSON: I'm listening.
22      THE COURT: Okay. I've just told you the first
23  step. You will have adequate opportunity to address me on
24  other matters. But this case has been transformed into a
25  mess. And it has been transformed into a mess because of

**Page 8**

1  various actions that you have taken. Now, I intend -- as
2  Magistrate Judge Alexander did -- to clarify this so that we
3  can get to the merits so that the respective positions of the
4  parties may be fairly evaluated. But I'm not going to let
5  somebody interfere with that process. And I want to be as
6  clear as I can what the consequences are.
7      First, the documents. So, that's where we stand on
8  the documents.
9      MR. MILLER: Your Honor --
10      THE COURT: You understand --
11      MR. MILLER: Yes, Your Honor.
12      THE COURT: -- that you're going to have to
13  demonstrate to me that there were documents produced afterwards
14  or you have a basis for believing that there are other
15  documents that she has not produced.
16      MR. MILLER: If I could clarify, Your Honor, she
17  has apparently -- and I haven't seen them. But it's my
18  understanding that she filed documents with the Court,
19  including her tax returns and perhaps some journals that were
20  at issue in the case that we don't yet have.
21      THE COURT: Have you provided them for defendant?
22      MS. STEVENSON: Yes, sir. And I have proof that I
23  sent them to him. I sent them electronically.
24      THE COURT: No. There were a large number of
25  documents.

**Page 9**

1      MS. STEVENSON: Yes. When they sent me the E-mail
2  after they received this document, they never told me -- and I
3  have the E-mail here with it. They never told me after they
4  received this document that there was some missing. I didn't
5  know about their alleged missing documents until they wanted to
6  file a supplemental brief. And I have that E-mail here with me
7  from them.
8      THE COURT: The docket reports as follows with
9  respect to your motion for summary judgment: "Motion for
10  summary judgment by Janice Stevenson. Exhibits voluminous and
11  unscanned," which means that they weren't sent by electronic --
12      MS. STEVENSON: No, no, no, no, no. I brought
13  those in here, because I don't have access to what attorneys
14  do. But they can --
15      THE COURT: Did you provide them to --
16      MS. STEVENSON: Yes.
17      THE COURT: -- the defendants? You provided those
18  documents to the defendants?
19      MS. STEVENSON: Yes. I E-mailed him those
20  documents.
21      THE COURT: You E-mailed the documents to the
22  defendants?
23      MS. STEVENSON: I E-mailed all of them. Everything
24  I have sent to him has been by E-mail.
25      MR. MILLER: Your Honor, she did send me a series

STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

|  | Page 10 |
|---|---|

1  of six E-mails attaching essentially the same thing over and
2  over again. As I understand it, what she has sent to me is
3  some small fraction of what she filed with her papers.
4      THE COURT: When you say as you understand, what's
5  the basis for that understanding?
6      MR. MILLER: When she filed those papers, I had a
7  discussion with Ms. Rynne about what was filed because it was
8  clear that what she served on me was different from what she
9  had served on the Court. And we had concerns about some of the
10  specific documents that we thought she may have filed because
11  she was, in fact, sanctioned by the Bankruptcy Court from
12  filing those specific documents because they are confidential.
13  And as I understand it -- and, again, I have not seen what she,
14  in fact, filed with the Court and it's not available online.
15  But as I understand it, the documents she produced to the Court
16  or filed with the Court include some journals that she
17  submitted to the U.S. Department of Labor and various other
18  materials. What she has produced to me are her tax returns and
19  only in part and excluding the documents that are most relevant
20  to her claim in this case, including Forms W-2, Forms 1099, and
21  things like that. We don't have the journals and we don't have
22  the various other documents she was ordered to produce.
23      THE COURT: All right. So you go look at the court
24  file. That's how you're going to get access and make the
25  determination of whether or not she actually served on you all

