UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 05-CV-11584-DPW |
| NEIGHBORHOOD HOUSE CHARTER SCHOOL, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S AFFIDAVIT AND OPPOSITION
TO ORDER TO SUBMIT UNEXAMINED DEPOSITION TRANSCRIPT**

Now come Janice Stevenson ("Plaintiff") to protest the finding that Plaintiff did not appear as directed and the order of February 22, 2007 regarding the submission of an unexamined deposition transcript by Neighborhood House Charter School and its attorneys. I am also disturbed at the ease the Defendant, who has provided to date no proof of its claim that Plaintiff was an independent contractor, was able to obtain an "emergency" hearing without substantiation. The employer bears the burden to show that an employee is exempt from the protections of FLSA. I am not aware of what was told the Court, but the Defendant appeared eager to stop Plaintiff's deposition. In support, thereof Plaintiff states the following:

**ARGUMENT**

**THE ORDER OF JUDGE WOODLOCK FOR THE FILING OF AN UNEXAMINED TRANSCRIPT OF PLAINTIFF'S DEPOSITION SERVES NO PURPOSE AND ADDRESSES NO MATTER PENDING BEFORE THE COURT SINCE BOTH DIRECTLY AND EXPRESSLY CONFLICTS WITH FEDERAL CIVIL PROCEDURE, CASE LAW, AND CONSTITUTIONALLY PROTECTED RIGHTS**

Neighborhood House Charter School has retaliated against Plaintiff for her whistle blowing activity by terminating ongoing employment, stalled my career and denied me accrued vacation pay. Plaintiff presents that this Court has established new standards for resolving FLSA claims, thereby violating Art. II, §1, cl. 2, of the United States Constitution and failing to comply with **29 U.S.C. 201, et seq.,** and the use of standardless unexamined deposition transcripts violates the Equal Protection and Due Process Clauses.

Plaintiff's depositions were taken in good faith to move the case forward to a conclusion. Defendant is using the depositions as a diversionary tactic which polarized this Court who has not addressed my Article III complaint. The Defendant wants protected documents that do not address any issue before the court: FLSA overtime wages and independent contractor status. There are six factors for determining whether a worker is an "employee" under the FLSA, as opposed to an independent contractor **[Exhibit A]**:

1. The degree of the alleged employer's right to control the manner in which the work is performed
2. The alleged employee's opportunity for profit or loss depending upon managerial skill
3. The alleged employee's investment in equipment or materials required for the work
4. Whether the service rendered requires special skills
5. The degree of permanence of the working relationship
6. Whether the service rendered by the worker is an integral part of the alleged employer's business

No single factor is more important than the others in determining independent contractor status. When the issue comes up in courts, the judge must consider whether, as a matter of economic reality, a worker is dependent on the business to which a service is rendered for continued work. The greater the dependence, the more likely the worker will be found to be an employee. [1]

1. The Defendant has had one goal throughout this law suit: indemnification and the production of documents exempted by federal and state whistleblower laws. **"Whistleblower"** is a term of art used to refer to the broader category of "employee protection" provisions of various laws.[2] The settlement agreement the Defendant presented twice during this lawsuit is an example of indemnification and creation of defenses to Plaintiff's whistle blowing activity. There is ample indication that Congress and state legislature intended such far-reaching consequences of whistle blower, the USDC have significantly interfered with "the separate spheres of governmental authority preserved in our federalist system." Fort Halifax Packing Co. v. Coyne, 482 U.S., at 19

State agencies encourage any one with personal knowledge of employees or employers who have broken the law, to report such. Neighborhood House Charter School is such an employer. These services, operated independently of the state agency, assure anonymity, assign a case number to each caller, and acts as an intermediary for the agency. Anonymous callers may receive information about the disposition of their report by making subsequent hotline inquiries using the assigned case number. Federal and state whistleblower laws protect the documents a party may use or have used.

---

[1] http://www.toolkit.cch.com/text/P05_0088.asp
[2] http://www.dol.gov/ejudication/whistleblowers.htm

In fact, this court has allowed the Defendant to characterized Plaintiff's participation in those federal and state agencies administrative procedures as "dilatory". The characterization is prejudicial and illegal under whistleblower laws.

Yet since the Defendant proclaims to this Court Plaintiff was an independent contractor, not one document or affidavit in support of the Defendant's proclamation has been submitted. The Defendant feigns the case cannot go forward because of the Plaintiff's "tactics." It is the Defendant's tactics and this Court's participation with the Defendant, which will not allow the case to go forward. The Court has no case law or constitutional basis for orders issued to aid the Defendant in illegal conduct. The Court has:

1. Denied Plaintiff's Motion for Summary Judgment as a Matter of Law (Docket No. 57)

2. Ordered the filing of an unexamined deposition by Plaintiff.

3. Overlooked documentary and affidavit evidence submitted by Plaintiff in supported of judgment as a matter of law [Exhibit A].

