UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-CV-11584-DPW |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND FOR SANCTIONS BY
NEIGHBORHOOD HOUSE CHARTER SCHOOL

Plaintiff, Janice Stevenson ("Plaintiff") objects to Defendant Neighborhood House Charter School ("Defendant", "NHCS") Motion to Dismiss and For Sanctions by Neighborhood House Charter School and Barry Miller's (Miller) affidavit and transcript, which is not a complete or true record of the February 22, 2007 deposition. As grounds for this objection, Plaintiff states as follows:

APPLICATION OF THE GUIDELINES TO THE FACTS OF THIS CASE

'Fundamentally, however, it should be remembered that a deposition is an opportunity for an opposing counsel to have a conversation with the witness: "A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness..."[1] Miller has repeatedly refused to cooperate in his own deposition, to answer Plaintiff questions, to clarify, and to reduce confusion. Miller's conduct at his own deposition burdens the Defendant, a poor public charitable charter

---

[1] 150 F.R.D. at 528, col. 1.

school, with increased cost. This is profitable to Miller's employer and subsequently to Miller billing revenues.

Plaintiff answered every question of Miller. Plaintiff's actions or behavior did not fall outside of the Guidelines.

Below is an excerpt of Magistrate Judge Alexander's order:

> December 20, 2006 at a time and place to be agreed to by the parties. Plaintiff may assert any appropriate objection she wishes during the deposition, and the Court will liberally interpret the validity of any objection or lack-there-of based on her *pro se* status, but is hereby ORDERED to answer every question posed by Defendant in an honest, clear, concise, and coherent manner. Plaintiff is free to bring any objections to the Court's attention at trial.

### Miller's stipulations with respect to objections

It is up to the witness to inform questioning counsel that the witness's testimony has been mischaracterized or misstated.

Plaintiff objected to the admissibility of evidence Miller presented for examination during the deposition which Miller indicated was from the December 20, 2006 deposition. Plaintiff was not at the December 20, 2006 deposition and the documents could not be authenticated. **MILLER REFUSED TO ANSWER** Plaintiff's additional questions or rephrase the question to overcome Plaintiff's objection. The Defendant's attorney was made aware of any objections Plaintiff made.

**Miller's improper objections and discussions**

During the course of the deposition, Miller's improper objections and associated discussion can be noted throughout his transcript. **It is up to the witness [Plaintiff] to ask for a clarification.** The record in this case shows that Plaintiff is capable of asking for clarification.

The record is rifled with Miller constant statement, "I am

## not going to respond to your questions. Your job is to listen to my questions and answers them.

**It is up to the witness [Plaintiff] to ask for a clarification. It is up to the witness [Plaintiff] to indicate that the witness [Plaintiff] is confused. Below is an except from Miller's transcript upon Plaintiff attempted to ask for clarification:**

> A. See, I keep asking about Exhibit 47.
> Q. For the record I'm going to try to explain to you what's going on here and I'm going to represent to you that it's not my job here to answer your questions. My job here is to take your

Defendant's attorney presented questions 1) that were leading, 2) beyond the scope of the direct testimony, and 3) documents that could not be authenticated. This is clearly not within Guidelines. Fortunately, Plaintiff has stayed above the fray instigated by counsel (Miller) for Defendant.

The evidence put forth by the Defendant and its attorneys in support of their allegations of independent contractor status of the Plaintiff is "sparse". No reasonable jury could find that the Plaintiff is an independent contractor and Plaintiff is entitled to Judgment on the Pleadings in regard to her Summary Judgment. In fact the Defendant

and its attorneys' waffles in regards to its own FLSA exemption defense claims. During the hearing before Magistrate Judge Alexander, Defendant's attorneys' state: See Transcript of Nov 6. 2006 hearing, the specific section is attached, at I-4, 7-14,

```
 7         MR. MILLER:  The school maintains in this lawsuit as
 8    it has in various other fora that Ms. Stevenson has filed
 9    charges in, that she was in fact an indpendent contractor and
10    the Fair Labor Standards Act did not apply to the services she
11    provided for the school.  The school further contends that even
12    if she had been an employee, the nature of the services that
13    she provided were such that she would have been an exempt
14    employee and not eligible for overtime pay under the statute.
```

However, when Plaintiff filed relevant evidence, which refuted this statement, made in Judge Alexander's 11-6-2006 hearing of the defendant's attorney, who is an officer of the court, the defendant and its attorneys resorted to *"personal attacks and unduly inflammatory language in his certifications and briefs"*. The relevant evidence Plaintiff has presented to this court are:

1. **a fiscal budget of NHCS,**

    This document is clear and convincing relevant evidence that the Defendant did not regard the Plaintiff as in independent contractor but an employee.

