UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEIGHBORHOOD HOUSE CHARTER )<br>SCHOOL, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-CV-11584-DPW |

**PLAINTIFF'S THIRD MOTION TO WITHDRAW DOCKET NO. 35:
PLAINTIFF'S MOTION TO COMPEL PAYMENT VACATION WAGES**

On January 23, 2007, Plaintiff, Janice W. Stevenson, attempted an oral motion to withdraw Docket No. 35 before Judge Woodlock (Attachment I: see transcript pg 22, line 9 to 25). Plaintiff had initially requested withdrawal of Plaintiff's Motion To Compel Payment of Vacation Wages, Docket No. 35, in her Motion of Objections to the Magistrate's Proposed Order and Findings, page 3 (Attachment II), Docket No. 50, filed November 9, 2006.

Plaintiff requests a written order to reflect Plaintiff's Motion To Compel Payment of Vacation Wages, Docket No. 35, has been withdrawn from the federal court and correction of the docket to reflect Plaintiff's Motion To Compel Payment of Vacation Wages, Docket No. 35, has been withdrawn from the federal court.

Respectfully submitted,

*Janice W Stevenson*

Janice W. Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – ph
Dated: June 21, 2007

## Certificate of Service

I, Janice W. Stevenson, hereby certify that on this 21st day of June, 2007, a true copy of the foregoing document was sent by electronic mail to Barry Miller, Lynn A. Kappelman at bmiller@seyfarth.com, lkappelman@seyfarth.com.

*Janice W Stevenson*

# ATTACHMENT I

STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANICE STEVENSON
  Plaintiff
VERSUS                              CA-05-11584-DPW
NEIGHBORHOOD HOUSE CHARTER
SCHOOL
  Defendant

BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT COURT JUDGE

STATUS CONFERENCE
JANUARY 23, 2007

Courtroom No. 1 - 3rd Floor
John Joseph Moakley District Courthouse
1 Courthouse Way - Suite 3200
Boston, Massachusetts 02210
10:15 A.M. - 10:45 A.M.

APPEARANCES:

JANICE STEVENSON, Post Office Box 400372, Cambridge,
Massachusetts 02140, in proper person

BARRY J. MILLER, ESQ., Seyfarth, Shaw, LLP, Two Seaport
Lane, Suite 300, Boston, Massachusetts 02210, on
behalf of the Defendant

Pamela R. Owens - Official Court Reporter
John Joseph Moakley District Courthouse
1 Courthouse Way - Suite 3200
Boston, Massachusetts 02210

JANUARY 23, 2007

---

Page 2

1  THE COURT: Well, I have a series of motions here.
2  But I want to step back a bit first and understand from both
3  parties' perspectives what's going to be necessary to get this
4  to judgment here. Mr. Davis, is it?
5  MR. MILLER: Mr. Davis has withdrawn, Your Honor.
6  He was Ms. Stevenson's former counsel.
7  THE COURT: I'm sorry.
8  MR. MILLER: I'm Barry Miller here for Neighborhood
9  House Charter School.
10 It is our position, Your Honor, that this case, has
11 become an intractable mess because of Ms. Stevenson's pattern
12 of misconduct in this matter and in several related matters.
13 And we believe that Magistrate Judge Alexander's order of
14 November 7th served as last and final warning to Ms. Stevenson
15 that her conduct up to that point had been inexcusable and
16 would not be tolerated further. And starting days after
17 Magistrate Judge Alexander entered that order, Ms. Stevenson
18 not only continued her pattern of behavior, but actually
19 escalated her antics. She continued to file frivolous motions
20 against the school in this forum and in the Bankruptcy Court
21 because she knew she had worn out her welcome here. She
22 disregarded Magistrate Judge Alexander's clear instruction that
23 she produce specifically designated documents and she willfully
24 failed to appear for her deposition.
25 THE COURT: I understand that larger position. But

