UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-CV-11584-DPW |
| ) | |
| NEIGHBORHOOD HOUSE CHARTER ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |

MOTION TO AMENDED COMPLAINT

Now comes Janice Stevenson ("Plaintiff") and requests that this Court to allow amendment of my complaint filed on or around July 28, 2005 to include retaliation and punitive damages under FLSA [**Section** 15(a)(3)] and Title VII [Section 704]. "The standard in Federal court for amendment of pleadings is set forth in *Foman v. Davis,* 371 U.S. 178, 181-82 (1962) as follows: "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . [or] futility of amendment," leave to amend pleadings should be allowed." The amendment is not likely to affect Defendant's responses to the allegations.[1] It has become apparent in viewing the totality of this case, that the attorneys have exceeded the "bounds of the law" in representing the Defendant. Plaintiff has diligently prosecuted this case and there have been no failures to cure any alleged deficiencies. In support thereof Plaintiff states as follows:

---

[1] http://www.epa.gov/oalj/orders/superalum-amd.pdf

### FLSA [Section 15(a)(3)]

After the filing of my Fair Labor Standards Act (FLSA) complaint, Neighborhood House Charter School ("Defendant") and its attorneys reported me to the Bankruptcy Court and commence to slander, defame, and discredit me for my protected activity. The FLSA prohibits discharge or other discriminatory conduct in retaliation against an employee for filing a lawsuit or instituting a proceeding to recover FLSA-mandated wages.

The Defendant and its attorneys' defense of "discovery" and ethical and legal duty to report under the bankruptcy code is tantamount to stating there was an implied preemption of the FLSA. Permitting employers to enjoy absolute immunity under the discovery and the bankruptcy code to report assets, that prevent payment to employees of FLSA wages, in retaliation for employee complaints not only weakens the anti-retaliation provision of the FLSA, it virtually guts it.[2]

### Title VII [Section 704]

Title VII's anti-retaliation provision [Section 704] "does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." (2) The anti-retaliation provision "covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant. In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."

"An employer can effectively retaliate against an employee by taking actions not directly

---

[2] CONTRERAS V. CORINTHIAN VIGOR INSURANCE BROKERAGE, INC.

related to his employment or by causing him harm *outside* the workplace. See, *e.g.*, *Rochon v. Gonzales*, 438 F. 3d, at 1213 (FBI retaliation against employee "took the form of the FBI's refusal, contrary to policy, to investigate death threats a federal prisoner made against [the agent] and his wife"); *Berry v. Stevinson Chevrolet*, 74 F. 3d 980, 984, 986 (CA10 1996) (finding actionable retaliation where employer filed false criminal charges against former employee who complained about discrimination). A provision limited to employment-related actions would not deter the many forms that effective retaliation can take. Hence, such a limited construction would fail to fully achieve the anti-retaliation provision's "primary purpose," namely, "[m]aintaining unfettered access to statutory remedial mechanisms." *Robinson v. Shell Oil Co.*, **519 U. S. 337**, 346 (1997)."[3]

From the onset of my FLSA complaint, Defendant and its numerous attorneys' have interfered with my legal proceedings, even threatening my previous attorney with accelerated discovery [Attachment 1]. The Defendant commenced a letter campaign to the Department of Unemployment Assistance to dissuade them from proceeding with my unemployment hearing [Attachment 2]. Defendant and its attorneys presented an email that infers their attempt to "influence" my previous attorney regarding a legal proceeding my attorney did not represent me in [Attachment 3]. As you will note, the Defendant and its attorneys did not present the entire email conversation. Thus the Defendant and its attorneys misrepresent facts, at will, to bias me in Court proceedings.

Consequently, the Defendant's briefs have an inappropriate hostile tone asserting

---

[3] Burlington Northern v. White (06/22/2006), *Robinson v. Shell Oil Co.*, 519 U. S. 337

derogatory facts regarding protected activity any employee is entitle to. The Defendant and its attorneys hostility are irrelevant to their alleged FLSA exemptions. The Defendant's disdain is quite evident and progressive throughout its filings in this Court, in the bankruptcy court, in state court proceedings, in administrative proceedings, , in mediation proceedings, etc.

1) The Defendant represented to the Bankruptcy court that there were monetary sanctions imposed by the US District Court,

2) the Defendant represented to the superior court that this Court would rule on parallel state claims in June 2007, i.e. vacation pay (Docket 35), and employee records, G.L. c. 149, s. 52C,

3) the Defendant and its attorneys represented to the superior court it has a pending appeal with the Department of Unemployment Assistance.

