## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| JANICE STEVENSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  05-CV-11584-DPW |
| | ) | |
| NEIGHBORHOOD HOUSE | ) | |
| CHARTER SCHOOL, | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S  MOTION TO STAY BRIEFING
### ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Neighborhood House Charter School ("Defendant," "NHCS" or the

"School") hereby moves the Court to stay briefing on Plaintiff Janice Stevenson's

("Plaintiff" or "Stevenson") Motion to Amend Complaint (docket entry 79) and extend

the time in which NHCS may respond to that motion until fourteen (14) days after the

Court rules on Defendant's Motion to Dismiss and for Sanctions (docket entry 70).  As

discussed more fully below, a stay of the briefing on Plaintiffs' Motion to Amend will

avoid further squandering the resources of the Court and the parties.  Moreover,

Defendant's proposed stay poses no threat of prejudice to Plaintiff because she is unable

to take discovery or otherwise prosecute the claims she seeks to add to her Complaint

while this matter remains in its current posture.

### BACKGROUND

After Plaintiff engaged in a serious pattern of abuses, including deliberately

failing to appear for her deposition as Ordered, refusing to produce relevant documents,

refusing to participate in her resumed deposition, and failing to appear at a hearing in this

matter regarding her misconduct, the Court directed NHCS to file a motion to dismiss

1

Stevenson's claims in this matter.  *See* minute entry dated February 22, 2007.  NHCS

filed its Motion to Dismiss and for Sanctions on March 6, 2007.  That motion remains

pending as of the date of this filing.  In addition, Stevenson has filed at least six (6)

additional motions – not including her Motion to Amend – since her aborted deposition in

this matter on February 22, 2007 that also remain pending.[1]  She has also commenced a

separate action against NHCS in the Massachusetts Superior Court for Suffolk County

concerning the same subject matter as this action and commenced further motion practice

(including a failed interlocutory appeal) against the School in that venue.  *See* Suffolk

Superior Court docket no. 2007-00810.

Plaintiff filed her Motion to Amend Complaint on June 26, 2007.  Plaintiff's

motion includes no proposed Second Amended Complaint and no clear statement of the

claims that she seeks to pursue in this matter or of the factual allegations on which such

claims might be based.  However, it appears that Plaintiff seeks to add retaliation claims

under the Fair Labor Standards Act and Title VII of the Civil Rights Act of 1964 based

on NHCS's counsel reporting the pendency of this action the Chapter 13 Trustee charged

with administering the distribution of assets in her bankruptcy.

### ARGUMENT

The Court should stay further briefing on Plaintiff's Motion to Amend in order to

avoid the further squandering of judicial resources in this matter.  For more than a year,

Plaintiff has encumbered the docket in this case with an endless series of frivolous

---

[1] Among the pending motions that Stevenson has filed are Plaintiff's Motion to Compel Employment, Wage and Other Records (docket entry 63), Plaintiff's Motion for Sanctions Against Attorneys (docket entry 64), an Opposition to Order to Submit Unexamined Transcript (docket entry 69), Plaintiff's Motion to Exclude Evidence (docket entry 74), Plaintiff's Motion to Renew Summary Judgment (docket entry 76), and a "Third Motion to Withdraw" Plaintiff's Motion to Compel Vacation Wages (docket entry 78).  All of these motions are in addition to a failed putative appeal to the U.S. Circuit Court of Appeals for the Federal Circuit that Stevenson also commenced after her aborted deposition (*see* docket entry 68).

motions that have imposed an undue burden on the Court and on Defendant.  The burden

that Stevenson has imposed on NHCS in this matter has been compounded by the twelve

(12) other proceedings that she has initiated against the School since June 2005.  If the

Court grants Defendant's Motion to Dismiss and for Sanctions, which seeks dismissal of

this matter in its entirety and with prejudice as a sanction for Plaintiff's pattern of abuses,

her Motion to Amend will become a nullity.  Given the numerous motions already

pending in this matter, there is nothing to be gained by adding further pleadings to the

Court's file that stand to be rendered moot.[2]

Defendant's requested stay of the briefing on Plaintiff's Motion to Amend also

will not prejudice Plaintiff.  Discovery in this matter closed months ago.  *See* minute

Order dated November 8, 2006 ("All discovery to be completed by 12/20/06").  The

deadline for the filing of dispositive motions has also passed.  *See* minute Order dated

January 23, 2007 ("Time for filing motions for summary judgment is set for 3/16/07").

Stevenson can, therefore, do nothing to prosecute the claims she seeks to add to her

Complaint in this matter while this case remains in its current posture.  Whatever right

Stevenson may have to pursue her retaliation claims will, therefore, not be diminished by

---

[2] If and when a response to Plaintiff's Motion to Amend is called for, NHCS will offer compelling arguments in opposition to that motion.  Plaintiff's proposed amendment is both futile and prejudicial to the School.  The proposed amendment is futile in that Stevenson cannot, as a matter of law, establish the *prima facie* elements of a retaliation claim under the FLSA or Title VII.  She can point to no adverse employment action that NHCS took against her after she filed her Complaint in this matter, and she has engaged in no activity relating to NHCS that is even arguably protected by Title VII.  Moreover, any amendment to Stevenson's Complaint at this stage of the proceedings would be highly prejudicial to NHCS.  The School has already expended a remarkable quantity of resources in attempting to take discovery from Stevenson regarding the claims in her First Amended Complaint and responding to her vexatious and obstreperous conduct.  Allowing Stevenson to commence new legal claims in this matter would impose an unconscionable burden on NHCS, as the School would be forced to begin anew in attempting to compel Stevenson to comply with her discovery obligations and would presumably be forced to respond to yet another waive of frivolous motions and other filings by Stevenson in relation to her new claims.

reserving briefing on her Motion to Amend until after the Court determines whether this

matter will continue.

## CONCLUSION

WHEREFORE, Defendant Neighborhood House Charter School respectfully

requests that the Court stay briefing on Plaintiff's Motion to Amend Complaint and

provide NHCS a period of fourteen (14) days after ruling on Defendant's Motion to

Dismiss and for Sanctions in which to respond to the Motion to Amend, if any part of the

case survives.

Respectfully submitted,
NEIGHBORHOOD HOUSE
CHARTER SCHOOL,
By its attorneys,


    /s/ Barry J. Miller
Lynn A. Kappelman (BBO # 642017)
Barry J. Miller (BBO # 661596)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

DATED:  July 11, 2007

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that I attempted in good faith to resolve or narrow the issues presented by
this motion by conferring with *pro se* Plaintiff Janice Stevenson.  On July 6, 2007, I sent
an e-mail message to Stevenson notifying her of NHCS's intent to move for a stay of the
briefing on her Motion to Amend Complaint, stating the grounds for this motion, and
requesting that Stevenson assent to this motion.  As of the date and time of this filing,
Stevenson has not responded to that message in substance.

       /s/ Barry J. Miller
         Barry J. Miller

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's ECF
system and that a true copy of the above document was served
on Plaintiff *pro se* Janice Stevenson by e-mail to
janicestevensonus@gmail.com and by first class U.S. mail to P.O. Box
400372, Cambridge, MA 02140 on July 11, 2007.


        /s/ Barry J. Miller        
            Barry J. Miller