|  | Page 11 |
|---|---|

1  of the materials that she said she did. She says that she
2  served on you by E-mail all the documents that were produced in
3  connection with the motion for summary judgment. I take that
4  as a representation. If it's inaccurate, it will be grounds
5  for contempt. Do you understand?
6      MS. STEVENSON: Yes. I have the E-mail.
7      THE COURT: No, no. What's going to happen is
8  counsel is going to look at what's on file in this Court.
9      MS. STEVENSON: Yes.
10      THE COURT: And then he's going to show, if he can,
11  that there is some difference. And you'll have an opportunity
12  to respond. But you don't get to say things in this Court
13  without consequences. And you have represented to me that
14  everything that is on file in connection with the Motion for
15  Summary Judgment was served on the other side.
16      MS. STEVENSON: That's right, electronically.
17      THE COURT: Okay. I heard what you had to say.
18      MS. STEVENSON: That's right.
19      THE COURT: And I've told you what the consequences
20  will be if you have been inaccurate.
21      MS. STEVENSON: Well, I know what you sent to him I
22  left here. That's all I can say.
23      THE COURT: Okay. Well, you've said it. Now that
24  deals with the documents.
25      Now the question of her deposition?

|  | Page 12 |
|---|---|

1      MR. MILLER: Yes, Your Honor. Magistrate Judge
2  Alexander specifically ordered Ms. Stevenson to appear for
3  deposition having found that she unjustifiably failed and
4  refused to participate in the first two sessions of her
5  deposition. She ordered it for date certain for December 20th
6  after accommodating Ms. Stevenson's schedule and allowing her
7  to reschedule it for a date that she had not been available on.
8  Ms. Stevenson failed to appear without justification, notice,
9  or excuse. And in fact, it appears that she was at this
10  courtroom filing documents on the day that she should have been
11  in our offices a few hundreds yards from here sitting for her
12  deposition. And as a result, my client, which is a charitable
13  educational organization, has been forced to expend thousands
14  more dollars on top of the tens of thousands of dollars that
15  it's already extended in this case for no justifiable reason.
16  And we believe that that alone stands for grounds for a
17  significant sanction against Ms. Stevenson.
18      THE COURT: Okay. Why didn't you show up for the
19  deposition?
20      MS. STEVENSON: Your Honor, I came across documents
21  and I produced documents that, according to the law, if you can
22  produce evidence with affidavits that show there is no issues
23  of fact that can be -- that could no longer -- that the
24  defendant can no longer claim and I came to the Court and I
25  submitted those documents because there is no issue now if they

|  | Page 13 |
|---|---|

1  claim I was independent contractor -- and the issue is was I
2  depending on this person as an employer -- and I show through
3  my documents and my affidavit that I truly was dependent, I had
4  no other income -- outside of my employment with this --
5      THE COURT: Let me cut you short, because you've
6  got to answer my question: Why didn't you show up for the
7  deposition? You were ordered to show up for the deposition by
8  Judge Alexander. Why didn't you show up?
9      MS. STEVENSON: I did not show up, Your Honor,
10  because I had also informed him after the -- after he notified
11  me that I could no longer financially incur those costs of
12  going back and forth to the deposition. If he could move it
13  closer --
14      THE COURT: What costs of going back and forth?
15      MS. STEVENSON: The transportation costs.
16      THE COURT: But you were here in court filing on
17  that day.
18      MS. STEVENSON: Yes, sir.
19      THE COURT: Now, the transportation costs are the
20  same to get to this court as to get to the offices just down
21  the street.
22      MS. STEVENSON: Well, Your Honor, I made the cost
23  to come here to file it hopefully that it would grant -- that
24  the documents would show that there can be no more -- that
25  there are no more issues.

JANUARY 23, 2007>

1224d3e8-d8aa-4fee-aa71-63e20aa285df

## STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

Page 14

1    THE COURT: You're in violation of a court order.
2    MS. STEVENSON: Well, no, sir. I really --
3    THE COURT: Yes, you are in violation of a court
4  order. Magistrate Judge Alexander was clear. You have an
5  obligation to appear before a deposition. You don't get to
6  make your own choices about whether or not you appear or don't
7  appear. You were ordered to appear and you didn't.
8    Now, the question for me is what the sanction
9  should be. I'm going to give you one more chance -- one more
10  chance. I'm going to fix the date for deposition and you're
11  going to appear.
12    So, what date do you want? What dates do you want?
13    MR. MILLER: Your Honor, we would like some time to
14  review the court file and make sure we have documents
15  available.
16    THE COURT: What dates do you want?
17    MR. MILLER: We're probably looking at a date in
18  late February if that's acceptable to the Court.
19    THE COURT: Okay. We'll fix a date in late
20  February. Ms. Stevenson, when are you available?
21    MS. STEVENSON: I don't have a calendar in front of
22  me, Your Honor.
23    THE COURT: Well, you're going to have to tell me
24  right now.
25    MS. STEVENSON: Well, I don't know.