4. Has not given deference, Chevron U.S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984); Watt v. Alaska, 451 U.S. 259, 272 -273 (1981); Udall v. Tallman, 380 U.S. 1, 16 (1965), to the reasonable views of the Secretary, who is specifically authorized to define FLSA's definition of independent contractor.

II. THE DISTRICT'S DECISION TO THE FILING OF AN UNEXAMINED DEPOSITION TRANSCRIPT SERVES NO PURPOSE AND LIKEWISE CONFLICTS WITH FEDERAL CIVIL PROCEDURE

1. Plaintiff has a right to examine, read, and sign the deposition transcript before it is submitted to the Court.

On February 22, 2007 Plaintiff's deposition testimony was taken, but deponent Plaintiff retained the "right" to "read and sign" the transcript thereof. Per the Court's

order Plaintiff's deposition testimony will be transcribed and Plaintiff will not be given an opportunity, to "read and sign" the transcript.

Per the court's record, on February 22, 2007, Defendant will file a motion to dismiss by March 9, 2007. In anticipation of the Defendant's motion to dismiss, Plaintiff will demonstrate "good cause" why the action should not be dismissed with the filing of an examined transcript of Plaintiff's deposition on February 22, 2007. Furthermore Plaintiff prays the Court will grant a rehearing, the Defendant's conduct during the February 22, 2007 deposition contributed to my disbelief.

Date: February 26, 2007

Respectfully submitted,

*/s/ Janice W. Stevenson*

Janice Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - phone

## Appendix A
### Employee/Independent Contractor Synopsis

| Common Law Factors | Characteristics that Lead to Employee Classification | Affidavit or Documentary Evidence Provided to United States District Court (USDC)? |
|---|---|---|
| **BEHAVIORAL CONTROL** | | |
| 1. Worker trained by NHCS | Trained by NHCS | Documentary evidence submitted by Plaintiff |
| 2. Worker instructed about when, where and how work is to be done | Complied with NHCS' work instructions | Documentary evidence submitted by Plaintiff |
| 3. Worker had control over hiring and supervising assistants | Could not hire assistants to perform their work | Documentary evidence submitted by Plaintiff |
| 4. Worker performs the services personally | Rendered services personally | Documentary evidence submitted by Plaintiff |
| 5. Worker required to provide regular progress reports | Regular progress reports submitted weekly, bimonthly | Documentary evidence submitted by Plaintiff |
| 6. Worker perform the services in a prescribed sequence | Must follow prescribed sequence | Documentary evidence submitted by Plaintiff |
| 7. Worker devote a set amount of time to performing services for NHCS | Only worked for NHCS | Documentary evidence submitted by Plaintiff |
| 8. NHCS supplied the worker with any tools or materials | Tools and materials supplied by NHCS | Documentary evidence submitted by Plaintiff |
| 9. Worker had set hours | Hours specified by NHCS | Documentary evidence submitted by Plaintiff |
| 10. Worker performed services on NHCS's campus | Provides services on campus | Documentary evidence submitted by Plaintiff |

**FINANCIAL CONTROL**

| | | |
|---|---|---|
| 11. Could the worker realize a profit or loss as a result of the work to be performed? | Cannot realize profit or loss | Affidavit submitted by Plaintiff |
| 12. Does the worker have a significant investment in tools or other types of instruments? | No investment in work facilities | Affidavit submitted by Plaintiff |
| 13. Does the worker make his or her services available to the general public? | Services were not offered to the general public | Documentary evidence submitted by Plaintiff |
| 14. Does the worker perform his or her services for more than one business? | Works for only one business at a time | Affidavit submitted by Plaintiff |
| 15. Is the worker paid by the hour, week, month or assignment? | Paid on a consistent [hourly] and regular basis | Documentary evidence submitted by Plaintiff |
| 16. Worker reimbursed by NHCS for business expenses | Reimbursed for business expenses | Documentary evidence submitted by Plaintiff |