2. **the personnel classification section of Neighborhood House Charter School employee handbook,**

    The position that Plaintiff held while employed by Neighborhood Charter School was not an exempt position. By the Defendant's own admission, Plaintiff's primary duty was the enrollment of school employees into various databases; in other words, the tasks Plaintiff performed were primarily "routine" or "clerical".

3. Job description of Plaintiff.

The Defendant and its attorneys stated Plaintiff offered her services however, the job description shows that Plaintiff was hired to fill an open position at Neighborhood House Charter School after an extensive, competitive interview process.

The defendant and its attorneys have filed frivolous pleadings and briefs before this Court from the inception of this lawsuit and continue to file motions regarding claims they know can never be substantiated.

This defendant and its attorney have gone to great lengths to intimidate Plaintiff and feel no reservation about misrepresenting facts to the court and others.

*"The one consistent theme that runs throughout [defense counsel's] motion papers is his use of personal attacks and unduly inflammatory language in his certifications and briefs. Use of such language does nothing to assist the court in deciding the merits of a motion, wastes judicial resources by requiring the court to wade through the superfluous verbiage to decipher the substance of the motion, does not serve the client's interests well, and generally debases the judicial system and the profession.*

*The court is aware that a lawyer has an obligation and a duty to represent his client zealously and with diligence. However, "the circumstances of this case . . . present the unhappy picture of a lawyer who has crossed the boundary of legitimate advocacy into personal recrimination against his adversary. . . . Lawyers are not free, like loose cannons, to fire at will upon any target of opportunity which appears on the legal landscape. The practice of law is not and cannot be a free-fire zone."*[2]

---

[2] Cannon v. Cherry Hill Toyota, Inc., 190 F.R.D. 147, 161-62 (D.N.J. 1999) (quoting Thomason v. Norman E. Leher, P.C., 182 F.R.D. 121, 123 (D.N.J. 1998)).

Therefore, Plaintiff moves this Court to grant Plaintiff's summary judgment as a matter of law, deny Defendant's Motion to Dismiss and for Sanctions by Neighborhood House Charter School, and authenticate Miller's transcript.

Dated: March 13, 2007

Respectfully submitted by,

*/s/ Janice W. Stevenson/*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 - ph
866-838-4286 – fax


CERTIFICATE OF SERVICE

I hereby certify that this document was served on NEIGHBORHOOD HOUSE CHARTER SCHOOL by electronic mail or facsimile to:

> Lynn A. Kappelman (BBO # 642017)
> Barry J. Miller (BBO # 661596)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone: (617) 946-4800
> Telecopier: (617) 946-4801

*/s/ Janice W. Stevenson/*

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JANICE STEVENSON                  .CIVIL ACTION NO. 05-11584-DPW
         Plaintiff                .
                                  .
         V.                       .BOSTON, MASSACHUSETTS
NEIGHBORHOOD HOUSE CHARTER SCHOOL .NOVEMBER 6, 2006
         Defendant                .
. . . . . . . . . . . . . . . . .


                    TRANSCRIPT OF MOTIONS HEARING
              BEFORE THE HONORABLE JOYCE LONDON ALEXANDER
                    UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the plaintiff:              Janice Stevenson, pro se
                                P.O. Box 400372
                                Cambridge, MA 02140
                                617-721-2638


For the defendant:              Barry J. Miller, Esquire
                                Seyfarth Shaw, LLP
                                Two Seaport Lane
                                Suite 300
                                Boston, MA 02210
                                617-946-4800




Court Reporter:




Proceedings recorded by digital sound recording, transcript
produced by transcription service.
```

MARYANN V. YOUNG
Certified Court Transcriber
240 Chestnut Street
Wrentham, Massachusetts 02093
(508) 384-2003