---

Page 3

1  assume that this is going to be resolved on the merits. What
2  needs to be done?
3  MR. MILLER: Your Honor, in order for us to respond
4  to the substance of the claims that Ms. Stevenson has asserted,
5  we have to be able to take discovery. We have to get a
6  meaningful document production from her. She's in control of
7  most of the document relating to the case. Because one of the
8  central issues here is whether her company through which she
9  provided services to Neighborhood House Charter School was an
10 independent contractor or whether she was, in fact, an employee
11 directly of the school.
12 THE COURT: But is it simply discovery from her and
13 the associated document requests -- that is, document requests
14 from her? Is it anything else? Is it all focused on
15 Ms. Stevenson?
16 MR. MILLER: It's almost entirely focused on,
17 Ms. Stevenson, including deposition testimony which she has
18 refused to give up to this point.
19 THE COURT: All right. Ms. Stevenson?
20 MS. STEVENSON: Before I address that, I've been
21 trying to obtain the transcript from the hearing the Magistrate
22 had. And on the docket, it referred to a phone number and a
23 person. And I've been trying to contact that person to get a
24 copy of the transcript. And I believe they're within this
25 court. Can you tell me how I can get a transcript of that

---

Page 4

1  hearing? I sent the E-mail to Ms. Rowland. So, I wanted to
2  bring that up. But in regards to --
3  THE COURT: Magistrate Judge Alexander was pretty
4  clear on what she ordered.
5  MS. STEVENSON: Well, no, I want the transcript of
6  the --
7  THE COURT: Well, that's fine. You can go get the
8  transcript. And Mr. Ryme will help you, although I think it's
9  pretty clear how one goes about ordering a transcript. But
10 that's immaterial at this point.
11 MS. STEVENSON: Yeah. But --
12 THE COURT: The question is whether or not you're
13 going to comply with Judge Alexander's orders.
14 MS. STEVENSON: Your Honor, I have submitted
15 documents and I have tried to bring to this Court's attention
16 and the Bankruptcy Court's attention that the documents they
17 request I don't have. And the ones I have, I have given to
18 them.
19 THE COURT: So let me be clear about this. Your
20 position is that there are no other documents?
21 MS. STEVENSON: The ones she ordered, I have
22 submitted to this Court and to them.
23 THE COURT: All right. So that's her position.
24 What do you say? Is there anything else?
25 MR. MILLER: Your Honor, she made that same

---

Page 5

1  representation to Magistrate Judge Alexander. And she has
2  since attached documents to her filings in this matter and in
3  other matters that are directly responsive to our request that
4  she had not prior produced. She attached documents to her
5  motion for summary judgment that she filed in this Court on the
6  day that she was supposed to be sitting for her deposition.
7  And attached to that pleading were documents that were
8  responsive.
9  THE COURT: Okay. Well, let's just pause for a
10 moment. Are there any other documents -- any other documents?
11 Because if there is another document and it's produced late or
12 I'm shown that there is another document, I'm going to hold you
13 in contempt. So, think long and hard. Are there any other
14 documents responsive to Judge Alexander's order that you have
15 not yet produced?
16 MS. STEVENSON: I think -- I feel like I have
17 produced everything she's --
18 THE COURT: I'm taking that as your representation,
19 there are no other documents.
20 MS. STEVENSON: Yeah, because she only wanted three
21 documents -- tax forms, the calendar, and I forgot what the
22 other one is. But I produced three.
23 THE COURT: I don't really care what --
24 MS. STEVENSON: But the point is this.
25 THE COURT: -- you've produced in the past. Let me

STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL

Page 6

1  be clear about this, Ms. Stevenson. Now the time has come. If
2  you tell me that you have complied fully with Magistrate Judge
3  Alexander's orders, that all the documents have been produced,
4  then I'll accept that representation. If I find that that
5  representation is wrong and the defendants can show to me
6  either that there are documents that you didn't produce or you
7  continue to produce in some other forum or even in this forum
8  documents that were responsive, I'm going to hold you in
9  contempt.
10        MS. STEVENSON: Okay.
11        THE COURT: Do you understand?
12        MS. STEVENSON: I understand.
13        THE COURT: Okay. So --
14        MS. STEVENSON: But I --
15        THE COURT: Just a moment. Now, no extra
16  discussion about it.
17        MS. STEVENSON: It's not a discussion. I want to
18  know why on the documents I produced that has determined
19  that -- I really feel there is no other issue involved if --
20        THE COURT: We're going to get to that, but we're
21  going step by step. And the first step is the documents. You
22  tell me and you've represented to me on pains that I will hold
23  you in contempt and I should add enforce as sanction the
24  dismissal of the case if new documents appear.
25        MS. STEVENSON: Well, Your Honor, if you're going