The Defendant and its various attorneys will use whatever mechanisms it can to dissuade Courts to dismiss my claims without the Defendant's substantiating its burden of proof under that code of law. The Defendants and its various attorneys have made no effort to prove their FLSA exemption allegations. The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm. The Defendants and its attorneys' retaliation has produced injury or harm to me [see my previous attorney's remarks regarding disparaging reference by Defendant in Attachment 1, paragraph 5]. The Defendant and it various attorneys have affected the relationship with my attorney, affected the outcome of my bankruptcy case, interfere with my unemployment hearing, interfered with my ERISA requests, affected the outcome of my superior court case, presented protected activity as harassment, subjected me to abusive deposition, attempted to limit me and my heirs employment opportunities, refused to issue me a W-2, cause financial hardship.

**PROTECTED ACTIVITY**

The most compelling circumstance is that Defendant and its various attorneys deliberately disparaged me by portraying my protected activity as harassing, dilatory, frivolous, and other derogatory remarks. After learning that I was not signing the settlement release, Defendant reported pending litigation in the district court to the bankruptcy court in a further effort to discredit me. In effect, Defendant erroneously portrayed me in derogatory statements to support their defense of "discovery" and ethical and legal duty. A trier of fact may well find that the Defendant's pre-bankruptcy settlement release did not account to report the pending litigation to any agency determined as a result of due diligence. Plaintiff could persuade a reasonable trier of fact that the alleged attack on a reasonable person in my position, such as that which the Defendant allegedly facilitated, would "dissuaded a reasonable worker from making or supporting a charge...." *Washington* v. *Illinois Dept. of Revenue*, 420 F. 3d 658, 662 (CA7 2005); see *Rochon* v. *Gonzales*, 438 F. 3d 1211, 1217–1218 (CADC 2006). The 10th Circuit has held that "[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper. DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir. 1990) (internal quotation marks and citations omitted). The Defendant and its attorney deliberately furnish and mischaracterize materials that influenced decisions in bankruptcy and state court proceedings which produced a chilling effect on constitutionally protected activity. See DeLoach v. Bevers, 922 F.2d 618 (10th Cir. 1990).

**MEMORANDUM OF LAW**

"Amending the Complaint will not require the Defendants to re-file an Answer, will not affect the Case Management Report or the Scheduling Order, and will not affect Discovery as Defendant and its attorneys have not used Discovery to prove its FLSA exemptions but as a tool

to obtain a Motion to Dismiss. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Id.* at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint. "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999)."[4]

    The Defendant and its various attorneys have memorialized their retaliatory motives through the documentary evidence in briefs, emails, letters and deposition transcripts that demonstrate violation of the my protected activity and the anti-retaliation sections of the FLSA and Title VII. The Defendant has effectively retaliated against me, the Plaintiff, by taking actions

---

[4] http://www.lc.org/hotissues/2001/aba_1-18/motion_leave_file_2_second_amended_complaint.pdf

not directly related to my employment or by causing me harm outside the workplace

                                    Respectfully submitted,

                                    */s/ Janice W. Stevenson*
                                    Janice W. Stevenson
                                    P.O. Box 400372
                                    Cambridge, MA 02140
                                    617-721-2638 - ph

Dated: June 26, 2007

## CERTIFICATE OF SERVICE

I, Janice W. Stevenson, certify that a copy of this Motion to Amend to sent via electronic mail to **bmiller@seyfarth.com** and **lkappelman@seyfarth.com.**

*/s/ Janice W. Stevenson*

# Attachment 1

In the Matter of:

JANICE WILSON STEVENSON,                ARB CASE NO.  05-156

    COMPLAINANT,                        ALJ CASE NO. 2005-SOX-87

V.                                       DATE:  SEP 26, 2005

NEIGHBORHOOD HOUSE CHARTER SCHOOL,

    RESPONDENT,

BEFORE:  THE ADMINISTRATIVE REVIEW BOARD


            Motion for Extension of Time
              [Order to Show Cause]


Complainant respectfully submits this motion to request an extension of time [Order to Show Cause] to file her initial brief on or before December 8, 2005. In support thereof the complainant states:

1. On or around October 13, 2005, Complainant learned that Respondent's attorney [Seyfarth and Shaw] is threatening accelerated discovery to Complainant's attorney on another legal proceeding against Respondent that Complainant is involved in (1:05-CV-11584-DPW, Stevenson v. Neighborhood House Charter School, filed 07/28/05)in US District Court.

2. Complainant has not listed an attorney in regards to the appeal before this Honorable Board and Complainant does not know why Respondent contacted

Mr. John W. Davis, Esq, and spoke to him regarding the matter before this Honorable Administrative Review Board.