Page 15

1    THE COURT: Well, I'm going to tell you when you're
2  going to appear for the deposition. What other obligations do
3  you have? Are you working?
4    MS. STEVENSON: No, but I'm looking for a job.
5    THE COURT: Okay. Well, then this date will
6  interfere with your job search. Because you're going to have
7  to appear on this date.
8    MS. STEVENSON: In this Court?
9    THE COURT: No, in the deposition at their office
10  just as Magistrate Judge Alexander told you to do. And you
11  should understand that it was within my power and it is within
12  my power to dismiss this case for your willful failure to
13  appear at the deposition, but I'm giving you one more chance.
14    MR. MILLER: Can I request February 22nd, Your
15  Honor, for the deposition?
16    THE COURT: Thursday, February 22nd. At what time?
17    MR. MILLER: 10 A.M., please.
18    THE COURT: You should take that down,
19  Ms. Stevenson. Thursday, February 22nd. I'm sorry. You don't
20  seem to be writing.
21    MS. STEVENSON: I don't have anything to write
22  with.
23    THE COURT: Okay. Well, Ms. Rynne will pass you a
24  pen so that you can write this down.
25    MS. STEVENSON: Well, suppose I get back and I have

Page 16

1  something on that date?
2    THE COURT: Well, you're going to have to make some
3  kind of motion.
4    MS. STEVENSON: But was it in another court?
5    THE COURT: You're going to have to make some kind
6  of motion.
7    MS. STEVENSON: Motion?
8    THE COURT: Motion. You know about those. You've
9  filed them. You filed a number of them. You're going to have
10  to do what you didn't do with respect to Magistrate Judge
11  Alexander's order. Ask for some sort of leave. And unless you
12  get that leave from this Court, the consequence will be the
13  dismissal of this case. February 22nd. At what time?
14    MR. MILLER: At 10 A.M., please, Your Honor.
15    THE COURT: 10 A.M. at the offices --
16    MR. MILLER: At the offices of Seyfarth, Shaw,
17  which is in the World Trade Center, a few hundred yards from
18  here.
19    THE COURT: That's where you're going to have to
20  appear. And until I issue an order that says that you don't
21  appear, you have to appear. Do you understand?
22    MS. STEVENSON: Yeah.
23    THE COURT: Now, what else?
24    MS. STEVENSON: Might I ask a question?
25    THE COURT: You'll have an opportunity. I'm asking

Page 17

1  a question of counsel first.
2    MR. MILLER: If that's all Your Honor wishes to
3  hear on our motion for order to show cause, the only remaining
4  motions before the court, I believe, include plaintiff's motion
5  for summary judgment, the two documents she filed on December
6  20th. And to the extent that Your Honor hasn't already
7  addressed it, there are objections to the Magistrate Judge's
8  order.
9    THE COURT: Now, assuming that you have the
10  deposition and you have those documents, what is your next step
11  in this case?
12    MR. MILLER: We intend to move for summary
13  judgment, Your Honor.
14    THE COURT: All right. When would you move for
15  summary judgment, Your Honor, in relation to the deposition?
16    MR. MILLER: We would ask for three weeks after her
17  deposition is completed.
18    THE COURT: Okay. Well, it can be completed in one
19  day.
20    MR. MILLER: We believe it can if she cooperates,
21  Your Honor.
22    THE COURT: Okay. So, I will permit the filing of
23  motions for summary judgment on March 16. And I will deny the
24  motion for summary judgment of the plaintiff without prejudice
25  in order to permit the full development of the record in this