**RELATIONSHIP OF THE BUSINESS AND WORKER**

| | | |
|---|---|---|
| 17. Will the worker's services be integrated into NHCS' educational or other activities? | Plaintiff services were fully integrated into NHCS's business | Documentary evidence submitted by Plaintiff |
| 18. Is there a written contract that sets forth the terms and conditions of the services? | No contract | Admission by Defendant |
| 19. Does the worker earn employee benefits from NHCS (e.g., vacation/sick days, health/ life/disability insurance, pension plan eligibility)? | Earned NHCS employee benefits | Admission by Defendant and Documentary evidence submitted by Plaintiff |
| 20. Is the worker incorporated? | Not incorporated | Affidavit and Documentary evidence submitted by Plaintiff |
| 21. Did the worker have a continuing relationship with NHCS? | Ongoing relationship | Documentary evidence submitted by Plaintiff |
| 22. Can the worker be terminated at NHCS' discretion? | Employed at will, terminated at NHCS' discretion | Documentary evidence submitted by Plaintiff |
| 23. Can the worker end his or her relationship with NHCS at any time? | May quit job without obligation | Documentary evidence submitted by Plaintiff |

## CERTIFICATE OF SERVICE

I, Janice Stevenson, certify that the above document and exhibit was served on NEIGHBORHOOD HOUSE CHARTER SCHOOL by electronic mail or facsimile to:

>  Lynn A. Kappelman (BBO # 642017)
>  Barry J. Miller (BBO # 661596)
>  SEYFARTH SHAW LLP
>  World Trade Center East
>  Two Seaport Lane, Suite 300
>  Boston, MA 02210-2028
>  Telephone: (617) 946-4800
>  Telecopier: (617) 946-4801

*/s/ Janice W. Stevenson*

# AFFIDAVIT

I, Janice Stevenson, under oath, depose and say as follows based on personal knowledge:

1. All Plaintiff's depositions were taken and made in good faith to move the case forward to a conclusion.

2. Plaintiff has not examined, read, and signed the deposition transcript of February 22, 2007.

3. Plaintiff did not waive her right under to exam, read, and sign the transcript of the February 22, 2007 deposition.

4. The Defendant's conduct during the February 22, 2007 deposition was prominent in my disbelief of any thing they say if it is not in writing to substantiate it.

5. The burden of seeking clarification of a question is squarely on the testifying witness, Plaintiff. Defendant attempted to limit Plaintiff's clarifications.

6. The Defendant would not limit exchanges with Plaintiff.

7. The Defendant would not avoid questions regarding the preparation of declarations.

8. The burden of pointing out misstatements is on the Plaintiff, Defendant objected to this.

9. Defendant did not act with courtesy and decorum during the February 22, 2007 proceedings, behavior included banging on the table and yelling.

Signed under penalties of perjury this 26th day of February, 2007.

_Janice W Stevenson_

Janice Stevenson

# United States Court of Appeals
## for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439



Jan Horbaly
Clerk of Court

February 22, 2007

202-633-6550
202-633-9623 (F)

Janice W. Stevenson
P. O. Box 400372
Cambridge, MA 02140

RE:   Appeal from the U.S. District Court for the District of Massachusetts,
      Case no. 1:05-CV-11584, Stevenson v Neighborhood House Charter School

Dear Ms. Stevenson:

The court received your notice of appeal in the case identified above on February 22, 2007. Your notice of appeal was incorrectly mailed to this court. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, your appeal to the Federal Circuit must be filed at the lower court (the U.S. District Court for the District of Massachusetts). If the appeal is in proper order, the District Court will file it and transmit it to the Federal Circuit Court of Appeals for docketing.

I am enclosing a copy of the Federal Circuit Rules of Practice for your information.

Sincerely,

Jan Horbaly, Clerk

cc:   Barry J. Miller, Esq.

      U.S. District Court for the District of Massachusetts
      2300 U.S. Courthouse
      One Courthouse Way
      Boston, MA 02210-3002

Encl:  notice of appeal



| To: | [Click here and type name] | From: | [Click here and type name] |
|---|---|---|---|
| Fax: | | Fax: | |
| Phone: | | Phone: | |

| Date: | 2/22/2007 |
|---|---|
| Subject: | [Click here and type subject] |

Comments:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

Case Number 1:05-cv-11584-DPW

Janice Stevenson, Plaintiff

v.   NOTICE OF APPEAL

Neighborhood House Charter School
Defendant

Notice is hereby given that Janice Stevenson in the above named case hereby appeals to the United States Court of Appeals for the Federal Circuit from an order denying Summary Judgment to the Plaintiff entered in this action on January 23, 2007.

*Janice W. Stevenson*

Janice Stevenson
P.O. Box 400372
Cambridge, MA 01240
617-721-2638 – ph

## CERTIFICATE OF SERVICE

I, Janice Stevenson, certify that a copy of the Notice of Appeal was sent to the parties listed below by electronic mail or facsimile on February 20, 2007.

Barry Miller
Lynn Kappelman
Sefarth Shaw, LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
617-946-4800 - phone
617-946-4801 – fax

*/s/ Janice N. Stevenson*