```
                                                                    1-4
 1   under the Federal Fair Labor Standards Act.  The
 2   school--
 3           THE COURT:  Who did the school hire?
 4           MR. MILLER:  The school had a contract with
 5   Ms. Stevenson's company, Tuck NT.
 6           THE COURT:  All right.
 7           MR. MILLER:  The school maintains in this lawsuit as
 8   it has in various other fora that Ms. Stevenson has filed
 9   charges in, that she was in fact an indpendent contractor and
10   the Fair Labor Standards Act did not apply to the services she
11   provided for the school.  The school further contends that even
12   if she had been an employee, the nature of the services that
13   she provided were such that she would have been an exempt
14   employee and not eligible for overtime pay under the statute.
15   In the course of these proceedings and others, Ms. Stevenson
16   has filed a number of motions that are dilatory in nature and
17   serve no purpose other than to harrass and cause undue burden
18   to a publicly funded charitable charter school.
19           The motion to compel production of documents relates
20   to Ms. Stevenson's refusal to participate in discovery.
21   Neighborhood House initially served document requests on
22   Ms. Stevenson's counsel in November of 2005 when she was
23   represented in this matter by Attorney John Davis.  The parties
24   agreed to hold discovery in abeyance while they conducted
25   preliminary settlement negotiations.  Eventually, those
```

NHCS
FY05 Operating Budget

Salaries
Page 1 of 4
Created by Jagdish Choksh
Monday, October 18, 2004 4:58:31 PM

|  |  | FTE |  | Raise Amt | FY05 Approved Budget | Actual Payroll $ |
|---|---|---|---|---|---|---|
| **Management** |  |  |  |  |  |  |
| Headmaster | K Andrews | 1.00 | 95,000 | 2,850 | 97,850 |  |
| Dep Headmaster | M Nee | 0.17 | 29,826 | 0 | 29,826 |  |
| Dir of Development | S Hampton | 1.00 | 95,000 | 0 | 95,000 |  |
| Dean of Admin & Fin | J Chokshi | 1.00 | 80,000 | 0 | 80,000 |  |
| Finance & Ops Mgr | J Stevenson | 1.00 | 33,750 | 0 | 33,750 |  |
| Development Assoc | tba | 1.00 | 45,000 | 0 | 45,000 |  |
| Office Mgr | P Daniels | 1.00 | 39,750 | 1,193 | 40,942 |  |
|  |  | 6.17 | 418,326 | 4,043 | 422,368 |  |
|  |  |  |  |  |  |  |
| **Instruction** |  |  |  |  |  |  |
| Assist. Headmaster | K Scott | 1.00 | 56,000 | 0 | 56,000 |  |
| Dean of LS | M Jacobson | 1.00 | 69,525 | 2,085 | 71,610 |  |
| Dean of MS | S Shirley-Davidson | 1.00 | 50,000 | 0 | 50,000 |  |
| **Lower School** |  |  |  |  |  |  |
| Grade 5 Teacher | D Aril | 1.00 | 39,655 | 1,190 | 40,845 |  |
| Grade K2 Teacher | R Cheruvu | 1.00 | 39,500 | 1,185 | 40,685 |  |
| Grade 3 Teacher | J Sherman | 1.00 | 41,500 | 0 | 41,500 |  |
| KIDLAB Teacher | A Hoffman | 0.80 | 32,132 | 0 | 32,132 |  |
| Grade 4 Teacher | U Herrel | 1.00 | 40,241 | 1,207 | 41,448 |  |
| Grade 2 Teacher | S Blevins | 1.00 | 39,000 | 1,170 | 40,170 |  |
| Phys Ed Teacher | T Mayes | 0.60 | 28,840 | 865 | 29,705 |  |
| **Title 1 Teacher** | P Yoeman | 0.80 | 44,900 | 0 | 44,900 |  |

NHCS
FY05 Operating Budget

Salaries
Page 2 of 4
Created by Jagdish Choksh
Monday, October 18, 2004 4:58:31 PM

| | | FTE | | Raise Amt | FY05 Approved Budget | Actual Payroll $ |
|---|---|---|---|---|---|---|
| Title 1 Teacher | L Fields | 0.00 | 0 | | | |
| Specialist - Reading | L Morse | 0.50 | 19,960 | 599 | 20,559 | |
| Grade 1 Teacher | K Marchenco | 1.00 | 39,500 | 0 | 39,500 | |
| Grade K2 Teacher | K Gibson-O'Hare | 1.00 | 40,292 | 1,209 | 41,501 | |
| Grade K1 Teacher | K Ried | 1.00 | 37,856 | 1,136 | 38,992 | |
| Grade K2 Teacher | K Settles | 1.00 | 37,000 | 1,110 | 38,110 | |
| Grade K2 Assoc. Teacher | N Lind | 1.00 | 30,000 | 0 | 30,000 | |
| Grade K1 Assoc. Teacher | S Thaler | 1.00 | 30,000 | 0 | 30,000 | |
| Reading First Stipends | | | 9,280 | 0 | 9,280 | |