Page 7

1  to dismiss the case on documents that show that the defendant
2  had never ascertained their claim that I was an independent
3  contractor, doesn't that go against what the overtime wage law
4  stands for?
5        THE COURT: You're talking about something entirely
6  different.
7        MS. STEVENSON: I am? I think we're talking about
8  the same thing. Because in my mind --
9        THE COURT: Ms. Stevenson --
10        MS. STEVENSON: -- to me --
11        THE COURT: Ms. Stevenson, let me be clear. I'm
12  going to go step by step.
13        The first step is the documents, whether or not you
14  have produced all of the documents. That's all we're talking
15  about right now. I'm going to go to the next step.
16        MS. STEVENSON: Okay. Well, why -- may I --
17        THE COURT: Are you going to listen to me or not?
18        MS. STEVENSON: Well, I --
19        THE COURT: Are you going to listen to me or not?
20  No. Please step back. Are you going to listen to me or not?
21        MS. STEVENSON: I'm listening.
22        THE COURT: Okay. I've just told you the first
23  step. You will have adequate opportunity to address me on
24  other matters. But this case has been transformed into a
25  mess. And it has been transformed into a mess because of

Page 8

1  various actions that you have taken. Now, I intend -- as
2  Magistrate Judge Alexander did -- to clarify this so that we
3  can get to the merits so that the respective positions of the
4  parties may be fairly evaluated. But I'm not going to let
5  somebody interfere with that process. And I want to be as
6  clear as I can what the consequences are.
7        First, the documents. So, that's where we stand on
8  the documents.
9        MR. MILLER: Your Honor --
10        THE COURT: You understand --
11        MR. MILLER: Yes, Your Honor.
12        THE COURT: -- that you're going to have to
13  demonstrate to me that there were documents produced afterwards
14  or you have a basis for believing that there are other
15  documents that have not produced.
16        MR. MILLER: If I could clarify, Your Honor, she
17  has apparently -- and I haven't seen them. But it's my
18  understanding that she filed documents with the Court,
19  including her tax returns and perhaps some journals that were
20  at issue in the case that we don't yet have.
21        THE COURT: Have you provided them for defendant?
22        MS. STEVENSON: Yes, sir. And I have proof that I
23  sent them to him. I E-mailed them to him electronically.
24        THE COURT: No. There were a large number of
25  documents.

Page 9

1        MS. STEVENSON: Yes. When they sent me the E-mail
2  after they received this document, they never told me -- and I
3  have the E-mail here with it. They never told me on after they
4  received this document that there was some missing. I didn't
5  know about their alleged missing documents until they wanted to
6  file a supplemental brief. And I have that E-mail here with me
7  from them.
8        THE COURT: The docket reports as follows with
9  respect to your motion for summary judgment: "Motion for
10  summary judgment by Janice Stevenson, Exhibits voluminous and
11  unscanned", which means that they weren't sent by electronic --
12        MS. STEVENSON: No, no, no, no. I brought
13  those in here, because I don't have access to what attorneys
14  do. But they can --
15        THE COURT: Did you provide them to --
16        MS. STEVENSON: Yes.
17        THE COURT: -- the defendant?
18        MS. STEVENSON: Yes, I E-mailed? You provided those
19  documents to the defendants?
20        MS. STEVENSON: Yes. I E-mailed him those
21  documents.
22        THE COURT: You forgot the --
23        MS. STEVENSON: Well, I know what you said to him I
24  have sent to him has been by E-mail.
25        MR. MILLER: Your Honor, she did send me a series

Page 10

1  of six E-mails attaching essentially the same thing over and
2  over again. As I understand it, what she has sent to me is
3  some small fraction of what she filed with her papers.
4        THE COURT: When you say as you understand, what's
5  the basis for that understanding?
6        MR. MILLER: When she filed those papers, I had a
7  discussion with Ms. Rynne about what was filed because it was
8  clear that what she served on me was different from what she
9  had served on the Court. And in fact, it appears that she was
10  specific documents that we thought she may have filed because
11  she was, in fact, sanctioned by the Bankruptcy Court from
12  filing those specific documents because they are confidential.
13  And as I understand it -- and, again, I have not seen what she,
14  in fact, filed with the Court and it's not available online.
15  But as I understand it, the documents she produced to the Court
16  or filed with the Court include some journals that she
17  submitted to the U.S. Department of Labor and various other
18  materials. What she has produced to me are her tax returns and
19  only in part and excluding the documents that are most relevant
20  to her claim in this case, including Forms 1099, and
21  things like that. We don't have the journals and we don't have
22  the various other documents she was ordered to produce.
23        THE COURT: All right. So you go look at the
24  file. That's how you're going to get access and make the
25  determination of whether or not she actually served on you all