3. Complainant cannot afford to hire another attorney to pursue her OSHA administrative complaint and appeal.

4. If this Honorable Administrative Review Board does not grant an extension, then Complainant will feel compelled to not file her initial brief in this matter and this Honorable Administrative Review Board will dismiss her appeal.

5. Respondent's actions are retaliatory to Complainant for exercising her rights under federal law.

Respectfully submitted,

*Janice W. Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA  02140

# CERTIFICATE OF SERVICE

I certify that a copy of the Motion for Extension of Time [Order to Show Cause] was sent via facsimile, electronic, or regular mail to all parties listed below on October 31, 2005.

Respectfully submitted,

*Janice W. Stevenson*

Janice Wilson Stevenson
P.O. Box 400372
Cambridge, MA  02140
Cc
Administrative Review Board
Room S-4309
200 Constitution Ave, N.W.
Washington, D.C. 20210
Telephone: (202) 693-6200
Fax: (202) 693-6220

Chief ALJ, OALJ
USDOL, Suite 400 North
800 K Street, NW
Washington, DC 20001-8002
(202) 693-7542
(202) 693-7365 (FAX)

Assistant Secretary
OSHA, Div FLSA
USDOL, Room S-2002
200 Constitution Ave, N.W.
Washington, DC 20210
(202) 693-2000 – p
(202) 693-1340– f

Howard M. Radzely
Associate Solicitor
Division of Fair Labor Standards
U.S. Department of Labor
Room N-2716, FPB
200 Constitution Ave, N.W.
Washington, DC 20210
202-693-5260 – p
202-693-5538 – f

MR. RICHARD E FAIRFAX, DEP
U.S. DDOL/OSHA) Room: N-3119
200 Constitution Ave, N.W.
Washington, D.C. 20210
(202) 693-2100 Phone
(202) 693-1681 FAX

Honorable Daniel F. Sutton
District Chief ALJ
OALJ
O'Neill Federal Building –
Room 411
10 Causeway Street
Boston, MA 02222
(617) 223-9335 – phone
(617) 223-4254 – fax

Lynn A. Kappelman
Seyfarth & Shaw
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110-2028
617-946-4800 – phone
617-946-4801 – fax

Ilene Sunshine
Sullivan & Worcester, LLP
One Post Office Square
Boston, MA  02109
617-338-2880 - p
617-338-2883 - f

NHCS
197A Centre Street
Dorchester, MA 02140
(617) 474-1103 - f

# Attachment 2



Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

T 617 338 2800
F 617 338 2880
www.sandw.com

April 17, 2006



**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**AND BY FACSIMILE (617-727-8221)**

Mr. Stephen Chawner
Division of Unemployment Assistance
Revenue Service
Status Determination Section, 6th Floor
19 Stanford Street
Boston, Massachusetts 02114

    Re:    <u>Janice Stevenson (SSN 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)</u>

Dear Mr. Chawner:

    I am writing in response to your letter dated April 6, 2006, which the Neighborhood House Charter School received on April 10. By a telephone conversation on April 11, you agreed to an extension of time to respond.

    Enclosed please find the School's response, consisting of a completed copy of your April 6, 2006 letter along with a supplemental document and attachments.

    By way of background and as further detailed in the attached materials, NHCS entered into a contract with a company known as TuckNT to provide various services to NHCS, including human resources and payroll administration. TuckNT, primarily through Ms. Stevenson, provided advice to NHCS on employee vs. independent contractor classification issues, and helped to ensure that the School's payroll, information return reporting and related filing obligations complied with the law. As the person charged with helping the School comply with these laws, Ms. Stevenson obviously believed herself to be in a contractual (rather than employment) position with the School since she never took any steps to enter herself into the School's employee payroll or recordkeeping system and never enrolled herself in any of the School's benefit programs. (Of course, she also neglected to have NHCS file with the IRS any information return for payments NHCS made to TuckNT, an error that has since been remedied.). Ms. Stevenson only began to allege misclassification of her status – the latest evidence of which is apparently a claim for unemployment benefits – after her company's relationship with the School ended.

    Immediately after the School terminated its relationship with TuckNT in June of 2005, Ms. Stevenson commenced an aggressive, and it turns out long, campaign of defamation and

BOSTON   NEW YORK   WASHINGTON, DC
{B0511254; 2}

Mr. Stephen Chawner
Division of Unemployment Assistance
April 17, 2006
Page 2

harassment against the School. Her claim for unemployment benefits, nearly 10 months after the end of the relationship, is only the latest round in this campaign. Further, a settlement of, and release with respect to, all issues arising out of the relationship among the School, Ms. Stevenson, and TuckNT was reached several months ago. Counsel for the School are seeking judicial recognition and enforcement of that settlement in litigation that Ms. Stevenson commenced against the School in federal court. The School anticipates that the Court's enforcement of the settlement will resolve all outstanding matters, including any claim Ms. Stevenson has asserted for unemployment benefits.