JANUARY 23, 2007>

1224d3e8-d8aa-4fee-aa71-63e20aa285df

## STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

Page 18

1  case.
2      Now, you had some something further that you wanted
3  to say?
4      MS. STEVENSON: Yes. Why would you deny my motion
5  if it's relevant to the issues now?
6      THE COURT: Because it's not timely and because you
7  have interfered with discovery. I just set a date for summary
8  judgment.
9      MS. STEVENSON: But if I gave evidence that can
10 show there is no deposition or anything else he can produce
11 that can overcome my evidence, why would you deny it?
12     THE COURT: Well, we'll find out. You'll show up
13 at the deposition.
14     MS. STEVENSON: Okay. And what about --
15     THE COURT: Just a moment.
16     MS. STEVENSON: (Heavy sighing).
17     THE COURT: And they'll get an opportunity --
18 excuse me. Have you completed your sighing?
19     MS. STEVENSON: My sighing?
20     THE COURT: Sighing.
21     MS. STEVENSON: Well --
22     THE COURT: Have you?
23     MS. STEVENSON: -- I still have -- I still have a
24 comment. But Your Honor, I really feel like there is nothing
25 else that I can produce for them.

Page 19

1      THE COURT: That's what every lawyer and every
2  party believes about their motions for summary judgment. But
3  we have an orderly process. We have a process in which the
4  parties don't just tell us when they feel like filing their
5  motion for summary judgment. They don't just tell us that
6  they'd like to show up or don't want to show up for a
7  deposition. Both sides are to be afforded an opportunity to
8  develop the case fully and I am affording both sides that
9  opportunity.
10     And, so, I said that I am dismissing your motion
11 for summary judgment or denying it without prejudice. That is,
12 it may be renewed on March 16th after the conclusion of all of
13 the relevant discovery, but not until.
14     MS. STEVENSON: So I have to refile again?
15     THE COURT: If you want to leave it as it stands,
16 you can have it left as it stands. You can refile it as it
17 stands. But it's not going to be ripe for consideration until
18 March 16th to afford the defendant the opportunity to conduct
19 such discovery as they were permitted by order of Judge
20 Alexander. Understand?
21     MS. STEVENSON: Well, no, because I feel like this
22 is lopsided. I have asked for documents, an employer -- or he
23 should have in regards to his claim that I was an independent
24 contractor. I can't get that from them.
25     THE COURT: And that's your motion to compel which

Page 20

1  was dealt with by Magistrate Judge Alexander.
2      MS. STEVENSON: Okay. What is -- she didn't even
3  address it, did she? I mean, there was nothing. I still can't
4  get a record from --
5      THE COURT: Magistrate Judge Alexander entered an
6  order on November 7th granting the motion to compel documents
7  and for sanctions by Neighborhood House Charter School. No
8  action was taken by the court on the motion to compel by
9  Ms. Stevenson in that it's not a discovery motion or one that
10 was dispositive in nature. And consequently, she denied the
11 motion for sanctions by Janice Stevenson. She denied the
12 motion to compel for terminating sanctions in the alternative
13 by Neighborhood Schools. In short, she dealt with it.
14     MS. STEVENSON: Well, again, this seems to be
15 lopsided. It seems to be --
16     THE COURT: Well, you say it's lopsided and
17 certainly you're entitled to whatever view you have.
18     MS. STEVENSON: Yes.
19     THE COURT: But the short of it is that there has
20 been a request for discovery and an order issued you have not
21 complied with. Now I'm giving you another chance to comply
22 with it. And once that has been completed, your motion for
23 summary judgment -- which you say is uncontroverted -- will be
24 ripe for consideration.
25     So, that's how we're going to leave it.

Page 21

1      MS. STEVENSON: Okay. But what about documents I
2  need?
3      THE COURT: Why do you need the documents? You
4  told me a moment ago that there's no need for documents, that
5  it's uncontroverted?
6      MS. STEVENSON: Well, there are still documents
7  they are statutorily required to have. And I would like to see
8  copies of those.
9      THE COURT: Have you made a motion to compel?
10     MS. STEVENSON: Yes, I have.
11     THE COURT: And what happened to that motion?
12     MS. STEVENSON: They said they won't give them to
13 me.
14     THE COURT: What happened to the motion to compel?
15     MS. STEVENSON: You mean the one that you just
16 read?
17     THE COURT: Yes.
18     MS. STEVENSON: Okay. Well, they're still -- I
19 feel like this is unfair. I feel like this is a lopsided case.
20     THE COURT: Well, I understand what you have said.
21 But the short of it is that you have so managed to interfere
22 with the discovery process in this case that it's necessary now
23 for two Judges of this Court to make extraordinary rulings,
24 Judge Alexander and me. We're making these orders in order to
25 ensure that the parties have an opportunity to address the

JANUARY 23, 2007>

1224d3e8-d8aa-4fee-aa71-63e20aa285df

## STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL>

Page 22

1  question of summary judgment in an orderly fashion. You say
2  you're entitled to some additional documents.
3      MS. STEVENSON: Yes.
4      THE COURT: But you have not filed a motion to
5  compel that would permit me to order it. So, I have nothing
6  before me with respect to that.
7      We now have a schedule that you will comply with.
8  And if you fail to comply with it, the case will be dismissed.
9      MS. STEVENSON: Oh, and another thing. Have you
10 addressed my motion to withdraw? I had a request.
11     THE COURT: Right.
12     MS. STEVENSON: I wanted to put it in state court.
13     THE COURT: Whatever you want to do with the case
14 is up to you.
15     MS. STEVENSON: Okay.
16     THE COURT: If you want to file it in some other
17 court --
18     MS. STEVENSON: Make a motion.
19     THE COURT: -- I'm not going to interfere with
20 that.
21     MS. STEVENSON: Okay.
22     THE COURT: But it's withdrawn in this Court.
23     MS. STEVENSON: Okay.
24     THE COURT: And it can't be revived in this Court.
25     MS. STEVENSON: No.

Page 23

1      THE COURT: Okay. So first, we deal with motion
2  number 59, Motion to Withdraw the Motion for Order to Show
3  Cause. That motion to withdraw is allowed.
4      Second, we deal with the Motion for Summary
5  Judgment filed by the plaintiff when she was expected to be at
6  the deposition. That's number 57. That is denied without
7  prejudice. The time for filing Motions for Summary Judgment in
8  this case would be March 16th.
9      Third, we deal with the Motion to Show Cause, which
10 is number 56, which was indicated has been withdrawn.
11     We deal then with motion number 54, the Motion to
12 File a Supplemental brief in Support of the Motion to Show
13 Cause. That motion is allowed.
14     Next, we deal with the Motion for an Order to Show
15 Cause by the Neighborhood Charter School. I dealt with that
16 motion by establishing that the plaintiff has asserted under
17 pains of dismissal that there are no further documents that are
18 responsive to Judge Alexander's order that have not been
19 provided to counsel in this case -- defense counsel in this
20 case; and second, that Ms. Stevenson will appear for a
21 deposition on February 22nd at 10 A.M. in the Seyfarth offices.
22     I don't believe there's anything else that needs to
23 be dealt with, is there?
24     MR. MILLER: Your Honor, if we could just clarify.
25 You stated that the summary judgment motions are to be filed by

Page 24

1  March 16th. Should we set a date for responses to those
2  motions?
3      THE COURT: No, the ordinary.
4      MR. MILLER: Ten days?
5      THE COURT: No, it's 14 days.
6      MR. MILLER: Fourteen days after filing. Thank
7  you, Your Honor.
8      THE COURT: Okay. All right. Anything else?
9  (No response)
10     THE COURT: I think I have been as clear as I can
11 be about this, Ms. Stevenson. I hope that this case can be
12 resolved on the merits. I hope that I don't have to dismiss it
13 because of misconduct. But I've made it as clear as I can that
14 you've got one more chance to comply with Magistrate Judge
15 Alexander's orders. If you don't, then the case will be
16 dismissed for procedural infirmities and the failure on your
17 part properly to conduct yourself in litigation with this
18 Court.
19     So, if there's nothing further, we'll be in recess.
20     RECESSED AT 10:45 A.M.
21
22
23
24
25

Page 25

1
2      CERTIFICATION
3
4      I certify that the foregoing is a correct
5  transcript of the record of proceedings in the above-entitled
6  matter to the best of my skill and ability.
7
8
9  Pamela R. Owens            Date
10 Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JANUARY 23, 2007>

1224d3e8-d8aa-4fee-aa71-63e20aa285df