| Title 1 Math Task Force Stipend | | | 1,000 | 0 | 1,000 | |
| **Middle School** | | | | | | |
| Math Teacher | L Lee | 1.00 | 41,000 | 0 | 41,000 | |
| Math Teacher | M Linari | 0.50 | 26,000 | 0 | 26,000 | |
| English Teacher | E Pratt | 1.00 | 42,312 | 1,269 | 43,581 | |
| Spanish Teacher | K Rodriguez | 1.00 | 37,905 | 1,137 | 39,042 | |
| Soc Stud Teacher | H La | 1.00 | 37,500 | 0 | 37,500 | |
| Science Teacher | R Tatro | 1.00 | 39,655 | 1,190 | 40,845 | |
| Music Teacher | K Baken | 1.00 | 41,053 | 1,232 | 42,285 | |
| Art Teacher | R Cardoso | 1.00 | 36,764 | 1,103 | 37,867 | |
| Specialist - Writing | C Obel-Omia | 0.40 | 21,100 | 633 | 21,733 | |
| Reading First Coordinator | H Yoffee | 1.00 | 57,010 | 1,700 | 58,710 | |
| ?? | Pam M? | 0.80 | 36,000 | 1,080 | 37,080 | |
| Special Education | M Hartgering | 1.00 | 40,500 | 1,215 | 41,715 | |

NHCS
FY05 Operating Budget

Salaries
Page 3 of 4
Created by Jagdish Choksh
Monday, October 18, 2004 4:58:31 PM

| | | FTE | Raise Amt | FY05 Approved Budget | Actual Payroll $ |
|---|---|---|---|---|---|
| Special Education | M McHugh | 1.00 | 38,000 | 1,140 | 39,140 | |
| Special Education OT | B Sabghir | 0.40 | 27,467 | 624 | 28,291 | |
| Special Education Intern | | | 12,000 | 0 | 12,000 | |
| Special Education Stipend | | | 1,600 | 0 | 1,600 | |
| TechLab Teacher | | 0.50 | 23,870 | 0 | 23,870 | |
| **PSI** | | | 0 | 0 | 0 | |
| Director | M Rothman | 1.00 | 50,000 | 1,500 | 51,500 | |
| 1 | | 1.00 | 36,000 | 1,080 | 37,080 | |
| 2 | | 1.00 | 3,731 | 0 | 3,731 | |
| 3 | | 1.00 | 48,000 | 0 | 48,000 | |
| Teacher Stipend | | | 2,500 | 0 | 2,500 | |
| **Student Support** | | | | | | |
| Dean of Student Support | J Carberry-Scott | 1.00 | 54,972 | 0 | 54,972 | |
| Family Center Coordinator | C Weekes-C | 0.50 | 20,811 | 624 | 21,435 | |
| HS Placement | J Wurster | 1.00 | 47,133 | 1,414 | 48,547 | |
| After School Director | T Heinisch | 0.75 | 30,000 | 900 | 30,900 | |
| After School Staff | D Dagraflenried | 0.50 | 11,400 | 342 | 11,742 | |
| After School Staff | Jake | 0.50 | 11,400 | 342 | 11,742 | |
| After School Staff | ? | 0.50 | 11,400 | 342 | 11,742 | |
| After School Stipends | | | 1,520 | | 1,520 | |
| **Summer** | | | | | | |
| Summer Leader | | 1.00 | 4,080 | 0 | 4,080 | |
| Summer Leader | | 1.00 | 4,080 | 0 | 4,080 | |

NHCS  
FY05 Operating Budget

Salaries  
Page 4 of 4  
Created by Jagdish Choksh  
Monday, October 18, 2004 4:58:31 PM

| | | FTE | Raise Amt | | FY05 Approved Budget | Actual Payroll $ |
|---|---|---|---|---|---|---|
| Summer Teacher | | 1.00 | 3,072 | 0 | 3,072 | |
| Summer Teacher | | 1.00 | 3,072 | 0 | 3,072 | |
| Summer Teacher | | 1.00 | 3,072 | 0 | 3,072 | |
| Summer Teacher | | 1.00 | 3,072 | 0 | 3,072 | |
| Summer Teacher Assit | | 1.00 | 3,808 | 0 | 3,808 | |
| Summer Teacher Assit | | 1.00 | 3,808 | 0 | 3,808 | |
| Summer Teacher Assit | | 1.00 | 3,808 | 0 | 3,808 | |
| Summer Teacher Assit | | 1.00 | 3,808 | 0 | 3,808 | |
| Summer Teacher Assit | | 1.00 | 3,808 | 0 | 3,808 | |
| | | | (848) | | (2) | |
| | | 55.22 | 1,653,324 | 30,823 | 1,685,093 | |
| | | 61 | 2,071,650 | 34,856 | 2,107,461 | |

Fm:MyFax - Janice Stevenson To:NHCS Employee Manual (18668384286)    12:41 11/27/06 EST Pg 02-46

# Neighborhood House Charter School



*The
Neighborhood
House*

# Employee Handbook

- *Normally, disciplinary and corrective actions are taken by the supervisor, in the following sequence: an oral warning, a written warning, suspension, and/or dismissal. However, depending on the nature of the infraction, this procedure may be accelerated. Insubordination of a serious nature as well as any actions that violate the law or jeopardize our students or fellow workers may result in immediate termination of employment.*

## B. PERSONNEL CLASSIFICATIONS

### 1. EMPLOYMENT CLASSIFICATION

Benefits and personnel policies apply to employees as defined by their employment status. All positions at Neighborhood House Charter School are either "exempt" or "non-exempt" as determined by the Fair Labor Standards Act. Generally, an exempt employee holds a professional, administrative or executive position and is paid on a salaried basis. Exempt employees are not eligible for overtime compensation. Employees holding positions which do not fall into one of these categories (support staff positions) are "non-exempt" and are eligible for overtime compensation after having worked forty (40) hours in any work week.

*Exempt staff*

Exempt Employees do not receive overtime pay. Exempt employees must expend at least 80% effort on work which is executive, administrative, or professional in nature as defined by the Fair Labor Standards Act. Included in this classification is work which is primarily managerial, supervisory, intellectual or professional in nature. Examples of exempt positions with NHCS are Headmaster, Deans, Teachers, and the After School Coordinator.

*Non-Exempt staff*

Non-exempt employees perform work which is other than executive, administrative, or professional as defined by the FLSA, and will receive one-and-a-half times his/her regular hourly wage rate for all time worked in excess of 40 hours during a work week. Examples of non-exempt positions are Associate Teachers, Office Assistants and Special Education Tutors.

20.

NEIGHBORHOOD HOUSE CHARTER SCHOOL
197A Centre Street
Dorchester, MA 02124

| JOB POSTING |||
|---|---|---|
| Internal Posting Date: July 22, 2004 <br> End Date: August 4, 2004 |||
| **JOB TITLE:** <br> Finance & Operations Manager | **HOURS:** | **SALARY:** <br> $35,000 - $40,000 |
| **REPORTS TO:** <br> Dean of Administration | **CONTACT:** <br> Jug Chokshi – Dean Administration <br> Neighborhood House Charter School <br> 197A Centre Street, Dorchester, MA 02124 <br> jchokshi66@yahoo.com ||
| **JOB OVERVIEW:** <br><br> Neighborhood House Charter School, a leader within the Massachusetts charter school movement, is a young, vibrant school poised for significant growth. Over the next year, NHCS is renovating a new building to be opened next fall, doubling the current enrollment and bringing in-house its financial and administrative functions (which are currently out-sourced). In order to ensure the school has both the structure and capacity to support this significant expansion, a new position of Finance and Operations Manager has been created. Reporting directly to the Dean of Administration, the position will be responsible for managing all financial and administrative operations, including finance, human resources, and facilities management. <br><br> This is a high-growth position; the ideal candidate is smart, organized, and detailed oriented; energized by challenges and inspired to help create a smooth-running school; comfortable with numbers and people; able to create and work within systems; and have a solid grasp of basic accounting and reporting, as well as HR administration. <br><br> **Finance and Operations Manager: Scope of Responsibilities** <br><br> The Finance and Operations Manager, with the oversight from the Dean of Administration, will be responsible for all financial and administrative support that NHCS needs to operate a full-service school, including: <br><br> • **Finance**: Manage the day-to-day finance functions, including A/P, A/R, cash receipts and disbursements. <br> • **Financial Reporting**: Prepare monthly financial reports, including budget-to-actual and cash flow analysis. <br> • **Payroll**: Prepare the bi-weekly payroll. <br> • **Benefits Administration**: Administer the benefits that NHCS offers. <br> • **Special Projects**: Work closely with the Dean of Administration on special projects, including public funding, construction, creation of new systems and policies, management of technology and facilities, and other projects as needed. <br><br> Compensation will be commensurate with experience, within a range of $35,000 - $40,000. NHCS offers a competitive benefits package. |||
| **AGENCY DEPARTMENT** <br> Neighborhood House Charter School |||
| **JOB LOCATION** <br> 197A Centre Street, Dorchester, MA 02124 |||

Neighborhood House Charter School is an EEO/AA employer with a demonstrated commitment to diversity in the workplace. Women, people of color, and persons with disabilities are encouraged to apply.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JANICE STEVENSON, )
 )
             Plaintiff, )
 )
v. ) CIVIL ACTION NO. 05-CV-11584-DPW
 )
NEIGHBORHOOD HOUSE CHARTER )
SCHOOL, )
 )
             Defendant. )
 )

## AFFIDAVIT OF JANICE W. STEVENSON
## IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS AND FOR SANCTIONS

I, Janice W. Stevenson, ("Plaintiff") under oath, depose and say as follows based on personal knowledge:

1. By Order dated January 23, 2007, the Court directed Plaintiff to appear for continued deposition in the above-captioned matter at the offices of Seyfarth Shaw on Thursday, February 22, 2007.

2. I arrived at the offices of Seyfarth Shaw on February 22, 2007 with the intent to have a question-and-answer conversation with the deposing lawyer (Miller).

3. I sat a seat from the court reporter, diagonally across from Neighborhood House Charter School ("Defendant") attorney, Barry Miller (Miller).

4. There are three seats on each side of a rectangle table.

5. I sat in the middle seat.

6. The conference room felt cold to me so I kept my coat on. I advise Miller of such as I had at the previous depositions. However, Miller was not in a good mood and felt compelled to delay the deposition to focus on my clothing and sitting position.

7. During the limited questions that Miller did ask and the documents he presented from a deposition I did not attend, Miller refused to provide clarification, reduce confusion, and authenticate documents.

8. Miller stated continuously he would not answer any of my questions.

9. **It is up to the witness [Plaintiff] to ask for a clarification.** The limited record in this case shows that Plaintiff is capable of asking for clarification.

10. The record is rifled with Miller constant statement, "I am not going to respond to your questions. Your job is to listen to my questions and answers them."

11. It is up to the witness [Plaintiff] to ask for a clarification.

12. It is up to the witness [Plaintiff] to indicate that the witness [Plaintiff] is confused.

13. I am totally confused by Miller's conduct at his own deposition; he has yet to question me to establish the Defendant's FLSA exemption claim.

14. Miller has held three depositions and has not questioned me regarding my personal tax documents, my bank records, etc. He focuses on my clothes and sitting in one of three unmarked chairs in a small, cold conference room.

15. Miller purpose for holding depositions is to assert another claim to dismiss.

16. After lunch break, I could not enter the conference room. The door was closed; when the conference room door was opened Miller claimed someone from the Court was on the phone.

17. I did not believe Miller and I expressed my disbelief.

18. I could not believe that there would be ex parte communication between the judge's office and Defendant's counsel.

19. Miller would not have believed me if I had an undisclosed conversation with the Court and attempted to hand him a telephone or a written number.

20. No one from the Court called me and I have received calls from the Court when I was running late, to ascertain if I would be in attendance to a status conference.

21. I asked Miller was the deposition over, he stated that it was suspended. I left the offices of Seyfarth Shaw.


Signed under the penalties of perjury this 14th day of March, 2007.

*[signature]*