Page 11

1  of the materials that she said she did. She says that she
2  served on you by E-mail all the documents that were produced in
3  connection with the motion for summary judgment. I take that
4  as a representation. If it's inaccurate, it will be grounds
5  for contempt. Do you understand?
6        MS. STEVENSON: Yes. I have the E-mail.
7        THE COURT: No, no. What's going to happen is
8  counsel is going to look at what's on file in this Court.
9        MS. STEVENSON: Yes.
10        THE COURT: And then he's going to show, if he can,
11  that there is some difference. And you'll have an opportunity
12  to respond. But you don't get to say things in this Court
13  without consequence. And you have represented to me that
14  everything that is on file in connection with the Motion for
15  Summary Judgment was served on the other side.
16        MS. STEVENSON: That's right, electronically.
17        THE COURT: Okay. I heard what you had to say.
18        MS. STEVENSON: That's right.
19        THE COURT: And I've told you what the consequences
20  will be if you have been inaccurate.
21        MS. STEVENSON: Well, I know what you sent to him I
22  left here. That's all I can say.
23        THE COURT: Okay. Well, you've said it. Now that
24  deals with the documents.
25  Now the question of her deposition?

Page 12

1        MR. MILLER: Yes, Your Honor, Magistrate Judge
2  Alexander specifically ordered Ms. Stevenson to appear for
3  deposition having found that she unjustifiably failed and
4  refused to participate in the first two sessions of her
5  deposition. She ordered it for a date certain for December 20th
6  after accommodating Ms. Stevenson's schedule and allowing her
7  to reschedule it for a date that she had not been available on.
8  Ms. Stevenson failed to appear without justification, notice,
9  or excuse. And in fact, it appears that she was at this
10  courtroom filing documents on the day after she should have been
11  in our offices a few hundred yards from here sitting for the
12  deposition. And as a result, my client, which is a charitable
13  educational organization, has been forced to expend thousands
14  more dollars on top of the tens of thousands of dollars that
15  it's already expended in this case for no justifiable reason.
16  And we believe that that alone stands for grounds for a
17  significant sanction against Ms. Stevenson.
18        THE COURT: Okay. Why didn't you show up for the
19  deposition?
20        MS. STEVENSON: Your Honor, I came across documents
21  and I produced documents that, according to the law, if you can
22  produce evidence with affidavits that show there is no issue
23  of fact that can be -- that could no longer -- that the
24  defendant can no longer claim and I came to the Court and I
25  submitted those documents because there is no issue now if they

Page 13

1  claim I was independent contractor -- and the issue is was I
2  depending on this person as an employer -- and I show through
3  my documents and my affidavit that I truly was dependent, I had
4  no other income -- outside of my employment with this --
5        THE COURT: Let me cut you short, because you've
6  got to answer my question. Why didn't you show up for the
7  deposition? You were ordered to show up for the deposition by
8  Judge Alexander. Why didn't you show up?
9        MS. STEVENSON: I did not show up, Your Honor,
10  because I had also informed him after the -- after he notified
11  me that I could no longer financially incur those costs of
12  going back and forth to the deposition. If he could move it
13  closer --
14        THE COURT: What costs of going back and forth?
15        MS. STEVENSON: The transportation costs.
16        THE COURT: But you were here in court filing on
17  that day.
18        MS. STEVENSON: Yes, sir.
19        THE COURT: Now, the transportation costs are the
20  same to get to this court as to get to the offices just down
21  the street.
22        MS. STEVENSON: Well, Your Honor, I made the cost
23  to come here to file it hopefully that it would grant -- that
24  the documents would show that there can be no more -- that
25  there are no more issues.

STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL

Page 14

1  THE COURT: You're in violation of a court order.
2  MS. STEVENSON: Well, no, sir, I really —
3  THE COURT: Yes, you are in violation of a court
4  order. Magistrate Judge Alexander was clear. You have an
5  obligation to appear before a deposition. You don't get to
6  make your own choices about whether or not you appear or don't
7  appear. You were ordered to appear and you didn't.
8  Now, the question for me is what the sanction
9  should be. I'm going to give you one more chance — one more
10 chance. I'm going to fix the date for deposition and you're
11 going to appear.
12 So, what date do you want? What dates do you want?
13 MR. MILLER: Your Honor, we would like some time to
14 review the court file and make sure we have documents
15 available.
16 THE COURT: What dates do you want?
17 MR. MILLER: We're probably looking at a date in
18 late February if that's acceptable to the Court.
19 THE COURT: Okay. We'll fix a date in late
20 February. Ms. Stevenson, when are you available?
21 MS. STEVENSON: I don't have a calendar in front of
22 me, Your Honor.
23 THE COURT: Now, you're going to have to tell me
24 right now.
25 MS. STEVENSON: Well, I don't know.

Page 15

1  THE COURT: Well, I'm going to tell you when you're
2  going to appear for the deposition. What other obligations do
3  you have? Are you working?
4  MS. STEVENSON: No, but I'm looking for a job.
5  THE COURT: Okay. Well, then this date will
6  interfere with your job search. Because you're going to have
7  to appear on this date.
8  MS. STEVENSON: In this Court?
9  THE COURT: No, in the deposition at their office
10 just as Magistrate Judge Alexander told you to do. And you
11 should understand that it is within my power and it is within
12 my power to dismiss this case for your willful failure to
13 appear at the deposition, but I'm giving you one more chance.
14 MR. MILLER: Can I request February 22nd, Your
15 Honor, for the deposition?
16 MR. MILLER: Thursday, February 22nd. At what time?
17 MR. MILLER: 10 A.M., please.
18 THE COURT: You should take that down,
19 Ms. Stevenson. Thursday, February 22nd. I'm sorry. You don't
20 seem to be writing.
21 MS. STEVENSON: I don't have anything to write
22 with.
23 THE COURT: Okay. Well, Ms. Rynne will pass you a
24 pen so that you can write this down.
25 MS. STEVENSON: Well, suppose I get back and I have

Page 16

1  something on that date?
2  THE COURT: Well, you're going to have to make some
3  kind of motion.
4  MS. STEVENSON: But was it in another court?
5  THE COURT: You're going to have to make some kind
6  of motion.
7  MS. STEVENSON: Motion?
8  THE COURT: Motion. You know about those. You've
9  filed a number of them. You're going to have
10 to do what you didn't do with respect to Magistrate Judge
11 Alexander's order. Ask for some sort of leave. And unless you
12 get that leave from this Court, the consequence will be the
13 dismissal of this case. February 22nd. At what time?
14 MR. MILLER: At 10 A.M., please, Your Honor.
15 THE COURT: 10 A.M. at the offices —
16 MR. MILLER: At the offices of Seyfarth, Shaw,
17 which is in the World Trade Center, a few hundred yards from
18 here.
19 THE COURT: That's where you're going to have to
20 appear. And until I issue an order that says that you don't
21 appear, you have to appear. Do you understand?
22 MS. STEVENSON: Yeah.
23 THE COURT: Now, what else?
24 MS. STEVENSON: Might I ask a question? I'm asking
25 THE COURT: You'll have an opportunity. I'm asking

Page 17

1  a question of counsel first.
2  MR. MILLER: If that's all Your Honor wishes to
3  hear on our motion for order to show cause, the only remaining
4  motions before the court, I believe, include plaintiff's motion
5  for summary judgment, the two documents she filed on December
6  20th. And to the extent that Your Honor hasn't already
7  addressed it, there are objections to the Magistrate Judge's
8  order.
9  THE COURT: Now, assuming that you have the
10 deposition and you have those documents, what is your next step
11 in this case?
12 MR. MILLER: We intend to move for summary
13 judgment, Your Honor.
14 THE COURT: All right. When would you move for
15 summary judgment, in relation to the deposition?
16 MR. MILLER: We would ask for three weeks after her
17 deposition is completed.
18 THE COURT: Okay. Well, it can be completed in one
19 day.
20 MR. MILLER: Okay. So, I will permit the filing of
21 Your Honor.
22 THE COURT: Okay. So, I will permit the filing of
23 motions for summary judgment on March 16. And I will deny the
24 motion for summary judgment of the plaintiff without prejudice
25 in order to permit the full development of the record in this

Page 18

1  case.
2  Now, you had some something further that you wanted
3  to say?
4  MS. STEVENSON: Yes. Why would you deny my motion
5  if it's relevant to the issues now?
6  THE COURT: Because it's not timely and because you
7  have interfered with discovery. I just set a date for summary
8  judgment.
9  MS. STEVENSON: But if I give you evidence that can
10 show there is no deposition or anything else he can produce
11 that can overcome my evidence, why would you deny it?
12 THE COURT: Well, we'll find out. You'll show up
13 at the deposition.
14 MS. STEVENSON: Well, again, this seems to be
15 lopsided. It seems to be —
16 THE COURT: Well, I say it's lopsided and
17 certainly you're entitled to whatever view you have.
18 MS. STEVENSON: Yes.
19 THE COURT: But the short of it is that there has
20 been a request for discovery and an order issued that you have
21 complied with. Now I'm giving you another chance to comply
22 with it. And once that has been completed, your motion for
23 summary judgment — which you say is uncontroverted — will be
24 ripe for consideration.
25 So, that's how we're going to have it.

Page 19

1  THE COURT: That's what every lawyer and every
2  party believes about their motion for summary judgment. But
3  we have an orderly process. We have a process in which the
4  parties don't just tell us when they feel like filing their
5  motion for summary judgment. They don't just tell us that
6  they'd like to show up or don't want to show up for a
7  deposition. Both sides are to be afforded an opportunity to
8  develop the case fully and I am affording both sides that
9  opportunity.
10 And, so, I said that I am dismissing your motion
11 for summary judgment or denying it without prejudice. That is,
12 it may be renewed on March 16th after the conclusion of all of
13 the relevant discovery, but not until.
14 MS. STEVENSON: So I have to refile it again?
15 THE COURT: If you want to leave it as it stands.
16 you can have it left as it stands. You can refile it as it
17 stands. But it's not going to be ripe for consideration until
18 March 16th to afford the defendant the opportunity to conduct
19 such discovery as they were permitted by order of Judge
20 Alexander. Understand?
21 MS. STEVENSON: Well, no, because I feel like this
22 is lopsided. I have asked for documents, an employee — or he
23 should have in regards to his claim that I was an independent
24 contractor. I can't get that from them.
25 THE COURT: And that's your motion to compel which

Page 20

1  was dealt with by Magistrate Judge Alexander.
2  MS. STEVENSON: Okay. What is — she didn't even
3  address it, did she? I mean, there was nothing. I still can't
4  get a record from —
5  THE COURT: Magistrate Judge Alexander entered an
6  order on November 7th granting the motion to compel documents
7  and for sanctions by Neighborhood House Charter School. No
8  action was taken by the court on the motion to compel by
9  Ms. Stevenson in that it's not a discovery motion or one that
10 was dispositive in nature. And consequently, she denied the
11 motion for sanctions by Janice Stevenson. She denied the
12 motion for sanctions for terminating sanctions in the alternative
13 by Neighborhood Schools. In short, she dealt with it.
14 MS. STEVENSON: Well, again, this seems to be
15 lopsided.
16 THE COURT: And they'll get an opportunity —
17 encuse me. Have you completed your signing?
18 MS. STEVENSON: My signing?
19 THE COURT: Signing.
20 MS. STEVENSON: Well —
21 THE COURT: Have you?
22 MS. STEVENSON: — I still have — I still have a
23 comment. But Your Honor, I really feel like there is nothing
24 else that I can produce for them.
25 So, that's how we're going to have it.

Page 21

1  MS. STEVENSON: Okay. But what about documents I
2  need?
3  THE COURT: Why do you need the documents? You
4  told me a moment ago there's no need for documents, that
5  it's uncontroverted?
6  MS. STEVENSON: Well, there are still documents
7  they are extremely required to have. And I would like to see
8  copies of those.
9  THE COURT: Have you made a motion to compel?
10 MS. STEVENSON: Yes, I have.
11 THE COURT: And what happened to that motion?
12 MS. STEVENSON: They said they won't give them to
13 me.
14 THE COURT: What happened to the motion to compel?
15 MS. STEVENSON: You mean the one that you just
16 read?
17 THE COURT: Yes.
18 MS. STEVENSON: Okay. Well, they're still — I
19 feel like this is unfair. I feel like this it a lopsided case.
20 THE COURT: Well, I understand what you have said.
21 But the short of it is that you have so managed to interfere
22 with the discovery process in this case that it's necessary now
23 for two Judges of this Court to make extraordinary rulings.
24 Judge Alexander and me. We're making these orders in order to
25 ensure that the parties have an opportunity to address the

STEVENSON V. NEIGHBORHOOD HOUSE CHARTER SCHOOL

Page 22

1  question of summary judgment in an orderly fashion. You say
2  you're entitled to some additional documents.
3      MS. STEVENSON: Yes.
4      THE COURT: But you have not filed a motion to
5  compel that would permit me to order it. So, I have nothing
6  before me with respect to that.
7      We now have a schedule that you will comply with.
8  And if you fail to comply with it, the case will be dismissed.
9      MS. STEVENSON: Oh, and another thing. Have you
10 addressed my motion to withdraw? I had a request.
11     THE COURT: Right.
12     MS. STEVENSON: I wanted to put it in state court.
13     THE COURT: Whatever you want to do with the case
14 is up to you.
15     MS. STEVENSON: Okay.
16     THE COURT: If you want to file it in some other
17 court —
18     MS. STEVENSON: Okay.
19     THE COURT: — I'm not going to interfere with
20 that.
21     MS. STEVENSON: Okay.
22     THE COURT: But it's withdrawn in this Court.
23     MS. STEVENSON: Okay.
24     THE COURT: And it can't be revived in this Court.
25     MS. STEVENSON: No.

Page 23

1      THE COURT: Okay. So first, we deal with motion
2  number 59, Motion to Withdraw the Motion for Order to Show
3  Cause. That motion to withdraw is allowed.
4      Second, we deal with the Motion for Summary
5  Judgment filed by the plaintiff when she was expected to be at
6  the deposition. That's number 57. That is denied without
7  prejudice. The time for filing Motions for Summary Judgment in
8  this case would be March 16th.
9      Third, we deal with the Motion to Show Cause, which
10 is number 56, which was indicated has been withdrawn.
11     We deal then with motion number 54, the Motion to
12 File a Supplemental brief in Support of the Motion to Show
13 Cause. That motion is allowed.
14     Next, we deal with the Motion for an Order to Show
15 Cause by the Neighborhood Charter School. I deal with that
16 motion by establishing that the plaintiff has asserted under
17 pains of dismissal that there are no further documents that are
18 responsive to Judge Alexander's order that have not been
19 provided to counsel in this case — defense counsel in this
20 case, and second, that Ms. Stevenson will appear for a
21 deposition on February 22nd at 10 A.M. in the Seyfarth offices.
22     I don't believe there's anything else that needs to
23 be dealt with, is there?
24     MR. MILLER: Your Honor, if we could just clarify,
25 You stated that the summary judgment motions are to be filed by

Page 24

1  March 16th. Should we set a date for responses to those
2  motions?
3      THE COURT: No, the ordinary.
4      MR. MILLER: Ten days?
5      THE COURT: No, it's 14 days.
6      MR. MILLER: Fourteen days after filing. Thank
7  you, Your Honor.
8      THE COURT: Okay. All right. Anything else?
9  (No response.)
10     THE COURT: I think I have been as clear as I can
11 be about this, Ms. Stevenson. I hope that this case can be
12 resolved on the merits. I hope that I don't have to dismiss it
13 because of misconduct. But I've made it as clear as I can that
14 you've got one more chance to comply with Magistrate Judge
15 Alexander's orders. If you don't, then the case will be
16 dismissed for procedural infirmities and the failure on your
17 part properly to conduct yourself in litigation with this
18 Court.
19     So, if there's nothing further, we'll be in recess.
20 RECESSED AT 10:45 A.M.
21
22
23
24
25

Page 25

1
2
3      CERTIFICATION
4
5  I certify that the foregoing is a correct
6  transcript of the record of proceedings in the above-entitled
7  matter to the best of my skill and ability.
8
9  Pamela R. Owens                    Date
10 Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# ATTACHMENT II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                          FILED
                                    IN CLERKS OFFICE

                                    2006 NOV -9  P 1:11
```

JANICE STEVENSON,

        Plaintiff,

v.

NEIGHBORHOOD HOUSE CHARTER
SCHOOL,

        Defendant.

CIVIL ACTION NO. 05-CV-11584-DPW
U.S. DISTRICT COURT
DISTRICT OF MASS.

**PLAINTIFF'S MOTION OF OBJECTIONS TO
THE MAJISTRATE'S PROPOSED ORDER AND FINDINGS**

Plaintiff Janice Stevenson is filing written objections to the magistrate's proposed findings pursuant to Rule 72, F.R.Civ.P., requiring the court to give the matter de novo consideration. The Court erred in entering issue-preclusion sanctions that are overly broad since Plaintiff had not failed to produce information relevant to Defendant's two (2) FLSA counterclaims. Plaintiff is seeking a review to give the matter de novo consideration or in the alternative amend the order to certify for interlocutory appeal under 28 U.S.C. Section 1292(b). The issue sanction as worded exceeds the bounds of the Court's discretion. In support thereof Plaintiff states the following:

**OBJECTIONS TO**
**Defendant's Motion To Compel Production of Documents and For Sanctions (Docket #32) and Defendant's Motion for Terminating Sanctions, or in the Alternative, to Compel Deposition Testimony (Docket #41)**

1. Defendant's discovery does not comply with the FLSA burden of proof requirements for employers as required by *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

2. The Court has imposed conditions and different standard of discovery on Plaintiff, which could affect the outcome of her trial or depositive motions.

3. Plaintiff is entitled to conduct pretrial discovery into all matters that are discoverable.

4. The Court has given Defendant Neighborhood House Charter School unlimited discovery.

5. The Court has relieved Plaintiff of the burden of establishing other elements of Plaintiff's case.

6. Defendant's motions (Docket ## 32 and 41) for sanctions were not procedurally proper. Before filing a motion for sanctions, Federal Rule of Civil Procedure 37 requires that parties confer in good faith to come to agreement over discovery disputes and then, if necessary, a party may file a motion to compel.

7. The Court has abused its discretion in entered issue-establishment sanctions without use of a three-step analysis. There must be (1) a finding of willfulness; (2) a record that indicates a reasonable exploration of possible and meaningful alternatives; and (3) a sufficient relationship between the discovery materials and the case.

8. The Court's order for production of Plaintiff's tax returns is abuse of discretion since it is based on the mere belief by Defendant that they may contain impeachment material; the protections afforded such returns would now not exist.

9. The Court made no effort for Defendant to meet the two-prong test of showing that (1) the tax returns are relevant to the subject matter of the case, and (2) the defendant has a compelling need to review them because the information they contain is not available anywhere else.

**OBJECTIONS TO:**
**Defendant's Motion to Amend Scheduling Order (Docket #44)**

1. The Court has allowed the Defendant an open-ended discovery that is unlimited.

2. Defendant stated to the Court Plaintiff is an independent contractor or if Plaintiff is found to be an employee, Plaintiff is an administrative employee, so their discovery is unfocused.

3. In either case Defendant maintains it has no personnel records. However, Defendant's own correspondence states Plaintiff was given Vacation, Personal Days, and Sick days, which implies there are attendance records and records of wages paid against them. [Attachment I]

4. The Court has precluded Defendant from discovery of such personnel documents from its ruling regarding Item 1 and 3.

5. Amendment of the scheduling order is legal minutia by the Defendant. The Defendant is attempting to circumvent getting this case to trial or at least get it dismissed by repeatedly compelling discovery, scheduling depositions, as far apart as possible. When more time is desired, Defendant's repeat the process.

6. Defendant is not truly sincere about discovery and is only interested in obtaining sanctions, since Defendant's move for terminating sanctions is inconsistent with any assertion that Defendant needs additional documents in order to prepare for trial.

**OBJECTIONS TO**
**Plaintiff's Motion to Compel Payment of Vacation Wages- Including Defendant's**
**Cross-Motion for Sanctions (Docket # 35 and 39)**

Plaintiff request to withdraw Docket #35, Plaintiff's Motion to Compel Payment of Vacation Wages or in the alternative to remove Docket # 35 to state district court.

THEREFORE, Plaintiff is seeking a review to give the matter de novo consideration or in the alternative amend the order to certify for interlocutory appeal under 28 U.S.C. Section 1292(b).

Date: November 9, 2006

Submitted by: /s/ Janice W. Stevenson

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA 02140
617-721-2638 – cell
janicestevensonus@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 9, 2006, a copy of the Plaintiff's Motion Of Objections To The Magistrate's Order And Findings was served via first class mail postage prepaid, or by electronic notice, upon the Attorney of Record at the address set forth below.

Barry Miller
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110-2028
617-946-4800 – phone

/s/ Janice W. Stevenson