I can only hope that the Division will quickly recognize this case for what it is – a misguided and bad faith attempt to disrupt the operations of the School – and conclude, based on the facts contained herein, that the relationship between the School and TuckNT was a legitimate business relationship and that Ms. Stevenson was never an employee of the School and, therefore, is not entitled to unemployment benefits.

If you have any further questions, please feel free to contact me at (617) 338-2938.

Sincerely,

David A. Guadagnoli

Enclosures

cc: Kevin Andrews, Headmaster

{B0511254; 2}

# Attachment 3

Case 1:05-cv-11584-DPW    Document 79-2    Filed 06/26/2007    Page 9 of 11

**Miller, Barry**

| | |
|---|---|
| From: | John Davis [jdavis@davisanddavispc.com] |
| Sent: | Wednesday, November 16, 2005 12:01 PM |
| To: | Kappelman, Lynn |
| Cc: | Miller, Barry |
| Subject: | RE: Stevenson v. NHCS |

Dear Lynn and Barry:

As you know, my representation of Ms. Stevenson was limited to the claims as set forth in C.A. 05-11584. We agreed to settle these claims for $10,000.00.

If you are looking for a global settlement, you must consider increasing the offer, though I am confident that a nominal amount would suffice, i.e., $2,500.00 - $3,000.00.

Please understand that my client, for better or worse, has an emotional investment in this matter. She told me that she was happy to pursue the OSHA matter independently. In other words, she needs to feel that she 'won. If your client has a counter-offer, you may want to consider offering the low end of the scale so that Ms. Stevenson can counter and feel that she has won if your client accepts her counter-offer (though it would be much easier if they agreed to $3k right of the bat.

If your client is unwilling to renegotiate the amount, then I would require language that provides she is waiving any and all claims except the claims that she has already initiated.

Further, paragraph 5 should have mutuality language so that Ms. Stevenson is not disparaged. I also want language regarding third party inquiries so that if a prospective employer calls for a reference check, Ms. Stevenson is not subjected to negative reviews. If your client has a policy of only providing basic information, i.e., dates of employment, title held, etc., then please indicate this in the agreement.

Finally, why the exceptionally long time to make payment? Isn't 10 business days is standard for OWBPA situations? I see no justification for withholding payment for 3 months. If your concern is that she will breach the agreement, then we can discuss a mutual liquidated damages provision, otherwise, if my client is releasing her claims as consideration, then your client should provide its consideration soon thereafter.

Please do not hesitate to contact to discuss these issues. My jury trial settled as the jury was getting empanelled (again) - another wasted weekend.

Very truly yours,

John W. Davis
Davis & Davis, PC
77 Franklin Street
3rd Floor
Boston, MA 02110
617-933-3838

---

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of

1

this transmittal is strictly prohibited. If you suspect that you have
received this communication in error, please notify us immediately by
telephone at 1-617-933-3838, or e-mail at jdavis@davisanddavispc.com and
immediately delete this message and all its attachments.
------------------------------------------------------------------------
--------------------------------------


-----Original Message-----
From: Kappelman, Lynn [mailto:LKappelman@seyfarth.com]
Sent: Monday, November 14, 2005 11:35 AM
To: jdavis@davisanddavispc.com
Cc: Miller, Barry
Subject: FW: Stevenson v. NHCS

another try....

Lynn A. Kappelman
Seyfarth Shaw LLP
Two Seaport Lane
Boston, MA 02210
(617) 946-4888

> -----Original Message-----
> From:    Kappelman, Lynn
> Sent:    Monday, November 14, 2005 11:23 AM
> To: 'j.davis@davisanddavispc.com'
> Cc: Miller, Barry
> Subject:    Stevenson v. NHCS
>
> <<20051114110255920.pdf>>
> John - here is a draft of the Settlement Agreement in the Stevenson
> matter for your review and comment--I was trying to fax it but your
> fax machine is broken.  Please feel free to call Barry or me to
> discuss.
>
> Lynn A. Kappelman
> Seyfarth Shaw LLP
> Two Seaport Lane
> Boston, MA 02210
> (617) 946-4888
>

Any tax information or written tax advice contained herein (including any
attachments) is not intended to be and cannot be used by any taxpayer for
the purpose of avoiding tax penalties that may be imposed on the taxpayer.
(The foregoing legend has been affixed pursuant to U.S. Treasury Regulations
governing tax practice.)

The information contained in this transmission is attorney privileged and/or
confidential information intended for the use of the individual or entity
named above.  If the reader of this message is not the intended recipient,
you are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited.